Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Of Counsel:
David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>*Document electronically filed.*<br><br>**DECLARATION OF A. KIPP WILLIAMS, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

　　　　1.　　I, A. Kipp Williams, Esq., am an attorney with the law firm of Blanchard,

Krasner & French, attorneys for Defendants Advent Product Development, Inc., Denice

Thurlow, and Alphonso Eiland in the above-captioned matter, and an attorney admitted to

practice before this Court.  I make this Declaration in Support of Defendants' Motion to Dismiss Plaintiff's Complaint.

2.    Attached hereto as Exhibit 1 is a true and accurate copy of the Complaint in Advent Product Development, Inc. v. Waters, in the Court of Common Pleas, Fifteenth Judicial Circuit in the State of South Carolina, County of Georgetown, Civil Action No. 07-CP-22-1082.

3.    Attached hereto as Exhibit 2 is a true and accurate copy of Matthew Waters' Answer in Advent Product Development, Inc. v. Waters, in the Court of Common Pleas, Fifteenth Judicial Circuit in the State of South Carolina, County of Georgetown, Civil Action No. 07-CP-22-1082.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

BY:   s/ A. Kipp Williams
         A. Kipp Williams, Esq.

Dated:  November 7, 2007
         La Jolla, California

#1233896 v1
107136-60623

# **Exhibit 1**

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                        )    FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF GEORGETOWN    )    CIVIL ACTION NO.: 07-CP-22- *1082*
                        )
                        )
Advent Product Development, Inc., )
                        )
        Plaintiff,      )
                        )    **DECLARATORY JUDGMENT**
    vs.                 )    **COMPLAINT**
                        )    **(NON-JURY)**
Matthew Waters,         )
                        )
        Defendant.      )
                        )

    Plaintiff, by and through its undersigned attorney, would respectfully show unto

this Honorable Court as follows:

1.    Plaintiff Advent Product Development, Inc., hereinafter referred to as

    "Advent", is a domestic corporation organized and existing under the laws

    of the State of South Carolina having its principal place of business at

    313 Commerce Drive, Pawleys Island, South Carolina 29585.

2.    Plaintiff is informed and believes that the Defendant Matthew Waters,

    hereinafter referred to as "Waters", is an individual residing at 4777 Orten

    Street, San Diego, California 92101.

## DECLARATORY JUDGMENT
## UNDER SOUTH CAROLINA STATE LAW

3.    Paragraphs 1 and 2 above are realleged and incorporated by reference

    as if set forth herein verbatim.

PARSONS, OUVERSON, STARK
GUEST & NEILL, PA
11883 Plaza Drive
Murrells Inlet
SC 29576

Page 1 of 3

#1219013 v1
107136-60623

4.    Defendant Waters entered into a contract, the Representation Agreement, with Plaintiff Advent dated June 30, 2007, for marketing and promotional services.   A true and correct copy of the Representation Agreement is attached hereto as Exhibit A.

5.    On July 16, 2007, Defendant Waters, through counsel, sent a letter to Plaintiff Advent alleging that the services received were not of a particular standard, quality and grade and has demanded, under threat of suit, to recover the remedies of actual damages, enjoining Advent from further illegal methods, acts or practices, restitution, punitive damages, and attorneys fees and costs; thereby creating a reasonable apprehension of suit on the part of Plaintiff Advent.  A true and correct copy of the July 16, 2007 letter is attached hereto as Exhibit B.

6.    The Representation Agreement sets forth a forum selection clause and a choice of law provision requiring that any action be adjudicated in the State of South Carolina.

7.    The contract requires that the Representation Agreement be governed and interpreted according to the laws of the State of South Carolina.

8.    Upon information and belief, Defendant Waters is going to file suit in California in violation of the parties' agreed upon forum selection clause.

9.    Accordingly, a justiciable case or controversy exists between Plaintiff Advent and Defendant Waters regarding an anticipatory breach of the

PARSONS, OUVERSON, STARK
GUEST & NEILL, PA
11883 Plaza Drive
Murrells Inlet
SC 29576

#1219013 v1
107136-60623

Representation Agreement and Advent's rights under the Representation

Agreement.

10.    Plaintiff Advent is entitled to declaratory judgment of its rights under the

contractual agreement pursuant to S.C. Code Ann. § 15-35-10, *et seq.*

**WHEREFORE**, Plaintiff Advent prays to this Honorable Court that it recover

judgment against the Defendant Waters as follows:

1.    That there be a declaration of Plaintiff Advent's rights under the

Representation Agreement pursuant to S.C. Code Ann. § 15-35-10, *et*

*seq.*;

2.    That Defendant Waters be permanently enjoined from breaching the

Representation Agreement;

3.    That Plaintiff Advent be awarded their reasonable costs and attorneys

fees in maintaining this action; and

4.    That Plaintiff Advent be awarded such other and further legal and

equitable relief as the Court may deem proper and just.

Martin L. Stark, Esquire
PARSONS, OUVERSON, STARK, GUEST & NEILL, PA
11883 Plaza Drive
Post Office Box 2850
Murrells Inlet, South Carolina  29576-2850
Telephone: (843)357-8888  Fax: (843)357-3151
Attorney for the Plaintiff

August 14, 2007
Murrells Inlet, South Carolina

PARSONS, OUVERSON, STARK
GUEST & NEILL, PA
11883 Plaza Drive
Murrells Inlet
SC 29576

Page 3 of 3

#1219013 v1
107136-60623

**<u>EXHIBIT A</u>**

# ADVENT PRODUCT DEVELOPMENT, INC.
## REPRESENTATION AGREEMENT

This Agreement made this **30th** day of **June**, 20 **06**, between ADVENT PRODUCT DEVELOPMENT INC., hereinafter called "APD" or "Company", and Inventor/Client, hereinafter called "Client".

Client **MATTHEW A. WATERS**

Street Address **4777 Orten St.**

City **San Diego**     State **Ca**     Zip Code **92110**

This Agreement regards the Client's new invention, product or idea, hereafter referred to as **WATERS Temperature Guage**

APD is engaged in the business of presenting inventions, products or ideas to in-dustry. Client desires to retain APD to submit to industry one of Client's ideas/inventions/products, using APD's marketing program. In order to secure the Company's services as outlined in this Agreement, Client agrees to pay the sum of $ **9,240.00** in advance to APD. This amount shall be considered full and complete payment for all services listed in this agreement.

In consideration of the mutual promises contained herein, it is mutually agreed as follows:

1. APD will provide the following services to the Client:

    A) Preparation of a Color Presentation Brochure, which shall include a CAD graphic drawing, patent status, description of benefits and features, and suggested target markets.

    B) Preparation of a Virtual Prototype, which shall include a three dimensional, color graphic pictorial representation of the product, as well as dimensional orthographic projections (where applicable) and E-Drawings which can be electronically conveyed via CD-ROM or e-mail to potential licensees and manufacturers.

    C) Initial contact with companies, including manufacturers, marketers, distributors, retailers, sales representatives, venture groups or other agents with whom we make contact and/or who contact us through our business associations, mailings, publicity, advertising, internet site, attendance at trade shows or business meetings.

D)  Preparation of publicity releases announcing the availability of the idea, invention or product, which will be sent to magazines, trade publications, newspapers and other periodicals found as a result of a Bacons Media search, which Company deems suitable, so that the publications may, if they choose, publish said release.

E)  APD will submit drafts of all descriptive materials (including, but not limited to, Presentation Brochures, Press Releases, graphical renderings, etc.) to Client for approval and/or revision prior to printing.  Client understands that his/her approval of descriptive materials is required prior to printing in order to insure that said material accurately and completely articulates Client's invention.

F)  APD will use Standard Industrial Classification (SIC) coding for the purpose of matching Client's idea, invention or product with companies who are listed in the APD DATA BASE and the THOMAS REGISTRY OF MANUFACTURERS.  Such companies will receive a copy of Client's Presentation Brochure for their review and evaluation.

G)   If a company or person to whom a Presentation Brochure has been submitted shows additional interest,  APD may perform additional services, either independently or through outside resources. APD, may also at its discretion, prepare or have prepared with the involvement of Client, additional design information, graphics or other materials at Advent's expense.

H) APD will prepare and display Client's Color Presentation Brochure and Virtual Prototype at one or more national trade shows.

2.  *Client's Statement of Good Faith*: Client understands that APD's representation of Client is based upon Client's honest representation and declaration that he/she is the original, first and true inventor(s) of all subject matter relating to the invention.

3.  While APD may provide substantial assistance in modifying, improving,  illustrating or refining the invention/concept, APD agrees to accept only a twenty-percent (20%) royalty in the venture, and warrants that APD's right to said royalty shall immediately and <u>automatically terminate</u>, and any modifications or improvements made by APD shall be the sole property of Client, at the expiration of this Agreement if APD has failed to secure a licensing agreement.

4. Client agrees that he/she will promptly participate in the acquisition of "patent pending" status for the concept by filing a provisional patent application, so that Client and APD may safely disclose the invention/concept to third parties such as potential licensees and manufacturers via Presentation Brochures, Press Releases, Virtual Prototypes and Trade Shows. APD hereby agrees to obtain a registered patent attorney on Client's behalf, and to incur all costs associated with obtaining patent

pending status and pay said costs on Client's behalf, including the preparation of any technical descriptions or drawings which may be necessary, and the payment of all government filing fees. Client agrees to execute any and all documents which may be necessary to effectuate said filing. Said provisional patent application shall be filed within one (1) year of the date of first public disclosure of the invention, in accordance with 35 USC 102 (b).

5. Client understands that a provisional patent application will not, without the submission of a non-provisional patent application within one year, mature into a United States Patent. It will be the responsibility of Client to secure the filing of a non-provisional application, if Client so desires. Client also acknowledges that APD is not permitted to provide legal advice or act as an attorney in any manner.

6. This Agreement shall remain in effect for a period of twenty-four (24) months from the date of execution of this Agreement, during which time Client agrees that APD shall have the right to submit the new idea, invention or product which is the subject of this Agreement to potential manufacturers and licensees for the purpose of ascertaining their interest therein. This shall include the right to use designs, models, patents issued and pending, copyrights, trademarks, promotional literature, and any and all other materials relating thereto now in the possession of Client or which may hereafter be developed by Client or APD.

7. Client further agrees that during said twenty-four (24) month period, APD shall have the right to negotiate and execute contracts on Client's behalf for the sale or licensing of the new idea, invention, or product. APD shall submit any contract involving the invention to Client, and Client shall have the absolute right to accept, reject or modify any such contract before it may be executed by APD.

8. Client shall not be obligated for any costs of APD's travel, administrative, telephone, office expense, secretarial services or any other expenses incidental to its representation of Client's idea.

9. Client agrees that the number and selection of companies contacted are to be at the discretion of APD. Nothing in this Agreement shall be construed as a representation, inducement, promise or guarantee that APD will obtain any results, sales, or licensing agreements. APD agrees to use its best efforts to submit the idea, invention, or product in the form of the Presentation Brochure to companies for their review. Client is aware, however, that the advertising and marketing of any new product is an extremely difficult and uncertain process.

10. Both during and after the term of this Agreement, Client may use all of APD's literature, drawings, virtual prototypes, brochures and any and all other material supplied by APD to Client or prepared for Client during the course of this Agreement. All materials prepared by APD on behalf of the Client are the sole and exclusive property of the Client.

Aug 13 07 12:44p    ADVENT PRODUCT DEVELOPMNT    18432370291    P.4

11. Pursuant to the terms of this agreement, APD will submit Client's invention to industry. If a manufacturer/company shows interest, and if a Licensing Agreement results, then APD shall receive twenty-percent (20%) of all royalties paid to client; or if a sale results, twenty-percent (20%) of the net sale price paid to Client. Any payments which may be owing from licensees or manufacturers as a result of APD's efforts are to be remitted directly to Client, and Client warrants under this contract that he/she will remit to APD twenty-percent (20%) thereof within 30 days of receipt by Client and clearing of funds. APD, however, shall <u>not be entitled to</u> any compensation whatsoever if the licensee or purchaser shall be discovered or located solely by the effort of Client. In such event, all rights in the concept immediately and automatically revert and transfer to Client, and this Agreement will be terminated.

12.  In the event that any royalties are earned by Client, or if a sale is made, Client shall first be <u>refunded</u> from funds received from royalties or sales, <u>all monies</u> paid to Company before Company shall receive any compensation pursuant to paragraph 11 above.

13. You have until seven (7) business days from the day you have signed this contract to rescind and cancel this contract. If you exercise this right to cancel, you must notify APD in writing, and the amount paid by you to APD under this agreement will be completely refunded to you. This right is in addition to any other legal remedies you may have.

14. This Agreement shall be governed by and interpreted according to the laws of the State of South Carolina, which Client hereby agrees shall be the appropriate venue for any action, and Client submits to the personal jurisdiction thereof.

In witness whereof, the parties hereto intending to be legally bound hereby have executed this Agreement, the day and year first above written.


BY: _____
         **Inventor/Client**

WITNESSED BY APD:

_____
                **Agent**

BY: _____
         **Co-inventor/Client**


**Authorized Company Acceptance** _____
                                                              **Signature**

**Date of Execution** _____

**<u>EXHIBIT B</u>**

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
PHONE **(619) 702-6760**
FACSIMILE **(619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

July 16, 2007

ADVENT PRODUCT DEVELOPMENT                     *Via Certified Mail*
South Coast Executive Park
1503 South Coast Drive, Suite 315
Costa Mesa, California 92614

ADVENT PRODUCT DEVELOPMENT                     *Via Certified Mail*
3750 Convoy Street, Suite 118
San Diego, California 92111

                Re:     Matt Waters v. Advent

To whom it may concern:

        Please allow this correspondence to serve as a Notice and Demand for Correction and Remedy. This Notice is presented pursuant to California Civil Code section 1750, et. seq., and specifically section 1782, of the California Consumer Legal Remedies Act (Hereinafter "CLRA"). Thank you for your assistance throughout this matter.

        As specifically set forth below, our client Matthew Waters notifies you of the following statutory violations:

        1.      California Civil Code section 1770(5);

        2.      California Civil Code section 1770(7);

        3.      California Civil Code section 1770(14);

        4.      California Civil Code section 1770(16); and

        5.      California Civil Code section 1770(19)

Z:\Data\6330\correspondence\CLRA30Day.July2.07.wpd

The factual foundation for the referenced statutory violations is set forth below:

In or about June, 2006, our client, Matt Waters, first learned of your Company by and through a satellite radio advertisement. Mr. Waters subsequently met with several of your Company's employees regarding retaining your Company to perform the Invention Assistance referenced within the advertisements. Mr. Waters was shown various other written solicitations and advertisements by your representatives, and eventually entered into at least three separate contracts with your Company. Mr. Waters signed these contracts - and provided your Company in excess of several thousand dollars - based upon the written and oral representations made by your Company.

Recently, it became apparent to Mr. Waters that the services your Company advertised where not of the particular standard, quality and grade represented both before and during the time of the execution of the contract. The services were represented to be of a particular quality, and they were not of said quality. Additionally, there are multiple unconscionable provisions within the operative contracts, including material additions and omissions that violate California law.

As a specific example of the above, the advertisements and operative contracts represented that Mr. Waters would be receiving a "patent search" and "legal opinion" prior to entering into a second, more expensive contract with your Company. This "legal opinion" would provide Mr. Waters with feedback into whether there was a need for the more expensive contract, given the then-current status of potentially "related" patents. Importantly, the "legal opinion" failed to notify Mr. Waters of several patents directly on-point with Mr. Waters proposal. Simply, there was never any real potential for Mr. Waters to obtain patent protection, and no need to enter into the second, more expensive contract. We have subsequently learned that each and every California-based customer of your Company has experienced similar actions and damages during their interaction with your Company.

## DEMAND

Based on the above, we submit that your Company has failed to honor and abide by the consumer protections enacted by the CLRA. Unless full satisfaction is made, as set forth below, please be advised that Mr. Waters intends to file suit against your Company, claiming under (at least) the CLRA and the Unfair Business Practices and False Advertising Act. Mr. Waters will be claiming both individually and as a Class Representative under both of the above sections.

In order to avoid any further legal action, Mr. Waters respectfully demands that your Company specifically agree to fund all of the following:

1.     Actual damages to Mr. Waters, in the amount of $10,430.00, plus interest;

2.     Actual damages to every California based customer of your Company, who has paid your Company any monetary amount within the last three years, said damages to consist of the amounts said California based customer provided to your Company within that time period, plus interest; and

3.    For ever "senior citizen" and/or "disabled" California based customer who entered into a contract with your Company within the last three years, an additional amount of $5,000.00.

Please be advised that, if your Company does not agree to all of the above-referenced demands within 30 days of receipt of this notice, this firm will have no option but to proceed formally, seeking the below referenced remedies:

A.    The actual damages suffered by each Class Member;

B.    An order enjoining your Company from further illegal methods, acts or practices;

C.    Restitution, where applicable;

D.    Punitive Damages;

E.    Any other Relief which the Court deems proper; and

F.    Attorneys Fees and Costs.

**Please Note**: As referenced above, please allow this to serve as notice that the actions of your Company also violate California Business and Professions Code sections 17200 and 17500, as unfair business acts and practices. If necessary, we intend to claim under these theories as well.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

William B. Sullivan

Z:\Data\6330\correspondence\CLRA30Day.July2.07.wpd

**Exhibit 2**



STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF GEORGETOWN ) Civil Action Number:  2007-CP-22-1082
ADVENT PRODUCT )
DEVELOPMENT, INC. )

)
)
)
               Plaintiff,     )       **ANSWER OF DEFENDANT**
)       **MATTHEW WATERS**
      vs.                     )
)
MATTHEW WATERS         )
)
               Defendants.  )
_____)

Defendant, answering the Complaint of the Plaintiff, responds as follows:

## FOR A FIRST DEFENSE BY WAY OF ANSWER

1.     Defendant denies each and every allegation of the Complaint, which is not hereinafter specifically admitted, qualified or explained.

2.     Admits the allegations of Paragraphs 1 and 2 of the Complaint.

3.     In response to Paragraph 3 of the Complaint, Defendant re-alleges the defenses set forth in Paragraphs 1 and 2 of this Answer as if set forth herein verbatim.

4.     Defendant denies that he entered into a contract with the Plaintiff dated June 30, 2007 and denies that a true and correct copy of such an agreement was attached to the Complaint.

5.     Defendant admits so much of the allegations of Paragraph 5 of the Complaint which allege that he had an attorney write a letter to the Plaintiff raising serious concerns regarding various violations of California Law by the Plaintiff. However, the Defendant denies that a true and correct copy of a letter dated July 16,

2007 was attached to the Complaint as Exhibit B and the Defendant craves reference thereto.

6.     As to the allegations of Paragraphs 6 and 7 of the Complaint, the Defendant craves reference to the agreement alleged to have been signed by the Defendant and would admit such allegations as are consistent with the terms of the said contract and deny any allegation in contradiction to said contract.

7.     Defendant denies that it is going to file a suit in California that would violate the parties agreed Forum Selection Clause and therefore denies the allegations of Paragraph 8 of the Complaint.

8.     Defendant denies the allegations of Paragraphs 9 and 10 of the Complaint.

## FOR A SECOND DEFENSE
### (Motion to Dismiss)

9.     Defendant re-alleges the defenses set forth in Paragraph 1 through 8 as if set forth herein verbatim.

10.     Plaintiff's Complaint fails to state sufficient facts to allege a valid cause of action and therefore Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

WHEREFORE, having answered the Complaint of the Plaintiff, the Defendant prays that Plaintiff's Complaint be dismissed, that Defendant be awarded attorney's fees and the cost of this action and for such other and further relief as this Court may deem just and proper.

[SIGNATURE PAGE TO FOLLOW]

JEFFCOAT, PIKE & NAPPIER, LLC

By: _____
      Mark A. Nappier

2024 Corporate Centre Drive, Suite 206
Post Office Box 3678
Myrtle Beach, South Carolina 29578
Telephone: 843/626-9000

September _20_, 2007              Attorneys for the Defendant