William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX


Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated,


## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive, <br><br> Defendants. | Civil Action No.: 07CV2089 (BTM) (LSP) <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION TO REMAND TO STATE COURT** <br><br> *Oral Argument Requested* <br><br> *Document Electronically Filed* <br><br> Date:  December 28, 2007 <br> Time:  11:00 a.m. <br> Dept:  15 <br> Judge: Hon. Barry Ted Moskowitz |

**PLEASE TAKE NOTICE** that on December 28, 2007, at 11:00 a.m., or as soon thereafter

as counsel may be heard, Sullivan & Christiani, LLP for Plaintiff Matthew Waters, shall move before

the United States District Court for the Southern District of California for the entry of an Order

Remanding the action to San Diego Superior Court on the following grounds:

1.    Defendant Advent submitting to the jurisdiction of the California State Courts;

2.    Procedural deficiencies in Defendants' Notice of Removal;

3.    Amount in controversy does not meet the Class Action Fairness Act requirements;
      and

4.    Complaint is based solely on state based questions.

**COPY**

PLEASE TAKE FURTHER NOTICE that counsel for the moving party shall rely upon the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand to State Court, the Declaration of Matthew Waters, and the Declaration of Alison M. Miceli, Esq. as well as the exhibits thereto, and all other pleadings and memoranda on file in this matter.

PLEASE TAKE FURTHER NOTICE that a proposed Order is submitted herewith.

PLEASE TAKE FURTHER NOTICE that counsel for the moving party requests costs and attorney fees.

PLEASE TAKE FURTHER NOTICE that counsel for the moving party requests oral argument.


Dated: November 28, 2007                    SULLIVAN & CHRISTIANI, LLP

                                            s/ Alison M. Miceli

                                            _____
                                            William B. Sullivan,
                                            Alison M. Miceli,
                                            Attorneys for Plaintiff,
                                            MATTHEW WATERS

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, | Civil Action No.: 07CV2089 (BTM) (LSP) |
| | **CLASS ACTION** |
| Plaintiff, | **PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT** |
| v. | |
| ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive, | *Oral Argument Requested* |
| | *Document Electronically Filed* |
| Defendants. | Date:  December 28, 2007 |
| | Time:  11:00 a.m. |
| | Dept:  15 |
| | Judge: Hon. Barry Ted Moskowitz |

**COPY**

1

## TABLE OF CONTENTS

**Page**

BLE OF AUTHORITIES ............................................................................. iii

SUMMARY OF ARGUMENT ................................................................... 2

SUMMARY OF FACTS AND PROCEDURAL HISTORY ........................ 3

CONTROLLING LAW .............................................................................. 4

A.   CONTROLLING LAW FAVORS REMAND TO STATE COURT ............... 4

B.   THE REMOVING PARTY BEARS THE BURDEN OF PROVING
     THE AMOUNT IN CONTROVERSY ................................................... 4

C.   DEFENDANTS' BURDEN IS A "PREPONDERANCE OF THE
     EVIDENCE" ............................................................................... 4

LEGAL ARGUMENT ................................................................................ 5

ANDATORY REMAND ............................................................................. 5

A.   AS DEFENDANTS HAVE "CONSENTED TO THE
     JURISDICTION OF THE STATE OF CALIFORNIA," REMAND IS
     MANDATORY ............................................................................. 5

     1.   Defendant ADVENT's Failure To Obtain A Valid Secretary
          Of State Certificate Binds It To The Jurisdiction Of The State
          Of California ..................................................................... 6

     2.   The Individual Defendants Failed To Plead Or Establish The
          Out-of-State Citizenship Necessary to Trigger Diversity ............ 9

B.   DEFENDANTS' NOTICE OF REMOVAL CONTAINS FATAL
     JURISDICTIONAL DEFECTS REQUIRING REMAND TO STATE
     COURT ...................................................................................... 10

C.   DEFENDANTS MISCONSTRUE THE AMOUNT OF DAMAGES
     ALLEGED IN THE COMPLAINT, AND CANNOT MEET THE
     CLASS ACTION FAIRNESS REQUIREMENTS ................................... 12

i

## TABLE OF CONTENTS
### (continued)

Page

SCRETIONARY REMAND......................................................................................15

A.    AS THE COMPLAINT IS BASED ON STATE-ENACTED
      "PROTECTIVE STATUTES," REMAND TO STATE COURT IS
      PROPER..........................................................................................................15

      1.    The Consumer Legal Remedies Act Is A Protective California
            Statute.....................................................................................................15

      2.    Business & Professions Code § 17200 Is A Protective
            California Statute....................................................................................16

B.    THE COURT MAY DECLINE JURISDICTION UNDER THE
      "HOME-STATE" CONTROVERSY EXCEPTION...........................................16

      1.    Factor One- Whether The Claims Asserted Involve Matters Of
            National Or Interstate Interest.................................................................18

      2.    Factor Two- Whether The Claims Asserted Will Be Governed
            By Laws Of The State In Which The Action Was Originally Filed
            Or By The Laws Of Other States............................................................18

      3.    Factor 3- Whether The Class Action Has Been Pleaded In A
            Manner That Seeks To Avoid Federal Jurisdiction...................................19

      4.    Factor 4- Whether The Action Was Brought In A Forum With A
            Distinct Nexus With The Class Members, The Alleged Harm, Or
            The Defendants........................................................................................19

      5.    Factor 5- Whether The Number Of Citizens Of The State In
            Which The Action Was Originally Filed In All Proposed Plaintiff
            Classes In The Aggregate Is Substantially Larger Than The
            Number Of Citizens From Any Other State, And The Citizenship
            Of The Other Members Of The Proposed Class Is Dispersed
            Among A Substantial Number Of States...................................................20

6.    Whether, During The 3-Year Period Preceding The Filing Of
That Class Action, 1 Or More Other Class Actions Asserting
The Same Or Similar Claims On Behalf Of The Same Or Other
Persons Have Been Filed..................................................................20

CONCLUSION.................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

ases

rego Abrego v. Dow Chemical Co.,
 443 F.3d 676 (9th Cir. 2006)...................................................................................4,5

nerica Online, Inc. v. Superior Court,
 108 Cal. Rptr. 2d 699 (2001)...................................................................................16

dalusia Enterprises, Inc. v. Evanston Ins. Co.,
 487 F. Supp. 2d 1290 (N.D. Alabama 2007)...........................................................11

thony v. Small Tube Mfg. Corp.,
 2007 WL 2844819 (E.D. Pa. 2007)........................................................................18

chison v. Frederickson,
 177 F. 206 (9th Cir. 1910)....................................................................................6,9

rquis v. Merchants Collection Ass'n,
 7 Cal. 3d 94 (1972)................................................................................................16

ard v. Lehman Brothers Holdings, Inc.,
 458 F. Supp. 2d 1314 (M.D. Alabama 2006)..........................................................11

oughton v. Cigna Healthplans of California,
 21 Cal. 4th 1066 (1999).......................................................................................16

mtrade Limited v. United States,
 2005 WL 5643875 (S.D. Florida 2005)..................................................................11

ghilian v. DeVry University, Inc.,
 461 F. Supp. 2d 1121 (C.D. Cal. 2006)..................................................................16

ployers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Co. of Am.,
 2005 WL 1653629 (D. Oregon 2005).....................................................................11

rza v. Bettcher Indus., Inc.,
 752 F. Supp. 753 (E.D. Mich. 1990)......................................................................13

us v. Miles,
    980 F.2d 564 (9th Cir. 1992)............................................................................4,13

ntis v. Safeguard Business Systems, Inc.,
    60 Cal. App. 4th 1294 (1998)..............................................................................15

egory v. Albertsons,
    104 Cal. App. 4th 845 (2002)..............................................................................16

neson v. Simonds Saw Co.,
    2 Cal. App. 582 (1906)..........................................................................................8

es v. Andrews,
    77 U.S. 327 (1870)................................................................................................9

ufman v. General Ins. Co. of Am.,
    192 F. Supp. 238 (D.C. Cal. 1961).......................................................................2

sor v. Collins,
    338 F. Supp. 2d 1279 (N.D. Alabama 2004).......................................................10

app v. Bulock Tractor Co.,
    242 F. 543 (D.C. Cal. 1917)..................................................................................8

ninklijke Luchtvaart Maatschappij v. Superior Court,
    107 Cal. App. 2d 495 (1951)..................................................................................8

Vecke v. Griesedieck Western Brewery Co.,
    233 F.2d 772 (9th Cir. 1956)................................................................................8

wdermilk v.U.S. Bank Nat'l Ass'n,
    479 F.3d 994 (9th Cir. 2007)................................................................................5

user v. Union Pac. R. Co.,
    243 F. 274 (D.C. Cal. 1917)..................................................................................8

Atee v. Capital One, F.S.B.,
    479 F.3d 1143 (9th Cir. 2007)............................................................................19

Nutt v. General Motors Acceptance Corp.,
    298 U.S. 178 (1936)..............................................................................................4

lbank v. Standard Motor Const. Co.,
    132 Cal. App. 67 (1933)........................................................................................8

ogard Corp. v. Malott & Peterson-Grundy,
　　106 Cal. App. 3d 213 (1980)..................................................................7

rkins v. Louisville & N. R. Co.,
　　94 F. Supp. 946 (D.C. Cal. 1951)..........................................................7

veles v. Toyota by the Bay,
　　57 Cal. App. 4th 1139 (1997)................................................................16

hultz v. Cally,
　　528 F.2d 470 (3d Cir. 1975)..................................................................9

nger v. State Farm Mut. Auto. Ins. Co.,
　　116 F.3d 373 (9th Cir. 1997).................................................................5

mlyo v. J. Lu-Rob Enterprises, Inc.,
　　932 F.2d 1043 (2d Cir. 1991).................................................................4

eigleder v. McQuesten,
　　198 U.S. 141 (1905).............................................................................6,9

lka v. Gerber Products Co.,
　　211 F.3d 445 (7th Cir. 2000)..................................................................9

ited Systems of Arkansas, Inc. v. Stamison,
　　63 Cal. App. 4th 1001 (1998).................................................................7

itrust v. U.S. Mortg. Corp.,
　　2007 WL 2886036 (D. Nev.)..................................................................17

ng v. Massey Chevrolet,
　　118 Cal. Rptr. 2d 770 (2002)..................................................................16

**tutes**

U.S.C. § 1332 (2007)....................................................................2,3,15,17

U.S.C. § 1332(d) (2007).................................................................3,9,12,17

U.S.C. § 1441 (2007).........................................................................4

U.S.C. § 1446(a) (2007)...................................................................2,10,12

U.S.C. § 1447(c) (2007)...................................................................2,10

n. Rep. No. 109-14, at 36-39, as reprinted in 2005 U.S.C.C.A.N. 3, 35-37.............17

## Other Authorities

Cal. Bus. & Prof. Code § 17200, *et seq.* (2007)............................................................3,15,16

Cal. Bus. & Prof. Code § 22386 (2007)...........................................................................15

Cal. Civ. Code § 1760 (2007)...........................................................................................15

Cal. Corp. Code § 171 (2007)............................................................................................7

Cal. Corp. Code § 191 (2007)............................................................................................7

Cal. Corp. Code § 221 (2007)............................................................................................6

Cal. Corp. Code § 2105 (2007).....................................................................................2,5,6

Cal. Corp. Code § 2203 (2007)....................................................................................2,5,6,7

## Secondary Sources

Reed, *Legislating for the Consumer: An Insider's Analysis of the Consumers Legal Remedies Act*, 2 Pacific L.J. 1, 5-7 (1971).............................................................16

# I.

## SUMMARY OF ARGUMENT

Remand is proper, for each of the following reasons:

Remand is mandatory because:

- Defendant ADVENT PRODUCT DEVELOPMENT, INC. (hereinafter "ADVENT") has submitted to the jurisdiction of the State of California Courts because it failed to comply with California law requiring the filing of corporate documentation.[1] See Corp. Code § 2105; Corp. Code § 2203;

- Defendant DENICE THURLOW (hereinafter "THURLOW") and Defendant ALPHONSO EILAND (hereinafter "EILAND") have failed to properly plead citizenship. 28 U.S.C. 1332(d)(2). Because the operative pleading does not allege that the individually named Defendants are "citizens" of any state outside of California, there is no diversity of citizenship between the parties which is necessary to establish Removal;

- Defendants' Notice of Removal failed to contain the necessary process, including (1) a copy of the civil case cover sheet; (2) a copy of the state court summons; (3) a copy of the return of service; and (4) an alternative dispute resolution packet. 28 U.S.C. 1446(a); 28 U.S.C. 1447(c). These failures are jurisdictional defects which require remanding the case to San Diego Superior Court; and

- Defendants misconstrue and misrepresent the damages in Plaintiff MATTHEW WATERS' (hereinafter "WATERS") Complaint. Defendants erroneously contend that Plaintiff and the other class members have been similarly damaged. However, the Complaint does not allege a specific amount in damages. On the contrary, the Complaint states that Plaintiff "began" to make contractual payments, thus experiencing some limited resultant damage. Because Plaintiff and the other class

---

[1]The purpose of the California requirements for qualification of foreign corporations to do business within the state is to protect local citizens and local business from any unfair practices and to insure business responsibility by setting a uniform standard for doing business. Kaufman v. General Ins. Co. of Am., 192 F. Supp. 238 (D.C. Cal. 1961).

2

members have not been similarly damaged, the $5,000,000 requirement for removal of a class action is not satisfied. See 28 U.S.C. 1332(d)(2).

Remand is <u>discretionary</u> because:

- Federal Courts can, and should, decline jurisdiction of actions when a matter involves solely questions of state law. <u>Unitrust v. U.S. Mortg. Corp.</u>, 2007 WL 2886036 (D. Nev.). State statutes enacted for the protection of its citizens, such as the Consumer Legal Remedies Act ("CLRA") and Business & Professions Code § 17200, are better decided in state courts. Under the "home-state" controversy exception under the Class Action Fairness Act ("CAFA"), federal courts need not exercise jurisdiction over state matters when the claims asserted are governed by the laws of the State in which the action was originally filed, the action is in a forum with a distinct nexus with the class members, the alleged harm, or the defendants, and the number of citizens in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State. See 18 U.S.C. § 1332.

## II.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

This matter involves allegations against an Invention Assistance Services Corporation and its individual employees brought under multiple California consumer protection statutes. On or about April 2006, Plaintiff entered into several contracts with the Defendants based on their promise that Plaintiff's proposed invention was a "new idea" and amenable to patent protection. After one year had passed and no substantial work on his invention had taken place, as promised, Plaintiff hired a legitimate patent service to investigate whether there were any "related" patents similar to his own invention. This independent patent service subsequently determined - **in less than three hours** - that Plaintiffs' idea was subject to multiple patents, rendering it of no value.

On September 18, 2007, Plaintiff, both individually and as a Class Representative, filed a Complaint against Defendants, alleging that Defendant ADVENT violated multiple provisions of the CLRA and that all Defendants violated Business & Professions Code § 17200 and participated

Plaintiff's Points and Authorities in

in Fraud. (Please see Declaration of Alison M. Miceli). On October 30, 2007, Defendants removed this action from the San Diego Superior Court to Federal Court. (Please see Declaration of Alison M. Miceli). On November 9, 2007, Plaintiff's counsel met and conferred with Defendants' counsel regarding the issues in the case. (Please see Declaration of Alison M. Miceli). Defendants' counsel has confirmed the necessity for the instant Motion. (Please see Declaration of Alison M. Miceli). (Please see Exhibit "1").

### III.

### CONTROLLING LAW

### A.    CONTROLLING LAW FAVORS REMAND TO STATE COURT

Removal statutes are strictly construed, so as to limit removal jurisdiction. 28 U.S.C. § 1441. The reason for strict construction is to prevent the waste of judicial resources. Doubts as to removal are resolved in favor of remanding the case to state court. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Jurisdictional concerns can be avoided by remanding to state courts which have general jurisdiction. Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991).

### B.    THE REMOVING PARTY BEARS THE BURDEN OF PROVING THE AMOUNT IN CONTROVERSY

In cases removed from state court, the removing defendant has "always borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirements." Gaus, supra, 980 F.2d at 566. CAFA does not "alter the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 688 (9th Cir. 2006). Even if it is unclear what amount of damages the plaintiff has sought, the defendant still bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount. McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). Preliminarily, the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.

### C.    DEFENDANTS' BURDEN IS A "PREPONDERANCE OF THE EVIDENCE"

When, as here, the plaintiff does not specify an amount of damages in the pleading, the

4

"defendant must prove by a preponderance of the evidence that the damages claimed exceed $5,000,000." Lowdermilk v.U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007). To satisfy this standard, the defendant must make a factual showing that it is more likely than not the amount in controversy exceeds $5,000,000. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). Courts apply the preponderance of evidence standard for situations where a plaintiff "seeks no specific amount in damages." In those cases, the court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements. Abrego Abrego, supra, 443 F.3d 676 (9th Cir. 2006). Courts may also consider facts in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Singer, supra, 116 F.3d at 376.

<div align="center">IV.</div>

<div align="center">

## LEGAL ARGUMENT
</div>

There are several issues establishing **Mandatory** Remand, and one that allows for **Discretionary** Remand. As set forth below, this matter should be returned to its proper forum - the California State Court - based upon several theories, each of which is individually sufficient to serve as foundation for an Order to Remand.

<div align="center">

## MANDATORY REMAND
</div>

## A.     AS DEFENDANTS HAVE "CONSENTED TO THE JURISDICTION OF THE STATE OF CALIFORNIA," REMAND IS MANDATORY

Defendant ADVENT has submitted to the jurisdiction of California State Court by failing to qualify to do business in California, in violation of California Corporations Code §§ 2105 and 2203. Because Defendant ADVENT is and was transacting unauthorized intrastate business in California, it is "deemed to consent to the jurisdiction of the State Courts of California." See Corp. Code § 2203.

Additionally, there is no evidence to indicate that any individually named Defendant is a "citizen" of any state. The Notice of Removal and supporting documentation lack any reference to the citizenship of either individual Defendant. The Notice of Removal alleges only "residence," insufficient to establish diversity. **If the removing party merely alleges the permanent mailing**

<div align="center">5</div>

address *or residence* of a party to the action, the pleadings will be deemed insufficient and

jurisdiction will be denied. (Emphasis added.) Steigleder v. McQuesten. 198 U.S. 141 (1905);

Atchison v. Frederickson. 177 F. 206 (9th Cir. 1910).

Given the above, and because proper diversity of citizenship has not been established,

Remand is mandatory.

### 1.     Defendant ADVENT's Failure To Obtain A Valid Secretary Of State Certificate Binds It To The Jurisdiction Of The State Of California

As established below, Defendant ADVENT failed to register to do business in the State of

California. (Please see Declaration of Alison M. Miceli). Defendant ADVENT has never held a

valid certificate from the Secretary of State authorizing it to conduct business in California. (Please

see Declaration of Alison M. Miceli). (Please see Exhibit "2.") Defendants admit in their Notice

of Removal that Defendant ADVENT is a foreign corporation. (Notice of Removal, p. 4, ¶ 10.)

By engaging in unauthorized business practices, Defendant ADVENT submitted itself to the

jurisdiction of the California State Court System.

Corp. Code § 2105(a) provides in relevant part:

"A foreign corporation shall not transact intrastate business without having first obtained

from the Secretary of State a certificate of qualification."

Corp. Code § 2203(a) states in pertinent part:

Any foreign corporation which transacts intrastate business and which does not hold
a valid certificate from the Secretary of State may be subject to a penalty of twenty
dollars ($20) for each day that unauthorized intrastate business is transacted: **and the
foreign corporation, by transacting unauthorized intrastate business, shall be
deemed to consent to the jurisdiction of the courts of California in any civil
action arising in this state in which the corporation is named a party defendant.**
(Emphasis added.)

The purpose of the California requirements for qualification of foreign corporations to do

business within the state is to protect local citizens and local business from any unfair practices

and to insure business responsibility by setting a uniform standard for doing business. Kaufman,

supra. 192 F. Supp. at 238.

Corp. Code § 221 states, in pertinent part, as follows:

A foreign corporation which transacts intrastate business and which does not hold a certificate from the secretary of state may be subject to a prescribed penalty for each day that unauthorized intrastate business is transacted. Any person who transacts intrastate business for a nonqualified foreign corporation, knowing of the nonqualification, is guilty of a misdemeanor, punishable by fine. Similarly, such a corporation is guilty of a misdemeanor, punishable by a fine.

Corp. Code § 171 provides in pertinent part, as follows:

"Foreign corporation means any corporation other than a domestic corporation and, when used in Section 191, 2203 . . . and Chapter 21, includes a foreign association, unless otherwise stated . . . ."

Defendant ADVENT is a foreign corporation. Defendants Notice of Removal specifically states, "Defendant Advent is a **domestic** corporation **organized** and **existing** under the laws of the State of South Carolina **having its principal place of business** at 313 Commerce Drive, Pawleys Island, South Carolina, 29585." (Notice of Removal, p. 4, ⁋ 10.) (Please see Exhibit "3"). Accordingly, Defendant ADVENT cannot transact intrastate business without a valid certificate from the Secretary of State.

Corp. Code § 191 defines the phrase "transact intrastate business" as entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce. For purposes of the provisions of the Corporation Code applicable to foreign corporations, for a foreign corporation to "transact intrastate business" means to enter into repeated and successive transactions of its business in this state. United Systems of Arkansas, Inc. v. Stamison, 63 Cal. App. 4th 1001 (1998).

Determination of whether a corporation is transacting intrastate business is based on an analysis of its activities in California according to several factors. The most important factor is transacting business with California residents. Id. Entering into multiple contracts constitutes "transacting business." Corp. Code § 191; Neogard Corp. v. Malott & Peterson-Grundy, 106 Cal. App. 3d 213, 226 (1980).

7

The maintenance of an office and the solicitation of business when judged by common knowledge and experience, constitutes an activity which requires a foreign corporation's presence within the state. The corporation is thereby transacting one of the important phases of its business . . . . <u>Perkins v. Louisville & N. R. Co.</u>, 94 F. Supp. 946 (D.C. Cal. 1951).

Solicitation, by foreign corporation without more, may constitute doing business within state and service of process upon corporation's agent is warranted when solicitation is regular, continuous and substantial course of business. <u>Koninklijke Luchtvaart Maatschappij v. Superior Court</u>, 107 Cal. App. 2d 495 (1951). It has been said that to be doing business in California in a jurisdictional sense, a foreign corporation must transact in this state some substantial part of its ordinary business through its agents or officers selected for that purpose. <u>Jameson v. Simonds Saw Co.</u>, 2 Cal. App. 582 (1906); <u>Milbank v. Standard Motor Const. Co.</u>, 132 Cal. App. 67 (1933).

A foreign manufacturer that maintained an office in California and employed a person as regional representative in California, who had working under his direction four field representatives, was held to be transacting intrastate business there. <u>Le Vecke v. Griesedieck Western Brewery Co.</u>, 233 F.2d 772 (9th Cir. 1956); <u>see also Mauser v. Union Pac. R. Co.</u>, 243 F. 274 (D.C. Cal. 1917) [railroad company, having many employees in California, four or five offices where business was solicited, and whose freight cars came into the state over other railroads, was held to be doing business in California]; <u>see also Knapp v. Bulock Tractor Co.</u>, 242 F. 543 (D.C. Cal. 1917) [a foreign corporation that was selling farm tractors in California through resident sales agents, and whose president, directors, employees, and agents had been in California giving directions and assisting, was found to be doing business in the state].

Here, Defendants maintain a physical presence in California, by and through three separate "regional offices." (Please see Declaration of Matthew Waters). Defendant ADVENT's own Internet Website establishes that they have locations in San Diego, Los Angeles, and Costa Mesa. (Please see Exhibit "3.") All interactions between Plaintiff and Defendants took place at Defendant ADVENT's San Diego County regional office located in California. (Please see Declaration of Matthew Waters).

Moreover, Plaintiff reviewed and signed Defendant ADVENT's contracts in California. (Please see Declaration of Matthew Waters). Plaintiff was also informed, by Defendant EILAND.

8

that all meetings between Defendant ADVENT and its California customers took place in one of the three "regional offices." (Please see Declaration of Matthew Waters). Finally, Plaintiffs' preliminary investigation concluded that approximately 800 California residents have contracted with Defendant ADVENT at one of its "regional offices." (Complaint, p. 3, ¶¶ 12-15A, p. 4, ¶¶ 15B-15F.) (Please see Declaration of Alison M. Miceli).

## 2.    The Individual Defendants Failed To Plead Or Establish The Out-of-State Citizenship Necessary to Trigger Diversity

Diversity of citizenship must be established in order to properly remove a matter to Federal Court. 28 U.S.C. 1332(d)(2). Here, and following the "submission" of Defendant ADVENT, the Removal pleadings lack any evidence of or reference to any other individually named Defendant being a "citizen" of any state. (Please see Declaration of Alison M. Miceli). The Removal pleadings reference only the "residence" of the individual Defendants, not the "citizenship." (Please see Declaration of Alison M. Miceli). As "residence" does not equate to "citizenship," diversity has not been properly alleged or established.

In order to maintain federal diversity jurisdiction, the pleadings must allege the state citizenship of the respective parties. Jones v. Andrews, 77 U.S. 327 (1870). **If the removing party merely alleges the permanent mailing address *or residence* of a party to the action, the pleadings will be deemed insufficient and jurisdiction will be denied.** (Emphasis added.) Steigleder, supra, 198 U.S. at 141; Atchison, supra, 177 F. at 206; see also Tylka v. Gerber Products Co., 211 F.3d 445 (7th Cir. 2000) [notice of removal of a case on basis of federal diversity jurisdiction was defective, as it referred to the residence of individual plaintiffs, not the citizenship]. If the removing party fails to allege the citizenship of any of the parties, the pleadings will be considered insufficient and jurisdiction will be denied. Schultz v. Cally, 528 F.2d 470 (3d Cir. 1975).

In the present case, the individual Defendants' do not allege "citizenship." Instead, Defendants merely allege the residence of each party. Specifically, the Notice of Removal states that Defendant THURLOW is a "resident" of South Carolina and Defendant EILAND is a "resident" of California. (Notice of Removal, p. 4, ¶¶ 11, 12.) However, no allegation of

9

citizenship of either of the individual Defendants is referenced. Since allegations of residence are insufficient to establish citizenship, Defendants' Notice is procedurally deficient and remand is appropriate.

**B.    DEFENDANTS' NOTICE OF REMOVAL CONTAINS FATAL JURISDICTIONAL, DEFECTS REQUIRING REMAND TO STATE COURT**

Defendants' Notice of Removal failed to include the documents mandated in a Notice of Removal: (1) a copy of the civil case cover sheet; (2) a copy of the state court summons; (3) a copy of the return of service; and (4) an alternative dispute resolution packet. (Please see Declaration of Alison M. Miceli). These failures are "fatal defects." See Kisor v. Collins, 338 F. Supp. 2d 1279, 1280 (N.D. Alabama 2004). As **jurisdictional** defects, remand is mandatory.

28 U.S.C. 1446(a) provides, in pertinent part, as follows:

> A defendant . . . desiring to remove any civil action . . . from a State court **shall** file
> . . . a notice of removal containing a short and plain statement of the grounds for
> removal, together with **a copy of all process, pleadings, and orders** served upon
> such defendant in such action. (Emphasis added.)

28 U.S.C. 1447(c) provides, in pertinent part, as follows:

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 28 U.S.C. 1446(a)."

**Please Note:** Kisor v. Collins, 338 F. Supp. 2d 1279, is a district court decision from a jurisdiction outside of California. As a result, this case is not controlling authority in this jurisdiction; however, this Court can use this case as persuasive authority for the proposition set forth below.

In Kisor, plaintiff timely and properly filed a motion for remand after defendants removed the state court action to federal court. 338 F. Supp. 2d at 1280. Within the motion for remand, plaintiff established that defendants' notice of removal did not contain a copy of the summons served on any party and did not contain copies of proof of service. Id. Following receipt of the motion for remand, both defendants opposed the motion and attempted to amend the notice of removal to add the documents required, but omitted in the original notice. Id.

10

The Court granted plaintiff's motion for remand, holding in pertinent part, as follows:

> This court, sitting as a court of limited jurisdiction, cannot ignore a manifest procedural defect . . . just because the defect was inadvertent or because the removing defendant tenders a belated correction. Procedural rules that govern the jurisdiction of federal courts are just as important to their jurisdiction as are substantive rules, and must be complied with . . . .

Id. at 1281. Accordingly, plaintiff can insist on full and complete compliance with statutes that limit federal jurisdiction by a defendant who wants to flee to federal court.

**Please Note:** The following cases are district court decisions from jurisdictions outside of California. Accordingly, the rules contained therein are not binding on this state. These cases are offered as persuasive authority.

In Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Co. of Am., 2005 WL 1653629 (D. Oregon 2005), plaintiffs sued defendants in state court and defendants removed the action to federal court. Plaintiffs moved to remand on the grounds that defendants' notice of removal was defective. Specifically, the notice of removal contained a copy of the First Amended Complaint but failed to include the pleading's exhibits. Because the defendants' notice of removal was invalid because of the procedural defect, the action was remanded to state court. See Andalusia Enterprises, Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290, 1300 (N.D. Alabama 2007) [action remanded to state court because defendants failed to include a copies of the summonses served upon them]; see also Comtrade Limited v. United States, 2005 WL 5643875 (S.D. Florida 2005) [action was remanded because the removing party failed to attach complete pleadings to the notice of removal until after the thirty (30) day removal period had elapsed]; see also Beard v. Lehman Brothers Holdings, Inc., 458 F. Supp. 2d 1314, 1318 (M.D. Alabama 2006) [where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court, as a court of limited jurisdiction, cannot disregard an evident procedural defect, regardless of the triviality or inadvertent nature of the defect].

In the instant matter, Defendants were served with copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice to Litigants ADR Information

---
11

Package. Stipulation to Use of Alternative Dispute Resolution. and Proof of Service. (Please see Declaration of Alison M. Miceli). A true and correct copy of all documents served on Defendants is attached hereto as Exhibit "4". (Please see Declaration of Alison M. Miceli). As the mandated documents required by 28 U.S.C. § 1446(a) to be attached to a Notice of Removal were *not* filed with the Court. a Jurisdictional Defect - fatal to any attempt to Remove - exists.

## C.    DEFENDANTS MISCONSTRUE THE AMOUNT OF DAMAGES ALLEGED IN THE COMPLAINT, AND CANNOT MEET THE CLASS ACTION FAIRNESS ACT REQUIREMENTS

Defendants misconstrue and misstate Plaintiff's Complaint. Defendants erroneously contend that Plaintiff and the other class members have been damaged in excess of $5,000,000. However, the Complaint does not allege a specific amount in damages. (Please see Declaration of Alison M. Miceli). On the contrary. the Complaint states only that Plaintiff "began" to make contractual payments, thus experiencing some limited resultant damage. Id. The only "certain" calculation that can be made from the pleadings results in an amount less than half of the CAFA requirement of $5,000,000.

Pursuant to 28 U.S.C. § 1332(d)(2). this Court has original jurisdiction only over civil actions in which the matter in controversy exceeds the sum or value of $5,000,000. exclusive of interest and costs, and is a class action.

In their Notice of Removal. Defendants attempt to convince the Court that simple addition leads to the conclusion that the damages sought by Plaintiff exceed $5,000,000. (Please see Declaration of Alison M. Miceli). However, this is an improper fabrication of the allegations contained in Plaintiff's Complaint. It cannot be established "by a preponderance of the evidence" that Plaintiff's damages are above $5,000,000. Therefore. the $5,000,000 requirement for removal of a class action is not satisfied. See 28 U.S.C. 1332(d)(2).

In this case. the Complaint alleges that the Class is comprised of approximately 800 individuals. (Please see Declaration of Alison M. Miceli). The only definitive damage amount mentioned in the Complaint is the $3,000 figure allowable under Business & Professions Code §

12

22386. Id. Simply stated, 800 multiplied by $3,000 equals $2,400,000. Id. In order to remove this action, Defendants must show that Plaintiff's damages are more likely than not to exceed $5,000,000. Defendants are unable to meet this burden because $2,400,000 is significantly less than the $5,000,000 required for removal.

With regards to the amount in controversy, if the removing party's allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. Gaus, supra, 80 F.2d at 565. And where they are not so challenged, the court may still insist that the jurisdictional facts be established or the case be dismissed, **and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.** Id.; see Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990) [holding that defendant's bald recitation that the amount in controversy exceeds $50,000, without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand].

In Gaus, supra, 980 F.2d at 567, plaintiff brought a contract related suit in state court seeking damages in excess of $10,000. Defendant removed the action claiming that the amount in controversy exceeded $50,000. Id. Thereafter, the court entered summary judgment in favor of defendant and plaintiff appealed. On appeal, the court held that defendant's unsupported allegation that the amount in controversy exceeded $50,000 did not overcome the strong presumption against removal jurisdiction. Id. The court explained, "this allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies the burden of setting forth, in the removal petition itself, the **underlying facts** supporting its assertion that the amount in controversy exceeds $50,000."

Similarly, here, Defendants seriously misrepresent the allegations contained in Plaintiff's Complaint, improperly inflating the amount in controversy in order to meet federal jurisdiction requirements. Defendants erroneously contend that "Plaintiff and all 800 class members entered into identical contracts, **were similarly damaged, and that their damages are well over the statutory minimum of $5,000,000 exclusive of interest and costs.**" (Emphasis added.) (Notice

13

of Removal. p. 4. ¶ 13.) To support this erroneous contention. Defendants cite only to paragraphs 17 and 26 of the Plaintiff's Complaint.

Paragraph 17 of the Complaint states as follows:

"Plaintiff's claims in the action are typical of the class Plaintiff is generally representing. The contracts and supporting documents received, signed and executed by Plaintiff are identical to those received by the remaining class members."

Paragraph 26 of the Complaint states:

"Defendant(s) failed to perform the contracts as statutorily, contractually and legally required. Plaintiff and all Class Members have been damaged as a result."

Nowhere in paragraphs 17 or 26 of the Complaint is a dollar amount even mentioned. (Please see Declaration of Alison M. Miceli). Even though the Complaint states that the "contracts and supporting documents" are identical, it does not allege that the damages are identical. Id. (Complaint. p. 4. ¶ 17, p. 6, ¶ 26.) To calculate the amount in controversy. Defendants assume each class member suffered the maximum amount of damages. However, Defendants submit no evidence to support that figure. Furthermore, and of import in nullifying Defendants claim that the damages exceed $5,000,000, the Complaint affirmatively states that Plaintiff only "began" to provide remuneration (and thus did "begin" to experience resultant monetary damage) on the second, larger contract:

Relying on the recommendation and information within the "legal protection report," Plaintiff was induced to enter into the "Phase II" contract with Defendants. In return for the services promised within the "Phase II" contract, Plaintiff was required to provide Defendant(s) a sum total of $9,240.00. Plaintiff did enter into the "Phase II" contract, and did **begin** to make the required payments. (Emphasis added.) (Complaint, p. 6, ¶ 25.) (Please see Declaration of Alison M. Miceli).

As the Complaint alleges only that Plaintiff "began" to make payments on the $9,240.00 amount, it is literally impossible for Defendants to calculate the amount in controversy based on the two paragraphs cited within their motion, or the complaint as a whole. (Please see Declaration of Alison M. Miceli). The reason the Defendants misconstrue paragraphs 17 and 26 of the

14

1  Complaint is because the Plaintiff has not claimed **any** specific amount of damages.

2          Additionally, even if one were to stretch the pleading in an attempt to calculate an amount

3  certain, one would be required to multiply the amount specifically requested in the fourth paragraph

4  of the Prayer for Relief, which states, "For an amount of Three Thousand Dollars ($3,000), or

5  treble the actual damages, per Class Member and or 17200 participant, pursuant to Business &

6  Professions Code Section 22386, *et seq.*" Id. As "actual damages" are not specifically alleged and

7  at present are not known, the only figure capable of calculation is the Three Thousand Dollar

8  ($3,000) amount specified within Business & Professions Code § 22386. Id. Succinctly, 800

9  (Class Size) multiplied by $3,000 equals Two Million, Four Hundred Thousand Dollars

10  ($2,400,000), **less than half of the CAFA minimum monetary amount**. Because Defendants

11  have offered no facts to support the fact that the "claimed amount in controversy would be well

12  over the statutory minimum of $5,000,000 exclusive of interest and costs," the instant motion

13  should be granted.

## DISCRETIONARY REMAND

**A.    AS THE COMPLAINT IS BASED ON STATE-ENACTED "PROTECTIVE STATUTES," REMAND TO STATE COURT IS PROPER**

17          Remand is discretionary because Federal Courts can, and should, decline jurisdiction of

18  actions when a matter involves solely questions of state law. 18 U.S.C. § 1332. Because the issues

19  raised in this action are state based questions, state law controls.

20          In the case at bar, Plaintiff is suing under two primary theories: the Consumers Legal

21  Remedies Act and Business & Professions Code § 17200. As a general matter, remedial or

22  protective statutes are liberally construed to effect their object and quell the mischief at which they

23  are directed. See Gentis v. Safeguard Business Systems, Inc., 60 Cal. App. 4th 1294 (1998).

24          **1.    The Consumer Legal Remedies Act Is A Protective California Statute**

25          Plaintiff alleges that Defendant ADVENT violated various sections of the CLRA, which

26  is a California statute intended to protect California consumers. Civil Code § 1760, which the

27  CLRA is based, contains an express statement of legislative intent. Section 1760 states, in

28

15

pertinent part, as follows: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

The CLRA was enacted in 1970 in an attempt to alleviate social and economic problems stemming from deceptive business practices, which were identified in the 1969 Report of the National Advisory Commission on Civil Disorders (i.e., the Kerner Commission). (See Reed, *Legislating for the Consumer: An Insider's Analysis of the Consumers Legal Remedies Act* (1971) 2 Pacific L.J. 1, 5-7.) Broughton v. Cigna Healthplans of California, 21 Cal. 4th 1066 (1999); see also America Online, Inc. v. Superior Court, 108 Cal. Rptr. 2d 699 (2001). The CLRA established a nonexclusive statutory remedy for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Wang v. Massey Chevrolet, 118 Cal. Rptr. 2d 770 (2002); Reveles v. Toyota by the Bay, 57 Cal. App. 4th 1139, 1154 (1997). Succinctly, the CLRA is treated as a protective measure for California consumers engaged in business transactions.

## 2.    Business & Professions Code § 17200 Is A Protective California Statute

Plaintiff alleges that Defendants violated California's consumer protection statute, otherwise known as Business & Professions Code § 17200. Section 17200 is designed to protect competitors and consumers from illegal, fraudulent, and unfair business practices by promoting fair competition in commercial markets for goods and services. The definition of "unfair competition" as set forth in Business & Profession Code § 17200 establishes a clear design by the legislature to protect consumers as well as competitors by permitting any member of the public to sue on his own behalf or on behalf of the public generally. Barquis v. Merchants Collection Ass'n, 7 Cal. 3d 94 (1972); Gregory v. Albertsons, 104 Cal. App. 4th 845 (2002). As such, the scope of Business & Professions Code § 17200 is broad because it covers a wide range of conduct. Daghilian v. DeVry University, Inc., 461 F. Supp. 2d 1121 (C.D. Cal. 2006). Therefore, Business & Professions Code § 17200, *et seq.* is regarded as a protective state measure.

16

**B.      THIS COURT MAY DECLINE JURISDICTION UNDER THE "HOME-STATE"
          CONTROVERSY EXCEPTION**

Federal courts should ordinarily reject jurisdiction "if there is any doubt as to the right of removal in the first instance." See Gaus, supra, 980 F.2d at 566. It is undisputed that this case involves only issues of California state law, specifically violations of the CLRA and Business & Professions Code § 17200. As a "home-state" or local controversy, courts may decline jurisdiction under CAFA and remand to state court.

CAFA states that the Court can, and should, decline jurisdiction of actions when a matter involves solely questions of state law, as set forth below:

> Under the "discretionary home-state controversy" exception, the Court may decline to exercise jurisdiction, "in the interests of justice and looking at the totality of the circumstances," based on consideration of the following factors:
>
> (1) whether the claims asserted involve matters of national or interstate interest;
>
> (2) whether the **claims asserted will be governed by laws of the State in which the action was originally filed** or by the laws of other States;
>
> (3) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (4) whether the **action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;**
>
> (5) whether the **number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State**, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (6) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(Emphasis added.) Unitrust, supra, 2007 WL 2886036, citing 28 U.S.C. § 1332(d)(3); 18 U.S.C. 1332.

Significantly, "the Court uncovered no Ninth Circuit decision analyzing the factors listed in section 1332(d)(3). For guidance in the application of these factors, the Court has generally relied upon CAFA's legislative history." Unitrust, supra, fn. 3; see Sen. Rep. No. 109-14, at 36-39, as reprinted in 2005 U.S.C.C.A.N. 3, 35-37.

17

To meet the requirements of the home-state controversy exception, a party seeking to remand must prove the following by a preponderance of the evidence: (1) the party must establish that the citizenship of the members of two-thirds or more of the plaintiff class in the aggregate and the primary defendants is the State from which the action was removed; (2) the party must identify the primary defendants; (3) the party must establish the citizenship of those primary defendants; and (4) the party must demonstrate that two-thirds or more of the members of the plaintiff class are citizens of the same state as the primary defendants. Anthony v. Small Tube Mfg. Corp., 2007 WL 2844819 (E.D. Pa. 2007); 28 U.S.C. § 1332(d)(4)(B).

The local controversy exception was intended to ensure that state courts can continue to adjudicate truly local controversies in which some of the defendants are out-of-state corporations. In order to fall within the Local Controversy Exception, a class action must meet the following four criteria: (1) The class must be primarily local, meaning that more than two-thirds of class members must be residents of the state in which the action was filed; (2) at least one real defendant (whose alleged conduct is central to the class's claims and from whom the class seeks significant relief) must also be local; (3) the "principal injuries" caused by the defendants' conduct must have occurred in the state where the suit was brought; and (4) no other similar class actions have been filed against any of the defendants (by the same or other proposed classes) in the preceding three years. If all of these four criteria are satisfied, the case will not be subject to federal jurisdiction under the bill.

In Unitrust, supra, Plaintiffs filed a proposed class action based solely on Nevada law in federal district court under CAFA. Defendants then moved to remand the action to state court. The federal district court declined to exercise jurisdiction under CAFA finding as follows:

> [T]his action is **governed by the laws of Nevada and does not involve matters of national or interstate interest**. Nevada clearly has a distinct nexus with the class members, the alleged harm and Defendants. Moreover, Nevada is home to a substantially greater portion of the plaintiff class than any other one state and no other single state has as great an interest in litigating the controversy as Nevada does. Accordingly, the **court concludes that it does not have jurisdiction over this matter, under CAFA** or otherwise. Id. (Emphasis added.)

## 1.    Factor One- Whether The Claims Asserted Involve Matters Of National Or Interstate Interest

In this case, the claims asserted do not involve matters of national or interstate interest; rather, the claims are solely limited to state or intrastate matters. As discussed above, the causes of action are based solely on violations of California statutes: the Consumers Legal Remedies Act and Business & Professions Code § 17200. Plaintiff specifically alleges that the issues presented in this case concern Defendants' violations of these state-based protective statutes. As a result, the issues remain one of intrastate interest.

18

2.   **Factor Two- Whether The Claims Asserted Will Be Governed By Laws Of The State In Which The Action Was Originally Filed Or By The Laws Of Other States**

In this case, the laws of California will govern the claims in this matter as the action was originally filed in the California Superior Court. Even after CAFA's enactment, *Erie*-related doctrines ensure that, for the most part, removal of a CAFA case from state to federal court produces a change of courtrooms and procedure rather than a change of substantive law. See McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1147(9th Cir. 2007). Here, Plaintiff's action does not involve any claims that arise out of South Carolina law. Moreover, claims under purely California statutes do not arise under the laws of South Carolina, where Defendant ADVENT is a citizen. Therefore, even if this case is heard in Federal Court, California law will still control state substantive issues.

3.   **Factor 3- Whether The Class Action Has Been Pleaded In A Manner That Seeks To Avoid Federal Jurisdiction**

This action was originally brought in San Diego Superior Court because the CLRA and Business & Professions Code § 17200 claims are based solely on California law and the proposed class members are all California residents. Plaintiff pleaded in this manner seeking to avoid federal jurisdiction because all of the issues raised in this action are state based questions.

4.   **Factor 4- Whether The Action Was Brought In A Forum With A Distinct Nexus With The Class Members, The Alleged Harm, Or The Defendants**

In the present case, the claims asserted by Plaintiff are purely confined to matters of state interest. The two statutes that this action is governed under are the CLRA and Business & Professions Code § 17200, which are both consumer protective statutes. Plaintiff, along with all 800 class members, are citizens of California, which is why this action was originally brought in California Superior Court. With regards to the alleged harm, Plaintiff and the other similarly situated class members were harmed in California, as Defendant ADVENT has three "regional offices" in the State. (Please see Declaration of Matthew Waters). Defendant ADVENT has also submitted to the California State Court jurisdiction by engaging in unauthorized business practices

19

here. Defendant EILAND also admitted being a resident of California. (Notice of Removal, p. 4,
¶ 12). Accordingly, there exists a distinct nexus between California and the class members, the
alleged harm, and the Defendants.

### 5. Factor 5- Whether The Number Of Citizens Of The State In Which The Action Was Originally Filed In All Proposed Plaintiff Classes In The Aggregate Is Substantially Larger Than The Number Of Citizens From Any Other State, And The Citizenship Of The Other Members Of The Proposed Class Is Dispersed Among A Substantial Number Of States

In the instant case, the number of citizens of California in all plaintiff classes is 800.
(Please see Declaration of Alison M. Miceli). No other plaintiffs are located in other states.
Presently, only Defendant ADVENT is named as a citizen of South Carolina. Therefore, California
is home to the entire plaintiff class and no other single state has as great an interest in litigating the
controversy as California.

### 6. Whether, During The 3-Year Period Preceding The Filing Of That Class Action, 1 Or More Other Class Actions Asserting The Same Or Similar Claims On Behalf Of The Same Or Other Persons Have Been Filed

After conducting a thorough investigation, Plaintiff has determined that no other class
action lawsuits asserting the same or similar claims on behalf of the same Plaintiff or other persons
have been previously filed against Defendants within the last three years. (Please see Declaration
of Alison M. Miceli).

Because Plaintiff has satisfied the factors set forth under CAFA, this action should be
remanded to California State Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

20

# V.

## CONCLUSION

Based on the foregoing reasons, this Court should grant Plaintiff's Motion to Remand to the San Diego Superior Court.

Dated: November 28, 2007                    **SULLIVAN & CHRISTIANI, LLP**

                                            s  Alison M. Miceli

                                            William B. Sullivan,
                                            Alison M. Miceli,
                                            Attorneys for Plaintiff,
                                            MATTHEW WATERS

Plaintiff's Points and Authorities in

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX


Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated.


## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, | Civil Action No.: 07CV2089 (BTM) (LSP) |
| | **CLASS ACTION** |
| Plaintiff, | **DECLARATION OF MATTHEW WATERS IN SUPPORT OF MOTION TO REMAND TO STATE COURT** |
| v. | |
| ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive, | ***Oral Argument Requested*** |
| | ***Document Electronically Filed*** |
| | Date:  December 28, 2007 |
| | Time:  11:00 a.m. |
| Defendants. | Dept:  15 |
| | Judge: Hon. Barry Ted Moskowitz |

I, Matthew Waters, declare as follows:

1.   I am the Plaintiff in the above-captioned matter.  I am personally familiar with the

facts set forth in this Declaration, and I make this Declaration based on my personal

knowledge and if called to testify, I could and would do so competently.

2.   On or about April 2006, I responded to a radio solicitation created by Advent that

offered assistance to the general public, specifically prospective inventors.

**COPY**

3.    I contacted Advent Product Development. Inc. because I was interested in obtaining legal protection for my invention.

4.    I met with Advent representative Alphonso Eiland at the San Diego County regional office located at 3750 Convoy Street. Suite 118. San Diego. CA 92111.

5.    During that meeting. which lasted approximately 45 minutes. Alphonso Eiland informed me that Advent maintained three separate regional offices in California.

6.    Alphonso Eiland also informed me that all meetings between Advent and its California customers took place in one of the three "regional offices."

7.    I reviewed and signed Advent's contracts in California.

8.    Since my initial meeting with Advent's representatives. I have gone to Advent's San Diego County regional office five more times to discuss the status of my invention.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of November 2007.

                                                    s/ Matthew Waters
                                                    _____
                                                    Matthew Waters
                                                    Declarant

Declaration of Matthew Waters

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive,<br><br>       Defendants. | Civil Action No.: 07CV2089 (BTM) (LSP)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ALISON M. MICELI IN SUPPORT OF MOTION TO REMAND TO STATE COURT**<br><br>*Oral Argument Requested*<br><br>*Document Electronically Filed*<br><br>Date:  December 28, 2007<br>Time:  11:00 a.m.<br>Dept:  15<br>Judge: Hon. Barry Ted Moskowitz |

I, Alison M. Miceli, declare as follows:

1.    I am an attorney licensed to practice law before this Court and am employed with the law firm of Sullivan & Christiani, LLP, attorneys of record for Plaintiff in the above-captioned matter. I make this declaration in support of Plaintiff's Motion to Remand to State Court.

2.    I am personally familiar with the facts set forth in this declaration and if called to testify as a witness I could and would do so.

**COPY**

3.       On September 18, 2007, Plaintiff Matthew Waters, both individually and as a Class Representative, filed a Complaint against Defendants Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland, alleging that Defendant Advent violated various provisions of the Consumer Legal Remedies Act and that all Defendants violated Business & Professions Code § 17200 and participated in Fraud.

4.       On October 9, 2007, Defendants were served with copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice to Litigants/ADR Information Package, Stipulation to Use of Alternative Dispute Resolution, and Proof of Service.

5.       On October 30, 2007, Defendants removed this action from San Diego Superior Court to Federal Court.

6.       Defendants' Notice of Removal failed to include (1) a copy of the civil case cover sheet; (2) a copy of the state court summons; (3) a copy of the return of service; and (4) an alternative dispute resolution packet, which were documents Plaintiff served on them on September 18, 2007.

7.       On November 9, 2007, Plaintiff's counsel met and conferred with Defendants' counsel regarding the issues in the case. Defendants' counsel has confirmed the necessity for the instant Motion.

8.       Defendant ADVENT failed to register to do business in the State of California. A true and correct copy of California's Secretary of State Certificate of Non-Filing for Defendant Advent Development, Inc., dated November 14, 2007, is attached hereto as Exhibit "2".

9.       Defendant ADVENT has never held a valid certificate from the Secretary of State authorizing it to conduct business in California.

10.     Plaintiff's preliminary investigation concluded that approximately 800 California residents contracted with Defendant Advent at one of its "regional offices."

11.    Defendants' Notice of Removal pleadings lack any evidence of or reference to either individually named Defendants being a "citizen" of any state.

12.    Defendants' Notice of Removal pleadings reference only the "residence" of the individually named Defendants.

13.    Nowhere in paragraphs 17 or 26 of the Complaint is a dollar amount even mentioned. Even though the Complaint states that the "contracts and supporting documents" are identical, it does not allege that the damages are identical.

14.    The Complaint alleges only that Plaintiff "began" to make contractual payments on the $9,240.00 amount, thus experiencing some limited resultant damage.

15.    The Complaint alleges that the Class is comprised of approximately 800 individuals. As "actual damages" are not specifically alleged, the only figure capable of calculation is the Three Thousand Dollar ($3,000) amount specified within Business & Professions Code § 22386. Simple math shows 800 multiplied by $3,000 equals $2,400,000.

16.    After conducting a thorough investigation, my office has determined that no other class action lawsuits asserting the same or similar claims on behalf of the same Plaintiff or other persons have been previously filed against Defendants within the last three years.

17.    My billing rate as a second year attorney is $240.00/hour. I spent approximately fourteen and a half hours (14.5) hours preparing the moving papers for this motion. The billing rate for William B. Sullivan, Esq., senior partner at this office, is $360.00/hour. Mr. Sullivan spent approximately two and a half (2.5) hours preparing the moving papers for this motion. I anticipate it will take me approximately four (4) hours to prepare the reply papers for this motion.

/ / /

/ / /

/ / /

18.    This office requests costs and attorney fees against Defendants and or their counsel in the amount of **$4,380.00**. Plaintiff respectfully requests that this Court award costs and attorney fees against Defendants because it was improper for Defendants to remove this case.

19.    A true and correct copy of Defendants' counsel's correspondence dated November 9, 2007 is attached hereto as Exhibit "1".

20.    A true and correct copy of Advent's Internet Website showing that it maintains a physical presence in California, by and through three separate "regional offices" is attached hereto as Exhibit "3".

21.    A true and correct copy of all documents served on Defendants is attached hereto as Exhibit "4".


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28ᵗʰ day of November 2007.

/s/ Alison M. Miceli


Alison M. Miceli
Declarant

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX


Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated.


# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, ) ) ) ) | Civil Action No.: 07CV2089 (BTM) (LSP) **CLASS ACTION** |
| Plaintiff, ) ) v. ) ) | **NOTICE OF LODGEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |
| ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive ) ) ) ) ) | *Oral Argument Requested* *Document Electronically Filed* |
| Defendants. ) ) ) ) | Date:    December 28, 2007 Time:    11:00 a.m. Dept.:    15 Judge:  Hon. Barry Ted Moskowitz |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff MATTHEW WATERS hereby lodges the following

documents, in support of his Motion to Remand to State Court, as follows:

Exhibit "1" - A true and correct copy of Defendants' counsel's correspondence dated

November 9, 2007;

Exhibit "2" - A true and correct copy of California's Secretary of State Certificate of Non-

Filing for Defendant ADVENT DEVELOPMENT, INC. dated November 14,

2007;

**COPY**

Exhibit "3" -    A true and correct copy of Defendant ADVENT'S Internet Website showing that
it maintains a physical presence in California, by and through three separate
"regional offices"; and

Exhibit "4" -    A true and correct copy of all documents served on Defendants.

November 28, 2007                                    **SULLIVAN & CHRISTIANI, LLP**

                                        s  Alison M. Miceli

                                        _____

                                        William B. Sullivan,
                                        Alison M. Miceli,
                                        Attorneys for Plaintiff,
                                        MATTHEW WATERS

# EXHIBIT 1

# BLANCHARD, KRASNER & FRENCH

LEPHONE: (858) 551-2440
CSIMILE: (858) 551-2434
1AIL: bkf@bkflaw.com
B: http://www.bkflaw.com

A PROFESSIONAL CORPORATION

800 SILVERADO STREET, SECOND FLOOR
LA JOLLA, CALIFORNIA 92037

ALAN W. FRENCH
(Deceased)

November 13, 2007

*4 U.S. MAIL*

s. Alison M. Miceli, Esq.
llivan & Christiani LLP
30 Third Avenue
n Diego, CA 92101

Re:   *Waters v. Advent, et al.*
      Case No.: 37-2007-00075223-CU-FR-CTL
      Our File No.: 1984-010

ar Ms. Miceli:

This letter is in response to your correspondence of November 8, 2007 and November 9, 07 as well as our meet and confer conference of Friday, November 9, 2007. We disagree that there any basis to remand this case. There was no procedural deficiency with our pleadings. Your egation that a copy of the Summons was not attached to our filing is unfounded. The Summons s filed with the court, as is evident from the Court's electronic filing system, and was contained thin the papers that were served upon your office.

Regarding Plaintiff's other two arguments that removal was improper because Advent oduct Development, Inc. (hereinafter "Advent") has already submitted to the jurisdiction under lifornia law and because the amount in controversy does not exceed $5,000,000 under 28 U.S.C. § 32, these arguments are unfounded. First, Advent is a citizen of the State of South Carolina rsuant to 28 U.S.C. § 1332(c), and the parties are therefore diverse for purposes of 28 U.S.C. § 32(d). Second, as detailed in our Notice of Removal, the Complaint seeks damages sufficient to isfy the requirements of 28 U.S.C. § 1332(d).

If you still believe that your arguments form a basis for remand of this matter, then you uld proceed with the filing of a motion because we will not withdraw our Notice of Removal for above stated reasons.

If you have any questions, please do not hesitate to contact me.

Sincerely,

A. Kipp Williams, Esq.
for Blanchard, Krasner & French

KW mw

# EXHIBIT 2

07 16:41 IFAX sjfax@h    .services.com

07 16:44 FAX

# State of California
## Secretary of State

### CERTIFICATE OF NONFILING
### CORPORATION

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the Corporations Code of the State of California provides for the preparation and execution of Articles of Incorporation and their filing in the office of the Secretary of State in order to incorporate a California corporation; and

That the Corporations Code of the State of California provides for the filing in the office of the Secretary of State of a Statement and Designation and a Certificate of Good Standing (certified copy of Articles or Certificate of Incorporation as to a corporation qualified prior to September 18, 1959) in order to qualify a foreign corporation to transact intrastate business in this State.

I further certify that a diligent search has been made in the corporate files of this office and that there is no record of a California or foreign corporation, active or inactive, of the name: **ADVENT PRODUCT DEVELOPMENT, INC.**

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of November 14, 2007.



**DEBRA BOWEN**
Secretary of State

-25 (REV 1/2007)

# EXHIBIT 3





ADVENT
PRODUCT
DEVELOPMENT

HOME    SERVICES    PRODUCT CATALOG    TRADE SHOWS    LOCATIONS

## > Advent Product Development Locations

The first step is EASY! We'll arrange for you to meet with a representative in one of our regional offices closest to you for a free no-obligation consultation!

Get your FREE inventors kit now

Call today:
**800.255.9500** or
Click here to get started today

### INVENTION HISTORY
> 1930s technology
> Who invented the air
> Ancient inventions
> Greatest inventions
> Hall of Fame



| ARIZONA:<br>PHOENIX | FLORIDA:<br>TAMPA | NEW JERSEY:<br>EDISON | SOUTH CAROLINA:<br>PAWLEYS ISLAND |
| CALIFORNIA:<br>COSTA MESA<br>LOS ANGELES<br>SAN DIEGO | ILLINOIS:<br>CHICAGO | NEW YORK:<br>MANHATTAN | TEXAS:<br>HOUSTON |
| | MARYLAND:<br>BALTIMORE | PENNSYLVANIA:<br>PHILADELPHIA | |

© Advent Product Development, Site Map. Republished.

Email Us Today!



HOME   SERVICES   PRODUCT CATALOG   TRADE SHOWS   LOCATIONS

## > Locations

**Costa Mesa , CA**
South Coast Executive Park
3503 S. Coast Drive, Suite 315
Costa Mesa, CA 92626
(714) 435-1982



Get your **FREE**
inventors kit now.

Call today:
**800.255.9500** or
Click here to get
started today.

**INVENTION HISTORY**
- 1900's Technology
- Who invented this?
- Ancient Inventions
- Greatest Inventions
- Hall of Fame

Email Us Today





ADVENT
PRODUCT
DEVELOPMENT

HOME | SERVICES | PRODUCT CATALOG | TRADE SHOWS    LOCATIONS

# ‣ Locations

**Los Angeles , CA**
77 West Las Tunas Drive, Suite 102
Arcadia, CA 91007
(626) 701-0070



Get your **FREE**
Inventors Kit now

Call today:
**800.255.9500** or
Click here to get
started today

**INVENTION HISTORY**

- 1900's technology
- Who invented that?
- Ancient Inventions
- Greatest Inventions
- Hall of Fame

The Advent Product Development Site Map    Email us Today





ADVENT
PRODUCT
DEVELOPMENT

HOME    SERVICES    PRODUCT CATALOG    TRADE SHOWS    LOCATIONS

## ▸ Locations

**San Diego, CA**
8750 Convoy Street, Suite 118
San Diego, CA 92111
(858) 573-9660



Get your FREE
inventors kit now

Call today:
**800.255.9500** or
Click here to get
started today

**INVENTION HISTORY**
- 1900's Technology
- Who Invented That?
- Ancient Inventions
- Greatest Inventions
- Hall of Fame

# EXHIBIT 4

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

TO DEFENDANT:
AL DEMANDADO):

PRODUCT DEVELOPMENT, INC., a South Carolina Corporation:
THURLOW, ALPHONSO EILAND and DOES 1 through 50, inclusive.

E BEING SUED BY PLAINTIFF:
Á DEMANDANDO EL DEMANDANTE):

EW WATERS, individually and on behalf of other members of the
ublic similarly situated,

ave 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
ed on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
ear your case.  There may be a court form that you can use for your response. You can find these court forms and more
on at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
ou.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may
case by default, and your wages, money, and property may be taken without further warning from the court.
are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
nline Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
orte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por
ne que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted
ar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
(www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no
gar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta
sta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
ros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
e remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
atuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de
Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
rtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

and address of the court is:
y dirección de la corte es):

CASE NUMBER
Número de Caso **37-2007-00075223-CU-FR-CTL**

o Superior Court
roadway
o, CA 92101 - Hall of Justice

address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Sullivan; Eric J. Palmer; Sullivan & Christiani, LLP 2330 Third Avenue San Diego, California 92101
02-6760

EP 1 8 2007

Clerk, by M. McKinley , Deputy
(Secretario) (Adjunto)

service of this summons, use Proof of Service of Summons (form POS-010).)
de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date).

Page 1 of 1

Mandatory Use
of California
nuary 1, 2004]

Code of Civil Procedure §§ 412.20, 465

SUMMONS

William B. Sullivan [CSB No. 171637]
Eric J. Palmer [CSB No. 231207]
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS, individually,
as Business & Professions Code section 17200 representative
claimant, and as Class claimant

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation; DENISE THURLOW, ALPHONSO EILAND and DOES 1 through 50, inclusive. <br><br> Defendants | CASE NO. **37-2007-00075223-CU-FR-CTL** <br><br> (CLASS ACTION) <br><br> **COMPLAINT FOR:** <br><br> 1. **Violation of California Consumers Legal Remedies Act;** <br> 2. **Violation of Business and Professions Code; and** <br> 3. **Fraud** |

COMES NOW Plaintiff MATTHEW WATERS, (hereinafter "Plaintiff"), and alleges for his Complaint as follows:

1.    This Court has jurisdiction over this matter in that all parties are residents of the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. This class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. However, the claims of individual class members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court. Furthermore, there

is no federal question at issue, as Business and Professions Code protections and remedies related thereto are based solely on California Law and Statutes.

2. Venue is proper before this Court in that some or all of the events, acts and happenings as alleged herein occurred within the jurisdiction of the above-entitled court.

3. Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's injuries occurred in San Diego County in the State of California.

4. At all relevant times herein, Plaintiff MATTHEW WATERS (Hereinafter "Plaintiff") was and is an individual residing in San Diego County in the State of California.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ADVENT PRODUCT DEVELOPMENT, INC. (hereinafter "ADVENT"), was and is a South Carolina Corporation doing business in San Diego County, and other counties, State of California.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant DENISE THURLOW (hereinafter "THURLOW"), was and is residing and doing business in San Diego County.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ALPHONSO EILAND (hereinafter "EILAND"), was and is residing and doing business in San Diego County.

8. Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants.

10. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including DOES 1 through 50, are, and at all times herein mentioned were, either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal entities which were licensed to do and/or were doing business in the County of San Diego, State of California at all times relevant to the subject matter of this action.

## CLASS ACTION ALLEGATIONS

11. As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable class and a well-defined community of interest among the class members. Code of Civil Procedure Sections 382 and 1781(a); Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 426, 470.

12. Plaintiff brings this action on behalf of himself and other members in the class whose number is believed to be approximately 800 members.

13. The approximately 800 member class is ascertainable via their experience as present or past "Customers," as defined by California Business and Professions Code section 22371(b), of the Defendant(s), who acted as "Invention developers," as defined by California Business and Professions Code section 22371(d.). The approximately 800 member class is also ascertainable via the experience as "consumers," as defined pursuant to California Civil Code section 1761(c).

14. The class members share a community of interest and an injury in fact as Defendants have violated California laws, thereby depriving the class members of money earned by Plaintiffs, and illegally gained by Defendant(s.)

15. This action involves questions of law and fact common to the class Plaintiff represents which predominate over questions affecting only individual members, including for example, and among other issues, the following:

    A.    In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, including various Sections of California Business and Professions Code, each of which (in an individual sense) has damaged Plaintiff and the Class

Members:

B.    Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.    Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

D.    Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

E.    Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

F.    The activities promised to be performed by Defendants constitute "services," pursuant to California Civil Code section 1761(b).

16.    The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impractical. Plaintiff is bringing this action on behalf of approximately 800 current and/or former claimants who share a common or general interest, and it would be impracticable for those current or former employees to bring the action individually.

17.    Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. The Contracts and supporting documents received, signed and executed by Plaintiff are identical to those received by the remaining Class members.

18.    Plaintiff can fairly and adequately protect the interests of all the members of the class he is

representing in this action. Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

19. Plaintiff has satisfied the three prong "community of interest" requirement in California Code of Civil Procedure Section 382. Specifically, and as set forth above, (a) this action involves predominant common questions of law and fact in that Plaintiff brings this action on behalf of the approximately 800 member class who were denied the statutory protections of California Business and Professions Code, Chapter 17, and (separately) were defrauded by Defendant(s); (b) Plaintiff's claims and damages are typical of the class Plaintiff represents in that, as mentioned above, Plaintiff seeks on behalf of himself and the class members he represents statutory and common law protections and remedies; and (c) Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

## FACTUAL BACKGROUND

20. In or about April 2006, Plaintiff responded to a radio solicitation, created by Defendant ADVENT, that offered assistance to the general public, and specifically prospective inventors, in obtaining legal protection for their inventions, and marketing assistance once legal protection had been obtained.

21. Plaintiff subsequently met with employee representatives of Defendant ADVENT, notably Defendants THURLOW and EILAND, in San Diego County. At that time, Plaintiff was given several written advertisements by the representatives, and was informed that such advertisements were uniformly given to all of Defendant(s) potential clients.

22. At the same initial meeting, Plaintiff was informed that Defendants had a long history of successfully representing inventors, placing said inventions on the market, and making their inventor clients money. Upon an initial review of Plaintiff's proposed invention, Plaintiff was informed by Defendant(s) that his proposal had a great chance of success, and that Plaintiff would need to sign a contract in order for further services to be performed.

23. Plaintiff was informed by Defendant(s) that the standard policy of Defendant(s) was that Plaintiff would be required to enter into a "Phase I" Contract, in which an initial "patent search" would

be performed, and a "legal opinion" would be provided to Plaintiff. If the "patent search" showed that the proposed invention was not "covered" by an existing patent, and had a good chance of obtaining a patent, Plaintiff would be allowed to enter into a "Phase II" contract, in which further services, including a "patent application," and marketing of the proposed product, would be performed. The "Phase II" contract required a separate, and much larger, payment from Plaintiff.

24. Plaintiff signed the "Phase I" contract, and provided a sum of $1,190.00 to Defendant(s). In or about May, 2006, Plaintiff received a "Legal Protection Report" from Defendant(s). While lengthy, and full of ambiguous language, the "Legal Protection Report" recommended that Plaintiff proceed further, and file a "patent application," for an extra, and larger, fee.

25. Relying on the recommendation and information within the "Legal Protection Report," Plaintiff was induced to enter into the "Phase II" contract with Defendants. In return for the services promised within the "Phase II" contract, Plaintiff was required to provide Defendant(s) a sum total of $9,240.00. Plaintiff did enter into the "Phase II" contract, and did begin to make the required payments.

26. Defendant(s) failed to perform the contracts as statutorily, contractually and legally required. Plaintiff and all Class Members have been damaged as a result.

27. In or about April, 2007, Plaintiff - after becoming frustrated by the lack of diligence and contractual compliance by Defendant(s) - first learned that the "Legal Protection Report" provided by the Defendant(s) was incomplete, deficient and erroneous. To wit, while the "Legal Protection Report" provided a small grouping of existing patents that may have impacted Plaintiff's rights, subsequent investigation by Plaintiff showed that at least 4 separate patents were so closely related to Plaintiff's idea that patent protection could not have been obtained. Notably, the 4 separate patents were obtained within 1 hour of the start of Plaintiff's subsequent informal investigation, but were not included, or referenced, within the "Legal Protection Report" provided by the Defendant(s).

28. If the 4 separate patents had been disclosed to Plaintiff at the conclusion of the "Phase I" investigation, Plaintiff would not have entered into the "Phase II" process. Plaintiff is informed and believes that Defendant(s) failed to disclose the information in a blatant attempt procure the compensation paid by Plaintiff in the "Phase II" process.

FIRST CAUSE OF ACTION
VIOLATION OF CONSUMER LEGAL REMEDIES ACT
(Class Action - Against ADVENT PRODUCT DEVELOPMENT, INC. and DOES 1-5)

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 above, as though fully set forth herein.

30. Plaintiff and all proposed Class Members are and were "consumers," as defined pursuant to California Civil Code section 1761( c).

31. The functions Defendant ADVENT promised to perform for the Class Members were "services" as defined by California Civil Code section 1761(b).

32. California Civil Code section 1760 specifically states: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

33. The California Consumers Legal Remedies Act (Hereinafter "CLRA"), and specifically California Civil Code section 1770(5) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided had approval, characteristics, uses and benefits which the services did not have.

34. The CLRA, and specifically California Civil Code section 1770(7) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided were of a particular standard, quality or grade, when they were of another.

35. The CLRA, and specifically California Civil Code section 1770(14) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve,

or which are prohibited by law." Defendant ADVENT violated this section by representing, to the Class Members, that the transaction between themselves and each of the Class Members involved rights, remedies and obligations which the transaction did not have or involve. Additionally, several of the rights, remedies and obligations were prohibited by law.

36. The CLRA, and specifically California Civil Code section 1770(16) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Defendant ADVENT violated this section by representing, to the Class Members, that the transaction between them had been supplied in accordance with a previous representation when it had not.

37. The CLRA, and specifically California Civil Code section 1770(19) states that the following acts are unfair and thus actionable, and prohibits, in pertinent part, the following: "Inserting an unconscionable provision in a contract." Defendant ADVENT violated this section by inserting into the contracts, signed by the Class Members, multiple unconscionable provisions.

38. At least 35 days prior to the filing of this lawsuit, Plaintiff provided Defendant ADVENT with Notice and a demand to correct, pursuant to California Civil Code section 1782. Copies and proof of Certified Mailings are attached hereto as Exhibit "A."

39. As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for compensatory damages in an amount to be proven.

## SECOND CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE
### (Class Action - Against All Defendants)

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 above, as though fully set forth herein.

41. At all times relevant, Plaintiff and all Class Members were and are "Customers" as defined by California Business and Professions Code section 22371(b).

42. At all times relevant, Defendant(s) were and are "Invention developers" as defined by California Business and Professions Code section 22371(d).

8

43. Plaintiff and all Class Members entered into "Contracts for invention development services" - as defined by California Business and Professions Code section 22371(a) - whereby Defendant(s) were to perform "Invention developments services," as defined by California Business and Professions Code section 22371(e).

44. California Business and Professions Code, Chapter 17 governs, regulates and controls the performance of any and all services performed by "Invention developers" - as defined by California Business and Professions Code section 22371(d) - within the State of California. Pursuant to California Business and Professions Code section 22370 "the purpose of this chapter is to safeguard the public against fraud, deceit, imposition, and financial hardship...by prohibiting or restricting false or misleading advertising, onerous contract terms, harmful financial practices and other unfair, dishonest, deceptive destructive, unscrupulous, fraudulent and discriminatory practices by which the public has been injured..."

45. Throughout the relevant time period, Defendant(s) had a customary pattern and practice in entering into contractual relationships with Customers. To wit, Defendant(s) would solicit each Plaintiff Class Member to enter into a "Phase I" Contract, whereby Defendant(s) would promise to perform a subsequent "patent search" and provide a "legal opinion" for a set fee. As more specifically set forth below, the "Phase I" duties of Defendant(s) were fraudulently represented and improperly performed. However, and regardless of the above, Defendant(s) would thereafter demand a separate "Phase II" Contract for further services.

46. In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, each of which (in an individual sense) have damaged the Plaintiff Class Members. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including for example, and among other issues, the following:

   A.    Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were

deprived of this statutory right, and have been damaged therefrom;

B.    Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.    Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

D.    Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

47.  As a result of each and every Business and Professions Code violation committed by Defendant(s), Plaintiff and the Class Members have been damaged.

48.  As mentioned in this Complaint, Plaintiff is a direct victim of Defendants' illegal business acts and practices referenced herein pursuant to Business and Professions Code Section 17204, and has lost money as a result of such practices, and is suing both in his individual capacity and on behalf of other members who share a common or general interest in the damages as a result of the illegal practices of Defendants.

49.  The approximately 800 member class is ascertainable via their experience of Defendants' illegalities. The members share a community of interest, and an injury in fact, as Defendants have violated various sections of California Business and Professions Code of which the class members were victims, thereby damaging the class members in an amount to be proven. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

50.  Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of interest, pursuant to Business and Professions Code Section 17203 and Code of Civil Procedure Section 382, who share a common or general interest in the damages as a result of the above-

16

referenced illegal business acts and practices of Defendants.

51.  California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business acts or practices.

52.  Plaintiff's allegations herein are all based upon the business acts and practices of Defendants.

53.  Defendants' acts and practices as described herein above are unlawful, in that they violate California Business and Professions Code.

54.  As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for restitution and injunctive damages in an amount to be proven.

55.  Plaintiff is informed and believes, and on that basis alleges, that the unlawful business practices alleged above are continuing in nature and are widespread practices engaged by Defendants.

56.  On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein.

57.  On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages in an amount to be proven.

58.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION
#### FRAUD
#### (Individual Claim, Against All Defendants)

59.  Plaintiff hereby incorporates by reference paragraphs 1 through 58 above, as though fully set forth herein.

60.  Both before and during the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and intentional omissions to Plaintiff in an attempt to secure Plaintiff's execution of the contracts, and the subsequent financial obligations. Following the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and omissions to Plaintiff in an attempt to continue the financial obligations placed upon the

11

Plaintiff. Examples of the affirmative mis-representations include stating that Plaintiff's proposed inventions were not similar to any existing patents, and that Plaintiff's proposed inventions could receive patent protection. Defendants' intentional omissions include, as mentioned earlier, Defendant(s)' failure to mention the 4 separate patents that were so closely related to Plaintiff's idea that patent protection could not have been obtained, within the "Legal Protection Report" provided by the Defendant(s). Defendant(s) omitted such material information from the "Phase I" Contract, the "Legal Protection Report" in an attempt to continue the financial obligations placed upon the Plaintiff by entering into the "Phase II" contract which Plaintiff did in fact enter into, incurring financial obligations towards Defendant(s).

61. At the time the mis-representations were made, Defendant(s) knew they were false. Defendant(s) further knew the omissions were material and for purposes of inducing Plaintiff's reliance and enter into the contract.

62. Defendant(s) intended for Plaintiff to rely on the mis-representations, and Plaintiff actually and reasonably did rely on said mis-representations.

63. As a result of Defendant(s)' mis-representations and omissions, and Plaintiff's reliance thereon, Plaintiff has been damaged, in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MATTHEW WATERS on his own behalf and on behalf of the members of the class and the general public, prays for judgment as follows:

1. For an order certifying the proposed class;

2. For compensatory damages in an amount to be proven;

3. On the First Cause of Action, (a) Actual Damages, (b) on order enjoining the illegal methods acts and practices, and (c) Restitution of property. Additionally, all "senior citizens" and "disabled persons" as defined within Civil Code section 1761 seek an additional Five Thousand Dollars ($5,000.00), as allowable under Civil Code section 1780(b);

4. For an amount of Three Thousand Dollars ($3,000.00), or treble the actual damages, per Class Member and/or 17200 participant, pursuant to Business & Professions Code Section 22386 et seq.;

5. On behalf of the ascertainable class, for a permanent injunction against Defendants restraining,

preventing, and enjoining Defendants from engaging in the illegal practices alleged above, on behalf of the Section 17200 claimants who share a common or general interest;

6. On behalf of the ascertainable class, for restitution damages on behalf of the Section 17200 claimants who share a common or general interest;

7. For an award of interest, including prejudgement interest;

8. For an award of attorneys' fees and costs pursuant to all available statutes and remedies, including Civil Code section 1780(d) and Business and Professions Code section 22386;

9. For an award of punitive and exemplary damages where permissible; and

10. For such other relief as the court deems just and proper.

Dated: 9/13/07

SULLIVAN & CHRISTIANI, LLP

William B. Sullivan
Eric Palmer
Attorneys for Plaintiff MATTHEW WATERS

CM-010

| Y OR PARTY WITHOUT ATTORNEY *Name, State Bar number, and address*: | FOR COURT USE ONLY |
|---|---|
| m B. Sullivan [CSB No. 171637]<br>an & Christiani, LLP<br>Third Avenue, San Diego, CA 92101<br>LEPHONE NO.: 619-702-6760    FAX NO.: 619-702-6761<br>Y FOR *(Name)*: Plaintiff MATTHEW WATERS | |

R COURT OF CALIFORNIA, COUNTY OF San Diego
EET ADDRESS: 330 W. Broadway
NG ADDRESS:
ND ZIP CODE: San Diego, CA 92101
RANCH NAME: Central Division - Hall of Justice

NAME:
ERS v. ADVENT PRODUCT DEVELOPMENT, INC.

| IL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☐ limited    ☐ Limited<br>mount    (Amount<br>manded    demanded is<br>ceeds $25,000)    $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | ~~37-2007-00075223-CU-FR-CTL~~<br>JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

k one box below for the case type that best describes this case:

**Tort**
Auto (22)
Uninsured motorist (46)
**PI/PD/WD (Personal Injury/Property ge/Wrongful Death) Tort**
Asbestos (04)
Product liability (24)
Medical malpractice (45)
Other PI/PD/WD (23)
**/PD/WD (Other) Tort**
Business tort/unfair business practice (07)
Civil rights (08)
Defamation (13)
Fraud (16)
ntellectual property (19)
rofessional negligence (25)
ther non-PI/PD/WD tort (35)
ment
/rongful termination (36)
ther employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

ase ☐ is    ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
requiring exceptional judicial management:
☐ Large number of separately represented parties    d. ☐ Large number of witnesses
☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

ies sought *(check all that apply)*: a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
r of causes of action *(specify)*: 3
se ☑ is    ☐ is not    a class action suit.
are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

'07

William B. Sullivan
TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
e Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
ons.
cover sheet in addition to any cover sheet required by local court rule.
se is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
ties to the action or proceeding.
his is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2)

Mandatory use
of California
...

COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
RESS    330 West Broadway
RESS    330 West Broadway
CODE.   San Diego, CA 92101
E.      Central
UMBER: (619) 685-6145

S) / PETITIONER(S):    Matthew Waters

T(S) / RESPONDENT(S):  Advent Product Development Inc et.al.

/S. ADVENT PRODUCT DEVELOPMENT INC

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00075223-CU-FR-CTL |

ay M. Bloom                                    Department: C-70

NT/PETITION FILED: 09/18/2007

SES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL
REQUIREMENTS LISTED BELOW

DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH
PLAINT (AND CROSS-COMPLAINT).

ISEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN
D AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

NDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have
ssted and been granted an extension of time. General civil consists of all cases except: Small claims appeals,
ons, and unlawful detainers.

NTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-
iled within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any
document.

NT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff
stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

If the defendant has not generally appeared and no extension has been granted, the plaintiff must request
lt within 45 days of the filing of the Certificate of Service.

T ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION,
; MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION
ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.
IFORMATION PACKET AND STIPULATION.

LSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE
ENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES
ARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP
E CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359
HAT HEARING

Rev. 11-06)                                                                    Page: 1


## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

IMBER: 37-2007-00075223-CU-FR-CTL        CASE TITLE: Waters vs. Advent Product Development Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

equired to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation
ative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the
; and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC
9.

## ADR POLICY

blicy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all
vil cases. The court has long recognized the value of early case management intervention and the use of
: dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case
ent Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's
or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties
arly resolution of their dispute. All general civil independent calendar cases, including construction defect,
nd eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible
e. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a
ag process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties
g a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores
ie relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is
cision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential
at is less stressful than a formalized trial. It can also save time and money, allow for greater client participation
for more flexibility in creating a resolution.

nt to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may
mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed.
on the court's approved panel have agreed to the court's payment schedule for county-referred mediation:
er hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any
however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and
adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator
each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery
before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all
h full authority to settle the case must personally attend the mediation, unless excused by the court for good

AL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law
of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that
aster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the
arties accept or if no trial de novo is requested within the required time. Either party may reject the award and
ial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the
ally be scheduled within a year of the filing date.

t to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or
ay order the matter to arbitration at the case management conference, held approximately 150 days after
ase is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators
racticed law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.
if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

LEMENT CONFERENCES: The goal of a settlement conference is to assist the parties in their efforts to
a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the
igned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately
services of a retired judge. The court may also order a case to a mandatory settlement conference prior to
e the court's assigned Settlement Conference judge.

R VOLUNTARY ADR: Parties may voluntarily stipulate to private ADR options outside the court system
private binding arbitration, private early neutral evaluation or private judging at any time by completing the
n to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize
services offered by programs that are partially funded by the county's Dispute Resolution Programs Act.
rvices are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers.
ntact the County's DRPA program office at (619) 238-2400.

NAL ADR INFORMATION: For more information about the Civil Mediation Program, please contact the Civil
Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact
ation Office at (619) 531-3818. For more information about Settlement Conferences, please contact the
ent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options
t give legal advice.

| | FOR COURT USE ONLY |
|---|---|
| ...R COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| ...DRESS:    330 West Broadway | |
| ...DRESS:    330 West Broadway | |
| ...& ZIP CODE: San Diego, CA 92101-3827 | |
| ...ME:    Central | |
| ...F(S):   Matthew Waters | |
| ...ANT(S): Advent Product Development Inc et.al. | |
| ...TLE:   WATERS VS. ADVENT PRODUCT DEVELOPMENT INC | |

| ...ULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2007-00075223-CU-FR-CTL |
|---|---|

...y M. Bloom                                          Department: C-70

...s and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute ...process. Selection of any of these options will not delay any case management time-lines.

☐ ...ourt-Referred Mediation Program        ☐ Court-Ordered Nonbinding Arbitration

☐ ...rivate Neutral Evaluation              ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ ...rivate Mini-Trial                      ☐ Private Reference to General Referee

☐ ...rivate Summary Jury Trial              ☐ Private Reference to Judge

☐ ...rivate Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

...ther (specify): _____

...ipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

...mediation & arbitration only) _____

_____          Date: _____

_____          _____
...aintiff                              Name of Defendant

_____          _____
                                       Signature

_____          _____
...aintiff's Attorney                   Name of Defendant's Attorney

_____          _____
                                       Signature

...her sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California ...urt, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar

...ies may be added without leave of court and all un-served non-appearing or actions by names parties are dismissed

...RDERED.

...3/2007                                JUDGE OF THE SUPERIOR COURT

IVILLAN, ESQ. (SBN 171637)
HRISTIANI
/ENUE
A 92101

Ref. No. : 0287831-01

'LAINTIFF Atty. File No. : 37-2007-00075223

)URT OF CA. COUNTY OF SAN DIEGO
UDICIAL DISTRICT

: MATTHEW WATERS                 Case No.: 37-2007-00075223-CU-FR-CT_
: ADVENT PRODUCT DEVELOPMENT INC. et. al.    **PROOF OF SERVICE**

1e of service I was at least 18 years of age and not a party to this action.

copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE
        ASSIGNMENT; NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE;
        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION

served     :    ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation
n served   :    DAVID HEINE, DIRECTOR
                (PERSON APPARENTLY IN CHARGE)

where the party was served 3750 CONVOY STREET       SUITE 118
                           SAN DIEGO, CA 92111       (Business)

the party

**bstituted service.** On October 3, 2007 at 11:05 AM I left the documents listed in item 2
r in the presence of   DAVID HEINE, DIRECTOR,
                       PERSON APPARENTLY IN CHARGE
business) a person at least 18 years of age apparently in charge at the office or usual place of business
f the person to be served. I informed him or her of the general nature of the papers.
  **declaration of mailing** is attached.
attach a **declaration of diligence** stating actions taken first to attempt personal service.

ice to the person served" (on the summons) was completed as follows:
half of:            ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation
r [xx] CCP 416.10  (corporation)

**vho served papers**
TVANPOUR                           d. Fee for service: $75.00
< ATTORNEY SERVICE, INC.           e. I am:
Fourth Avenue                           (3) a registered California process server
)iego, California 92101                      (i) an employee
33-9700                                      (ii) Registration No. 715
                                             (iii) County: San Diego

under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9, 2007                    Signature: _____
                                            T. SETVANPOUR

82.9
, January 1 2007)                **PROOF OF SERVICE**

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX


Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated,


## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, | ) Civil Action No.: 07CV2089 (BTM) (LSP) ) ) **CLASS ACTION** |
| Plaintiff, | ) ) **CERTIFICATION OF SERVICE** ) |
| v. | ) ***Oral Argument Requested*** ) |
| ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive, | ) ***Document Electronically Filed*** ) ) Date:  December 28, 2007 ) Time:  11:00 a.m. ) Dept:  15 ) Judge: Hon. Barry Ted Moskowitz |
| Defendants. | ) |

I, Alison M. Miceli, hereby certify that on November 29, 2007, the following documents were electronically filed with the Clerk of the Court on behalf of, Plaintiff MATTHEW WATERS:

1.    Plaintiff's Notice of Motion to Remand to State Court;

2.    Memorandum of Points and Authorities in Support of the Motion to Remand to State Court;

3.    Declaration of Matthew Waters in Support of the Motion to Remand to State Court;

4.    Declaration of Alison M. Miceli, Esq. in Support of the Motion to Remand to State Court;

5.    [Proposed] Order Granting the Motion to Remand to State Court; and

1         6.     Certificate of Service.

2         I further certify that true and correct copies of the foregoing documents along with

3    accompanying exhibits were served via US mail upon:

4
                             A. Kipp Williams, Esq.

5                     Blanchard, Krasner & French
                  800 Silverado St. 2nd Floor

6                         La Jolla, CA 92037

7         I certify that the foregoing statements made by me are true.  I am aware that if any of the

8    foregoing statements made by me are willfully false, I am subject to punishment.

9

10   Dated: November 29, 2007                   SULLIVAN & CHRISTIANI, LLP

11

12                               William B. Sullivan,

13                               Alison M. Miceli,
                            Attorneys for Plaintiff,

14                               MATTHEW WATERS

15

16

17

18

19

20

21

22

23

24

25

26

27

28