Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Of Counsel:
David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>*Document electronically filed.*<br><br>**DECLARATION OF CARRIE A. LONGSTAFF, ESQ. IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

1. I, Carrie A. Longstaff, am an attorney with the law firm of Gibbons P.C. and am admitted *pro hac vice* to practice before this Court in the above

captioned action. I hereby make this Declaration in support of Defendants' Opposition to Plaintiff's Motion to Remand this matter.

2.   It is based on information and belief, and Exhibit A attached hereto, that the Plaintiff, Mathew Waters, is a citizen of the State of California and of the United States and is an individual residing and domiciled at 4777 Orten Street, San Diego, California 92110.

3.   Attached hereto as Exhibit A is a true and correct copy of a [REDACTED] Accurint Finder Report on Plaintiff Mathew Waters.

4.   Attached hereto as Exhibit B is a true and correct copy of a letter dated November 19, 2007.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

BY: _____
Carrie A. Longstaff

Dated: December 14, 2007
Newark, New Jersey

# Exhibit A

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

# Finder Report

**Date:** 12/13/07
**Reference Code:** 107136-60623-

## Subject Information

Name: MATTHEW A WATERS
Age:
SSN: issued in **California** between **01/01/1984** and **12/31/1985**

## AKAs (Names Associated with Subject)

MATT WATERS
DOB:        Age:        SSN:

## Address Summary (✓ - Probable Current Address)

4777 ORTEN ST, SAN DIEGO CA 92110-1322, SAN DIEGO COUNTY (Sep 1996 - Nov 2007)

817 PORTSMOUTH CT, SAN DIEGO CA 92109-7215, SAN DIEGO COUNTY (Apr 1993)

4981 CATOCTIN DR APT 113, SAN DIEGO CA 92115-2647, SAN DIEGO COUNTY (Sep 1992 - Dec 1992)

4936 SKY PARK WAY, SACRAMENTO CA 95823, SACRAMENTO COUNTY (Dec 1991)

## Phone Summary

**Phones at Address:**

**Previous Phones:**            REDACTED

**Neighbor Phones:**

## Previous Phone Numbers

| 1st Degree Relatives Phones | 2nd Degree Relatives Phones |
|---|---|
| [No Data Available] | [No Data Available] |

| Neighbor Phones | Possible Associates Phones |
|---|---|
| | [No Data Available] |

# Exhibit B

# BLANCHARD, KRASNER & FRENCH
## A PROFESSIONAL CORPORATION

TELEPHONE: (858) 551-2440
FACSIMILE: (858) 551-2434
E-MAIL: bkf@bkflaw.com
WEB: http://www.bkflaw.com

800 SILVERADO STREET, SECOND FLOOR
LA JOLLA, CALIFORNIA 92037

ALAN W. FRENCH
(Deceased)

November 19, 2007

**_VIA U.S. MAIL_**

Ms. Alison M. Miceli, Esq.
Sullivan & Christiani LLP
2330 Third Avenue
San Diego, CA 92101


Re:  _Waters v. Advent, et al._
     Case No.: 37-2007-00075223-CU-FR-CTL
     Our File No.: 1984-010

Dear Ms. Miceli:

   This letter is being written in further response to your correspondence of November 8, 2007, and November 9, 2007, as well as our meet-and-confer telephone conference. Although it is your position that this matter does not belong in federal court, there can be little doubt that federal jurisdiction is proper. Not only does the amount in controversy under the Class Action Fairness Act exceed $5,000,000, but there is also an underlying federal question pursuant to 28 U.S.C. § 1331 mandating that a federal court resolve this dispute.

   Pursuant to 28 U.S.C. § 1338, a district court has exclusive jurisdiction over issues of patent law. Similarly, as has been made clear by the Federal Circuit, a party who sets forth a state-based claim requiring the resolution of an issue of patent law will result in exclusive federal jurisdiction over the matter. See _Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P._, 2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007); _Immunocept, LLC v. Fulbright & Jaworski, LLP_, 2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007).

   Here, Mathew Waters (hereinafter "Plaintiff" or "Waters") has set forth state-based claims which require the resolution of issues of patent law. Although Waters' claims for relief are based in fraud, it is alleged that the fraud stems from a misleading legal protection report which failed to disclose relevant prior art. In order to evaluate these claims, a court will need to review Plaintiff's invention and the allegedly invalidating prior art to determine whether this invention was novel and not barred by 35 U.S.C. § 102, or not obvious under 35 U.S.C. § 103.

   The court, in needing to review and make determinations under patent law, leaves no doubt that this case involves a federal question which requires this action stay before a federal court having exclusive jurisdiction. Federal subject matter jurisdiction is not waivable and may be raised at any time. See _Miguel v. Country Funding Corp_, 309 F.3d 1161, 1163 (9th Cir. 2002); citing _United States v. Hays_, 515 U.S. 737, 742 (1995).

Ms. Alison Miceli
Sullivan & Christiani
November 19, 2007
Page 2 of 2

    As stated in my letter of November 13, 2007, if you still believe that your arguments form a basis for remand of this matter, then you should proceed with the filing of a motion. We will not withdraw our Notice of Removal for the above stated reasons, as well as those previously set forth.

    Should you have any questions or concerns regarding the above or the enclosed documents, please do not hesitate to contact me at (858) 551-2440.

                          Sincerely,

                          A. Kipp Williams, Esq. for
                          Blanchard, Krasner & French

AKW/mew