# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>Document electronically filed.<br><br>Oral Argument Requested<br>(Per Chambers No Oral Argument)<br><br>Motion Date: January 18, 2008 at 11:00 a.m. |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF REMOVAL

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
(858) 551-2440

Of Counsel:
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

Attorneys for Defendants
Advent Product Development, Inc., Denice
Thrulow and Alfonso Eiland

i

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in support of their motion for leave to file an amended notice of removal pursuant to 28 U.S.C. § 1653 (2007).

Leave to amend a notice of removal is routinely granted to correct or clarify defective allegations as to jurisdiction. Specifically, amendments are routinely permitted to correct allegations of a party's residence as a opposed to his or her citizenship such as here. Therefore, this Court should grant Defendants' request to file an Amended Notice of Removal which clarifies Plaintiff, Mathew Waters, and individual Defendants, Denice Thurlow and Alfonso Eiland's citizenship.

## FACTUAL BACKGROUND

Defendants incorporate by reference the facts and arguments set forth in their pending opposition to Plaintiff's motion to remand to state court. See Exhibits 1-4 attached hereto; see also Longstaff Decl., Ex. 1.

## LEGAL ARGUMENT

Defendants incorporate by reference the facts and arguments set forth in their pending opposition to Plaintiff's motion to remand to state court. <u>See</u> Exhibits 1-4 attached hereto; <u>see</u> <u>also</u> Longstaff Decl., Ex. 1.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for leave to file an amended notice of removal.

Respectfully submitted,

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
Attorneys for Defendants
Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland

DATED: December 14, 2007          By:   s/ A. Kip Williams
                                            A. Kip Williams

Of Counsel:

David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

2

Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>Document electronically filed.<br><br>Oral Argument Requested<br><br>Motion Date: December 28, 2007 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
(858) 551-2440

Of Counsel:
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

Attorneys for Defendants
Advent Product Development, Inc., Denice
Thrulow and Alfonso Eiland

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.................................................................................. iii

PRELIMINARY STATEMENT .......................................................................... 1

FACTUAL BACKGROUND ............................................................................... 3

LEGAL ARGUMENT ....................................................................................... 6

I.    REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE
      ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL
      QUESTION ..................................................................................... 6

      A.    Standard for Removal under 28 U.S.C. § 1441 ................................... 6

      B.    Diversity Jurisdiction exists under 28 U.S.C. § 1332(d) .................. 6

            1.    The Parties are Diverse because Advent is a Citizen of
                  the State of South Carolina ....................................................... 6

            2.    Diversity of Citizenship has been Shown in the Notice
                  of Removal and the Mere Failure to Plead Citizenship
                  of the Two Individual Defendants is Not a Fatal
                  Procedural Defect Warranting Remand to State Court ........ 8

            3.    This Matter Should Not be Remanded because
                  Defendants have Established the Requisite Amount in
                  Controversy ............................................................................. 11

                  a.    The Complaint Sets Forth a Specific Amount of
                        Damages which Well Exceeds $5,000,000 .............. 12

                  b.    Even by a Preponderance of the Evidence the
                        Amount in Controversy Exceeds the
                        $5,000,000 Jurisdiction Minimum under the
                        Class Action Fairness Act ....................................... 13

      C.    Subject Jurisdiction is Also Proper Due to the Presence of a
            Federal Question ................................................................................. 15

II.   ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH
      ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS
      THEREFORE PROPER ...................................................................... 17

III.  REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS
      UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO
      DECLINE JURISDICTION OVER THIS MATTER .................................... 19

      A.    Discretionary Remand is Not Required because 28 U.S.C. §
            1332(d)(3) Does Not Apply in this Action ...................................... 19

      B.    Mandatory Remand is not Required Under Either The Local
            Controversy or Home-State Controversy Exceptions Since
            Neither are Applicable in this Action. ............................................... 21

- i -

**<u>TABLE OF CONTENTS</u>**
(continued)

**Page**

1.  The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California ................. 21

2.  The Home-State Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought is Not a Citizen of the State of California ................ 23

CONCLUSION ........................................................................................................... 24

#1252268v2
107136-60623

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>**Cases**</u>

<u>Abrego Abrego v. The Dow Chemical Co.</u>,
  443 F.3d 676 (9th Cir. 2006) ...................................................................................11

<u>Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P.</u>,
  2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007)...............................1, 16

<u>Alexander v. FedEx Ground Package System, Inc.</u>,
  2005 U.S. Dist. LEXIS 5129 (N.D. Cal. March 25, 2005) .............................. 10

<u>Barrow Dev. Co. v. Fulton Ins. Co.</u>,
  418 F.2d 316 (9th Cir. 1969) .................................................................................. 9

<u>Carter v. Clear Fir Sales Co.</u>,
  284 F. Supp. 386 (D. Or. 1967) ..............................................................................7

<u>Christianson v. Colt Industries Operating Corp.</u>,
  486 U.S. 800 (1998) .............................................................................................. 16

<u>Cohn v. Petsmart, Inc.</u>,
  281 F.3d 837 (9th Cir. 2002)...........................................................................10, 13

<u>Curry v. Royal Palm Sav. Ass'n</u>,
  713 F.Supp. 388 (S.D. Fla. 1989) ........................................................................ 18

<u>Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety</u>
  <u>Co. of Am.</u>,
  2005 WL 1653629 (D. Or. July 6, 2005)............................................................. 18

<u>Gaus v. Miles, Inc.</u>,
  980 F.2d 564 (9th Cir. 1992).........................................................................11, 13

<u>Gibson v. Chrysler Corp</u>,
  261 F.3d 927 (9th Cir. 2001)................................................................................ 14

<u>Hangarter v. Paul Revere Life Insurance Co.</u>,
  2006 U.S. Dist. LEXIS 5295 (N.D. Cal. Jan. 26, 2006)...................................20

<u>Immunocept, LLC v. Fulbright & Jaworski, LLP</u>,
  2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007) ...............................1, 16

<u>Kacludis v. GTE Sprint Communications Corp.</u>,
  806 F. Supp. 866 (N.D. Cal. 1992) ..................................................................... 10

#1252268v2
107136-60623

Kanter v. Warner-Lambert Co.,
  265 F.3d 853 (9th Cir. 2001)..........................................................................10

Kaufman v. General Insurance Co. of America,
  192 F. Supp. 238 (S.D. Cal. 1961)............................................................ 7, 8

Kearns v. Ford Motor Co.,
  2005 U.S. Dist. LEXIS 41614 (C.D. Cal. Nov. 21, 2005)........................ passim

King County v. Rasmussen,
  299 F.3d 1077 (9th Cir. 2002).......................................................................15

Kisor v. Collins, Jr.
  338 F. Supp. 2d 1279 (N.D. Ala. 2004) ........................................................ 18

Levine v. BIC USA, Inc.,
  2007 U.S. Dist. LEXIS 6095216 (S.D. Cal. August 20, 2007) ..................11, 12

Lowdermilk v. U.S. Bank Nat'l Assoc.,
  479 F.3d 994 (9th Cir. 2007)......................................................................11, 12

Luehrs v. Utah Home Fire Ins. Co.,
  450 F.2d 452 (9th Cir. 1971)........................................................................... 9

Miguel v. Country Funding Corp,
  309 F.3d 1161 (9th Cir. 2002) ......................................................................15

Paoa v. Marati,
  2007 U.S. Dist. 67596 (D. Haw. Sept. 11, 2007)............................................ 9

Patel v. Del Taco, Inc.,
  446 F.3d 996 (9th Cir. 2006) .......................................................................... 6

Romeo v. The Home Depot U.S.A., Inc.,
  2006 U.S. Dist. LEXIS 79881 (S.D. Cal. October 30, 2006)...........................11

Schultz v. Cally,
  528 F.2d 470 (3d Cir. 1975).......................................................................... 8

Serrano v. 180 Connect, Inc.,
  478 F.3d 1018 (9th Cir. 2007) ...................................................................... 19

Steigleder v. McQuesten,
  198 U.S. 141 (1905)....................................................................................... 8

Thomas v. Board of Trustees,
  195 U.S. 207 (1904)....................................................................................... 8

Tylka v. Gerber Products Co.,
  211 F.3d 445 (7th Cir. 2000) .....................................................................8, 10

#1252268v2
107136-60623

United States v. Hays,
    515 U.S. 737 (1995). ..............................................................................15

Valdez v. Allstate Ins. Co.,
    372 F.3d 1115 (9th Cir. 2004) ..............................................................13

Wang v. Saitama Bank, Ltd.,
    1991 U.S. App. LEXIS 17523 (9th Cir. July 25, 1991) ..........................7

Willingham v. Morgan,
    395 U.S. 402 (1969) ..............................................................................10

Yellow Transp., Inc. v. Apex Digital, Inc.,
    406 F. Supp. 2d 1213 (D.Kan. 2005) ....................................................18

Young v. Cmty.  Assessment & Treatment Servs.,
    2007 WL 3340033 (N.D. Ohio Nov. 6, 2007) ......................................18

## Statutes

28 U.S.C. § 1331 ...........................................................................1, 5, 6, 15

28 U.S.C. § 1332 ...................................................................................8, 19

28 U.S.C. § 1332(a) ....................................................................................9

28 U.S.C. § 1332(c) ................................................................................6, 8

28 U.S.C. § 1332(d) ...........................................................................passim

28 U.S.C. § 1332(d)(3) .................................................................19, 20, 21

28 U.S.C. § 1332(d)(4) ..........................................................................19, 21

28 U.S.C. § 1332(d)(4)(A) .......................................................................21, 23

28 U.S.C. § 1332(d)(4)(B) .........................................................................23

28 U.S.C. § 1332(d)(5) ..............................................................................20

28 U.S.C. § 1338 (2007) ......................................................................15, 17

28 U.S.C. § 1441 ........................................................................................15

28 U.S.C. § 1441(a) ................................................................................6, 11

28 U.S.C. § 1441(b) .....................................................................................6

28 U.S.C. § 1446 ........................................................................................18

28 U.S.C. § 1446(a) .....................................................................................3

#1252268v2
107136-60623

28 U.S.C. § 1447..................................................................................................9, 18

28 U.S.C. § 1653................................................................................................2, 9, 10

35 U.S.C. § 102........................................................................................................16

35 U.S.C. § 103........................................................................................................16

Cal. Bus & Prof Code § 22386 (2007) ...................................................................14

Cal. Civ. Code 1780(a) ...........................................................................................13

Cal. Corp. Code § 2203(a).........................................................................................7

## **Other Authorities**

17 Moore's Federal Practice § 102.106[6][a]..........................................................14

17 Moore's Federal Practice § 107.41[1][e][ii] ......................................................10

#1252268v2
107136-60623

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in opposition to Plaintiff's motion to remand this matter to state court.

The Court has subject matter jurisdiction over this action because of the presence of both diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) and the presence of a federal question pursuant 28 U.S.C. § 1331. This exact issue was raised and ruled on by the Court of Appeals for the Federal Circuit ("CAFC") in two separate opinions. In each case, the CAFC's ruling demonstrated that a federal question exists when a court must interpret federal patent law to adjudicate an issue in the case. See Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P., 2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007).

Diversity jurisdiction also exists because both Plaintiff Mathew Waters and Defendant, Advent Product Development, Inc., are citizens of different states and the amount in controversy exceeds $5,000,000 thereby meeting 28 U.S.C. § 1332(d). Contrary to Plaintiff's contention, Advent can only be a citizen of the state in which it is incorporated and has its principal place of business, which is South Carolina not California. Furthermore, Advent does not become a citizen of the State of California by failing to comply with the state's specific requirements for a foreign corporation doing business there.

While it is true that the Notice of Removal states that the individual defendants, Thurlow and Eiland, are residents rather than citizens, this will not defeat diversity

jurisdiction. Rather, all that is required for diversity jurisdiction is that there be limited diversity requiring that any plaintiff be a citizen of a different state from any defendant as exists here between Advent and Waters. While Plaintiff claims that the description of the individual defendants' residence instead of citizenship requires remand, that is simply not the standard. Pursuant to 28 U.S.C. § 1653, amendments to the Notice of Removal are permitted specifically for this type of defective allegation of jurisdiction. Therefore, by having submitted subsequent declarations with this memorandum setting forth the citizenship of the parties, this Court in ruling on the motion for remand may construe these later filed declarations as an amendment to the Notice of Removal. Accordingly, there is diversity of citizenship in this case.

The amount in controversy as set forth with particularity in the Complaint exceeds the $5,000,000 minimum for diversity and there is no need to show to a legal certainty that the class will recover more than the jurisdictional minimum. Plaintiff's Complaint presumptively satisfies the amount in controversy because the potential damages as set forth in the Complaint per potential class member are $74,999.99. When applying this amount to each of Plaintiff's putative class of 800 members, there is no doubt that the alleged aggregate amount of $59,999,992.00 is well over the jurisdictional minimum of $5,000,000.00. Even if this Court were to review the jurisdictional amount using the preponderance of the evidence standard, which does not apply here, Waters and the alleged class members will still recover well in excess of the jurisdictional minimum. This amount includes the aggregate amount of the alleged contractual damages of $10,430.00 for each putative class member totally $8,344,000.00. After adding the potential amounts allowed under the rules, such as

#1252268 v2
107136-60623

trebling, punitive damages and attorney's fees to any alleged actual damages, the jurisdictional amount is greatly exceeded.

There is also no basis for remand as a result of Advent's alleged failure to attach all of the required documents and pleadings. First, Advent did file all documents served upon it pursuant to 28 U.S.C. § 1446(a). Plaintiff simply failed to verify that all of the documents were filed and can only attempt to claim that the Proof of Service is missing. Second, even if Advent failed to include a document, which it did not, the majority view of the courts finds that this it not fatal flaw. Therefore, remand is not warranted.

Finally, there is no basis for this Court to refuse to exercise jurisdiction. The only way that a Court may refuse to exercise jurisdiction of an action brought pursuant to the Class Action Fairness Act of 2005 is under one of the exceptions set forth in 28 U.S.C. § 1332(d). None of the exceptions are applicable in this case. Advent, the only primary defendant in this case from whom significant relief is sought and whose conduct forms a significant basis for the claims in this matter, is not a citizen of the State of California. Whereas Eiland, the only defendant who is a citizen of the State of California, was a representative of Advent who personally may have had contact with only a fraction of the proposed class. Eiland does not qualify as a primary defendant, is not the party from whom significant relief is sought, and his conduct does not form a significant basis for the claims. Therefore, remand is simply not proper under the discretionary or mandatory remand exceptions because none of them apply in this action.

## FACTUAL BACKGROUND

On September 18, 2007, Plaintiff filed a class action in the Superior Court of the State of California. (Compl.) The claims and basis for relief in the Complaint are under the Consumer Legal Remedies Act, the Business and Professions Code, and for fraud.

3

See id.  Specifically, the Complaint states that "the claims of individual class members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court." (Compl. ¶1).  Plaintiff asserts that all of the potential class members, which are alleged to be approximately 800 members, are citizens of the State of California and have entered into both the Product Profile Agreement, Phase One, and Representation Agreement, Phase Two, with Advent costing $1,190.00 and $9,240.00 respectively, having claims and damages typical to that of Waters.  (Pl.'s Br. Remand 19; Compl. ¶ 12-25).

Eiland, one of many representatives of Advent working out of one of the three California offices, who has no involvement in the creation of Advent's contractual agreements or the creation of the Legal Protection Reports, met with Waters at Advent's San Diego office.  (Waters Decl. ¶ 4; Thurlow Decl. ¶ 3).  Waters agreed to enter into a Product Profile Agreement, Phase One for $1,190.00, and then later contracted with Advent under the Representation Agreement, Phase Two for $9,240.00.  (Compl. ¶ 24-25).

Waters, like all of the potential plaintiffs in this matter, has paid Advent in full for both contractual agreements.  (Thurlow Decl. ¶ 5).  First, Waters paid Advent $1,190.00 for the Product Profile Agreement.  (Compl. ¶ 24; Thurlow Decl. 4).  Then, Waters paid Advent a deposit of $4,000.00 and signed a promissory note and security agreement for the remaining balance of $5,240.00 due under the Representation Agreement. (Thurlow Decl. ¶ 4 and Ex. B).  The promissory note and security agreement is with a third party financing company.  See id.

On October 3, 2007, Advent Product Development, Inc. was served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice to

4

Litigants/ADR Information Package and Stipulation to Alternative Dispute Resolution Process. (Not. Removal, Docket Entry 1 S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007) (hereinafter "Not. Removal"); Miceli Decl., Ex. 4, Proof of Service; Thurlow Decl. ¶ 6). Contrary to Plaintiff's contention, Advent was not served on October 9th with the above documents plus a copy of the Proof of Service. See id. Rather, as is made clear from reviewing the Proof of Service, which appears to be dated October 9, 2007, Advent was only served with the above documents less the Proof of Service on October 3rd. See id. Advent has not since been served with a copy of the Proof of Service, and therefore did not file this document with the Court. (Thurlow Decl. ¶ 6).

Advent removed this action on October 31, 2007. (Not. Removal). Attached to Defendants' Notice of Removal were all of the documentation that it was served with on October 3rd. (Not. Removal, Ex. A). Plaintiff's counsel was made aware of this fact in a November 13, 2007 letter. (Miceli Decl., Ex. 1). Plaintiff was also made aware of the fact that jurisdiction was proper under both 28 U.S.C. §§ 1332(d) and 1331. (See id.; Longstaff Decl., Ex. B).

At the time of filing the Notice of Removal, Defendants inadvertently described the citizenship of Plaintiff Mathew Waters and individual Defendants Denice Thurlow and Alphonso Eiland as residents of California and South Carolina respectfully. However, diversity jurisdiction exists between the parties because Advent, a citizen of the State of South Carolina, is diverse from Plaintiff Mathew Waters, who is a citizen of the State of California. (Compl.; Not. Removal ¶ 10; Longstaff Decl ¶ 2; Pl.'s Br. Remand 19). Furthermore, Denice Thurlow is both a resident and citizen of the State of South Carolina, and Alphonso Eiland is both a resident and citizen of the State of California. (Thurlow Decl. ¶ 2; Eiland Decl. ¶ 2).

#1252268 v2
107136-60623

## <u>LEGAL ARGUMENT</u>

I.    **REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL QUESTION**

A.    <u>**Standard for Removal under 28 U.S.C. § 1441**</u>

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because Plaintiff, Mathew Waters and the primary defendant and at least one secondary defendant are citizens of different states and the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d). Removal is also proper pursuant to 28 U.S.C. § 1441(b) because of the presence of a patent related federal question pursuant to 28 U.S.C. § 1331.  Plaintiff's request for attorney's fees should also be denied because Advent had "an objectively reasonable basis" to remove this matter to this Court.  <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (citing <u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704, 708 (2005)).

B.    <u>**Diversity Jurisdiction exists under 28 U.S.C. § 1332(d)**</u>

1.    <u>The Parties are Diverse because Advent is a Citizen of the State of South Carolina</u>

As set forth in the Notice of Removal, Advent Product Development, Inc. is a citizen of the State of South Carolina for purposes of diversity.  (Not. Removal ¶ 10). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...."  28 U.S.C. § 1332(c) (2007).  This statute is completely contrary to Plaintiff's attempted reasoning that Advent has subjected itself to the jurisdiction of the California State Court and is now a citizen of California by failing to comply with Cal.

#1252268 v2
107136-60623

Corp. Code § 2203(a). <u>See</u> Cal. Corp. Code § 2203(a)(2007); <u>Kaufman v. General Insurance Co. of America</u>, 192 F. Supp. 238, 239-240 (S.D. Cal. 1961).

Not only do the requirements for a foreign corporation in California have nothing to do with diversity of citizenship, but the language as set forth in Cal. Corp. Code § 2203(a) does not even support this finding. <u>See</u> <u>Carter v. Clear Fir Sales Co.</u>, 284 F. Supp. 386, 387 (D. Or. 1967) (the mere fact that a corporation may be incorporated in more than one state by securing a license to do business there does not make it a citizen of each of these states); citing <u>Kaufman</u>, 192 F. Supp. 238. Rather the California Corporation Code § 2203(a) only states that "any foreign corporation which transacts intrastate business and which does not hold a valid certificate from the Secretary of State ..., by transacting unauthorized intrastate business, shall be deemed to consent to the jurisdiction of <u>the</u> courts of California ...." Corp. Code § 2203(a) (Emphasis added). Meaning that there will be personal jurisdiction over a corporation transacting business in California. <u>See</u> <u>Wang v. Saitama Bank, Ltd.</u>, 1991 U.S. App. LEXIS 17523, at * (9th Cir. July 25, 1991). However, this language does not make that corporation a citizen of the state of California, nor does it limit jurisdiction only to the state courts of California, as compared to the federal courts, as Plaintiff attempts to argue here.

Furthermore, although Plaintiff explains to this Court the policy reasons for enacting the requirements for a foreign corporation in the California Corporations Code, it simply mischaracterizes the holding in <u>Kaufman</u>. <u>See</u> 192 F. Supp. at 239-240. The court in <u>Kaufman</u> held that these requirements for foreign corporations "have nothing to do with diversity of citizenship jurisdiction ... [and t]o follow plaintiff's contention would be to reverse the very purpose and policy of diversity jurisdiction by practically eliminating it from the Federal Courts. In addition to this basic contradiction of a

7

Federal policy, considering defendant as a 'California corporation' for these purposes carries a legal fiction to absurd lengths." Id. Advent is a citizen of the State of South Carolina pursuant to 28 U.S.C. § 1332 since that is where it is incorporated and where it has its principal place of business. See 28 U.S.C. 1332(c); Kaufman, 192 F. Supp. at 242; Not. Removal ¶ 10. Therefore, diversity jurisdiction is appropriate.

    2.   <u>Diversity of Citizenship has been Shown in the Notice of Removal and the Mere Failure to Plead Citizenship of the Two Individual Defendants is Not a Fatal Procedural Defect Warranting Remand to State Court.</u>

Even though the Notice of Removal fails to refer to the individual Defendants' citizenship but rather states that they are residents, this in and of itself is insufficient to defeat diversity of citizenship and remand this matter. This action has been removed pursuant to the Class Action Fairness Act of 2005, which does not require complete diversity of citizenship of the parties. See 28 U.S.C. § 1332(d). Rather, all that is required for diversity of citizenship is that "any member of a class of plaintiffs is a citizen of a State different from any defendant ...." Id.

A Notice of Removal is defective when there is an absence of facts or sufficient averments to determine whether diversity of citizenship exists. See Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904); Steigleder v. McQuesten, 198 U.S. 141, 143 (1905) (after alleging residence rather than citizenship, the court looked at evidence to conclude that diversity of citizenship did not exist); Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (notice of removal was defective because the "allegations of residence are insufficient to establish diversity jurisdiction" under 1332(a)(1)); Schultz v. Cally, 528 F.2d 470 (3d Cir. 1975) (total diversity was not shown under 1332(a) because citizenship of all of the parties was not set forth).

8

However, this case, unlike the case law cited by Plaintiff, does not require complete diversity under 28 U.S.C. § 1332(a), but only that this Court be able to determine limited diversity of citizenship under 28 U.S.C. § 1332(d). As explained above, Defendant Advent is citizen of the State of South Carolina which is different from Plaintiff Mathew Waters thereby meeting the requirements for diversity under 28 U.S.C. § 1332(d). (Not. Removal; Compl.). Diversity of citizenship between Plaintiff and Advent is all that is needed for this Court to determine that diversity jurisdiction exists.

Furthermore, Defendants' declarations, which have been submitted in support of this memorandum, may be considered as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 in order to correct the allegations of "residence" rather than "citizenship" for the Plaintiff and individual Defendants. (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2). This amendment is permitted under 28 U.S.C. § 1653, outside of the 30 day right to amend a Notice of Removal period as set forth in 28 U.S.C. § 1447, for "[d]efective allegations of jurisdiction ...." 28 U.S.C. § 1653 (2007); see also 28 U.S.C. § 1447. Meaning that amendments which correct defective allegations of citizenship are permissible because the Notice of Removal is lacking in form and not substance. See Paoa v. Marati, 2007 U.S. Dist. 67596, at *16-17 (D. Haw. Sept. 11, 2007) citing Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (permitting an amendment to cure allegations of citizenship)

28 U.S.C. § 1653 includes allowing an amendment to correct the reference to one's residence rather than citizenship in order to properly set forth diversity jurisdiction. See Luehrs v. Utah Home Fire Ins. Co., 450 F.2d 452, 454 (9th Cir. 1971) (granting a motion for leave to amend the notice of removal to correct the deficiency of the reference to one being a resident as opposed to a citizen); Kanter v. Warner-Lambert

9

Co., 265 F.3d 853, 858 (9th Cir. 2001) (in determining whether a motion for remand was proper, the court went on to examine whether the amount in controversy was proper since the defendants could cure the defective allegation of citizenship by amendment); Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 869-870 (N.D. Cal. 1992) (rejecting the argument that the incomplete allegations of residence in the notice of removal are fatal and refusing to remand the matter because defects of this type are of form and amendable at any time). Even the case law from the Seventh Circuit, that Plaintiff relied on, only remanded the case back to state court after the defendants were given two months to file an amendment, under 28 U.S.C. § 1653, to correct the use of residence instead of citizenship, but failed to do so. See Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000).

When ruling on a motion for remand this Court may consider this opposition and the declarations filed in support of thereof as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 to correct or clarify technical deficiencies, such as here, in the Notice of Removal. See 17 Moore's Federal Practice § 107.41[1][e][ii] at 107-202 to 107-202.1 (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (district court did not err in construing an affidavit stating the amount in controversy as an amendment to the Notice of Removal)); Willingham v. Morgan, 395 U.S. 402, 408 (1969) (removal was proper because the required facts were found in later filed affidavits rather than in the notice of removal); Alexander v. FedEx Ground Package System, Inc., 2005 U.S. Dist. LEXIS 5129, at *8 (N.D. Cal. March 25, 2005). Thus, even if Advent was not diverse from Waters, which it is, the subsequently filed declarations make clear that removal was proper because the parties are citizens of different states satisfying 28 U.S.C. § 1332(d). (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2).

#1252268 v2
107136-60623

3.    <u>This Matter Should Not be Remanded because Defendants have Established the Requisite Amount in Controversy.</u>

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because not only are the parties citizens of different states but the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d).  When determining the amount in controversy of an action brought pursuant to the Class Action Fairness Act ("CAFA"), a court should "'interpret[] expansively' its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, 'the court should err in favor of exercising jurisdiction over the case.'"  <u>Romeo v. The Home Depot U.S.A., Inc.</u>, 2006 U.S. Dist. LEXIS 79881, at * 5 (S.D. Cal. October 30, 2006); citations omitted.

The Ninth Circuit has developed three pleading scenarios for which to determine whether the amount in controversy has been met and what level of proof a defendant needs to meet.  <u>See</u> <u>Levine v. BIC USA, Inc.</u>, 2007 U.S. Dist. LEXIS 60952, at *15-16 (S.D. Cal. August 20, 2007) (citing <u>Lowdermilk v. U.S. Bank Nat'l Assoc.</u>, 479 F.3d 994 (9th Cir. 2007); <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 682-83 (9th Cir. 2006)).  First, if, when looking at the four corners of the complaint, an amount in excess of the federal amount in controversy has been plead, then the "amount-in-controversy requirement is presumptively satisfied unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional amount.'"  <u>Levine</u>, 2007 U.S. Dist. LEXIS 60952, at *10-11.  Second, if the Complaint does not plead a specific amount of damages, then the defendant must show that the amount in controversy has been met by a preponderance of the evidence.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992).  Third, which is not present here, when the complaint

#1252268 v2
107136-60623

specifically pleads damages less than the jurisdictional amount of $5,000,000.  See Levine, 2007 U.S. Dist. LEXIS 60952, at *11.

<div align="center">a.    The Complaint Sets Forth a Specific Amount of<br>Damages which Well Exceeds $5,000,000.</div>

Contrary to Plaintiff's argument that the amount in controversy has not been plead and this matter falls into the second pleading scenario, the court in Levine makes clear that this matter actually involves the first pleading scenario.  Levine, 2007 U.S. Dist LEXIS 60952, at *15-16.  When a Complaint states that "the amount in controversy does not exceed $74,999.99 as to Plaintiff or any other Class Members" and is silent about the damages not exceeding the $5,000,000, a specific amount of damages have been plead.  Id.  The court will then not even require a defendant "to show to a legal certainty the amount in controversy exceeds the jurisdictional limit because the 'does not exceed' figure … attaches … to each putative class member."  Levine, 2007 U.S. Dist LEXIS 60952, at *15-16; see also Lowdermilk, 479 F.3d at 996 (finding that plaintiff did plead a specific amount in damages and the preponderance of the evidence standard would not apply because plaintiff stated that "the aggregate total of the claims pled herein do not exceed five million dollars").

Similarly, Plaintiff's Complaint in this matter has set forth the amount of damages sought by stating that "the claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold", and makes no representations regarding the amount in controversy not exceeding $5,000,000.  See Compl. at 1.  Therefore, the maximum value of damages, like in Levine, which attaches to each of the alleged 800 putative class members of $74,999.99 totals $59,999,992.00 and will clearly exceed the $5,000,000 jurisdictional minimum.  Levine, 2007 U.S. Dist. LEXIS

<div align="center">12</div>

60952, at *16-17.  Since, this figure attaches to each class member, Defendants need not show to a legal certainty that this amount is greater than the jurisdictional minimum of $5,000,000.

> **b.    Even by a Preponderance of the Evidence the Amount in Controversy Exceeds the $5,000,000 Jurisdiction Minimum under the Class Action Fairness Act**

Even assuming, arguendo, that this Court determines that the Complaint's statement that the damages "are under $75,000" does not set forth a specific amount of damages, the second pleading scenario would be applied in this action and the same jurisdictional amount would still be meet by a preponderance of the evidence.  This would require Advent to show by a preponderance of the evidence that the minimum amount in controversy has been met.  Gaus, 980 F.2d at  567.  In order to meet this standard, this Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).  This evidence includes the Notice of Removal and further pleadings to determine whether the amount in controversy has been met.  Cohn, 281 F.3d at 840.

This action has been brought for an alleged violation under the California Consumer Legal Remedies Act, a violation under the Business and Professions Code, and for common law fraud.  Pursuant to the California Consumer Legal Remedies Act, the Plaintiff and potential class members are entitled to recover actual damages, an injunction, punitive damages, and attorney's fees.  See Cal. Civ. Code 1780(a).  For a violation of the Business and Professions Code, the plaintiff and potential class members may recover the greater of  three thousand dollars or "three times the actual

13

damages ... [i]n addition to the greater of the preceding amounts, the court may award reasonable attorney's fees ...." Cal. Bus & Prof Code § 22386 (2007).

When determining the amount in controversy it is proper for this Court to include punitive damages and reasonable attorney's fees since they are recoverable by statute and will be applied to the entire class. See Gibson v. Chrysler Corp, 261 F.3d 927, 945 (9th Cir. 2001)("[it is] well established that punitive damages are part of the amount in controversy in a civil action.")(citations omitted); 17 Moore's Federal Practice § 102.106[6][a] at 102-181. Plaintiff has also alleged and asked that any actual damage award be trebled pursuant to Cal. Bus & Prof Code § 22386. (Pl.'s Br. Remand 12-13.; Compl. at 12). Accordingly, the treble damages number should be considered as part of the amount in controversy.

Although Plaintiff is correct that the Complaint states that Waters was required to provide a sum of $9,240.00 for the Phase II contract and "did begin to make the required payments", this does not accurately reflect the amount of damages Plaintiff hopes to recover in this case. (Compl. ¶ 25). Waters, like all potential class members in this action, have paid Advent in full for both contractual agreements. (Thurlow Decl. ¶ 5). While Waters may have only paid Advent $1,190.00 for the first contract and paid a deposit of $4,000.00 for the second contract, he thereafter signed a promissory note and security agreement to a third party financing company for the remaining amount. Therefore, Waters is actually seeking a refund of both contractual amounts in this matter which includes the $1,190.00 for the Product Profile Agreement and $9,240.00 for the Representation Agreement.

Also as stated in the Complaint, "Plaintiff's claims in the action are typical of the class Plaintiff is generally representing. The contracts and supporting documents

14

received, signed and executed by Plaintiff are identical to those received by the remaining class members." (Compl. ¶ 17). Therefore, contrary to Plaintiff's claim, Waters and the alleged class members in this action appear to be seeking actual damages for the full amount of both contracts of $1,190.00 and $9,240.00 totaling $10,430.00. This amount could be potentially be trebled plus punitive damages and attorneys' fees recoverable under the Consumer Legal Remedies Act.

Just using the aggregate of the alleged actual damages of $10,430.00 times a putative class of 800 members would make the amount in controversy $8,344,000.00. Then if this Court were to treble that amount, not including punitive damages and attorney's fees, the amount in controversy will be $25,032,000.00. This more than establishes, by a preponderance of the evidence, the fact that the amount in controversy for diversity jurisdiction may be well in excess of $5,000,000 in this matter.

**C.     Subject Jurisdiction is Also Proper Due to the Presence of a Federal Question**

Pursuant to 28 U.S.C. § 1331 (2007), a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." It is proper to remove a case to federal court pursuant to 28 U.S.C. § 1441, if there is a federal question that appears on the face of the complaint. King County v. Rasmussen, 299 F.3d 1077, 1082 (9th Cir. 2002). Specifically, it is proper to remove an action relating to questions of patent law to a federal court, which has exclusive jurisdiction[1] over these matters. See 28 U.S.C. § 1338 (2007).

The standard set forth by the Supreme Court, in extending 28 U.S.C. § 1338 federal jurisdiction, requires that "a well-pleaded complaint establishes either that

---

[1] Subject matter jurisdiction is never waived and may be raised at any time. See Miguel v. Country Funding Corp, 309 F.3d 1161, 1163 (9th Cir. 2002); citing United States v. Hays, 515 U.S. 737, 742 (1995).

15

federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends *on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims*." <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 809 (1998) (emphasis added).

The Federal Circuit has held that although a patent legal malpractice claim is a state law based claim, it still requires the resolution of a substantial question of patent law in evaluating a necessary element of the claim. <u>See</u> <u>Air Measurement Tech., Inc.</u>, 2007 U.S. App. LEXIS 24098; <u>Immunocept, LLC</u>, 2007 U.S. App. LEXIS 24095. In this case, as the Federal Circuit has held, regardless of whether a patent has issued, in order to evaluate a necessary element of Waters' claims, this Court will need to evaluate the potential errors that occurred in creating the Legal Protection Report thereby requiring the application of patent law. <u>See</u> <u>id</u>.

Although Plaintiff's claims are state based, they will still require the resolution of a substantial question of patent law. This is because it is alleged that Advent purposely failed to disclose various prior art references that "were so closely related to Plaintiff's idea that patent protection could not have been obtained ...." (Compl ¶ 27). Accordingly, to evaluate Plaintiff's claims, a court will need to review the Plaintiff's invention and the alleged invalidating prior art to determine if the invention is novel and not barred by 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103.

Patent law lies at the heart of Plaintiff's claims and its evaluation is absolutely necessary for determining whether the Legal Protection Report actually failed to disclose relevant information which was thereafter relied upon by Plaintiff. Since the entire inquiry will be an evaluation of Legal Protection Report and prior art references

#1252268 v2
107136-60623

through the lens of the relevant patent law, this Court has federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1338.

## II.    ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS THEREFORE PROPER.

Plaintiff contends that Defendants did not file all of the required documentation in this action, which is a completely false accusation as they were advised of by letter. (Miceli Decl., Ex. 1).  Had Plaintiff looked through all of the papers that it was served with or that were posted on the Electronic Docket, it would have discovered the Summons, Civil Cover Sheet, Notice of Case Assignment, Notice of Litigants/ADR Information Package, and Stipulation to Alternative Dispute Resolution Process which were filed in this matter.  (Not. Removal, Ex. A, Ex. 1).  Therefore, the only document that Plaintiff lists that is allegedly missing from the Notice of Removal is the Proof of Service.

When filing a Notice of Removal it requires that Advent file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. 1446(a). Not only was Advent served on October 3rd, not October 9th as Plaintiff contends, but the Proof of Service makes clear that Advent was only served with the above listed documents that it filed with this Court which did not include a Proof of Service.  (Miceli Decl. at 4 and Ex. 4, Proof of Service).

The Plaintiff's Proof of Service appears to have been created on October 9, 2007, and seems to have been faxed at 10:34 a.m. to Plaintiff's counsel.  See id.  Advent was never served with a copy of this document, and Plaintiff never alleged that it later served

#1252268 v2
107136-60623

this document on Advent.  (Thurlow Decl. ¶ 6).  Therefore, Advent has complied with all of the requirements of 28 U.S.C. § 1446.

Furthermore, the Proof of Service  is not the type of document that makes a Notice of Removal fatal such that remand is required.  Plaintiff asks that this Court take the position of the minority view by remanding this matter.  Young v. Cmty.  Assessment & Treatment Servs., 2007 WL 3340033, at *3 (N.D. Ohio Nov. 6, 2007); citing Kisor v. Collins, Jr. 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004); Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am., 2005 WL 1653629, * 4 (D. Or. July 6, 2005); Curry v. Royal Palm Sav. Ass'n, 713 F.Supp. 388, 389 (S.D. Fla. 1989). However, the minority view is improper because, as analyzed by the Sixth Circuit, the language of 28 U.S.C. § 1447, only requires a remand when the Court lacks subject jurisdiction.  Young, 2007 WL 3340033, at *4-5.  The first sentence of 28 U.S.C. § 1447 does not have such mandatory remand language with regard to non-jurisdictional defects such as are alleged here.  See id. at *3 ("[p]rocedural defects such as failure to attach a summons ... are not central to the district court's authority").

In rejecting the minority's interpretation of the removal statute, the Sixth Circuit based its decision  on a reading of the statutory language and the legislative history which favor giving a court discretion with regarding to how to handle procedural defects.  See id. at 3-5; citing Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp. 2d 1213, 1218 (D.Kan. 2005).  Similarly, this Court should apply the majority view to find that any failure to attach a document of this type is not fatal to a Notice of Removal. However, since Advent has attached all of the applicable documents, this analysis is simply not necessary.

#1252268 v2
107136-60623

**III.  REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO DECLINE JURISDICTION OVER THIS MATTER.**

Plaintiff attempts to argue that merely because all of the claims involve matters which are questions of state law, remand is proper, which simply has no foundation in law for support.  Rather, the whole point of diversity jurisdiction is to allow parties to enter into a federal court even when the action involves issues which are solely based on questions of state law involving citizens of different states with an amount in controversy over the amount set forth in 28 U.S.C. § 1332.

A court may only decline jurisdiction, which has been created under the CAFA, when the party seeking remand shows that one of the exceptions set forth in 28 U.S.C. § 1332(d) are met.  See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007) (party seeking remand bears the burden of proving the jurisdictional exceptions are met).  The exceptions were created so that "truly local " controversies remained in state courts.  See Kearns v. Ford Motor Co., 2005 U.S. Dist. LEXIS 41614, at *3-4 (C.D. Cal. Nov. 21, 2005).  However, not only is this controversy not a local issue, but Plaintiff has failed to meet its' burden of proof by showing that either 28 U.S.C. § 1332(d)(3) or 28 U.S.C. § 1332(d)(4) are applicable here.

**A.  Discretionary Remand is Not Required because 28 U.S.C. § 1332(d)(3) Does Not Apply in this Action.**

It is on information and belief, that all of the potential class members are citizens of the State of California whereas the primary defendants are not citizens of this state, thereby failing to satisfy the requirements for this Court to exercise its' discretionary right not to maintain jurisdiction.  Pursuant to 28 U.S.C. § 1332(d)(3), a court may decline to exercise jurisdiction over a matter "in which greater than one-third but less

19

than two-thirds of the members of all proposed plaintiff classes in the aggregate <u>and</u> the primary defendants are citizens of the State in which the action was originally filed ...." <u>See</u> 28 U.S.C. § 1332(d)(3) (emphasis added). From a review of the Complaint and as admitted in Plaintiff's memorandum in support of this motion, Plaintiff and the potential class members are citizens of the State of California. (Compl.; Pl.'s Br. Remand 19). Therefore, without providing more evidence to the contrary, this Court cannot assume that one-third of the potential class members might not be citizens of State of California. <u>See</u> <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at *22.

However, the Court need not make this determination since the primary defendants in this action are not citizens of the State of California as is required under 28 U.S.C. § 1332(d)(3). "[A] 'primary defendant' is any with direct liability to the plaintiffs." <u>See</u> <u>id.</u> at 26 (citations omitted). This would be the party who would expect "to incur most of the loss if liability is found ... [which includes] any person who has substantial exposure to significant portions of the proposed class in the action ...." <u>Hangarter v. Paul Revere Life Insurance Co.</u>, 2006 U.S. Dist. LEXIS 5295, at *8 (N.D. Cal. Jan. 26, 2006) (defining primary defendant for use in reviewing 28 U.S.C. § 1332(d)(5)).

The Complaint as drafted only seeks recovery against Advent and not the individual defendants. Furthermore, Advent was the company whom the potential class members paid for services to be performed under both the Phase One and Phase Two contractual agreements. (Thurlow Decl. ¶ 4). Therefore, this Court cannot conclude that all of the primary defendants are citizens of this state since Advent, the only primary defendant, is a citizen of the State of South Carolina. Since the initial requirements of 28 U.S.C. § 1332(d)(3) are not met, this Court need not look at the

20

totality of circumstances.  Even though Plaintiff jumped right to the analysis of looking at the totality of the circumstances, it failed to satisfy the initial requirement of showing that greater than one-third and less than two-thirds of the class members and the primary defendants were citizens of the State of California.  <u>See</u> 28 U.S.C. § 1332(d)(3). Therefore, this Court, in its' discretion, cannot refuse to maintain jurisdiction over this action since 28 U.S.C. § 1332(d)(3) does not apply.

### B.    **Mandatory Remand is not Required Under Either The Local Controversy or Home-State Controversy Exceptions Since Neither are Applicable in this Action.**

A court must decline jurisdiction over a matter pursuant to 28 U.S.C. §1332(d)(4) when either the local controversy or home-controversy exceptions are met.  However, neither exist in this case, for the reasons explained below, and therefore, remand is not required.

### 1.    <u>The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California.</u>

Remand is not necessary under the local controversy exception because Advent, a citizen of the State of South Carolina, is the only party whom Plaintiff seeks to recover significant relief from and whose conduct forms a significant basis for the claims. Pursuant to 28 U.S.C. § 1332(d)(4)(A), a court shall decline jurisdiction over a matter when "at least 1 defendant is a defendant … from whom significant relief is sought by members of the plaintiff class; … whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and … who is a citizen of the State in which the action was originally filed …."  In order to fall under this category, all three of the requirements must be met.  <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at * 30.  However,

Eiland is the only defendant who is a citizen of the State of California and the class as a whole is not seeking significant relief from him, but is only seeking this relief from Advent.

This case is similar to the one that was analyzed in <u>Kearns</u>. <u>See id.</u> at 34. There the court turned to the Committee Report which explained that a local agent of an insurance company, who were both named as defendants in a consumer fraud case, was not the party whom significant relief was sought. <u>See id.</u> Rather, when reviewing the relief sought by the class as a whole, it was true that the local agent may have had contact with some of the purported class members, but this would not make them a defendant whom significant relief was sought. <u>See id.</u> at 35. Similarly, Eiland is not the only representative who works out of Advent's California offices and therefore may have only dealt with a fraction of the potential class members. <u>See id.</u>; (Thurlow Decl. ¶ 3). Therefore, he is not the party whom significant relief is sought.

Eiland is also not the person whose conduct has formed a "significant basis" for the claims in this action. Rather a significant basis, as set forth in the very same Committee Report's review of the same consumer fraud case, found that the agent of the insurance company "would not be a person whose alleged conduct forms a significant basis for the claims asserted. At most, that agent would have been an isolated role player in the alleged scheme implemented ...." <u>Id.</u> at 36-37. Eiland's role was that of a representative of Advent who met with Waters. However, the Complaint claims that Advent's contracts did not contain the proper disclosures and that the Legal Protection Report was deficient. (Compl. ¶ 24-26). None of these documents were created by Eiland. (Thurlow Decl. ¶ 3). Rather, it is Advent and not Eiland's, allegedly wrongful conduct that forms a significant basis for the claims in this action.

#1252268 v2
107136-60623

The local controversy exception does not apply here. Advent, a citizen of South Carolina, and not California. Advent is the primary defendant from whom significant relief is sought and whose conduct forms the significant basis for the claims. Therefore, 28 U.S.C. § 1332(d)(4)(A) does not apply and remand is not appropriate.

2.    The Home-State Controversy Exception Does Not Apply
      Because the Party Whom Significant Relief is Sought is Not a
      Citizen of the State of California.

Remand is not appropriate under the home-state controversy exception because Advent is the only primary defendant and as discussed above, it is a citizen of the State of South Carolina. Pursuant to 28 U.S.C. § 1332(d)(4)(B), a district court shall not exercise jurisdiction over a matter when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, <u>and</u> the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). As discussed above, a primary defendant is one who is either directly liable or has played a main role in the dispute. <u>See</u> <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at *26. Since Advent, the primary defendant, is not a citizen of the State of California, the home state controversy exception will not apply. <u>See</u> <u>id.</u> at 28. Therefore, remand in this matter is not appropriate since Plaintiff's cannot meet their burden of showing that this exception applies here.

#1252268 v2
107136-60623

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand and deny Plaintiff's request for attorneys' fees.

Respectfully submitted,

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
Attorneys for Defendants
Advent Product Development, Inc., Denice
Thurlow, and Alphonso Eiland

DATED: December 14, 2007          By: ___s/ A. Kipp Williams___
                                        A. Kipp Williams

Of Counsel:

David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

#1252268 v2
107136-60623

Exhibit 2

Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Of Counsel:
David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>*Document electronically filed.*<br><br>**DECLARATION OF CARRIE A. LONGSTAFF, ESQ. IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

1.     I, Carrie A. Longstaff, am an attorney with the law firm of Gibbons

P.C. and am admitted *pro hac vice* to practice before this Court in the above

captioned action. I hereby make this Declaration in support of Defendants' Opposition to Plaintiff's Motion to Remand this matter.

2.       It is based on information and belief, and Exhibit A attached hereto, that the Plaintiff, Mathew Waters, is a citizen of the State of California and of the United States and is an individual residing and domiciled at 4777 Orten Street, San Diego, California 92110.

3.       Attached hereto as Exhibit A is a true and correct copy of a [REDACTED] Accurint Finder Report on Plaintiff Mathew Waters.

4.       Attached hereto as Exhibit B is a true and correct copy of a letter dated November 19, 2007.


I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.


BY: _____
                Carrie A. Longstaff

Dated: December 14, 2007
          Newark, New Jersey


2

Exhibit A

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

## Finder Report

Date: 12/13/07
Reference Code: 107136-60623-

| Subject Information | AKAs (Names Associated with Subject) |
|---|---|
| Name: MATTHEW A WATERS<br>Age:<br>SSN:        issued in **California**<br>between **01/01/1984** and **12/31/1985** | MATT WATERS<br>DOB:        Age:        SSN: |

## Address Summary ( ✔ - Probable Current Address)

4777 ORTEN ST, SAN DIEGO CA 92110-1322, SAN DIEGO COUNTY (Sep 1996 - Nov 2007)

817 PORTSMOUTH CT, SAN DIEGO CA 92109-7215, SAN DIEGO COUNTY (Apr 1993)

4981 CATOCTIN DR APT 113, SAN DIEGO CA 92115-2647, SAN DIEGO COUNTY (Sep 1992 - Dec 1992)

4936 SKY PARK WAY, SACRAMENTO CA 95823, SACRAMENTO COUNTY (Dec 1991)

## Phone Summary

**Phones at Address:**

**Previous Phones:**                    REDACTED

**Neighbor Phones:**

## Previous Phone Numbers

| 1st Degree Relatives Phones | 2nd Degree Relatives Phones |
|---|---|
| [No Data Available] | [No Data Available] |
| **Neighbor Phones** | **Possible Associates Phones** |
| | [No Data Available] |

Exhibit B

# BLANCHARD, KRASNER & FRENCH

TELEPHONE: (858) 551-2440
FACSIMILE: (858) 551-2434
E-MAIL: bkf@bkflaw.com
WEB: http://www.bkflaw.com

A PROFESSIONAL CORPORATION

800 SILVERADO STREET, SECOND FLOOR
LA JOLLA, CALIFORNIA 92037

ALAN W. FRENCH
(Deceased)

November 19, 2007

_VIA U.S. MAIL_

Ms. Alison M. Miceli, Esq.
Sullivan & Christiani LLP
2330 Third Avenue
San Diego, CA 92101

      Re:     _Waters v. Advent, et al._
               Case No.: 37-2007-00075223-CU-FR-CTL
               Our File No.: 1984-010

Dear Ms. Miceli:

      This letter is being written in further response to your correspondence of November 8, 2007, and November 9, 2007, as well as our meet-and-confer telephone conference. Although it is your position that this matter does not belong in federal court, there can be little doubt that federal jurisdiction is proper. Not only does the amount in controversy under the Class Action Fairness Act exceed $5,000,000, but there is also an underlying federal question pursuant to 28 U.S.C. § 1331 mandating that a federal court resolve this dispute.

      Pursuant to 28 U.S.C. § 1338, a district court has exclusive jurisdiction over issues of patent law. Similarly, as has been made clear by the Federal Circuit, a party who sets forth a state-based claim requiring the resolution of an issue of patent law will result in exclusive federal jurisdiction over the matter. See _Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P._, 2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007); _Immunocept, LLC v. Fulbright & Jaworski, LLP_, 2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007).

      Here, Mathew Waters (hereinafter "Plaintiff" or "Waters") has set forth state-based claims which require the resolution of issues of patent law. Although Waters' claims for relief are based in fraud, it is alleged that the fraud stems from a misleading legal protection report which failed to disclose relevant prior art. In order to evaluate these claims, a court will need to review Plaintiff's invention and the allegedly invalidating prior art to determine whether this invention was novel and not barred by 35 U.S.C. § 102, or not obvious under 35 U.S.C. § 103.

      The court, in needing to review and make determinations under patent law, leaves no doubt that this case involves a federal question which requires this action stay before a federal court having exclusive jurisdiction. Federal subject matter jurisdiction is not waivable and may be raised at any time. See _Miguel v. Country Funding Corp_, 309 F.3d 1161, 1163 (9th Cir. 2 002); citing _United States v. Hays_, 515 U.S. 737, 742 (1995).

Ms. Alison Miceli
Sullivan & Christiani
November 19, 2007
Page 2 of 2

As stated in my letter of November 13, 2007, if you still believe that your arguments form a basis for remand of this matter, then you should proceed with the filing of a motion. We will not withdraw our Notice of Removal for the above stated reasons, as well as those previously set forth.

Should you have any questions or concerns regarding the above or the enclosed documents, please do not hesitate to contact me at (858) 551-2440.

Sincerely,

A. Kipp Williams, Esq. for
Blanchard, Krasner & French

AKW/mew

Exhibit 3

Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Of Counsel:
David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>***Document electronically filed.***<br><br>**DECLARATION OF DENICE THURLOW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

1.    I, Denice Thurlow, am an individually named Defendant in the above captioned matter and am also the President of Advent Product Development, Inc.

("Advent"). I hereby make this Declaration in support of Defendants' Opposition to Plaintiff's Motion to Remand this matter.

2.    I am a citizen of the State of California and of the United States and an individual residing and domiciled at 541 Drake Lane, Surfside Beach, South Carolina 29575. My permanent home, where I intend to remain, is located in Surfside Beach, South Carolina.

3.    Advent has three offices in California with various representatives located at each of these offices. Alphonso Eiland, a representative of Advent who works solely out of Advent's San Diego, California office, has no involvement in the creation of Advent's contractual agreements or the creation of the Legal Protection Reports.

4.    Plaintiff Mathew Waters (hereinafter "Waters") contracted with Advent under the Product Profile Agreement thereby paying $1,190.00 to Advent. Then Waters contracted with Advent under the Representation Agreement for $9,240.00. At the time of entering into this Representation Agreement, Waters paid a deposit of $4,000.00 to Advent and signed a promissory note and security agreement for the remaining balance of $5,240.00. The promissory note and security agreement is with a third party financing company.

5.    Waters, like all the potential plaintiffs in this matter, has paid Advent in full for both the Product Profile Agreement and Representation Agreement.

6.    On October 3, 2007, Advent was served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice to Litigants/ADR Information Package and Stipulation to Alternative Dispute

2

Resolution Process. Advent has never been served with a copy of a document titled Proof of Service.

7.    Attached hereto as Exhibit A is a true and correct copy of Advent's web site listing Advent's office locations.

8.    Attached hereto as Exhibit B is a true and correct copy of the Promissory Note and Security Agreement.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

BY: _Denice Thurlow_____
          Denice Thurlow

Dated: December _14_, 2007
          Pawleys Island, South Carolina

3

Exhibit A





HOME | SERVICES | PRODUCT CATALOG | TRADE SHOWS | LOCATIONS

ADVENT PRODUCT DEVELOPMENT

# Advent Product Development Locations

**The first step is EASY! We'll arrange for you to meet with a representative in one of our regional offices closest to you for a free no-obligation consultation!**

ARIZONA:
PHOENIX

FLORIDA:
TAMPA

NEW JERSEY:
EDISON

SOUTH CAROLINA:
PAWLEYS ISLAND

CALIFORNIA:
COSTA MESA
LOS ANGELES

ILLINOIS:
CHICAGO

NEW YORK:
MANHATTAN

TEXAS:
HOUSTON

Get your **FREE** inventors kit now!

Call today:
**800.255.9500** or
Click here to get started today!

## INVENTION HISTORY

- 1900s Technology
- Who invented this?
- Ancient Inventions
- Greatest Inventions
- Hall of Fame

SAN DIEGO        MARYLAND:        PENNSYLVANIA:
                 BALTIMORE        PHILADELPHIA

©2006 Advent Product Development  |  Site Map  |  Regional Offices                    Email Us Today!

Exhibit B

# PROMISSORY NOTE AND SECURITY AGREEMENT CONTRACT

| Purchase Date | Account Number |
|---|---|
| 8/31 | 21198.23 |

**NAME** Matthew Waters

**Description of Services** APDS

**ADDRESS** 4777 Orten St.

Representation Services

**CITY** San Diego, Ca 92110

And Patent Application

**STATE**
619-276-4614

180 Days Same As Cash

**ZIP**

**TELEPHONE - DAY**
619-843-9223

**TELEPHONE - EVENING**

### TERMS OF NOTE

| | | |
|---|---|---|
| 1. SERVICE AMOUNT | $ | 9,240.00 |
| 2. TOTAL DOWN PAYMENT | $ | 4000.00 |
| 3. UNPAID BALANCE (1 MINUS 2) | $ | 5,240.00 |
| 4. BALANCE DUE ON PRIOR NOTE | $ | 0 |
| 5. NOTE ORIGINATION FEE | $ | 75.00 ~~75.00~~ |
| 6. AMOUNT FINANCED (3+4+5) | $ | 5,315.00 |
| 7. FINANCE CHARGE ANNUAL PERCENTAGE RATE 18% | | 1054.29 |
| 8. TOTAL OF PAYMENTS AMOUNT PAID AFTER ALL PAYMENTS ARE MADE | | 6,373.29 |

**SOCIAL SECURITY NUMBER**

This contract is being serviced by:

TRIAD RESOURCES, INC.
PMB #12
742 MINK AVENUE
MURRELLS INLET, SC 29576

**SECURITY:** YOU ARE GIVING A SECURITY INTEREST IN THE GOODS OR PROPERTY BEING PURCHASED.

**PREPAYMENT:** IF YOU PAY OFF EARLY, YOU MAY BE ENTITLED TO A REFUND FOR PART OF THE FINANCE CHARGE.

**LATE CHARGE:** IF PAYMENT IS LATE (10 DAYS) A 10% LATE CHARGE WILL BE ADDED.

| NO. OF PMTS | MONTHLY PAYMENT AMOUNT | DUE DATE |
|---|---|---|
| 24 | 265.62 | 10/16/06 |

For value received, the undersigned promise to pay to the order of Triad Resources, Inc. PMB #12, at 742 Mink Avenue, Murrells Inlet, South Carolina 29576 or at such other places or to other party or parties as the holder of this note may from time to time designate, the principal sum above with interest thereon from the date hereof at the rate of eighteen (18%) per annum. Beginning the first due day above and each month thereafter, the undersigned shall make payments of principal and interest in the amount sufficient to repay all principal and interest over the period of months stated above. Monthly payments shall be applied first to late charges, if any, then to accrued interest and then to principal.

All installments of principal and all interest are payable in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment; and in the event (a) the undersigned fails to make a payment of any interest hereinafter provided for, or in the payment of any installments of principal and interest or any other sums payable pursuant to the terms of this Note, nor (e) of the filing of a petition by the undersigned under the provisions of any state insolvency law or under the provisions of the Federal Bankruptcy Code or the filing of such a petition against the undersigned and such petition is not dismissed within sixty (60) days after its filing, or (b) of any assignment by the undersigned for the benefits of its creditors, then or at any time thereafter, at the option of the holder of this Note, the whole of the principal sum then remaining unpaid hereunder together with all interest accrued thereon, shall immediately become due and payable without notice. From and after the maturity of this Note either according to its terms or as the result of a declaration of maturity, the entire principal remaining unpaid hereunder shall become due and owing and there shall be no automatic reduction to the highest lawful rate as to any maker hereof barred by law from availing itself in any action or proceeding of the defense of usury, or any maker barred or exempted from the operation of any law limiting the amount of interest that may be paid for the loan or use of money, or in the event this transaction, because of its amount or purpose or for any other reason is exempt from the operation of any statute limiting the amount of interest that may be paid for the loan for use of money. Failure to exercise such option or any other rights the holders may in the event of such default be entitled to, shall not constitute a waiver of the right to exercise such option or any other rights in the event of any subsequent default, whether of the same or different nature.

If this Note is placed in the hands of an attorney for collection or is collected through any legal proceedings, the undersigned promise to pay, to the extent permitted by law, all costs and reasonable attorney's fees.

The holder may collect a "late charge" of ten percent (10%) of any installment which is not paid within ten (10) days of the due date thereof, to cover the extra expense involved in handling delinquent payments; provided that collection of said late charge shall not be deemed a waiver by the holder of any of his other rights under this Note.

The undersigned and any endorsers, guarantors and all persons liable or to become liable on this Note waive presentment, protest and demand, notice of protest, demand and dishonor on nonpayment of this Note, and consent to any and all renewals and extensions of the time of payment hereof, and agrees, further, that at any time and from time to time without notice, the terms of payment herein may be modified, changed or exchanged by agreement between the holders hereof and the Borrowers without in any way affecting the liability of any party to this instrument of any person liable with respect to any indebtedness evidenced hereby.

None of the rights and remedies of the holder hereunder are to be waived or changed by failure of delay to exercise them. All remedies conferred on a holder by this Note or any other instrument or agreement shall be cumulative, and nonexclusive. Such remedies may be concurrently or consecutively at the holder's option. This Note may be prepaid in whole or in part at any time without penalty. Any partial prepayment shall be made upon prior written notice to the holder of this Note. This is a commercial loan made for business purpose and not for personal, family or household purposes.

This Note shall be governed as to validity, interpretation, construction, effect, and in all other respects by the laws and decisions of the State of South Carolina. Wherever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note or portion thereof shall be prohibited by or be invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

The undersigned hereby directs Triad Resources, Inc., its successors and/or assigns to remit the amount indicated in line 6 above, payable to the order of the organization or other service provider named by the attached contract or agreement.

WITNESS our hand(s) and seal(s) the date first written above.

_____   _____
Witness                    Borrower

8/23/06
_____   _____
Date                       Co-Borrower

Exhibit 4

Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Of Counsel:
David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>*Document electronically filed.*<br><br>**DECLARATION OF ALPHONSO EILAND IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

1.     I, Alphonso Eiland, am an individually named Defendant in the above captioned matter.  I hereby make this Declaration in support of Defendants'

Opposition to Plaintiff's Motion to Remand this matter.

2.    I am a citizen of the State of California and of the United States and an individual residing and domiciled at 3741 52nd Street #A, San Diego, California 92105.  My permanent home, where I intend to remain, is located in San Diego, California.


I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

BY _____
Alphonso Eiland

Dated: December 12, 2007
       San Diego, California

2