Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Of Counsel:
David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>*Document electronically filed.*<br><br>**DECLARATION OF CARRIE A. LONGSTAFF, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF REMOVAL** |

1.    I, Carrie A. Longstaff, am an attorney with the law firm of Gibbons

P.C. and am admitted *pro hac vice* to practice before this Court in the above

captioned action. I hereby make this Declaration in support of Defendants' motion for leave to file an amended notice of removal.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the [Proposed] Amended Notice of Removal.


I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.


BY: _____
                Carrie A. Longstaff

Dated: December 14, 2007
          Newark, New Jersey

#1252862 v1
107136-60623

Exhibit 1

Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, | Civil Action No.: 07-cv-2089 (BTM)(LSP) |
| Plaintiff, | **[PROPOSED] AMENDED NOTICE OF REMOVAL** |
| v. | (Removal from the Superior Court of the State of California, County of San Diego, Case No. 37-2007-00075223-CU-FR-CTL) |
| ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive, | |
| Defendants. | |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

      **PLEASE TAKE NOTICE** that Defendants Advent Product Development, Inc.

(hereinafter "Advent"), Denice Thurlow (hereinafter "Thurlow"), and Alphonso Eiland

(hereinafter "Eiland") hereby file this Notice of Removal of the above-captioned action

from the Superior Court of the State of California, County of San Diego, Docket No. 37-

2007-00075223-CU-FR-CTL, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of the facts set forth below:

## BACKGROUND:

1.      On or about September 18, 2007, Plaintiff Matthew Waters, individually and on behalf of other members of the general public similarly situated, filed a class action complaint pursuant to the Code of Civil Procedure Sections 382 and 1781(a) in the Superior Court of the State of California, County of San Diego against the defendants.  The matter was assigned case number 37-2007-00075223-CU-FR-CTL.  A true and complete of all pleadings are attached hereto as Exhibit A.

2.      Service of the Summons and Complaint was effectuated on Advent on or about October 3, 2007 at Advent's office in San Diego, California.

3.      To date, neither Thurlow or Eiland have been served with a copy of the Summons and Complaint in accordance with the Federal Rules of Civil Procedure.

4.      As set forth in the Complaint, this action was brought pursuant to the California Code of Civil Procedure, Section 382 seeking relief under the California Consumers Legal Remedies Act, the California Business and Professions Code and for fraud.  This class action has been brought by Plaintiff "on behalf of approximately 800 current and/or former claimants …."

5.      The Complaint alleges that  Plaintiff entered into a Phase I agreement with Advent whereby paying $1,190.00 in order to receive a "Legal Protection Report." It is alleged that based upon this Legal Protection Report, Plaintiff proceeded to enter into a "Phase II" contract with Advent for $9,240.00.  Per the Complaint, Plaintiff

2

contends that the Legal Protection Report was deficient and erroneous which induced Plaintiff into entering into a "Phase II" contract with Advent.

6.      The Complaint alleges that Plaintiff's claims are typical of the claims of all other class members in that the contracts and supporting documents received, signed and executed by Plaintiff are "identical to those received by the remaining Class members." (Exhibit A, Compl. ¶ 17).

## JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

7.      Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (CAFA) since the Complaint purports to be a class action, there is diversity of citizenship under CAFA, and the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

8.      This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which allows the defendant or defendants to remove any civil action brought in a state court over which the District Courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where such action is pending.

## DIVERSITY OF THE PARTIES

9.      Upon information and belief, and based upon the allegations set forth in its Complaint, Plaintiff Mathew Waters is a citizen of State of California, and an individual, residing at 4777 Orten Street, San Diego, California 92110. See Exhibit A.

3

10.     Defendant Advent is a domestic corporation organized and existing under the laws of the State of South Carolina having its principal place of business at 313 Commerce Drive, Pawleys Island, South Carolina, 29585.  For the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Advent is a citizen of the State of South Carolina.

11.     Defendant Denice Thurlow is a citizen of State of South Carolina, and an individual, residing at 541 Drake Lane, Surfside Beach, South Carolina 29575.

12.     Defendant Alphonso Eiland is a citizen of State of California, and an individual, residing in 3741 52nd Street #A, San Diego, California 92105.

### AMOUNT IN CONTROVERSY

13.     Plaintiff's Complaint alleges that Plaintiff entered into a "Phase I" contract with Defendant Advent for the sum of $1,190, was then fraudulently induced to enter into a "Phase II" contract with Defendant Advent for the total sum of $9,240, that Defendant failed to perform, and Plaintiff has been damaged thereby.  (Exhibit A, Compl. ¶ 24-26).  As noted, Plaintiff alleges that all 800 class members entered identical contracts and were similarly damaged. (Exhibit A, Compl. ¶ 17, 26).  Based on the alleged contract damages alone to each class member as noted above, the claimed amount in controversy would be well over the statutory minimum of $5,000,000 exclusive of interest and costs.

14.     In addition to the foregoing contract damages claimed, Plaintiff's Complaint seeks substantial additional damages under the California Consumers Legal Remedies Act (CLRA), California Civil Code § 1770, specifically seeking an award

4

of actual damages for all class members, that all senior citizens and disabled persons of the class receive an additional $5000 pursuant to the California Civil Code § 1780(b), and for an award of attorneys' fees and costs pursuant to the California Civil Code § 1780(d).

15.     In addition, the second count of Plaintiff's Complaint seeks relief for a violation of the California Business and Professions Code, Chapter 17, Invention Development Services Contracts, specifically seeking an award of $3000 or treble the actual damages per class member pursuant to Cal Bus & Prof Code § 22386.

16.     Should this Court chose to award treble the alleged actual damages stated by Plaintiff to be, at a minimum, Plaintiff's contract damages of $9,240, and the same amount for all of the 800 class members, again the amount in controversy will be well over $5,000,000 exclusive of interest and costs.

17.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) for the reasons set forth above in Paragraphs 8-17 because this matter is a class action, the matter in controversy exceeds $5,000,000, and plaintiff is a citizen of a different state from at least one of the defendants.

18.     Upon information and belief, the Court would not be required to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4) because that section would not be applicable given the facts pled in the Complaint. Specifically, Advent is the only primary Defendant from whom significant relief is sought, whose alleged conduct

5

forms a significant basis for the claims asserted by the proposed plaintiff class, and Defendant Advent is not a citizen of the State of California. <u>See</u> 28 U.S.C. § 1332(d)(4).

19.     This court has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

<u>**REMOVAL REQUIREMENTS SATISFIED**</u>

20.     This Notice of Removal is being filed within thirty days after Defendants first received a copy of the Complaint, through service or otherwise pursuant to 28 U.S.C. § 1446.

21.     As of this date, no Defendants have filed a responsive pleading in the action commenced in the Superior Court of the State of California, County of San Diego, and no other proceedings have transpired in the state court action.

22.     This Notice of Removal is being filed in the United States District Court for the Southern District of California, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

23.     Based upon Plaintiff having filed its Complaint in the Superior Court of California, County of San Diego, the United States District Court for the Southern District of California in San Diego is the appropriate forum for this case.

24.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California, County of San Diego, in the form attached hereto as Exhibit B.

#1252841 v1
107136-60623

25.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants respectfully requests that this action be duly removed to this Court and that it proceed herein.

By: _____

Dated:_____, 2007      A. Kipp Williams
        La Jolla, California      **BLANCHARD, KRASNER & FRENCH**
                                  800 Silverado Street, Second Floor
                                  La Jolla, California 92037
                                  Telephone: (858) 551-2440
                                  Facsimile: (858) 551-2434

                                  *Attorneys for Defendants*
                                  *Advent Product Development, Inc., Denice*
                                  *Thurlow, and Alphonso Eiland*

7

# EXHIBIT A

1  William B. Sullivan [CSB No. 171637]
2  Eric J. Palmer [CSB No. 231207]
   **SULLIVAN & CHRISTIANI, LLP**
3  2330 Third Avenue
   San Diego, California 92101
4  (619) 702-6760 * (619) 702-6761 FAX

5  Attorneys for Plaintiff MATTHEW WATERS, individually,
   as Business & Professions Code section 17200 representative
6  claimant, and as Class claimant

7

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                          **COUNTY OF SAN DIEGO**

11  MATTHEW WATERS, individually and on )   CASE NO.   **37-2007-00075223-CU-FR-CTL**
    behalf of other members of the general public )
12  similarly situated,                        )   **(CLASS ACTION)**
                                               )
13                    Plaintiff,                )   **COMPLAINT FOR:**
                                               )
14  v.                                         )   **1. Violation of California Consumers Legal**
                                               )      **Remedies Act;**
15  ADVENT PRODUCT DEVELOPMENT, )      **2. Violation of Business and Professions**
    INC., a South Carolina Corporation; DENISE )      **Code; and**
16  THURLOW, ALPHONSO EILAND and )      **3. Fraud**
    DOES 1 through 50, inclusive.              )
17                                             )
                    Defendants                 )
18                                             )
                                               )
19

20      COMES NOW Plaintiff MATTHEW WATERS, (hereinafter "Plaintiff"), and alleges for his

21  Complaint as follows:

22  1.    This Court has jurisdiction over this matter in that all parties are residents of the State of

23        California and the amount in controversy exceeds the statutory minimum limit of this Court. This

24        class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The

25        monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of

26        the Superior Court and will be established according to proof at trial.  The monetary damages

27        sought on behalf of each and every member of the class and as aggregate class damages exceed

28        those jurisdictional limits as well.  However, the claims of individual class members, including

          Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court. Furthermore, there

is no federal question at issue, as Business and Professions Code protections and remedies related thereto are based solely on California Law and Statutes.

2. Venue is proper before this Court in that some or all of the events, acts and happenings as alleged herein occurred within the jurisdiction of the above-entitled court.

3. Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's injuries occurred in San Diego County in the State of California.

4. At all relevant times herein, Plaintiff MATTHEW WATERS (Hereinafter "Plaintiff") was and is an individual residing in San Diego County in the State of California.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ADVENT PRODUCT DEVELOPMENT, INC. (hereinafter "ADVENT"), was and is a South Carolina Corporation doing business in San Diego County, and other counties, State of California.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant DENISE THURLOW (hereinafter "THURLOW"), was and is residing and doing business in San Diego County.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ALPHONSO EILAND (hereinafter "EILAND"), was and is residing and doing business in San Diego County.

8. Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

1   act or omission was also done and committed by each and every Defendant named as a DOE,

2   both separately and in concert or conspiracy with the named Defendant or Defendants.

3   10. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

4   including DOES 1 through 50, are, and at all times herein mentioned were, either individuals,

5   sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal

6   entities which were licensed to do and/or were doing business in the County of San Diego, State

7   of California at all times relevant to the subject matter of this action.

8   ## CLASS ACTION ALLEGATIONS

9   11. As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable

10  class and a well-defined community of interest among the class members. Code of Civil

11  Procedure Sections 382 and 1781(a); Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 426,

12  470.

13  12. Plaintiff brings this action on behalf of himself and other members in the class whose number

14  is believed to be approximately 800 members.

15  13. The approximately 800 member class is ascertainable via their experience as present or past

16  "Customers," as defined by California Business and Professions Code section 22371(b), of the

17  Defendant(s), who acted as "Invention developers," as defined by California Business and

18  Professions Code section 22371(d.). The approximately 800 member class is also ascertainable

19  via the experience as "consumers," as defined pursuant to California Civil Code section 1761(c).

20  14. The class members share a community of interest and an injury in fact as Defendants have

21  violated California laws, thereby depriving the class members of money earned by Plaintiffs, and

22  illegally gained by Defendant(s.)

23  15. This action involves questions of law and fact common to the class Plaintiff represents which

24  predominate over questions affecting only individual members, including for example, and

25  among other issues, the following:

26  A.  In soliciting and entering into multiple contracts with the Class Members, and thereafter

27  performing deficiently, Defendant(s) uniformly and consistently violated multiple

28  California statutes, including various Sections of California Business and Professions

    Code, each of which (in an individual sense) has damaged Plaintiff and the Class

Members;

B.     Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.     Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

D.     Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

E.     Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

F.     The activities promised to be performed by Defendants constitute "services," pursuant to California Civil Code section 1761(b).

16.   The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impractical. Plaintiff is bringing this action on behalf of approximately 800 current and/or former claimants who share a common or general interest, and it would be impracticable for those current or former employees to bring the action individually.

17.   Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. The Contracts and supporting documents received, signed and executed by Plaintiff are identical to those received by the remaining Class members.

18.   Plaintiff can fairly and adequately protect the interests of all the members of the class he is

Z:\Data\6330\pleadings\complaint.wpd

representing in this action. Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

19. Plaintiff has satisfied the three prong "community of interest" requirement in California Code of Civil Procedure Section 382. Specifically, and as set forth above, (a) this action involves predominant common questions of law and fact in that Plaintiff brings this action on behalf of the approximately 800 member class who were denied the statutory protections of California Business and Professions Code, Chapter 17, and (separately) were defrauded by Defendant(s); (b) Plaintiff's claims and damages are typical of the class Plaintiff represents in that, as mentioned above, Plaintiff seeks on behalf of himself and the class members he represents statutory and common law protections and remedies; and (c) Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

## FACTUAL BACKGROUND

20. In or about April 2006, Plaintiff responded to a radio solicitation, created by Defendant ADVENT, that offered assistance to the general public, and specifically prospective inventors, in obtaining legal protection for their inventions, and marketing assistance once legal protection had been obtained.

21. Plaintiff subsequently met with employee representatives of Defendant ADVENT, notably Defendants THURLOW and EILAND, in San Diego County. At that time, Plaintiff was given several written advertisements by the representatives, and was informed that such advertisements were uniformly given to all of Defendant(s) potential clients.

22. At the same initial meeting, Plaintiff was informed that Defendants had a long history of successfully representing inventors, placing said inventions on the market, and making their inventor clients money. Upon an initial review of Plaintiff's proposed invention, Plaintiff was informed by Defendant(s) that his proposal had a great chance of success, and that Plaintiff would need to sign a contract in order for further services to be performed.

23. Plaintiff was informed by Defendant(s) that the standard policy of Defendant(s) was that Plaintiff would be required to enter into a "Phase I" Contract, in which an initial "patent search" would

be performed, and a "legal opinion" would be provided to Plaintiff. If the "patent search" showed that the proposed invention was not "covered" by an existing patent, and had a good chance of obtaining a patent, Plaintiff would be allowed to enter into a "Phase II" contract, in which further services, including a "patent application," and marketing of the proposed product, would be performed. The "Phase II" contract required a separate, and much larger, payment from Plaintiff.

24. Plaintiff signed the "Phase I" contract, and provided a sum of $1,190.00 to Defendant(s). In or about May, 2006, Plaintiff received a "Legal Protection Report" from Defendant(s). While lengthy, and full of ambiguous language, the "Legal Protection Report" recommended that Plaintiff proceed further, and file a "patent application," for an extra, and larger, fee.

25. Relying on the recommendation and information within the "Legal Protection Report," Plaintiff was induced to enter into the "Phase II" contract with Defendants. In return for the services promised within the "Phase II" contract, Plaintiff was required to provide Defendant(s) a sum total of $9,240.00. Plaintiff did enter into the "Phase II" contract, and did begin to make the required payments.

26. Defendant(s) failed to perform the contracts as statutorily, contractually and legally required. Plaintiff and all Class Members have been damaged as a result.

27. In or about April, 2007, Plaintiff - after becoming frustrated by the lack of diligence and contractual compliance by Defendant(s) - first learned that the "Legal Protection Report" provided by the Defendant(s) was incomplete, deficient and erroneous. To wit, while the "Legal Protection Report" provided a small grouping of existing patents that may have impacted Plaintiff's rights, subsequent investigation by Plaintiff showed that at least 4 separate patents were so closely related to Plaintiff's idea that patent protection could not have been obtained. Notably, the 4 separate patents were obtained within 1 hour of the start of Plaintiff's subsequent informal investigation, but were not included, or referenced, within the "Legal Protection Report" provided by the Defendant(s).

28. If the 4 separate patents had been disclosed to Plaintiff at the conclusion of the "Phase I" investigation, Plaintiff would not have entered into the "Phase II" process. Plaintiff is informed and believes that Defendant(s) failed to disclose the information in a blatant attempt procure the compensation paid by Plaintiff in the "Phase II" process.

Z:\Data\6330\pleadings\complaint.wpd

## FIRST CAUSE OF ACTION
### VIOLATION OF CONSUMER LEGAL REMEDIES ACT
### (Class Action - Against ADVENT PRODUCT DEVELOPMENT, INC. and DOES 1-5)

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 above, as though fully set forth herein.

30. Plaintiff and all proposed Class Members are and were "consumers," as defined pursuant to California Civil Code section 1761( c).

31. The functions Defendant ADVENT promised to perform for the Class Members were "services" as defined by California Civil Code section 1761(b).

32. California Civil Code section 1760 specifically states: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

33. The California Consumers Legal Remedies Act (Hereinafter "CLRA"), and specifically California Civil Code section 1770(5) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided had approval, characteristics, uses and benefits which the services did not have.

34. The CLRA, and specifically California Civil Code section 1770(7) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided were of a particular standard, quality or grade, when they were of another.

35. The CLRA, and specifically California Civil Code section 1770(14) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve,

7

or which are prohibited by law." Defendant ADVENT violated this section by representing, to the Class Members, that the transaction between themselves and each of the Class Members involved rights, remedies and obligations which the transaction did not have or involve. Additionally, several of the rights, remedies and obligations were prohibited by law.

36. The CLRA, and specifically California Civil Code section 1770(16) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Defendant ADVENT violated this section by representing, to the Class Members, that the transaction between them had been supplied in accordance with a previous representation when it had not.

37. The CLRA, and specifically California Civil Code section 1770(19) states that the following acts are unfair and thus actionable, and prohibits, in pertinent part, the following: "Inserting an unconscionable provision in a contract." Defendant ADVENT violated this section by inserting into the contracts, signed by the Class Members, multiple unconscionable provisions.

38. At least 35 days prior to the filing of this lawsuit, Plaintiff provided Defendant ADVENT with Notice and a demand to correct, pursuant to California Civil Code section 1782. Copies and proof of Certified Mailings are attached hereto as Exhibit "A."

39. As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for compensatory damages in an amount to be proven.

**SECOND CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE**
**(Class Action - Against All Defendants)**

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 above, as though fully set forth herein.

41. At all times relevant, Plaintiff and all Class Members were and are "Customers" as defined by California Business and Professions Code section 22371(b).

42. At all times relevant, Defendant(s) were and are "Invention developers" as defined by California Business and Professions Code section 22371(d).

8

43. Plaintiff and all Class Members entered into "Contracts for invention development services" - as defined by California Business and Professions Code section 22371(a) - whereby Defendant(s) were to perform "Invention developments services," as defined by California Business and Professions Code section 22371(e).

44. California Business and Professions Code, Chapter 17 governs, regulates and controls the performance of any and all services performed by "Invention developers" - as defined by California Business and Professions Code section 22371(d) - within the State of California. Pursuant to California Business and Professions Code section 22370 "the purpose of this chapter is to safeguard the public against fraud, deceit, imposition, and financial hardship...by prohibiting or restricting false or misleading advertising, onerous contract terms, harmful financial practices and other unfair, dishonest, deceptive destructive, unscrupulous, fraudulent and discriminatory practices by which the public has been injured..."

45. Throughout the relevant time period, Defendant(s) had a customary pattern and practice in entering into contractual relationships with Customers. To wit, Defendant(s) would solicit each Plaintiff Class Member to enter into a "Phase I" Contract, whereby Defendant(s) would promise to perform a subsequent "patent search" and provide a "legal opinion" for a set fee. As more specifically set forth below, the "Phase I" duties of Defendant(s) were fraudulently represented and improperly performed. However, and regardless of the above, Defendant(s) would thereafter demand a separate "Phase II" Contract for further services.

46. In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, each of which (in an individual sense) have damaged the Plaintiff Class Members. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including for example, and among other issues, the following:

   A. Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were

9

deprived of this statutory right, and have been damaged therefrom;

B.   Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.   Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

D.   Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

47.   As a result of each and every Business and Professions Code violation committed by Defendant(s), Plaintiff and the Class Members have been damaged.

48.   As mentioned in this Complaint, Plaintiff is a direct victim of Defendants' illegal business acts and practices referenced herein pursuant to Business and Professions Code Section 17204, and has lost money as a result of such practices, and is suing both in his individual capacity and on behalf of other members who share a common or general interest in the damages as a result of the illegal practices of Defendants.

49.   The approximately 800 member class is ascertainable via their experience of Defendants' illegalities. The members share a community of interest, and an injury in fact, as Defendants have violated various sections of California Business and Professions Code of which the class members were victims, thereby damaging the class members in an amount to be proven. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

50.   Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of interest, pursuant to Business and Professions Code Section 17203 and Code of Civil Procedure Section 382, who share a common or general interest in the damages as a result of the above-

referenced illegal business acts and practices of Defendants.

51. California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business acts or practices.

52. Plaintiff's allegations herein are all based upon the business acts and practices of Defendants.

53. Defendants' acts and practices as described herein above are unlawful, in that they violate California Business and Professions Code.

54. As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for restitution and injunctive damages in an amount to be proven.

55. Plaintiff is informed and believes, and on that basis alleges, that the unlawful business practices alleged above are continuing in nature and are widespread practices engaged by Defendants.

56. On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein.

57. On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages in an amount to be proven.

58. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION
### FRAUD
### (Individual Claim, Against All Defendants)

59. Plaintiff hereby incorporates by reference paragraphs 1 through 58 above, as though fully set forth herein.

60. Both before and during the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and intentional omissions to Plaintiff in an attempt to secure Plaintiff's execution of the contracts, and the subsequent financial obligations. Following the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and omissions to Plaintiff in an attempt to continue the financial obligations placed upon the

11

Z:\Data\5330\pleadings\complaint.wpd

Plaintiff. Examples of the affirmative mis-representations include stating that Plaintiff's proposed inventions were not similar to any existing patents, and that Plaintiff's proposed inventions could receive patent protection. Defendants' intentional omissions include, as mentioned earlier, Defendant(s)' failure to mention the 4 separate patents that were so closely related to Plaintiff's idea that patent protection could not have been obtained, within the "Legal Protection Report" provided by the Defendant(s). Defendant(s) omitted such material information from the "Phase I" Contract, the "Legal Protection Report" in an attempt to continue the financial obligations placed upon the Plaintiff by entering into the "Phase II" contract which Plaintiff did in fact enter into, incurring financial obligations towards Defendant(s).

61.  At the time the mis-representations were made, Defendant(s) knew they were false. Defendant(s) further knew the omissions were material and for purposes of inducing Plaintiff's reliance and enter into the contract.

62.  Defendant(s) intended for Plaintiff to rely on the mis-representations, and Plaintiff actually and reasonably did rely on said mis-representations.

63.  As a result of Defendant(s)' mis-representations and omissions, and Plaintiff's reliance thereon, Plaintiff has been damaged, in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MATTHEW WATERS on his own behalf and on behalf of the members of the class and the general public, prays for judgment as follows:

1.  For an order certifying the proposed class;

2.  For compensatory damages in an amount to be proven;

3.  On the First Cause of Action, (a) Actual Damages, (b) on order enjoining the illegal methods acts and practices, and (c) Restitution of property. Additionally, all "senior citizens" and "disabled persons" as defined within Civil Code section 1761 seek an additional Five Thousand Dollars ($5,000.00), as allowable under Civil Code section 1780(b);

4.  For an amount of Three Thousand Dollars ($3,000.00), or treble the actual damages, per Class Member and/or 17200 participant, pursuant to Business & Professions Code Section 22386 et seq.;

5.  On behalf of the ascertainable class, for a permanent injunction against Defendants restraining,

preventing, and enjoining Defendants from engaging in the illegal practices alleged above, on behalf of the Section 17200 claimants who share a common or general interest;

6.   On behalf of the ascertainable class, for restitution damages on behalf of the Section 17200 claimants who share a common or general interest;

7.   For an award of interest, including prejudgement interest;

8.   For an award of attorneys' fees and costs pursuant to all available statutes and remedies, including Civil Code section 1780(d) and Business and Professions Code section 22386;

9.   For an award of punitive and exemplary damages where permissible; and

10.  For such other relief as the court deems just and proper.

Dated: 9/13/07

SULLIVAN & CHRISTIANI, LLP

William B. Sullivan
Eric Palmer
Attorneys for Plaintiff MATTHEW WATERS

Z:\Data\6330\pleadings\complaint.wpd

# EXHIBIT A

# SULLIVAN & CHRISTIANI

A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
PHONE **(619) 702-6760**
FACSIMILE **(619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

July 16, 2007

ADVENT PRODUCT DEVELOPMENT                    *Via Certified Mail*
South Coast Executive Park
1503 South Coast Drive, Suite 315
Costa Mesa, California 92614

ADVENT PRODUCT DEVELOPMENT                    *Via Certified Mail*
3750 Convoy Street, Suite 118
San Diego, California 92111

                Re:    <u>Matt Waters v. Advent</u>

To whom it may concern:

Please allow this correspondence to serve as a Notice and Demand for Correction and Remedy. This Notice is presented pursuant to California Civil Code section 1750, et. seq., and specifically section 1782, of the California Consumer Legal Remedies Act (Hereinafter "CLRA"). Thank you for your assistance throughout this matter.

As specifically set forth below, our client Matthew Waters notifies you of the following statutory violations:

    1.    California Civil Code section 1770(5);

    2.    California Civil Code section 1770(7);

    3.    California Civil Code section 1770(14);

    4.    California Civil Code section 1770(16); and

    5.    California Civil Code section 1770(19)

Z:\Data\6330\correspondence\CLRA30Day.July2.07.wpd

The factual foundation for the referenced statutory violations is set forth below:

In or about June, 2006, our client, Matt Waters, first learned of your Company by and through a satellite radio advertisement. Mr. Waters subsequently met with several of your Company's employees regarding retaining your Company to perform the Invention Assistance referenced within the advertisements. Mr. Waters was shown various other written solicitations and advertisements by your representatives, and eventually entered into at least three separate contracts with your Company. Mr. Waters signed these contracts - and provided your Company in excess of several thousand dollars - based upon the written and oral representations made by your Company.

Recently, it became apparent to Mr. Waters that the services your Company advertised where not of the particular standard, quality and grade represented both before and during the time of the execution of the contract. The services were represented to be of a particular quality, and they were not of said quality. Additionally, there are multiple unconscionable provisions within the operative contracts, including material additions and omissions that violate California law.

As a specific example of the above, the advertisements and operative contracts represented that Mr. Waters would be receiving a "patent search" and "legal opinion" prior to entering into a second, more expensive contract with your Company. This "legal opinion" would provide Mr. Waters with feedback into whether there was a need for the more expensive contract, given the then-current status of potentially "related" patents. Importantly, the "legal opinion" failed to notify Mr. Waters of several patents directly on-point with Mr. Waters proposal. Simply, there was never any real potential for Mr. Waters to obtain patent protection, and no need to enter into the second, more expensive contract. We have subsequently learned that each and every California-based customer of your Company has experienced similar actions and damages during their interaction with your Company.

## DEMAND

Based on the above, we submit that your Company has failed to honor and abide by the consumer protections enacted by the CLRA. Unless full satisfaction is made, as set forth below, please be advised that Mr. Waters intends to file suit against your Company, claiming under (at least) the CLRA and the Unfair Business Practices and False Advertising Act. Mr. Waters will be claiming both individually and as a Class Representative under both of the above sections.

In order to avoid any further legal action, Mr. Waters respectfully demands that your Company specifically agree to fund all of the following:

1. Actual damages to Mr. Waters, in the amount of $10,430.00, plus interest;

2. Actual damages to every California based customer of your Company, who has paid your Company any monetary amount within the last three years, said damages to consist of the amounts said California based customer provided to your Company within that time period, plus interest; and

3.    For ever "senior citizen" and/or "disabled" California based customer who entered into a contract with your Company within the last three years, an additional amount of $5,000.00.

Please be advised that, if your Company does not agree to all of the above-referenced demands within 30 days of receipt of this notice, this firm will have no option but to proceed formally, seeking the below referenced remedies:

A.    The actual damages suffered by each Class Member;

B.    An order enjoining your Company from further illegal methods, acts or practices;

C.    Restitution, where applicable;

D.    Punitive Damages;

E.    Any other Relief which the Court deems proper; and

F.    Attorneys Fees and Costs.

**Please Note:** As referenced above, please allow this to serve as notice that the actions of your Company also violate California Business and Professions Code sections 17200 and 17500, as unfair business acts and practices. If necessary, we intend to claim under these theories as well.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

William B. Sullivan

```
            PostalAnnex+ of Bankers Hill
                    415 Laurel St.
               San Diego, Ca.  92101
                 Tel (619)232-1832
                 Fax (619)232-1834

        Shipment-------------------
         USPS First Class Mail
         Package ID: 42669              10.09
         Certified              [$5.30]
         Return Receipt         [$4.30]
        TRK#70020510000282154032
        Shipment-------------------
         USPS First Class Mail
         Package ID: 42670              10.09
         Certified              [$5.30]
         Return Receipt         [$4.30]
        TRK#70020510000282154049

            SUBTOTAL              20.18
            TAX                    0.00
            TOTAL                 20.18
        TEND Cash                 21.00
            CHANGE                  .82

        Customer: None selected

                                  ../2007
        #72409                    05:05 PM
```

```
        *****************************
              $2.00 off your next
        UP'    FedEx Residential Shipment
                    *****
             ank you for your business!
        *****************************
```

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ADVENT PRODUCT DEV.
South Coast Executive Park
1503 S. Coast Dr., Ste. 315
Costa Mesa, CA 92614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☑ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
                                    7-18-07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

7002 0510 0002 8215 4049

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — MIDWAY P&DF USPS — JUL Postmark 2007 — SAN DIEGO, CA 92186

Sent To  ADVENT PRODUCT DEVELOPMENT
Street, Apt. No.;  1503 S. Coast Dr. ste. 315
or PO Box No.
City, State, ZIP+4  Costa MESA, CA 92614

7002 0510 0002 8215 4049

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

MIDWAY P&DF USPS — JUL 17 2007 Postmark — SAN DIEGO, 92186

Sent To  ADVENT Product Dev.
Street, Apt. No.  3750 Conroy St. ste. 118
or PO Box No.
City, State, ZIP+4  SAN DIEGO, CA 92111

7002 0510 0002 8215 4049

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation;
DENISE THURLOW, ALPHONSO EILAND and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTHEW WATERS, individually and on behalf of other members of the
general public similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>San Diego Superior Court<br>330 W. Broadway<br>San Diego, CA 92101 - Hall of Justice | CASE NUMBER:<br>*(Número del Caso)* 37-2007-00075223-CU-FR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William B. Sullivan; Eric J. Palmer; Sullivan & Christiani, LLP 2330 Third Avenue San Diego, California 92101
Tel: 619-702-6760

| | | | |
|---|---|---|---|
| DATE: **SEP 1 8 2007**<br>*(Fecha)* | Clerk, by M. McKinley<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Advent Product Development, Inc. a south Carolina corporation
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/3/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William B. Sullivan [CSB No. 171637]<br>Sullivan & Christiani, LLP<br>2330 Third Avenue, San Diego, CA 92101 | |

TELEPHONE NO: 619-702-6760   FAX NO: 619-702-6761
ATTORNEY FOR (Name): Plaintiff MATTHEW WATERS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
WATERS v. ADVENT PRODUCT DEVELOPMENT, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2007-00075223-CU-FR-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint (not specified above) (42) |
| ☑ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition (not specified above) (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 3
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/18/07

William B. Sullivan
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>www.accesslaw.com |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:   330 West Broadway
MAILING ADDRESS:   330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:   Central
TELEPHONE NUMBER:   (619) 685-6145

PLAINTIFF(S) / PETITIONER(S):   Matthew Waters

DEFENDANT(S) / RESPONDENT(S):   Advent Product Development Inc et.al.

WATERS VS. ADVENT PRODUCT DEVELOPMENT INC

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00075223-CU-FR-CTL |
|---|---|

Judge:  Jay M. Bloom                                    Department: C-70

**COMPLAINT/PETITION FILED:** 09/18/2007

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                    **NOTICE OF CASE ASSIGNMENT**                    Page: 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00075223-CU-FR-CTL        CASE TITLE: Waters vs. Advent Product Development Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):    Matthew Waters |
|---|
| DEFENDANT(S): Advent Product Development Inc et.al. |
| SHORT TITLE:    WATERS VS. ADVENT PRODUCT DEVELOPMENT INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2007-00075223-CU-FR-CTL |
|---|---|

Judge: Jay M. Bloom                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program  ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                    Name of Defendant

_____                    _____
Signature                                    Signature

_____                    _____
Name of Plaintiff's Attorney                                    Name of Defendant's Attorney

_____                    _____
Signature                                    Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  09/18/2007

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

EXHIBIT B

Mark A. Krasner, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

Of Counsel:
David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (*pro hac vice* pending)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
| Plaintiff, | Case No.: 37-2007-00075223-CU-FR-CTL |
| v. | |
| ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive, | **NOTICE OF FILING AN AMENDED NOTICE OF REMOVAL** |
| Defendants. | |

      **PLEASE TAKE NOTICE** that an Amended Notice of Removal of this action

was filed in the United States District Court for the Southern District of California on

_____ by Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland, Defendants in the captioned action.  A copy of the Amended Notice of Removal is attached to this Notice as Exhibit 1 and is served and filed herewith.


By: _____

Dated:                                           A. Kipp Williams
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc., Denice*
*Thurlow, and Alphonso Eiland*


Of Counsel:

David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

2