1   William B. Sullivan [CSB No. 171637]
    Alison M. Miceli [CSB No. 243131]
2   **SULLIVAN & CHRISTIANI, LLP**
    2330 Third Avenue
3   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
4

5   Attorneys for Plaintiff MATTHEW WATERS,
    individually and on behalf of other members
6   of the general public similarly situated.

7

8                    **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10  MATTHEW WATERS, individually and on )    Civil Action No.: 07CV2089 (BTM) (LSP)
    behalf of other members of the general public )
11  similarly situated.                        )    **CLASS ACTION**
                                               )
12              Plaintiff.                      )    **PLAINTIFF'S  POINTS  AND**
                                               )    **AUTHORITIES   IN   OPPOSITION   TO**
13        v.                                    )    **DEFENDANTS' MOTION TO DISMISS**
                                               )
14  ADVENT  PRODUCT  DEVELOPMENT. )    *Oral Argument Requested*
    INC., a South Carolina Corporation, DENICE )
15  THURLOW, ALPHONSO EILAND, and )    *Document Electronically Filed*
    DOES 1 through 50, inclusive               )
16                                             )
              Defendants.                       )    Date:   December 28, 2007
17                                             )    Time:   11:00 a.m.
                                               )    Dept.:  15
18  _____ )    Judge:  Hon. Barry Ted Moskowitz

19

20

21

22

23

24

25

26

27

28

                                                            *ORIGINAL*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................iii

I.     SUMMARY OF ARGUMENT.......................................................................1

II.    FACTUAL SUMMARY................................................................................2

III.   CONTROLLING LAW................................................................................4

IV.    ARGUMENT.................................................................................................4

     A.     THE MOTION TO DISMISS MUST BE DENIED AS
             PROCEDURALLY DEFICIENT................................................................4

          1.     Defendant ADVENT's Notice Of Removal Automatically
                Waived Any Objection To Improper Venue and/or Jurisdiction.............5

          2.     The Individual Defendants Do Not Have Standing To Bring The
                Motion To Dismiss.................................................................................6

          3.     Defendants' Motion To Dismiss For Improper Venue Is Untimely........6

          4.     Defendant ADVENT's Failure To File A Notice Of "Related
                Case" Confirms That The Same Questions Are Not Involved...............8

     B.     DISMISSAL IS IMPROPER BECAUSE THE SOUTH CAROLINA
             ACTION WAS NOT "FIRST FILED"..........................................................9

          1.     Defendant ADVENT Engaged In Forum Shopping...............................11

          2.     Defendants Acted In Bad Faith............................................................12

                a.     Defendants' Affirmatively Misrepresent The Controlling
                     Law In This Matter.................................................................12

               b.     Defendants' Failed To Inform The Court Of Receipt Of
                     Plaintiff's CLRA Notice.........................................................12

# TABLE OF CONTENTS
## (continued)

Page

          c.    Defendants' Failed To Inform The Court That Their Attorneys Contacted Plaintiff's Counsel After Receipt Of The CLRA Notice......................................................................13

    3.    The Balance Of Convenience Weighs In Favor Of The California Action......................................................................13

C.    DISMISSAL IS IMPROPER BECAUSE THE FORUM SELECTION CLAUSE VIOLATES CALIFORNIA PUBLIC POLICY..................................15

D.    THE TWO CASES ARE NOT "RELATED ACTIONS"................................17

    1.    Lack Of Common Causes Of Action.....................................18

    2.    Lack Of Common Parties.....................................18

E.    DEFENDANTS' MIS-REPRESENTATIONS ESTABLISH THE IMPROPRIETY OF THE MOTION TO DISMISS...........................................19

    1.    Defendant ADVENT Mis-States The Controlling Law..........................20

    2.    Defendant ADVENT Failed To Disclose Material Facts........................21

    3.    Defendant ADVENT's Counsel Violated Multiple Rules By Practicing Law Without Admission.....................................22

V.    CONCLUSION............................................................................24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alltrade Inc. v. Uniweld Prod., Inc.,
    946 F.2d 622 (9th Cir. 1991)..................................................................11

America Online Inc. v. Superior Court,
    90 Cal. App. 4th (2001)................................................................16, 17, 21

Armerada Petroleum Corp. v. Marshall,
    381 F.2d 661 (5th Cir. 1967)..................................................................11

Chambers v. NASCO, Inc.,
    501 U.S. 32 (1991)................................................................................19

Collins v. JC Penney Life Ins. Co.,
    2002 WL 505931 (N.D. Cal. 2002).........................................................5

Enterprise Bank v. Saettele,
    21 F.3d 233 (8th Cir. 1994)....................................................................17

Fink v. Gomez,
    239 F.3d 989 (9th Cir. 2001)..................................................................19

Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.,
    179 F.R.D. 264 (C.D. Cal. 1998).......................................................10, 11

Henderson v. Prado,
    2007 WL 1229330 (N.D. Cal. 2007).......................................................17

Hoffman v. Blaski,
    363 U.S. 335 (1960)................................................................................7

Hollis v. Florida State University,
    259 F.3d 1295 (11th Cir. 2001)................................................................5

In re Itel Securities Litigation,
    791 F.2d 692 (9th Cir. 1986)..................................................................19

iii

Kerobo v. Southwestern Clean Fuels Corp.,
        285 F.3d 531 (6th Cir. 2002)...................................................................5

Killian v. Millard,
        228 Cal. App. 3d 1601 (1991)..............................................................6

Manetti-Farrow, Inc. v. Gucci America, Inc.,
        858 F.2d 509 (9th Cir. 1988)................................................................4

M/S Bremen v. Zapata Off-Shore Co.,
        407 U.S. 1 (1972)................................................................................14

Murphy v. Schneider National, Inc.,
        362 F.3d 1133 (9th Cir. 2003)..............................................................4

Pipe Trades of Northern California, U.A. Local 159 v. Underground Contractors Ass'n of
Northern California,
        835 F.2d 1275 (9th Cir. 1987)............................................................19.

Polizzi v. Cowles Magazines, Inc.,
        345 U.S. 663 (1953)...................................................................1, 4, 5, 6

Russell v. Dopp,
        36 Cal. App. 4th 765 (1995)...............................................................23

Seaboard Rice Milling Co. v. Chicago, R.I. & P.R. Co.,
        46 S. Ct. 247 (1926)..............................................................................5

Sony Computer Entertainment America Inc. v. America Medical Response, Inc.,
        2007 WL 781969 (N.D. Cal. 2007).....................................................11

Supplier's City SA de CV v. EFTEC North America, LLC,
        2007 WL 1655989 (D. Ariz. 2007).......................................................5

Van Slyke v. Capital One Bank,
        2007 WL 1655641 (N.D. Cal. 2007)...................................................16

Visicorp v. Software Arts, Inc.,
        575 F. Supp. 1528 (N.D. Cal. 1983)......................................................4

Ward v. Follett Corp.,
        158 F.R.D.645 (N.D. Cal. 1994)...................................................10. 13

Z-Line Designs, Inc. v. Bell'O Int'l LLC,
    218 F.R.D. 663 (N.D. Cal. 2007)..................................................................................11

## Statutes

28 U.S.C. § 1404 (2007)...............................................................................................13, 14

28 U.S.C. § 1441 (2007).........................................................................................1, 4, 5, 6

## Other Authorities

Cal. Bus. & Prof. Code § 17200, *et seq.* (2007)................................................................3

Cal. Civ. Code § 1750, *et seq.* (2007)...............................................................................3

Cal. Civ. Code § 1751 (2007)..............................................................................2, 14, 15

Cal. Civ. Code § 1781 (2007)............................................................................................21

Cal. Civ. Code § 1782 (2007)....................................................................2, 3, 4, 9, 12

Cal. Code Civ. Proc. § 367 (2007).....................................................................................6

Cal. Code Civ. Proc. § 382 (2007)..............................................................................17, 18

S.C. Code § 39-5-10, *et seq.* (2007)..................................2, 12, 15, 16, 17, 20, 21

## Rules

Cal. Rules of Court, Local Civil Rule 40.1 (2007)...................................................2, 4, 8

Cal. Rules of Court, Local Civil Rule 83.1 (2007)...........................................................22

Fed. Rules of Civ. Proc., Rule 11 (2007)........................................................................19

Fed. Rules of Civ. Proc., Rule 12(b)(3) (2007)........................................................2, 6, 7

Fed. Rules of Civ. Proc., Rule 12(h)(1) (2007)................................................................7

Fed. Rules of Civ. Proc., Rule 81 (2007).........................................................................7

1  William B. Sullivan [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated,

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10 MATTHEW WATERS, individually and on )   Civil Action No.: 07CV2089 (BTM) (LSP)
   behalf of other members of the general public )
11 similarly situated,                      )   **CLASS ACTION**
                                            )
12            Plaintiff,                     )   **PLAINTIFF'S    POINTS    AND**
                                            )   **AUTHORITIES  IN  OPPOSITION  TO**
13     v.                                   )   **DEFENDANTS' MOTION TO DISMISS**
                                            )
14 ADVENT  PRODUCT  DEVELOPMENT, )           ***Oral Argument Requested***
   INC., a South Carolina Corporation, DENICE )
15 THURLOW,  ALPHONSO  EILAND,  and )        ***Document Electronically Filed***
   DOES 1 through 50, inclusive             )
16                                          )
            Defendants.                      )   Date:    December 28, 2007
17                                          )   Time:    11:00 a.m.
                                            )   Dept.:   15
18 _____ )   Judge:   Hon. Barry Ted Moskowitz

19

20                    I.    **SUMMARY OF ARGUMENT**

21         Defendants Motion to Dismiss is Procedurally deficient, and Factually erroneous, on multiple

22 grounds. Each of the individual failures, set forth below, is sufficient grounds to require Denial of the

23 Motion:

24 A.     The Motion to Dismiss is Procedurally deficient, on the following grounds:

25    -   By seeking Removal to the United States District Court for the Southern District of

26        California, Defendants have waived their right to challenge venue via dismissal. 28 U.S.C.

27        § 1441: Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953):

28

                          *ORIGINAL*

1          -    The individual Defendants Denice Thurlow ("THURLOW") and Alphonso Eiland
2               ("EILAND") are not alleged to have been signatories to any operative contract, and thus
3               have no standing to argue the presence of a "forum selection clause;"
4          -    By failing to file its 12(b)(3) Motion in a timely manner, Defendant ADVENT waived its
5               right to request dismissal on the grounds of improper venue; and
6          -    By failing to file a "Notice of Related Action," Defendant is now precluded from seeking
7               to dismiss the present matter based upon a represented related matter. California Rules of
8               Court, Local Civil Rule 40.1(e).
9    B.    The Motion to Dismiss is replete with Factual errors and/or omissions, as exemplified below:
10         -    Defendants South Carolina action was not "first-filed," as Plaintiff had previously sent a
11              "CLRA Notice" to Defendants, a **requirement** under California law. Civil Code § 1782.
12              Defendants admit both receipt of the Notice and the fact that it was the catalyst to
13              Defendant ADVENT filing the anticipatory suit; and
14         -    The Forum Selection Clause is void, as it denies the Class a fundamental right. Civil Code
15              § 1751. It is **undisputed** that South Carolina does not allow Class Actions under such a
16              theory, which nullifies the operative clause. S.C. Code § 39-5-140(a).

17        Succinctly, and as will be established below, Defendants are improperly attempting to avoid a
18   Class Action. Defendant ADVENT has a long and well established history of bad-faith and illegal
19   activities towards its clients. Less than 10 years ago, its immediate-relation predecessor corporation
20   National Invention Services, Inc ("NISI"), was permanently enjoined by the Federal Trade Commission
21   from offering the same "invention services" as Advent."

22        California law establishes - as a fundamental public policy - that Consumer Protection lawsuits
23   must  as a right have the option to proceed as Class Actions.  South Carolina statutorily denies
24   consumers such a right.  As such, the Motion should be denied.

25                                **II.    FACTUAL SUMMARY**

26        This class action was brought under California's consumer-protection law alleging that
27   Defendant ADVENT and its employees conducted illegal, fraudulent, and unfair business practices
28   which harmed Plaintiff and other California consumers.  This matter is governed under three theories:

                                                      2

1   the California Consumers Legal Remedies Act under Civil Code § 1750 *et seq.*. California Business &

2   Professions Code § 17200, and common law fraud.  All three theories raised in this action provide for

3   state-based remedies.

4         In April of 2006. Plaintiff responded to a radio advertisement from Defendant ADVENT

5   offering "inventor services."   Plaintiff went to Defendant ADVENT's San Diego office with his

6   invention.  Defendant ADVENT told him that he had a marketable idea.  Defendant ADVENT

7   contracted with Plaintiff to perform the initial patent search.  After allegedly performing a "patent

8   search." Defendant ADVENT told Plaintiff that there were no patents issued similar to his idea, and that

9   it could patent and market his invention, but only if Plaintiff paid several thousand dollars.

10         After Plaintiff signed the contract. Defendant ADVENT did no work on Plaintiff's invention.

11   Defendant ADVENT did not begin the patent process or market the invention as promised in the

12   contract.

13         After almost a year with no work done on his invention. Plaintiff went to a different patent

14   agency. After only two hours, the agency was able to provide the following facts:

15   1)   Defendant  ADVENT's predecessor corporation. NISI was shut down by the Federal Trade

16        Commission for engaging in unfair and deceptive acts. NISI offered the same invention services

17        as Advent.  (Please see Exhibit "A").

18   2)   Plaintiff's invention had already been patented and marketed.  It was of no value and could not

19        be patented.

20   3)   Defendant ADVENT had **never** "made money" for **any** of its clients, a fact which Defendant

21        ADVENT admits.  (Please see Exhibit "B").

22         Perhaps the most relevant "fact" is that which is entirely omitted from Defendants Motion -

23   **Plaintiff WATERS (not Defendant ADVENT) initiated the present disputes.**

24         On July 16, 2007, and pursuant to the notice requirements under Civil Code § 1782 of the

25   CLRA. Plaintiff sent correspondence to Defendant ADVENT which served as a Notice and Demand for

26   Correction and Remedy ("July 16 Correspondence" or "CLRA Notice").  (Please see Exhibit "C").

27         On August 10, 2007, Plaintiffs' received telephone contact from David E. De Lorenzi. stating

28   that he was a New Jersey lawyer from Gibbons P.C. representing Defendant ADVENT in the instant

1  litigation. (Please see Declaration of Toni L. Christiani).

2      It was not until *more than 4 weeks* after receipt of the Civil Code § 1782 required Notice that

3  Defendant ADVENT filed its Complaint in South Carolina State Court. Importantly, the South Carolina

4  case is a simple, two party Breach of Contract claim. The California case is a Class Action, alleging

5  pure California Consumer Law violations, and has several hundred potential parties. The two cases are

6  factually dissimilar.

7                    **III.    CONTROLLING LAW**

8      A motion to dismiss based on a forum selection clause is treated as a motion under Rule 12(b)(3)

9  to dismiss for improper venue. <u>Manetti-Farrow, Inc. v. Gucci America, Inc.</u>, 858 F.2d 509, 511 (9th

10 Cir.1988); <u>Visicorp v. Software Arts, Inc.</u>, 575 F. Supp. 1528 (N.D. Cal. 1983). Federal law governs

11 the validity of a forum selection clause. <u>Manetti-Farrow</u>, <u>supra</u>, 858 F.2d at 513.

12     Because a 12(b)(3) motion has a dramatic effect on plaintiff's forum choices, the trial court must

13 "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts **in**

14 **favor of the non-moving party**." <u>Murphy v. Schneider National, Inc.</u>, 362 F.3d 1133, 1138-39 (9th Cir.

15 2003). (Emphasis added).

16                    **IV.    ARGUMENT**

17 **A.    THE MOTION TO DISMISS MUST BE DENIED AS <u>PROCEDURALLY</u> DEFICIENT**

18     The Motion to Dismiss is replete with fatal procedural deficiencies, each of which is sufficient

19 to require denial of Defendants' Motion. As more specifically set forth below, the Motion to Dismiss

20 must be dismissed for each of the following reasons:

21 1.    By seeking Removal to the United States District Court for the Southern District of California,

22     Defendants have waived their right to challenge venue via dismissal. 28 U.S.C. § 1441;

23     <u>Polizzi</u>, <u>supra</u>, 345 U.S. at 665-66;

24 2.    The individual Defendants have no standing to bring the Motion to Dismiss;

25 3.    By failing to file its 12(b)(3) Motion in a timely manner, Defendant ADVENT waived its right

26     to request dismissal on the grounds of improper venue; and

27 4.    By failing to file a "Notice of Related Action," Defendant is now precluded from seeking to

28     dismiss the present matter based upon a represented related matter. Local Civil Rule 40.1(e).

4

1. **Defendant ADVENT's Notice of Removal Automatically Waived Any Objection To Improper Venue and/or Jurisdiction**

Defendant ADVENT's voluntary removal of this action to the United States District Court, Southern Division, automatically waived any objections to venue and jurisdiction. The United States Supreme Court has confirmed that Defendant ADVENT cannot move to dismiss on the grounds of improper venue after selecting this court as the proper venue. Polizzi, supra, 345 U.S. at 665-66. This waiver is effective even where a forum selection clause exists. Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531 (6th Cir. 2002).

28 U.S.C. § 1441 provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States **for the district and division embracing the place where such action is pending**. (Emphasis added).

*For over 60 years*, the United States Supreme Court has held that "Once a case is properly removed to federal court, a defendant cannot move to dismiss on grounds of improper venue." Polizzi, supra, 345 U.S. at 665-66; Seaboard Rice Milling Co. v. Chicago, R.I. & P.R. Co., 46 S. Ct. 247 (1926). A defendant in a removed action is precluded from challenging venue as improper. Supplier's City SA de CV v. EFTEC North America, LLC, 2007 WL 1655989 (D. Ariz. 2007); Hollis v. Florida State University, 259 F.3d 1295 (11th Cir. 2001), citing Polizzi.

**This waiver is effective even where a forum selection clause exists**. Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531 (6th Cir. 2002).

Even if venue was improper in the state court in which the action originally was brought, the nonresident defendant's voluntary application for removal to the district court conferred venue and personal jurisdiction over the defendant. Seaboard Rice Milling, supra, 46 S. Ct. at 247.

Upon removal the question of venue is governed by federal law, not state law, and under § 1441(a) a properly removed action necessarily fixes venue in the district where the state court action was pending. Collins v. JC Penney Life Ins. Co., 2002 WL 505931 (N.D. Cal. 2002). The reason is that venue is the defendant's privilege, and defendant chose to transfer the case to the local district court. See

5

1    Polizzi, supra, 345 U.S. at 665–66.

2         Defendant ADVENT **voluntarily** filed a Notice of Removal, under 28 U.S.C. § 1441, on

3    October 30, 2007. The notice specifically **requested** the case be transferred to the United States District

4    Court, Southern Division. (Please see Exhibit "D"). Defendant ADVENT also **confirmed** that this

5    Court was the proper forum for the case. Defendant ADVENT's Notice of Removal states as follows:

6         [T]he United States District Court for the Souther District of California in San Diego

7         is the appropriate forum for this case. (Please see Exhibit "D").

8         Defendant ADVENT's Motion to Dismiss claims that venue and forum are improper in the

9    United States District Court, Southern Division because of the forum selection clause. However, as set

10   forth above, Defendant ADVENT's Motion to Dismiss is improper under FRCP, Rule 12(b)(3) and

11   cannot be granted.

12      **2.**   **The Individual Defendants Do Not Have Standing To Bring The Motion To Dismiss**

13        The Motion to Dismiss was bought on behalf of all three Defendants: ADVENT, THURLOW,

14   and EILAND. However, the Motion to Dismiss is based on the forum selection clause allegedly entered

15   into between Plaintiff and Defendant ADVENT.

16        Code of Civil Procedure section 367 states, "Every action must be prosecuted in the name of

17   the real party in interest . . . ." The "real party in interest" is defined as the person possessing the right

18   sued upon by reason of the substantive law. Killian v. Millard, 228 Cal. App. 3d 1601, 1605 (1991).

19        In this case, the caption of the South Carolina Complaint clearly shows that Defendants

20   THURLOW and EILAND were not named parties in that action. (Please see Exhibit "E"). Moreover,

21   there is no allegation that the individually named Defendants were parties to the South Carolina action.

22   (Please see Exhibit "E"). As such, Defendants THURLOW and EILAND are not real parties in interest

23   because they do not have an actual and substantial interest in the subject matter of the South Carolina

24   action. For these reasons, individual Defendants THURLOW and EILAND do not have standing to

25   bring the instant motion.

26      **3.**   **Defendants' Motion to Dismiss For Improper Venue Is Untimely**

27        The Motion to Dismiss was untimely. By failing to file its 12(b)(3) motion in a timely manner,

28   Defendant ADVENT waived its right to request dismissal on the grounds of improper venue.

1    FRCP, Rule 12 provides, in pertinent part, as follows:

2    (b) How to Present Defenses. Every defense to a claim for relief in any pleading must

3    be asserted in the responsive pleading if one is required. But a party may assert the

4    following defenses by motion:

5         (1) lack of subject-matter jurisdiction;

6         (2) lack of personal jurisdiction;

7         (3) **improper venue**;

8         (4) insufficient process;

9         (5) insufficient service of process;

10        (6) failure to state a claim upon which relief can be granted . . . .

11   A motion asserting any of these defenses must be made before pleading if a responsive

12   pleading is allowed.  (Emphasis added).

13   The United States Supreme Court has held that jurisdiction and venue are waived if not timely

14   asserted:

15   "[V]enue, like jurisdiction over the person, may be waived. A defendant,
     properly served with process by a court having subject matter jurisdiction,
16   waives venue by failing seasonably to assert it, or even simply by making
     default." Hoffman v. Blaski, 363 U.S. 335, 343 (1960). Thus an assertion of
17   lack of jurisdiction over the person or lack of proper venue is waived if not
     made prior to the time when the proponent is required to appear in response to
18   the pleading sought to be challenged, in this case within twenty days of the
     service of the Summonses and Complaints, as provided by rule 12(b), as the
19   plain wording of rule 12(h)(1) indicates.  FRCP, Rule 12(h)(1).

20   The Federal Rules  provide that if defendant has not answered the complaint at the time of

21   removal, defendant **shall answer (or present other available defenses or objections**) "within 20 days

22   after the receipt through service or otherwise of a copy of the initial pleading . . . or within 5 days after

23   the filing of the petition for removal, whichever period is longest." FRCP, Rule 81(c).  (Emphasis

24   added).

25   On **October 3, 2007**, Defendant ADVENT was served with the instant Complaint.  (Please see

26   Exhibit "F").  On October 30, 2007, Defendant ADVENT filed its Notice of Removal.  (Please see

27   Exhibit "D").  On or before **November 4, 2007,** an answer or other pleading, as defined via Rule 12(b),

28   was due.  Defendant ADVENT waited until **November 7, 2007** to file its Motion to Dismiss on the

7

1  grounds of venue. (Please see Exhibit "G"). Defendant ADVENT's Motion to Dismiss on grounds of

2  improper venue is clearly untimely and must be denied.

3      **4.**    **Defendant ADVENT's Failure to File A Notice Of "Related Case" Confirms That The**

4          **Same Questions Are Not Involved**

5      Defendant ADVENT was aware at the time it filed its Notice Of Removal that the South

6  Carolina case did not involve the same questions of Law And Fact. Local Rules mandate that a Notice

7  of Related Case be filed if any related case exists.

8      Local Civil Rule 40.1 provides, in pertinent part, as follows:

9      **e. Notice of Related Case, Duties of Counsel**. Whenever counsel has reason to believe
    that a pending action or proceeding on file or about to be filed is related to another

10     pending action or proceeding on file in this or any other federal or state court (whether
    pending, dismissed, or otherwise terminated), counsel **shall promptly file and serve**

11     **on all known parties to each related action or proceeding a notice of related case**,
    stating the title, number and filing date of each action or proceeding believed to be

12     related, together with a brief statement of their relationship..... This is a continuing duty
    that applies not only when counsel files a case with knowledge of a related action or

13     proceeding but also applies after the date of filing whenever counsel learns of a related
    action or proceeding . . . . (Emphasis added).

14

15     **f. Definition of Related Action**. An action or proceeding is related to another action
    or proceeding where both of them:

16     1.   Involve some of the same parties and are based on the same or similar claims, or
    2.   Involve the same property, transaction, or event, or

17     3.   Involve substantially the same facts and the same questions of law.

18     Defendant ADVENT never filed a Notice of Related Action with this Court. (Please see Exhibit

19 "H"). Defendant ADVENT also did not file a Notice of Related Action in the South Carolina Court.

20 (Please see Exhibit "I"). Nowhere in Defendant ADVENT's Notice of Removal (filed on October 30,

21 2007) does Defendant ADVENT claim a "related action."

22     The Civil Cover Sheet filed by Defendant ADVENT with Defendant ADVENT's Notice of

23 Removal. Section VIII, contains a specific demand entitled "RELATED CASE(S) IF ANY." (Please

24 see Exhibit "H"). Defendant ADVENT failed to check this box or identify a single related case. (Please

25 see Exhibit "H"). This indicates Defendant ADVENT has either purposely failed to inform the Court

26 of the alleged related action, or the action does not qualify as a related action, as set forth below.

27     It is undisputed that Defendant ADVENT had been aware of the South Carolina action for over

28 3 months before filing its Motion to Dismiss. In either event, Defendant ADVENT should not now be

1    allowed to claim that this matter is now a "related action." solely for the purposes of its Motion to

2    Dismiss.  Also. as set forth below. Defendant ADVENT may be sanctioned under FRCP. Rule 11 for

3    making an unreasonable. frivolous argument that lacks foundation.

4    **B.    DISMISSAL IS IMPROPER BECAUSE THE SOUTH CAROLINA ACTION WAS NOT**

5    **"FIRST FILED"**

6         The foundation for Defendants Motion is the argument that the South Carolina action pre-dates

7    the California suit. However. this is incorrect. The South Carolina action was **not** "first filed." As set

8    forth below. Defendants' South Carolina action was not filed until 29 days <u>after</u> Plaintiff's "first filing."

9    Civil Code § 1782(a) states. in pertinent part. as follows:

> **Thirty days or more prior to the commencement of an action for damages** pursuant
> to the provisions of this title. **the consumer shall** do the following:
>
> (1) **Notify the person alleged to have employed or committed methods, acts or
> practices declared unlawful by Section 1770 of the particular alleged violations
> of Section 1770.**
>
> (2) **Demand that such person correct.** repair. replace or otherwise rectify the goods
> or **services alleged to be in violation of Section 1770.**
>
> **Such notice shall be in writing and shall be sent by certified** or registered **mail.**
> return receipt requested. to the place where the transaction occurred. such person's
> principal place of business within California. or. if neither will effect actual notice. the
> office of the Secretary of State of California.  (Emphasis added).

18         On July 16. 2007. Plaintiff sent by certified mail the July 16 Correspondence initiating the

19    present lawsuit in California. pursuant to the notice requirements under the CLRA. Civil Code § 1782.

20    (Please see Exhibit "C").  Specifically. the July 16 Correspondence provided the requisite 30 day

21    notice that a lawsuit would be filed if Defendants did not agree to the demands for correction and

22    remedy set forth therein.  (Please see Exhibit "C").

23         On August 10. 2007. Plaintiff's counsel received telephone contact from David E. De Lorenzi.

24    stating that he was a New Jersey lawyer from Gibbons P.C. representing Defendant ADVENT in the

25    present litigation. (Please see Declaration of Toni L. Christiani).

26         On August 14. 2007. more than four weeks **after** receiving Plaintiff's July 16 Correspondence.

27    Defendant ADVENT filed the action in South Carolina.  Because Defendant ADVENT initiated the

28    South Carolina action 29 days after Plaintiff's statutorily-required July 16 correspondence was mailed.

9

1  Defendant ADVENT was not the "first-filer" in this matter.

2      In the alternative, if the Court finds that the South Carolina action was first filed, then the Court

3  should find that the South Carolina action was filed in anticipation of litigation. A suit is "anticipatory"

4  if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by

5  the defendant was imminent. Ward v. Follett, 158 F.R.D 645, 648 (N.D. Cal. 1994). By recognizing

6  this exception to the first-to-file rule, courts seek to eliminate the race to the courthouse door in an

7  attempt to preempt a later suit in another forum. Gunthy-Renker Fitness, LLC v. Icon Helath & Fitness,

8  Inc. 179 F.R.D. 264, 271 (C.D. Cal. 1998).

9      In their Motion to Dismiss, Defendants' admit that they had a **"reasonable apprehension of**

10  **suit"** after receiving Plaintiff's July 16 Correspondence, which is why Defendant ADVENT filed its

11  action in South Carolina. (Emphasis added). (Motion to Dismiss, p. 3-4). The language used in

12  Plaintiff's July 16 Correspondence was concrete enough to show that a lawsuit was imminent.

13  Specifically, Plaintiff's July 16 Correspondence states as follows:

14

15      We submit that your Company has failed to honor and abide by the consumer
       protections enacted by the CLRA. Unless full satisfaction is made, as set forth below,
16      please be advised that Mr. Waters intends to file suit against your Company, claiming
       under (at least) the CLRA and the Unfair Business Practices and False Advertising
       Act. Mr. Waters will be claiming both individually and as a Class Representative
17      under both of the above sections.

18      Please be advised that, if your Company does not agree to all of the above-referenced
       demands within 30 days of receipt of this notice, this firm will have no option but to
19      proceed formally, seeking the below referenced remedies:

20  (Please see Exhibit "C"). Plaintiff's July 16 Correspondence provided Defendants with a specific,

21  concrete indication of imminent suit. The language makes clear the imminence of legal action, should

22  Defendants refuse to agree to the demands contained in Plaintiff's July 16 Correspondence. Based on

23  all of the above, Plaintiff's July 16 correspondence was sufficient to show that a lawsuit was about to

24  be filed in California. Therefore, Defendants action of filing a Complaint in South Carolina State Court

25  seeking a declaration of their rights under the contract was clearly in anticipation of litigation.

26      It is undisputed that (a) Plaintiff sent the "first volley" via a statutorily-required CLRA Notice;

27  (b) the South Carolina action was brought because Defendants had a reasonable apprehension of suit;

28  and (c) Plaintiff filed his Complaint in California, after the mandatory 30 day waiting period under the

10

CLRA was over. Accordingly, Defendants South Carolina action was brought in anticipation of litigation.

In addition, a party to the later-filed action may request the court to disregard the first-to-file rule based on certain equitable factors such as **forum shopping, bad faith, and convenience of the parties and witnesses**. Alltrade Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991); Gunthy-Renker Fitness, supra, 179 F.R.D. at 270. Courts have also been willing to consider the balance of convenience when it weighs in favor of the later-filed action. Sony Computer Entertainment America Inc., v. America Medical Response, Inc., 2007 WL 781969 (N.D. Cal. 2007).

## 1.   Defendant ADVENT Engaged In Forum Shopping

Defendant ADVENT engaged in forum shopping by filing its South Carolina action **after** receiving Plaintiff's July 16 Correspondence indicating that a lawsuit would be filed in California.

Courts have held that where the "declaratory judgment action has been triggered by a notice letter, the first-to-file equitable consideration of forum shopping may be a factor in the decision to allow the later-filed action to proceed to judgment in the plaintiffs' chosen forum." Guthy-Renker Fitness, supra, 179 F.R.D. at 271 citing Amerada Petroleum Corp v. Marshall, 381 F.2d 661, 663 (5th Cir. 1967). Moreover, courts have found that "**Filing a declaratory action after receipt of an intent to sue letter favors a finding that the first-filed suit was done for anticipatory, forum shopping purposes.**" Gunthy-Renker Fitness, supra, 179 F.R.D. at 271 citing Amerada Petroleum, supra, 281 F.2d at 663. (Emphasis added).

In this case, Defendants' South Carolina action was triggered by a notice letter, specifically Plaintiff's July 16 Correspondence. Approximately one month after receiving Plaintiff's July 16 correspondence, Defendants filed their declaratory judgment action in South Carolina. Because Defendants filed the South Carolina action only after receiving Plaintiff's July 16 Correspondence, Defendants lawsuit was clearly brought in anticipation of litigation. Such anticipatory suits are disfavored because they are examples of forum shopping. Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2007). Accordingly, this action should proceed in California, Plaintiff's chosen forum, because Defendants' action was bought for forum shopping purposes.

11

2.    **Defendants Acted In Bad Faith**

Defendants acted in bad faith on multiple occasions. As set forth below. Defendants attempt to mislead the Court by failing to inform the Court of several material facts.

a.    **Defendants' Affirmatively Misrepresent The Controlling Law In This Matter**

Defendants' affirmatively misstate the controlling law in this action. One of Defendants' primary positions is that Plaintiff's class action claims will receive the same treatment in South Carolina. Defendants specifically state as follows:

"There is also nothing in the South Carolina statute that will prevent the Plaintiff from filing a class action under SCUTPA."

(Motion to Dismiss. p. 14). Succinctly. Defendants contend that the South Carolina Unfair Trade Practices Act ("SCUTPA") allows for class actions. This is patently false.

South Carolina Code Ann. § 39-5-140(a) provides. in pertinent part. as follows:

Any person who suffers any ascertainable loss of money or property. real or personal. as a result of the use or employment by another person of an unfair or deceptive method. act or practice declared unlawful by Section 39-5-20 may bring an action individually. but **not in a representative capacity, to recover actual damages**. (Emphasis added).

In fact SCUPTA laws negate **any** class actions. Thus. Defendants claim that the remedies provided under California and South Carolina laws are comparable is a blatant misrepresentation.

b.    **Defendants' Failed To Inform The Court Of Receipt Of Plaintiff's CLRA Notice**

Defendants failed to inform the Court that the July 16 Correspondence they received from Plaintiff served as the statutorily required **CLRA Notice** pursuant to Civil Code § 1782. As set forth above. section 1782 requires the consumer to provide 30 or more days notice to the party allegedly committing unlawful practices of specific CLRA violations and to demand correction.

Plaintiff's July 16 Correspondence specifically provided Defendants with CLRA Notice. (Please see Exhibit "A"). Moreover. the CLRA Notice initiated the present action in California. (Please see Exhibit "A"). Defendants casually mention in their Motion to Dismiss that the contents of the July 16

Correspondence made certain demands of Defendant ADVENT; however, Defendants never fully disclose to the Court that the letter provided the required CLRA Notice and commenced the instant action. Therefore, Defendants omission and misrepresentation of this information can only be construed as another attempt to mislead this Court.

### c.    Defendants' Failed To Inform The Court That Their Attorneys Contacted Plaintiff's Counsel After Receipt Of The CLRA Notice

Defendants also failed to inform the Court that Attorney David E. De Lorenzi of Gibbons P.C. contacted Plaintiff's counsel, which was **after** Plaintiff's CLRA Notice was received but **before** the South Carolina action was filed. (Please see Declaration of Toni L. Christiani).

On August 10, 2007, Mr. De Lorenzi identified himself as the attorney for Defendant ADVENT and asked to speak with the lead attorney for Plaintiff in this action, William B. Sullivan. (Please see Declaration of Toni L. Christiani). Because Mr. Sullivan was not available, Mr. De Lorenzi left a voice mail asking someone at this office to return his phone call. (Please see Declaration of Toni L. Christiani). Mr. De Lorenzi left the telephone number where he could be reached (973) 596-4743, which is the New Jersey number for Gibbons P.C. (Please see Declaration of Toni L. Christiani).

On August 11, 2007, Toni Christiani, a partner at Sullivan & Christiani, returned Mr. De Lorenzi's telephone call. (Please see Declaration of Toni L. Christiani). During the telephone conversation, Mr. De Lorenzi stated that he was calling in regards to the **pending litigation** between Plaintiff and Defendant ADVENT. (Please see Declaration of Toni L. Christiani).

Because Defendants failed to notify this Court that they previously contacted Plaintiff's counsel regarding the California action, then Defendants acted in bad faith by omitting relevant and pertinent information relating to the facts of this case.

### 3.    The Balance Of Convenience Weighs In Favor Of The California Action

The balance of convenience weighs in favor of the California action. Another exception to the first-to-file rule is whether the balance of convenience weighs in favor of the later-filed action. Ward, supra, 158 F.R.D. at 649. The balance of convenience exception includes consideration of the same convenience factors considered under a 28 U.S.C. § 1404(a) transfer of venue motion. Section 1404(a)

13

states in pertinent part, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Courts have also suggested that a forum selection clause, even though it is freely bargained for and contravenes no important public policy of the forum, may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972).

As set forth below, Plaintiff cannot waive any consumer protection provisions under the CLRA. Civil Code § 1751 states as follows:

> **"Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."**

Defendant ADVENT's forum selection clause which requires all contract disputes to be litigated in South Carolina is unenforceable and void, as it violates public policy considerations pursuant to the CLRA. Because Defendant ADVENT's forum selection clause is presumptively invalid, this action should be litigated in California.

Furthermore, California is the most convenient forum for all of the parties involved. Defendants argue that "[South Carolina] is where most of the witnesses are located." (Motion to Dismiss, p. 6). However, this is a falsehood. Plaintiff is a resident of California. (Please see Exhibit "F"). To Plaintiff's knowledge, and based upon the representations of Plaintiff's counsel, the proposed class of 800 members seeks only California residents who have interacted with Defendant ADVENT. (Please see Declaration of Matthew Waters).

As established in Plaintiff's Motion to Remand, Defendant ADVENT maintains three separate, regional offices in California and is doing business with consumers that reside in California. (Please see Declaration of Alison M. Miceli).

Defendants admit that Defendant EILAND is a California resident. (Notice of Removal, p. 4). All of Plaintiff's discussions with Defendant EILAND took place in California. Moreover, Defendant EILAND interacted with Defendant THURLOW with regards to Plaintiff's proposed invention. (Please see Declaration of Matthew Waters). Thus, all of Defendant ADVENT's employees Plaintiff spoke to

14

were employed in California. (Please see Declaration of Matthew Waters).

In addition, all of the work relating to Plaintiff's proposed invention was done by Defendant ADVENT's employees working at the San Diego, California office. (Please see Declaration of Matthew Waters). As such, all documents relating to this action are located in California. (Please see Declaration of Matthew Waters).

As much as the financial burden is placed on the Plaintiff, there is also a significant financial burden placed on all 800 class members who are parties to this action. All 800 class members were California signatories to Defendant ADVENT's contracts, which are in dispute. To have all 800 class members testify in South Carolina would cause significant financial hardship. Therefore, the burdens placed on all 800 class members must be taken into consideration.

On balance, several factors weigh in favor of keeping the action in California. Because the overwhelming majority of witnesses are located in California, and the documents relating to Plaintiff's proposed invention are located here. California is a convenient forum for the parties to litigate this action. (Please see Declaration of Matthew Waters). Therefore, the balance of convenience exception to the first-to-file rule should be applied.

## C.     DISMISSAL IS IMPROPER BECAUSE THE FORUM SELECTION CLAUSE VIOLATES CALIFORNIA PUBLIC POLICY

Defendants erroneously contend that this action should be dismissed because Plaintiff signed Defendant ADVENT's standard form contract, which contained a forum selection clause stating South Carolina law governs any contract dispute. However, this action should not be dismissed because enforcement of Defendant ADVENT's forum selection clause would prevent Plaintiff from suing in a representative capacity, under S.C. Code § 39-5-140(a), would necessitate a waiver of the statutory remedies of the CLRA, in violation of that law's anti-waiver provision under Civil Code § 1751, and would violate California public policy.

Again, and as set forth above, Civil Code § 1751 states as follows:

"Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."

In a recent case affirming California's strong public policy considerations, <u>Van Slyke v. Capital One Bank</u>, 2007 WL 1655641, (N.D. Cal. 2007), the court held that "the fundamental public policy is California's interest in affording its citizens effective consumer class-action remedies." <u>Id.</u>  There, plaintiffs filed a class action in California Federal Court against defendant, a corporation with its principal place of business in Virginia. <u>Id.</u>  Defendant filed a motion to dismiss arguing Virginia law should be applied. <u>Id.</u>  However, Virginia consumer protection laws generally do not allow for class actions nor class action remedies. <u>Id.</u>  In denying defendant's motion to dismiss, the court found "enforcing the Virginia choice-of-law provision would contravene California public policy because it would have effectively eliminated plaintiffs' ability to pursue a class action and it would abrogate plaintiffs' rights to pursue such remedies." (Emphasis added).

Moreover, in <u>America Online, Inc. v. Superior Court</u>, 90 Cal. App. 4th 1, 5 (2001), plaintiff filed a class action for himself and others against defendant asserting violations of Business & Professions Code § 17200, the CLRA, and common law fraud.  Defendant filed a motion to dismiss claiming that the action should be heard in Virginia based on the forum selection clause contained in the agreement between the parties. <u>Id.</u> at 6.  The Virginia Consumer Protection Act does not allow suits to proceed as class actions nor does it offer class action relief. <u>Id.</u> at 17.  Therefore, the court denied defendant's motion stating, "that the effect of enforcing the forum selection clause would violate California public policy by eviscerating important legal rights afforded to this state's consumers." <u>Id.</u> at 17.  Shortly thereafter, Defendant filed a petition for writ of mandate. <u>Id.</u> at 7.  In affirming the lower court's ruling, the appellate court states as follows:

> **"The unavailability of class action relief in this context is sufficient in and by itself to <u>preclude</u> enforcement of the TOS forum selection clause."** <u>Id.</u> at 18.  (Emphasis added).

Similarly, here, applying South Carolina's forum selection clause would contravene California's public policy set forth under the CLRA.  Defendants claim that Plaintiff's action can proceed in South Carolina under the South Carolina Unfair Trade Practices Act ("SCUTPA").  However, this statute does allow for class action relief.

16

South Carolina Code Ann. § 39-5-140(a) provides, in pertinent part, as follows:

> Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, **but not in a representative capacity, to to recover actual damages**. (Emphasis added).

In an attempt to mislead the Court, Defendants falsely state, "There is also nothing in the South Carolina statute [S.C. Code § 39-5-10, *et seq.*] that will prevent the Plaintiff from filing a class action under SCUTPA." (Motion to Dismiss, p. 13). However, section 39-5-140(a) expressly prohibits class actions.

In contrast, the CLRA allows any person to bring an action under the CLRA on behalf of himself and on behalf of a class. Civil Code § 1752. In the present case, Plaintiff filed a Complaint on behalf of himself individually and on behalf of other members of the general public similarly situated claiming Defendant ADVENT violated the CLRA. Moreover, the Complaint prayed that the action proceed in a representative capacity under Code of Civil Procedure section 382. As such, Plaintiff asserted his right to bring an individual and representative action under the CLRA.

It is clear, California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates California's public policy. <u>America Online</u>, <u>supra</u>, 90 Cal. App. 4th at 12. Because South Carolina law does not allow the Plaintiff to pursue a class action, the forum selection clause should not be upheld as it prevents class action relief and violates strong California public policy.

## D.     THE TWO CASES ARE NOT "RELATED ACTIONS"

Defendant ADVENT's South Carolina Complaint and Plaintiff's California Complaint do not contain the same factual and legal issues, and do not qualify as related cases.

The single essential requirement is whether there are questions of law or fact common to the cases that are to be consolidated. It is not enough that the suits involve a common defendant **if the factual and legal issues** are otherwise unrelated. <u>Henderson v. Prado</u>, 2007 WL 1229330, (N.D. Cal. 2007), citing <u>Enterprise Bank v. Saettele</u>, 21 F.3d 233, 235 (8th Cir. 1994) [it is abuse of discretion to

consolidate separate contract actions against common defendant].  (Emphasis added).

1.  **Lack of Common Causes of Action**

Water's Complaint contains the following three causes of action:

1)  Violation of the California Consumers Legal Remedies Act § 1761;

2)  Violation of the California Business and Professions Code § 22371; and

3)  Fraud.

Advent's South Carolina Complaint alleges the following single cause of action:

1)  Declaratory Judgment.

2.  **Lack of Common Parties**

Water's Complaint was brought as a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of approximately **800 California residents**.  The Defendants in this case are Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland.

Importantly, Defendant ADVENT's Complaint was brought **solely against Plaintiff**, and <u>not</u> any of the potential 800 California class members.  Also, the South Carolina Complaint was brought **only** on behalf of Defendant ADVENT.

Moreover, two of the defendants in this case, THURLOW and EILAND, **are not parties** to the South Carolina action.

Simply, these two cases do not involve a single similar legal issue.  Neither case involves the same factual issues.   They do not qualify as related cases.  Had Plaintiff believed they were related, Plaintiff would have moved to have the South Carolina action transferred to the California court.

In addition, neither Defendants THURLOW or EILAND entered into any contract with Plaintiff. As such, neither has standing to enforce the contractual forum selection clause.

Given the fact that the cases clearly do not include the same issues of law or fact, or even the same parties, they are not "related" and cannot be the basis for dismissal of Plaintiff's Complaint. Defendants should not now be allowed to claim that this matter is now a "related action," solely for the

1  purposes of their Motion to Dismiss.

2  **E.**     **DEFENDANTS' MIS-REPRESENTATIONS ESTABLISH THE IMPROPRIETY OF**

3  **THE MOTION TO DISMISS**

4      Defendants' Motion to Dismiss is in bad faith and is sanctionable. The motion contains multiple

5  mis-statements and omissions of law and fact. Further, Defendant ADVENT's counsel was not admitted

6  to practice before this Court or in California at the time the motion was filed.

7      Federal courts have the inherent power to sanction attorneys and parties monetarily for "bad

8  faith" litigation conduct. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Fink v. Gomez, 239 F.3d 989

9  (9th Cir. 2001). The Court is empowered to award sanctions "upon its own initiative." FRCP, Rule

10  11(c)(1)(b); In re Itel Securities Litig., 791 F.2d 672 (9th Cir. 1986).

11

12  Misstatements or non-disclosure of material facts are sanctionable under Rule 11. Please see

13  Pipe Trades of Northern Calif., U.A.Local 159 v. Underground Contractors Association of Northern

14  California, 835 F.2d 1275 (9th Cir. 1987).

15  FRCP, Rule 11 provides, in pertinent part, as follows:

16      (b) Representations to Court. By presenting to the court (whether by signing, filing,
        submitting, or later advocating) a pleading, written motion, or other paper, an attorney
17      or unrepresented party is certifying that to the best of the person's knowledge,
        information, and belief, formed after an inquiry reasonable under the circumstances:

18      (1) it is not being presented for any **improper purpose**, such as to harass or to cause
19      unnecessary delay or needless increase in the cost of litigation;

20      (2) **the claims, defenses, and other legal contentions therein are warranted by
        existing law** or by a nonfrivolous argument for the extension, modification, or reversal
        of existing law or the establishment of new law;

21      (3) **the allegations and other factual contentions have evidentiary support** or, if
22      specifically so identified, are likely to have evidentiary support after a reasonable
        opportunity for further investigation or discovery; and

23      (4) **the denials of factual contentions are warranted on the evidence** or, if
        specifically so identified, are reasonably based on a lack of information or belief.

24      (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court
        determines that subdivision (b) has been violated, the court may, subject to the
25      conditions stated below, impose an appropriate sanction upon the attorneys, law firms,
        or parties that have violated subdivision (b) or are responsible for the violation.

26      (3) **On the Court's Initiative**. On its own, the court may order an attorney, law firm, or party
27      to show cause why conduct specifically described in the order has not violated Rule 11(b).

28

**1.    Defendant ADVENT Mis-States The Controlling Law**

Defendant ADVENT's claim that SCUTPA provides the same relief and remedies available under CLRA is blatantly false.  As set forth below, Defendants representations are, at times, absolutely *contrary* to controlling law.

SCUTPA section 39-5-140 provides, in pertinent part, as follows:

> a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method....may bring an action individually, **but not in a <u>representative capacity</u>**, to recover **actual damages**.  If . . . the court finds that act or practice was wilful or knowing, the court shall award three times the actual damages sustained . . . .

First, SCUTPA provides for only the actual damages sustained by the consumer, unless the individual consumer meets a much more strict burden of proof.

However, under the CRLA a consumer may recover the following:

> (a) Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following:
>
> (1) **Actual damages** . . . .
>
> (2) An order enjoining the methods, acts, or practices.
>
> (3) **Restitution** of property.
>
> (4) **Punitive damages**.
>
> (5) **Any other relief that the court deems proper.**
>
> (b)(1) Any consumer who is a senior citizen or a disabled person...may seek and be awarded, **in addition to the remedies specified therein, up to five thousand dollars ($5,000)** where the trier of fact does all of the following:
>
> (A) Finds that the consumer has suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct....
>
> (B) Makes an affirmative finding in regard to one or more of the factors set forth in subdivision (b) of Section 3345, and
>
> (C) Finds that an additional award is appropriate.
>
> (2) Judgment in a class action by senior citizens or disabled persons under Section 1781 may award each class member that additional award if the trier of fact has made the foregoing findings.

SCUTPA does **<u>not</u>** allow for these damages.  It allows for actual damages and treble damages only when a wilful or knowing violation of law occurred.

Second, *and contrary to Defendants affirmative representations*, SCUTPA does not allow representative or class actions. SCUTPA Section 39-5-140, provides, in pertinent part as follows:

> a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method . . . **may bring an action individually, but not in a <u>representative capacity</u>** . . . (Emphasis added).

Under CRLA, representative and class actions are not only allowed. Courts "shall" certify a Class upon the meeting of 4 basic factors. Civil Code § 1781(b). In fact, Courts are specifically instructed to certify a Class if possible, as a way to further effectuate the underlying purpose of the protective statute. Civil Code section 1781 provides, in pertinent part, as follows:

> (a) Any consumer entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated, **bring an action on behalf of himself and such other consumers** to recover damages or obtain other relief as provided for in Section 1780.

> (b) The court **shall permit the suit to be maintained on behalf of all members of the represented class** if all of the following conditions exist:

> (1) It is impracticable to bring all members of the class before the court.

> (2) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.

> (3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

> (4) The representative plaintiffs will fairly and adequately protect the interests of the class. (Emphasis added).

As previously discussed, the prohibition against bringing a Class is sufficient to nullify a Forum Selection Clause. <u>America Online</u>, <u>supra</u>, 90 Cal. App. 4th at 18.

A simple review of the remedies available under the CLRA and SCUTPA illustrate Defendant ADVENT's mis-leading and erroneous summary of the law. It is patently obvious that Plaintiff does **<u>not</u>** have the same remedies under South Carolina law. No representative action would be allowed in South Carolina, a fact of which Defendant ADVENT conveniently fails to inform the Court.

**2.     <u>Defendant ADVENT Failed To Disclose Material Facts</u>**

Defendant ADVENT's Motion to Dismiss contains multiple factual mis-representations and omissions, as set forth below:

21

a.   Defendant ADVENT failed to inform the Court that the correspondence it received from Sullivan & Christiani, LLP in July 2007 was required pursuant to Civil Code section 1782 prior to filing suit under the CLRA. (Please see Exhibit "G").

b.   Defendant ADVENT failed to inform the Court that Plaintiff (and other proposed class members) entered into "Phase One Contracts" with Defendant ADVENT **prior** to the Representation Agreement, and these contracts **did not** contain any forum selection clause. (Please see Exhibits "D" and "G").

c.   Most of the witnesses are not located in South Carolina. Only one party to this action, Defendant THURLOW, is allegedly located in South Carolina. Plaintiff, the 800 proposed class members, and the managers of Southern California are all in California. (Please see Exhibits "D" and "F").

d.   Plaintiff's Complaint CLEARLY identifies each specific statute violated by Defendant ADVENT. The Complaint did not "wholly fail to identify any specific deficiencies." (Please see Exhibit "F").

**3.   Defendant ADVENT's Counsel Violated Multiple Rules By Practicing Law Without Admission**

Defendant ADVENT's New Jersey counsel violated Local Civil Rule 83.3 and the Business & Professions Code by practicing law without being admitted in California or before this Court at the time the Notice of Removal or the Motion to Dismiss were filed.

Civil Local Rule 83.3(c)(2) provides, in pertinent part, as follows:

> [O]nly members of the bar of this court shall practice in this court.

Local Rule 83.3(I) provides, in pertinent part, as follows:

> **Penalty for Unauthorized Practice.** The court may order any person who practices before it in violation of Civil Local Rule 83.3 to pay an appropriate penalty....Payment of such sum shall be an additional condition of admission or reinstatement to the bar of this court or to practice in this court.

The California Business and Professions Code regulates the practice of law in California and provides, in pertinent part, as follows:

> (N)o person shall practice law in California unless the person is an active member of the State Bar." Business and Professions Code § 6125. "Active" State Bar members are "all persons admitted and licensed to practice law in (California) except justices and judges of courts of record during their continuance in office." Business and Professions Code § 6002. Litigation of cases by unlicensed attorneys threatens the integrity of the judicial process itself.  Russell v. Dopp. 36 Cal.App.4th 765. 773 (1995).

David E. De Lorenzi is not licensed to practice law in California. (Please see Exhibit "J"). Carrie A. Longstaff is not licensed to practice law in California. (Please see Exhibit "K"). Both are licensed in New Jersey. (Please see Exhibit "L"). David E. De Lorenzi is not admitted to practice before the United States District Court. Southern Division. (Please see Declaration of Toni L. Christiani). Carrie A. Longstaff was not admitted to this Court until December 4, 2007, subsequent to the filing of the instant Motion. (Please see Exhibit "M"). On this date Ms. Longstaff applied for admission *Pro Hac Vice* to practice before this Court. (Please see Exhibit "M").

Defendant ADVENT's Notice of Removal was filed on October 30, 2007. (Please see Exhibit "D"). Defendants ADVENT's Motion to Dismiss was filed on November 7, 2007. (Please see Exhibit "G"). Defendants' Motion to Dismiss states David E. De Lorenzi. Carrie A. Longstaff. and Kipp A. Williams are "Attorneys for Advent Product Development, Inc., Denice Thurlow. and Alphonso Eiland." (Please see Exhibit "G").

On **November 9, 2007**, Plaintiff's counsel met and conferred via telephone with Defendant ADVENT's local attorney. Kipp A. Williams. (Please see Declaration of Alison M. Miceli). During the telephone conversation. Mr. Williams admitted that he was unaware of the specific facts of the case or the contents in the Notice of Removal. (Please see Declaration of Alison M. Miceli). Mr. Williams stated that he did not draft the Notice of Removal. (Please see Declaration of Alison M. Miceli). He stated that an out-of-state attorney was responsible for drafting the documents. (Please see Declaration of Alison M. Miceli). Mr. Williams also requested that Sullivan & Christiani. LLP hold a "meet and confer" session with the out-of-state attorney. (Please see Declaration of Alison M. Miceli). However. Mr. Williams did not provide the name of the attorney but stated that the attorney worked for a New Jersey based law firm. (Please see Declaration of Alison M.  Miceli).

23

1    Given the failure of Defendants' counsel to comply with Local Civil Rule 83.3 and the Business
2    & Professions Code, the Court should deny Defendants' Motion to Dismiss.  In addition, the Court
3    should condition Pro Hac Vice admission on payment of an appropriate penalty by Defendants' counsel.

## V.    CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss.

Dated: December 14, 2007                        **SULLIVAN & CHRISTIANI, LLP**


/s/ Alison M. Miceli
_____
William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
MATTHEW WATERS

1    William B. Sullivan [CSB No. 171637]
     Alison M. Miceli [CSB No. 243131]
2    **SULLIVAN & CHRISTIANI, LLP**
     2330 Third Avenue
3    San Diego, California 92101
     (619) 702-6760 * (619) 702-6761 FAX
4

5    Attorneys for Plaintiff MATTHEW WATERS,
     individually and on behalf of other members
6    of the general public similarly situated,

7

8                 **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   MATTHEW WATERS, individually and on ) <br> behalf of other members of the general public ) <br> 11   similarly situated, ) <br> ) <br> 12             Plaintiff, ) <br> ) <br> 13   v. ) <br> ) <br> 14   ADVENT PRODUCT DEVELOPMENT, ) <br> INC., a South Carolina Corporation, DENICE ) <br> 15   THURLOW, ALPHONSO EILAND, and ) <br> DOES 1 through 50, inclusive ) <br> 16            ) <br> Defendants. ) <br> 17                   ) <br> ) <br> 18                   ) | Civil Action No.: 07CV2089 (BTM) (LSP) <br><br> **CLASS ACTION** <br><br> **OBJECTION TO EXHIBIT A IN SUPPORT OF PLAINTIFF'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> *Oral Argument Requested* <br><br> *Document Electronically Filed* <br><br> Date:   December 28, 2007 <br> Time:   11:00 a.m. <br> Dept.:   15 <br> Judge:  Hon. Barry Ted Moskowitz |

19

20

21

22

23    Plaintiff Matthew Waters  object to the Exhibit A in Support of Advent's Motion to Dismiss:

24                          **<u>DEFINITIONS</u>**

25        For purposes of this objection, the following definitions and supporting authority  shall apply
     where indicated herein:
26

27    **Authentication:**   Federal Rules of Evidence Section 901 provides:

28                   (a) The requirement of authentication or identification as a condition precedent to
                  admissibility is satisfied by evidence sufficient to support a finding that the matter
                  in question is what its proponent claims.

*ORIGINAL*

| | | |
|---|---|---|
| 1 | **Relevance:** | **Federal Rules of Evidence Sections 401 and 402,** evidence must be relevant for it to be admissible. |
| 2 | | |
| 3 | **Foundation:** | **Federal Rules of Evidence Section 602.** A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses. |

Plaintiff objects to Exhibit A:

Copy of <u>Pappalardo v. Advent Product Development Company, Inc. et al.</u>, 2007 U.S. Dist .LEXIS 31572.

**Grounds for objection**:

       Lacks authentication and foundation; relevance

**Authority for objection**: See Definitions at Page 2.

1)     The copy of the case is not authenticated.

2)     The case is irrelevant.  The substantive issue of the validity of a contract is determined by state law., not federal law.  <u>Crowe v. Wiltel Communications Systems</u> (9th Cir. 1996) 103 F3d 897, 899.  This case involves the interpretation of a contract under <u>New Jersey</u> law.  The issues in the Motion to Dismiss are those of **federal procedural issues**.  As such, the New Jersey case is irrelevant to the proedural issues before this Court.  Further, the case is a unpublished district opinion, and carries no authority.

Dated: December 14, 2007            **SULLIVAN & CHRISTIANI, LLP**

                         /s/ Alison M. Miceli

                         William B. Sullivan,
                         Alison M. Miceli,
                         Attorneys for Plaintiff,
                         MATTHEW WATERS

1  William B. Sullivan  [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated,

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10 MATTHEW WATERS, individually and      )  Civil Action No.: 07CV2089 (BTM) (LSP)
   on behalf of other members of the general )
11 public similarly situated,                )  **CLASS ACTION**
                                             )
12              Plaintiff,                    )  **DECLARATION OF MATTHEW WATERS**
                                             )  **IN  OPPOSITION  TO  DEFENDANTS'**
13 v.                                        )  **MOTION TO DISMISS**
                                             )
14 ADVENT PRODUCT DEVELOPMENT,               )  *Oral Argument Requested*
15 INC., a South Carolina Corporation,       )
   DENICE   THURLOW,   ALPHONSO             )  *Document Electronically Filed*
16 EILAND,  and  Does  1  through  50,       )
   inclusive,                                )  Date:   December 28, 2007
17                                           )  Time:   11:00 a.m.
              Defendants.                     )  Dept:   15
18 _____  )  Judge: Hon. Barry Ted Moskowitz

19

20     I, Matthew Waters, declare as follows:

21     1.      I am the Plaintiff in the above-captioned matter.  I am personally familiar with the

22             facts set forth in this Declaration, and I make this Declaration based on my personal

23             knowledge, and if called to testify, I could and would do so competently.

24     2.      I make this declaration in support of Plaintiff's opposition to Defendants' proposition

25             that South Carolina is a more convenient forum to prosecute my class action claim.

26     3.      When I met with Advent's employees in the San Diego office, all of the employees

27             I spoke to were employed in California.  All of my discussions with Alphonso Eiland

28

                                              **ORIGINAL**

took place in California.  Mr. Eiland also interacted with Denice Thurlow with regards to my proposed invention.

4.     All of the work relating to my proposed invention was done by Advent's employees working at the San Diego, California office.

5.     To my knowledge, and based upon the representations of my counsel, the proposed class seeks <u>only</u> California residents who have interacted with Advent.

6.     As I confirmed with counsel, all of the witnesses (aside from Denice Thurlow) and documents relating to this action are located in California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of December 2007.


/s/ Matthew Waters

_____

Matthew Waters

Declarant

1  William B. Sullivan  [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated.

7

8                **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10  MATTHEW WATERS, individually and      )   Civil Action No.: 07CV2089 (BTM) (LSP)
    on behalf of other members of the general  )
11  public similarly situated,             )   **CLASS ACTION**
                                           )
12            Plaintiff,                   )   **DECLARATION OF TONI L. CHRISTIANI**
                                           )   **IN  OPPOSITION  TO  DEFENDANTS'**
13  v.                                     )   **MOTION TO DISMISS**
                                           )
14                                         )
    ADVENT PRODUCT DEVELOPMENT,            )   *Oral Argument Requested*
15  INC., a South Carolina Corporation,    )
    DENICE  THURLOW,  ALPHONSO             )   *Document Electronically Filed*
16  EILAND, and Does 1 through 50,         )
    inclusive,                             )   Date:  December 28, 2007
17                                         )   Time:  11:00 a.m.
              Defendants.                  )   Dept:  15
18                                         )   Judge: Hon. Barry Ted Moskowitz
                                           )
19  _____)

20

21  I, Toni L. Christiani, declare as follows:

22    1.    I am a partner at the law firm of Sullivan & Christiani, LLP, attorneys of record for

23          Plaintiff in the above-captioned matter.  I make this declaration in opposition to

24          Defendants' Motion to Dismiss.

25    2.    I am personally familiar with the facts set forth in this declaration and if called to

26          testify as a witness I could and would do so.

27                                                        ORIGINAL

28

_____
Declaration of Toni L. Christiani in
Opposition to the Motion to Dismiss                Civil Action No.:07CV2089 (BTM) (LSP)

3.    On August 10, 2007, my office received telephone contact from David E. De Lorenzi, stating that he was a New Jersey lawyer from Gibbons P.C. representing Defendant Advent Product Development, Inc. in the present litigation.

4.    Defendants failed to inform the Court that Attorney David E. De Lorezni of Gibbons P.C. contacted my office, which was after Plaintiff's Consumers Legal Remedies Act Notice was received but before the South Carolina action was filed.

5.    On August 10, 2007, Mr. De Lorenzi identified himself as the attorney for Advent and asked to speak with the lead attorney for Plaintiff in this action, William B. Sullivan.

6.    Because Mr. Sullivan was not available, Mr. De Lorenzi left a voice mail asking someone at this office to return his phone call.

7.    Mr. De Lorenzi left the telephone number where he could be reached (973) 596-4743, which is the New Jersey number for Gibbons P.C.

8.    On August 11, 2007, I returned Mr. De Lorenzi's telephone call.

9.    During the telephone conversation, Mr. De Lorenzi stated that he was calling in regards to the pending litigation between Plaintiff and Advent.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of December 2007.

/s/ Toni L. Christiani

_____
Toni L. Christiani
Declarant

---

Declaration of Toni L. Christiani in
Opposition to the Motion to Dismiss

2

Civil Action No.:07CV2089 (BTM) (LSP)

William B. Sullivan  [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX


Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated,


## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive,<br><br>                    Defendants. | Civil Action No.: 07CV2089 (BTM) (LSP)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ALISON M. MICELI IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>*Oral Argument Requested*<br><br>*Document Electronically Filed*<br><br>Date:  December 28, 2007<br>Time:  11:00 a.m.<br>Dept:  15<br>Judge: Hon. Barry Ted Moskowitz |

I, Alison M. Miceli, declare as follows:

1.    I am an attorney licensed to practice law before this Court and am employed with the law firm of Sullivan & Christiani, LLP, attorneys of record for Plaintiff in the above-captioned matter.  I make this declaration in opposition to Defendants' Motion to Dismiss.

2.    I am personally familiar with the facts set forth in this declaration and if called to testify as a witness I could and would do so.

**ORIGINAL**

3.      On November 9, 2007, I met and conferred via telephone with Advent's local attorney, Kipp A. Williams.  During the telephone conversation, Mr. Williams admitted that he was unaware of the specific facts of the case or the contents in the Notice of Removal.

4.      Mr. Williams stated that he did not draft the Notice of Removal.  Mr. Williams stated that an out-of-state attorney was responsible for drafting those documents.

5.      Mr. Williams requested that my office hold a "meet and confer" session with the out-of-state attorney.  Mr. Williams did not provide the name of the attorney, but stated that the attorney worked for a New Jersey based law firm.

6.      Advent maintains three separate, regional offices in California and is doing business with consumers that reside in California.

7.      A true and correct copy of the Stipulated Order for Permanent Injunction and Final Relief Regarding Defendants National Invention Services, Inc. And John F. Lee in <u>Federal Trade Commission v. Nat'l Invention Services, Inc.</u>, Civil Action No. 97-3459 (MTB) is attached hereto as Exhibit "A".

8.      A true and correct copy of Defendant Advent's Initial California Disclosure Statement is attached hereto as Exhibit "B".

9.      A true and correct copy of Plaintiff's counsel's correspondence dated July 16, 2007 is attached hereto as Exhibit "C".

10.     A true and correct copy of Defendants' Notice of Removal dated October 31, 2007 is attached hereto as Exhibit "D".

11.     A true and correct copy of Defendants' Complaint in <u>Advent Product Development, Inc. v. Waters</u>, dated August 14, 2007 is attached hereto as Exhibit "E".

12.     A true and correct copy of Plaintiff's Complaint in <u>Waters v. Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland</u> dated October 3, 2007 is attached hereto as Exhibit "F".

13.    A true and correct copy of Defendants' Motion to Dismiss dated November 7, 2007 is attached hereto as Exhibit "G".

14.    A true and correct copy of the Civil Case Cover Sheet for Defendants' Notice of Removal dated October 31, 2007 is attached hereto as Exhibit "H".

15.    A true and correct copy of Defendant's Civil Action Cover Sheet for its Complaint in <u>Waters v. Advent Product Development, Inc.</u> is attached hereto as Exhibit "I".

16.    A true and correct copy of the State Bar of California attorney search results for David E. De Lorenzi is attached hereto as Exhibit "J".

17.    A true and correct copy of the State Bar of California attorney search results for Carrie A. Longstaff is attached hereto as Exhibit "K".

18.    A true and correct copy of the Gibbons P.C. firm biographies for David E. De Lorenzi and Carrie A. Longstaff is attached hereto as Exhibit "L".

19.    A true and correct copy of the Pro Hac Vice Application for Carrie A. Longstaff is attached hereto as Exhibit "M".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of December 2007.

/s/ Alison M. Miceli

_____
Alison M. Miceli
Declarant

1  William B. Sullivan [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated.

7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10  MATTHEW WATERS, individually and on )  Civil Action No.: 07CV2089 (BTM) (LSP)
    behalf of other members of the general public )
11  similarly situated,                         )  **CLASS ACTION**
                                                 )
12            Plaintiff,                         )  **NOTICE OF LODGEMENT IN**
                                                 )  **OPPOSITION TO DEFENDANTS'**
13     v.                                        )  **MOTION TO DISMISS**
                                                 )
14  ADVENT PRODUCT DEVELOPMENT, )  *Oral Argument Requested*
    INC., a South Carolina Corporation, DENICE )
15  THURLOW, ALPHONSO EILAND, and )  *Document Electronically Filed*
    DOES 1 through 50, inclusive              )
16                                            )
             Defendants.                      )  Date:   December 28, 2007
17                                            )  Time:   11:00 a.m.
                                              )  Dept.:  15
18  _____  )  Judge:  Hon. Barry Ted Moskowitz

19

20      TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that Plaintiff MATTHEW WATERS hereby lodges the following

22  documents, in opposition to the Motion to Dismiss, as follows:

23      Exhibit "A" -  A true and correct copy of the Stipulated Order for Permanent Injunction and

24                     Final Relief Regarding Defendants National Invention Services, Inc. And John

25                     F. Lee in <u>Federal Trade Commission v. Nat'l Invention Services, Inc.</u>, Civil

26                     Action No. 97-3459 (MTB);

27      Exhibit "B" -  A true and correct copy of Defendant Advent's Initial California Disclosure

28                     Statement;

**ORIGINAL**

1      Exhibit "C" - A true and correct copy of Plaintiff's counsel's correspondence dated July 16.

2              2007;

3      Exhibit "D" - A true and correct copy of Defendants' Notice of Removal dated October 31.

4              2007;

5      Exhibit "E"- A true and correct copy of Defendants' Complaint in <u>Advent Product</u>

6              <u>Development, Inc. v. Waters</u>, dated August 14, 2007;

7      Exhibit "F" - A true and correct copy of Plaintiff's Complaint in <u>Waters v. Advent Product</u>

8              <u>Development, Inc., Denice Thurlow, and Alphonso Eiland</u> dated October 3, 2007;

9      Exhibit "G" - A true and correct copy of Defendants' Motion to Dismiss dated November 7.

10              2007;

11     Exhibit "H" - A true and correct copy of the Civil Case Cover Sheet for Defendants' Notice of

12             Removal dated October 31, 2007;

13     Exhibit "I" - A true and correct copy of Defendant's Civil Action Cover Sheet for its

14             Complaint in <u>Waters v. Advent Product Development, Inc.</u>;.

15     Exhibit "J" - A true and correct copy of the State Bar of California attorney search results for

16             David E. De Lorenzi;

17     Exhibit "K" - A true and correct copy of the State Bar of California attorney search results for

18             Carrie A. Longstaff;

19     Exhibit "L" - A true and correct copy of the Gibbons P.C. firm biographies for David E. De

20             Lorenzi and Carrie A. Longstaff; and

21     Exhibit "M" - A true and correct copy of the Pro Hac Vice Application for Carrie A. Longstaff.

22

23    December 14, 2007              **SULLIVAN & CHRISTIANI, LLP**

24

25                             /s/ Alison M. Miceli

26                           ——————————————————

27                           William B. Sullivan.<br>Alison M. Miceli,

28                           Attorneys for Plaintiff.<br>MATTHEW WATERS

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FEDERAL TRADE COMMISSION
Plaintiff

v.

NATIONAL INVENTION SERVICES, INC., a corporation ("NISI") and
JOHN F. LEE, individually
Defendants

CIVIL ACTION NO. 97-3459 (MTB)

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL RELIEF REGARDING DEFENDANTS NATIONAL INVENTION SERVICES, INC. ("NISI"), AND JOHN F. LEE.

On July 14, 1997, plaintiff Federal Trade Commission ("Commission" or "FTC"), commenced this action by filing its complaint against defendants National Invention Services, Inc. ("NISI"), and John F. Lee ("Lee") (collectively, the "defendants"). The complaint alleges that the defendants engaged in unfair or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, and seeks a permanent injunction and monetary relief pursuant to Section 13(b) of the FTC Act.

The Commission and defendants NISI and Lee have agreed to the settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, and without the defendants admitting liability or wrong doing for the offenses alleged in the Complaint.

Being advised of the premises, the Court accordingly finds:

1. This Court has jurisdiction over the subject matter of this case and has jurisdiction over defendants NISI and Lee. Venue in the District of New Jersey is proper;

2. The Commission has the authority under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to seek the relief it has requested;

3. The Complaint states a claim upon which injunctive relief may be granted against defendants NISI and Lee under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b). The Complaint seeks both permanent injunctive relief and consumer redress for alleged unfair or deceptive acts or practices by the defendants in connection with offering consumers, in exchange for service fees, research, patenting, marketing and/or invention promotion services;

4. The activities of the defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

5. Defendants NISI and Lee have agreed to waive all rights to seek judicial review or otherwise challenge or contest the validity of this Final Order. Defendants also have agreed to waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of the entry of this Final Order;

6. Except as herein provided, this action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law; and

7. Entry of this Final Order is in the public interest and the interest of defendants NISI and Lee.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

## DEFINITIONS

For purposes of this Final Order, the following definitions shall apply:

(A) "Defendants" shall refer to: (1) NISI; (2) Lee; and (3) any combination of the foregoing.

(B) "Invention promotion services" shall refer to any business activity that purports to assist inventors in promoting, marketing, commercializing, evaluating or patenting their invention ideas.

## PROHIBITION AGAINST MISREPRESENTATIONS

### I.

(A) **IT IS HEREBY ORDERED** that defendants, and their officers, agents, servants, employees, attorneys (excepting any patent attorney who contracts with defendants' customers to do patent work for those customers who are not in active concert or participation with defendants), corporations, subsidiaries, successors, assigns, and independent contractors, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promotion, offer for sale, or sale of defendants' invention promotion services, are hereby permanently restrained and enjoined from making or assisting others in making, directly or by implication, any material false representation or material omission, including, but not limited to:

(1) Falsely representing, directly or by implication, the likelihood that defendants' invention promotion services will result in financial gain for any customer;

(2) Falsely representing, directly or by implication, defendants' past success in assisting their customers to market their invention ideas or products;

(3) Falsely representing, directly or by implication, that defendants assess or evaluate the market potential, patentability, technical feasibility, or merit of ideas submitted by any customer;

(4) Falsely representing, directly or by implication, that defendants make money from royalties generated by defendants' customers;

(5) Falsely representing, directly or by implication, the amount of royalties received by defendants' customers;

(6) Falsely representing, directly or by implication, that the Federal Trade Commission has endorsed, authorized, or approved the sales materials or sales practices of any defendant, except as provided in this Final Order;

(7) Falsely representing, directly or by implication, the terms, effect, or purpose of this Final Order.

## AFFIRMATIVE DISCLOSURES

## II.

(A) **IT IS FURTHER ORDERED** that defendants and their officers, agents, servants, employees, attorneys (excepting any patent attorney who contracts with defendants' customers to do patent work for those customers who are not in active concert or participation with defendants), corporations, subsidiaries, successors, assigns, and independent contractors, and those persons or entities in active concert or participation with either of them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promotion, offer for sale, or sale of invention promotion services shall:

(1) Furnish each client or prospective client a retainable copy, identified as client copy, of the Affirmative Disclosure Statement ("Disclosure Statement") as set forth in Appendix C during each contact between the client and defendant for the solicitation of each of defendant NISI's services for which payment of money is sought; provided, however, the Disclosure Statement is not required for each installment payment where the customer has agreed to finance his or her payments to NISI; and

(2) Where defendant is required to provide a client with a retainable copy of the Disclosure Statement, as set forth in II(A)(1), request that the client sign and date said Disclosure Statement before contracting for any of defendant NISI's services; and

(3) Require that the person responsible for compliance with this provision sign and date the Disclosure Statement, and print his or her name upon the Disclosure Statement as well. If the client should refuse to sign the Disclosure Statement and/or retain his or her copy, the person responsible for compliance with this provision shall so indicate on the Disclosure Statement, and mail a copy to the last known address of the client.

(B) IT IS FURTHER ORDERED that the Disclosure Statement, in the exact form and type-size as set forth in Appendix C, shall contain no other information and shall reflect information that is current as of a date no more than 90 days prior to the date the Disclosure Statement is furnished to the client or prospective client.

(C) IT IS FURTHER ORDERED that the Disclosure Statement(s) shall be retained under the provision of Part III, Record Keeping.

## RECORD-KEEPING AND DOCUMENT RETENTION

### III.

**IT IS FURTHER ORDERED** that, for a period of five years from the date of entry of this Order, each of the defendants, and their officers, agents, servants, employees, corporations, subsidiaries, successors, and assigns, and those persons or entities in active concert or participation with either of them who receive actual notice of this Order by personal service or otherwise, in connection with any business where

> (1) any defendant is the majority owner of the business, or otherwise directly or indirectly manages or controls the business, and where

> (2) the business engages in, or assists others who are engaged in, the business of selling invention promotion services,

is hereby restrained and enjoined from failing to create, and from failing to retain for a period of three years following the date of such creation, unless otherwise specified:

(A) Books, records and accounts that, in reasonable detail, accurately and fairly reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

(B) Records accurately reflecting: the name, address, and phone number of each person that any of the above-referenced businesses employ in any capacity, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable. The businesses subject to this Paragraph shall retain such records for any such person who was terminated for a period of three years following the date of termination;

(C) Records containing the names, addresses, phone numbers, dollar amounts paid, quantity of items purchased, and description of items purchased, for all customers to whom any of the above-referenced businesses have sold, invoiced or shipped any goods or services, or from whom any of the above-referenced businesses accepted money or other items of value;

(D) Records that reflect, for every customer complaint or refund request, however received:

> (1) the customer's name, address, telephone number and the dollar amount paid by the consumer;

(2) the written complaint, if any, and the date of the complaint or refund request;

(3) the basis of the complaint, including the name of any salesperson complained against, and the nature and result of any investigation conducted concerning the validity of any complaint;

(4) each response and the date of the response;

(5) any final resolution and the date of the resolution; and

(6) in the event of a denial of a refund request made by a complainant, the reason for such denial, or if the complaint was resolved, the basis for determining that the complaint was resolved;

(E) Copies of all sales scripts, training packets, advertisements, or other marketing materials utilized; and

(F) Records reflecting all contracts, agreements or correspondence with any advertising company, or customer lead provider.

(G) It is understood that these provisions do not require defendants to maintain multiple copies where single records satisfy the requirements of (D), (E) and (F).

## ORDER DISTRIBUTION

### IV.

**IT IS FURTHER ORDERED** that, for a period of five years from the date of entry of this Order, defendants shall:

(A) Provide a copy of this Order to, and obtain a signed and dated acknowledgement of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining such persons, for any business where

(1) any defendant is the majority owner of the business, or otherwise directly or indirectly manages or controls the business, and where

(2) the business engages in, or assists others who are engaged in, the business of selling invention promotion services; and

(B) Maintain for a period of three years after creation, and upon reasonable notice make available to representatives of the Commission, the original signed and dated acknowledgements of the receipt of copies of this Order, as required in the above Subsection (A) of this Paragraph.

## ACCESS AND MONITORING

## V.

**IT IS FURTHER ORDERED** that, for a period of five years from the date of entry of this Order, for purposes of determining or securing compliance with this Order, defendants shall permit representatives of the Commission, within ten business days of receipt of written notice from the Commission:

(A) Access during normal office hours to any office, or facility storing documents, of any business where

      (1) any defendant is the majority owner of the business, or otherwise directly or indirectly manages or controls the business, and where

      (2) the business engages in, or assists others who are engaged in, the business of selling invention promotion services.

In providing such access, each defendant shall permit representatives of the Commission to inspect and copy at Commission expense all documents relevant to any matter contained in this Order; and

(B) To interview or depose the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which Subsection (A) of this Paragraph applies, relating to compliance with the terms of this Order. Each defendant agrees not to interfere with these interviews or depositions. The Commission may otherwise monitor the compliance of any defendant with this Order by all lawful means available, including the taking of depositions, the use of compulsory process seeking production of documents, and the use of investigators posing as consumers.

(C) Defendant may, in writing, designate an attorney to whom the notice referred to above shall be served. It is further understood that defendants have the right to have counsel present whenever the Commission or its representatives seeks to exercise any right set forth in Part V, Access And Monitoring.

## RESIDENTIAL AND EMPLOYMENT NOTIFICATION

## VI.

**IT IS FURTHER ORDERED** that for a period of five years from the date of entry of this Order, in order that compliance with the provisions of this Order can be monitored:

(A) Defendant Lee shall notify the Commission by registered mail, within ten days of the date of entry of this Order, of his current residence address and employment status, including the names, business addresses, and telephone numbers of any current employers, and, thereafter, shall notify the Commission by registered mail of any changes in his residence address within 30 days of such changes.

(B) In the event that defendant Lee is or becomes affiliated in any capacity with any business that engages in, or assists others who are engaged in, the business of selling

invention promotion services, defendant Lee shall notify the Commission by registered mail of the business's address and telephone number, the nature of its activities, and the nature of his own duties, management authority, and ownership interest in connection with the business. Defendant Lee shall comply with the requirements imposed in this subsection: (1) within 30 days of entry of this Order, if the defendant is affiliated with a business to which this subsection applies on the date that this Order is entered; and (2) within 30 days of the defendant's becoming affiliated with any business to which this subsection applies, if he becomes affiliated with such a business after the date that this Order is entered;

(C) For the purposes of this Order, written notifications to the Commission shall be mailed to:

Associate Director, Division of Service Industry Practices
Bureau of Consumer Protection
Federal Trade Commission, Room 200
6th St. and Pennsylvania Ave., NW
Washington, DC 20580

(D) For the purposes of this Paragraph VI, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or business for which defendant Lee performs services as an employee, consultant, or independent contractor. However, the "employment" and "employer" must involve the invention promotion services as defined in Definitions, Part (B).

## PROHIBITION ON THE SALE OF CLIENT NAMES

## VII.

**IT IS FURTHER ORDERED** that defendants, and their officers, agents, servants, employees, attorneys, corporations, subsidiaries, successors, assigns, and independent contractors, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from selling, renting, leasing, transferring, or disclosing to a company, individual, or entity engaged in invention promotion services the name, address, telephone number, or other identifying information of any person who paid any monies to defendants at any time prior to entry of this Order in exchange for research, patent, marketing, and/or invention promotion services from defendants.

## MONETARY RELIEF

## VIII.

**IT IS FURTHER ORDERED** that the Commission's claims for monetary relief shall be satisfied as follows:

(A) Within five (5) days after the entry of the Order the Commission will provide proper documents from the financial institution(s), wherein NISI assets have been frozen pursuant to the consent order of the Court, releasing from said account(s) to the Federal Trade Commission an amount of $68,000.

(B) Within five (5) days after the entry of the Order the Commission and defendant Lee, by their attorneys, shall agree upon the equity value of the entire stock portfolio contained in the Quick & Reilly account, as set forth in Schedule "B" of the Financial Statement executed by defendant Lee on July 30, 1997. The equity value of said portfolio shall be determined by the stated closing of each stock contained in said portfolio as of the close of business on the date of entry of this Order. Within ten (10) business days after establishing the equity value of each stock contained in the aforesaid portfolio, defendants, jointly and /or severally, shall transfer to the Federal Trade Commission an amount equal to the total stated equity value of the portfolio. Said amount may be satisfied by properly executed transfers of stock certificates, a properly issued check from Quick & Reilly, or a certified check from the defendants.

(C) The amount of said portfolio shall be reduced by the amount owed Lee under the provisions of Part IV(C) of the order entered by the Court on September 5, 1997, as of the date this Order is entered.

(D) The transfer of an amount equal to the amount specified in VIII(A) and the total stated value of the portfolio, reduced by VIII(C), shall be made in the following manner: [Amount] payable by wire transfer to the United States in accordance with the wire transfer instructions on Attachment A.

(E) All amounts paid by defendants and collected by the Commission pursuant to VIII (A) & (B) constitute equitable relief solely remedial in nature for purposes of redress and are not a fine, penalty, punitive assessment, or forfeiture. All amounts paid and collected shall be used to establish a consumer redress fund, which, in accordance with a plan submitted by the Commission or its agents and approved by the Court, shall be (i) distributed to consumers of NISI, who purchased NISI's services prior to July 16, 1997 and have not executed a Disclosure Statement pursuant to Part II(B) of the Consent Order issued on August 15, 1997, and used to pay any attendant expenses of administering said fund; and (ii) any funds not so distributed shall, with sole discretion of the Commission or its agents, be paid over to the United States Treasury.

(F) Any monies distributed under the provisions of VIII(D)(i) shall contain on the back of the checks the following general release language:

Release: Consistent with the letter [client, or "I"] received in [date of letter], by my endorsement of this check I affirm that I am the claimant entitled to make a claim under the FTC v. National Invention Services, Inc. ("NISI"), et al. Settlement and I hereby relinquish and forever discharge NISI and John F. Lee individually for any and all claims that I have against NISI, its officers, agents including sales consultants, and employees.

(G) Within five (5) days of compliance with Part VIII(A), the Commission shall execute proper documents releasing the frozen assets of NISI at all financial institutions that it knows about for which NISI's assets were frozen. Within five (5) days of compliance with Part VIII(B)-(D), the Commission shall execute proper documents releasing the frozen assets of John F. Lee at all financial institutions that it knows about for which John F. Lee's assets were frozen.

## LIFTING THE ASSET FREEZE

## IX.

**IT IS FURTHER ORDERED** that upon transfer of all the funds as described in Paragraph VIII, the freeze of the assets of defendants NISI and Lee, as ordered in the Consent Order entered by the Court on August 20, 1997 and the Preliminary Injunction entered by the Court on September 5, 1997, respectively, is dissolved.

## RIGHT TO REOPEN

## X.

**IT IS FURTHER ORDERED** that, within five days of receiving notice that this Order has been entered, defendant Lee shall submit to the Commission a truthful sworn statement, in the form shown on Appendix A, that shall reaffirm and attest to the truth, accuracy, and completeness of his personal financial statement, which statement shall have been previously submitted to the Commission on July 30, 1997. In addition, defendants shall submit to the Commission a truthful sworn statement, in the form shown on Appendix B, that shall reaffirm and attest to the truth, accuracy, and completeness of the financial statement of defendants which statements shall have been previously submitted to the Commission on July 29, 1997, and July 30, 1997. The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of defendants' financial condition as represented in the financial statements referenced above, which contain material information upon which the Commission relied in negotiating and agreeing to this Order. If, upon motion by the Commission, the Court finds that any of the above-referenced financial statements failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission of fact, the Commission may request that the Order herein be reopened to allow the Commission to modify the monetary liability of any defendant. Provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and provided further that proceedings instituted under this provision would be in addition to and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that the Commission may institute to enforce the Order. Solely for the purposes of this Paragraph, defendants waive any right to contest any of the allegations in the Complaint filed in this matter.

## RETENTION OF JURISDICTION

## XI.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction of this matter for all purposes including the construction, modification, and enforcement of this Order.

STIPULATED AND AGREED TO BY:
FOR THE PLAINTIFF:

DATED:
PETER W. LAMBERTON
DAVID C. FIX
MICHELLE CHUA

Federal Trade Commission
6th St. & Penn. Ave., N.W.
Washington, D.C. 20580
(202) 326-3274 (voice)
(202) 326-3392 (facsimile)

DATED:
JEROME STEINER, JR.
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 356-5282 (voice)
(415) 356-5284 (facsimile)

DATED:
KIMBERLEY GUADAGNO
United States Attorney's Ofc. 970 Broad St., 7th Floor
Newark, NJ 07102
(973) 645-2771 (voice)
(973) 297-2010 (facsimile)

Attorneys for Plaintiff

FOR THE DEFENDANTS:

DATED:
JOHN F. LEE, individually

DATED:
NATIONAL INVENTION SERVICES, INC. ("NISI") by John F. Lee
as its sole corporate officer

DATED:
JAMES D. CUTLIP, Esq.
Cutlip & Associates, P.C.
170 Ridgewood Ave.
Glen Ridge, NJ 07028
(973) 748-1384 (voice)
(973) 898-2025 (voice)
(973) 429-0229 (voice)
(973) 898-2891 (facsimile)

Attorney for the defendants

**IT IS SO ORDERED.**

Dated: _____  _____
THE HONORABLE MARYANNE T. BARRY
United States District Judge

Appendix A

PETER W. LAMBERTON 0914
DAVID C. FIX 7448
MICHELLE CHUA 2194
Federal Trade Commission
6th St. & Pennsylvania Ave., N.W.
Washington, D.C. 20580
(202) 326-3298; 3274; 3248 (voice)
(202) 326-3392 (facsimile)

JEROME M. STEINER, JR. 5574
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 356-5282 (voice)
(415) 356-5284 (facsimile)

KIMBERLEY GUADAGNO 5323
United States Attorney's Office
970 Broad St., 7th Floor
Newark, NJ 07102
(973) 645-2771 (voice)
(973) 297-2010 (facsimile)

Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

FEDERAL TRADE COMMISSION
Plaintiff

v.

NATIONAL INVENTION SERVICES, INC., a corporation ("NISI") and
JOHN F. LEE, individually
Defendants

CIVIL ACTION NO. 97-3459 (MTB)

**DECLARATION OF JOHN F. LEE**

1. My name is John F. Lee. I am a citizen of the United States and am over the age of 18. I reside in Pawley's Island, SC. I have knowledge of the matters discussed in this declaration.

2. I am a defendant in FTC v. National Invention Services, Inc., et. al., CIVIL ACTION NO. 97-3459 (MTB).

3. I have received a copy of the Final Order entered by the Court in the above-captioned action.

4. The information contained in the financial statements executed by me on July 29, 1997, and July 30, 1997, and previously provided to the Federal Trade Commission, was true, accurate, and complete when executed.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:

John F. Lee

## Appendix B

PETER W. LAMBERTON 0914
DAVID C. FIX 7448
MICHELLE CHUA 2194
Federal Trade Commission
6th St. & Pennsylvania Ave., N.W.
Washington, D.C. 20580
(202) 326-3298; 3274; 3248 (voice)
(202) 326-3392 (facsimile)

JEROME M. STEINER, JR. 5574
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 356-5282 (voice)
(415) 356-5284 (facsimile)

KIMBERLEY GUADAGNO 5323
United States Attorney's Office
970 Broad St., 7th Floor
Newark, NJ 07102
(973) 645-2771 (voice)
(973) 297-2010 (facsimile)

Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

FEDERAL TRADE COMMISSION
Plaintiff

v.

NATIONAL INVENTION SERVICES, INC., a corporation ("NISI") and
JOHN F. LEE, individually

Defendants

CIVIL ACTION NO. 97-3459 (MTB)

### DECLARATION OF NISI

1. My name is John F. Lee. I am a citizen of the United States and am over the age of 18. I reside in Pawley's Island, SC. I have knowledge of the matters discussed in this declaration. I am the sole corporate officer and sole shareholder of National Invention Services, Inc. ("NISI"), a New Jersey corporation.

2. NISI is a defendant in FTC v. National Invention Services, Inc., et. al., CIVIL ACTION NO. 97-3459 (MTB).

3. NISI has received a copy of the Final Order entered by the Court in the above-captioned action.

4. The information contained in the financial statements executed by NISI on July 29, 1997, and July 30, 1997, and previously provided to the Federal Trade Commission, was true, accurate, and complete when executed.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:

John F. Lee, President, NISI

### Appendix C

### AFFIRMATIVE DISCLOSURE STATEMENT

You should be aware that since its inception in January, 1994, National Invention Services, Inc. ("NISI"), has selected and recommended for further invention promotion services the vast majority of all invention ideas submitted to it for a preliminary assessment.

NISI does not, at any stage, perform any evaluation or assessment of the market potential, patentability, technical feasibility, or merit of the ideas submitted to it.

As of 12/1/97,

**1087 NISI clients have signed representation agreements with NISI.**

**0 NISI clients have made more money from their invention as a result of using NISI's services than they paid NISI for its services.**

Dated:
Customer signature
Print Customer's name

Dated:
Salesperson's signature
Print Salesperson's name

# EXHIBIT B



ADVENT
PRODUCT
DEVELOPMENT

### INITIAL CALIFORNIA DISCLOSURE

Prior to disclosing your invention/concept to us, you should be aware of the following:

Your potential patent rights may be adversely affected by any attempt to commercialize your idea or invention before a patent application covering it is filed. Nonconfidential disclosures of your idea or invention may also trigger certain statutory deadlines for filing a patent application in the United States and would prevent you from obtaining valid patent rights in countries whose law provides that patent applications must be filed before there is a public disclosure. Any contract for invention development services between you and Advent Product Development is regulated by law. Advent Product Development is not qualified or permitted to advise you whether protection of your idea or invention is available under the patent, copyright or trademark laws of the United States or any other law. Such advice may only be rendered by a licensed, registered patent attorney who is retained on your behalf. If your idea or invention is patentable, copyrightable or subject to trademark protection, or infringes an existing valid patent, copyright or trademark or a patent, copyright or trademark for which application has been made, failure to inquire into these matters may affect your rights to your idea or invention.

You have been supplied with a schedule detailing our range of fees for our various services. A portion of the fee charged will be paid to our agent who gave you this disclosure. A further small portion of the fee charged will be expended for services relating to patent matters. APD does not intend to expend more for its service than it charges as a fee.

You should be aware that since October 1, 1998, Advent Product Development (APD) has contracted to represent 3806 products. To date, 0 clients have experienced financial gain from their invention/product.

# EXHIBIT C

# SULLIVAN & CHRISTIANI

A LIMITED LIABILITY PARTNERSHIP

<u>NORTHERN CALIFORNIA</u>

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
**PHONE (619) 702-6760**
**FACSIMILE (619) 702-6761**

<u>LAS VEGAS</u>

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

July 16, 2007

ADVENT PRODUCT DEVELOPMENT                    *Via Certified Mail*
South Coast Executive Park
1503 South Coast Drive, Suite 315
Costa Mesa, California 92614

ADVENT PRODUCT DEVELOPMENT                    *Via Certified Mail*
3750 Convoy Street, Suite 118
San Diego, California 92111

                    Re:    <u>Matt Waters v. Advent</u>

To whom it may concern:

        Please allow this correspondence to serve as a Notice and Demand for Correction and Remedy. This Notice is presented pursuant to California Civil Code section 1750, et. seq., and specifically section 1782, of the California Consumer Legal Remedies Act (Hereinafter "CLRA"). Thank you for your assistance throughout this matter.

        As specifically set forth below, our client Matthew Waters notifies you of the following statutory violations:

        1.    California Civil Code section 1770(5);

        2.    California Civil Code section 1770(7);

        3.    California Civil Code section 1770(14);

        4.    California Civil Code section 1770(16); and

        5.    California Civil Code section 1770(19)

Z:\Data\6330\correspondence\CLRA30DayJuly2.07.wpd

The factual foundation for the referenced statutory violations is set forth below:

In or about June, 2006, our client, Matt Waters, first learned of your Company by and through a satellite radio advertisement. Mr. Waters subsequently met with several of your Company's employees regarding retaining your Company to perform the Invention Assistance referenced within the advertisements. Mr. Waters was shown various other written solicitations and advertisements by your representatives, and eventually entered into at least three separate contracts with your Company. Mr. Waters signed these contracts - and provided your Company in excess of several thousand dollars - based upon the written and oral representations made by your Company.

Recently, it became apparent to Mr. Waters that the services your Company advertised where not of the particular standard, quality and grade represented both before and during the time of the execution of the contract. The services were represented to be of a particular quality, and they were not of said quality. Additionally, there are multiple unconscionable provisions within the operative contracts, including material additions and omissions that violate California law.

As a specific example of the above, the advertisements and operative contracts represented that Mr. Waters would be receiving a "patent search" and "legal opinion" prior to entering into a second, more expensive contract with your Company. This "legal opinion" would provide Mr. Waters with feedback into whether there was a need for the more expensive contract, given the then-current status of potentially "related" patents. Importantly, the "legal opinion" failed to notify Mr. Waters of several patents directly on-point with Mr. Waters proposal. Simply, there was never any real potential for Mr. Waters to obtain patent protection, and no need to enter into the second, more expensive contract. We have subsequently learned that each and every California-based customer of your Company has experienced similar actions and damages during their interaction with your Company.

## DEMAND

Based on the above, we submit that your Company has failed to honor and abide by the consumer protections enacted by the CLRA. Unless full satisfaction is made, as set forth below, please be advised that Mr. Waters intends to file suit against your Company, claiming under (at least) the CLRA and the Unfair Business Practices and False Advertising Act. Mr. Waters will be claiming both individually and as a Class Representative under both of the above sections.

In order to avoid any further legal action, Mr. Waters respectfully demands that your Company specifically agree to fund all of the following:

1.    Actual damages to Mr. Waters, in the amount of $10,430.00, plus interest;

2.    Actual damages to every California based customer of your Company, who has paid your Company any monetary amount within the last three years, said damages to consist of the amounts said California based customer provided to your Company within that time period, plus interest; and

3.    For ever "senior citizen" and/or "disabled" California based customer who entered into a contract with your Company within the last three years, an additional amount of $5,000.00.

Please be advised that, if your Company does not agree to all of the above-referenced demands within 30 days of receipt of this notice, this firm will have no option but to proceed formally, seeking the below referenced remedies:

A.    The actual damages suffered by each Class Member;

B.    An order enjoining your Company from further illegal methods, acts or practices;

C.    Restitution, where applicable;

D.    Punitive Damages;

E.    Any other Relief which the Court deems proper; and

F.    Attorneys Fees and Costs.

**Please Note:** As referenced above, please allow this to serve as notice that the actions of your Company also violate California Business and Professions Code sections 17200 and 17500, as unfair business acts and practices. If necessary, we intend to claim under these theories as well.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

William B. Sullivan

Z:\Data\6330\correspondence\CLRA30Day_July2.07.wpd

# EXHIBIT D

Mark A. Krasner, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434



*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 2089 BTM (LSP)

|  |  |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>       Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of the State of California, County of San Diego, Case No. 37-2007-00075223-CU-FR-CTL) |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

    **PLEASE TAKE NOTICE** that Defendants Advent Product Development, Inc.

(hereinafter "Advent"), Denice Thurlow (hereinafter "Thurlow"), and Alphonso Eiland

(hereinafter "Eiland") hereby file this Notice of Removal of the above-captioned action

from the Superior Court of the State of California, County of San Diego, Docket No. 37-

2007-00075223-CU-FR-CTL, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of the facts set forth below:

## BACKGROUND:

1.     On or about September 18, 2007, Plaintiff Matthew Waters, individually and on behalf of other members of the general public similarly situated, filed a class action complaint pursuant to the Code of Civil Procedure Sections 382 and 1781(a) in the Superior Court of the State of California, County of San Diego against the defendants. The matter was assigned case number 37-2007-00075223-CU-FR-CTL. A true and complete of all pleadings are attached hereto as Exhibit A.

2.     Service of the Summons and Complaint was effectuated on Advent on or about October 3, 2007 at Advent's office in San Diego, California.

3.     To date, neither Thurlow or Eiland have been served with a copy of the Summons and Complaint in accordance with the Federal Rules of Civil Procedure.

4.     As set forth in the Complaint, this action was brought pursuant to the California Code of Civil Procedure, Section 382 seeking relief under the California Consumers Legal Remedies Act, the California Business and Professions Code and for fraud. This class action has been brought by Plaintiff "on behalf of approximately 800 current and/or former claimants ...."

5.     The Complaint alleges that Plaintiff entered into a Phase I agreement with Advent whereby paying $1,190.00 in order to receive a "Legal Protection Report." It is alleged that based upon this Legal Protection Report, Plaintiff proceeded to enter into a "Phase II" contract with Advent for $9,240.00. Per the Complaint, Plaintiff

#1232468 v4
107136-60623

contends that the Legal Protection Report was deficient and erroneous which induced Plaintiff into entering into a "Phase II" contract with Advent.

6.    The Complaint alleges that Plaintiff's claims are typical of the claims of all other class members in that the contracts and supporting documents received, signed and executed by Plaintiff are "identical to those received by the remaining Class members." (Exhibit A, Compl. ¶ 17).

## JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

7.    Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (CAFA) since the Complaint purports to be a class action, there is diversity of citizenship under CAFA, and the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

8.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which allows the defendant or defendants to remove any civil action brought in a state court over which the District Courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where such action is pending.

## DIVERSITY OF THE PARTIES

9.    Upon information and belief, and based upon the allegations set forth in its Complaint, Plaintiff is an individual, residing at 4777 Orten Street, San Diego, California 92110. See Exhibit A.

3

#1232468 v4
107136-60623

10.    Defendant Advent is a domestic corporation organized and existing under the laws of the State of South Carolina having its principal place of business at 313 Commerce Drive, Pawleys Island, South Carolina, 29585. For the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Advent is a citizen of the State of South Carolina.

11.    Defendant Denice Thurlow is an individual, residing at 541 Drake Lane, Surfside Beach, South Carolina 29575.

12.    Defendant Alphonso Eiland is an individual, residing in 3741 52nd Street #A, San Diego, California 92105.

## AMOUNT IN CONTROVERSY

13.    Plaintiff's Complaint alleges that Plaintiff entered into a "Phase I" contract with Defendant Advent for the sum of $1,190, was then fraudulently induced to enter into a "Phase II" contract with Defendant Advent for the total sum of $9,240, that Defendant failed to perform, and Plaintiff has been damaged thereby. (Exhibit A, Compl. ¶ 24-26). As noted, Plaintiff alleges that all 800 class members entered identical contracts and were similarly damaged. (Exhibit A, Compl. ¶ 17, 26). Based on the alleged contract damages alone to each class member as noted above, the claimed amount in controversy would be well over the statutory minimum of $5,000,000 exclusive of interest and costs.

14.    In addition to the foregoing contract damages claimed, Plaintiff's Complaint seeks substantial additional damages under the California Consumers Legal Remedies Act (CLRA), California Civil Code § 1770, specifically seeking an award

4

#1232468 v4
107136-60623

of actual damages for all class members, that all senior citizens and disabled persons of the class receive an additional $5000 pursuant to the California Civil Code § 1780(b), and for an award of attorneys' fees and costs pursuant to the California Civil Code § 1780(d).

15.     In addition, the second count of Plaintiff's Complaint seeks relief for a violation of the California Business and Professions Code, Chapter 17, Invention Development Services Contracts, specifically seeking an award of $3000 or treble the actual damages per class member pursuant to Cal Bus & Prof Code § 22386.

16.     Should this Court chose to award treble the alleged actual damages stated by Plaintiff to be, at a minimum, Plaintiff's contract damages of $9,240, and the same amount for all of the 800 class members, again the amount in controversy will be well over $5,000,000 exclusive of interest and costs.

17.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) for the reasons set forth above in Paragraphs 8-17 because this matter is a class action, the matter in controversy exceeds $5,000,000, and plaintiff is a citizen of a different state from at least one of the defendants.

18.     Upon information and belief, the Court would not be required to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4) because that section would not be applicable given the facts pled in the Complaint.  Specifically, Advent is the only primary Defendant from whom significant relief is sought, whose alleged conduct

forms a significant basis for the claims asserted by the proposed plaintiff class, and

Defendant Advent is not a citizen of the State of California. See 28 U.S.C. § 1332(d)(4).

19.    This court has original jurisdiction under 28 U.S.C. § 1332 for the

reasons set forth above.

## REMOVAL REQUIREMENTS SATISFIED

20.    This Notice of Removal is being filed within thirty days after Defendants

first received a copy of the Complaint, through service or otherwise pursuant to 28

U.S.C. § 1446.

21.    As of this date, no Defendants have filed a responsive pleading in the

action commenced in the Superior Court of the State of California, County of San

Diego, and no other proceedings have transpired in the state court action.

22.    This Notice of Removal is being filed in the United States District Court

for the Southern District of California, the district court of the United States for the

district and division within which the state court action is pending, as required by 28

U.S.C. §§ 1446(a) and 1441(a).

23.    Based upon Plaintiff having filed its Complaint in the Superior Court of

California, County of San Diego, the United States District Court for the Southern

District of California in San Diego is the appropriate forum for this case.

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice

of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed

with the Clerk of the Superior Court of California, County of San Diego, in the form

attached hereto as Exhibit B.

#1232468 v4
107136-60623



25.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants respectfully requests that this action be duly removed to this Court and that it proceed herein.

Dated: October 31, 2007
       La Jolla, California

By: _Mark A. Krasner_

Mark A. Krasner
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland*

7

#1232468 v4
107136-60623

# EXHIBIT E

STATE OF SOUTH CAROLINA    )   IN THE COURT OF COMMON PLEAS
    )   FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF GEORGETOWN    )   CIVIL ACTION NO.: 07-CP-22- *1082*

)
)

Advent Product Development, Inc.,    )

Plaintiff,    )

vs.    )

Matthew Waters,    )

Defendant.    )

**DECLARATORY JUDGMENT
COMPLAINT
(NON-JURY)**

*2007 AUG 14  PM 3:01*
*CLERK OF COURT*
*FILED*

        Plaintiff, by and through its undersigned attorney, would respectfully show unto this Honorable Court as follows:

1.    Plaintiff Advent Product Development, Inc., hereinafter referred to as "Advent", is a domestic corporation organized and existing under the laws of the State of South Carolina having its principal place of business at 313 Commerce Drive, Pawleys Island, South Carolina 29585.

2.    Plaintiff is informed and believes that the Defendant Matthew Waters, hereinafter referred to as "Waters", is an individual residing at 4777 Orten Street, San Diego, California 92101.

<u>**DECLARATORY JUDGMENT
UNDER SOUTH CAROLINA STATE LAW**</u>

3.    Paragraphs 1 and 2 above are realleged and incorporated by reference as if set forth herein verbatim.

PARSONS, OUVERSON, STARK
GUEST & NELL, PA
11883 Plaza Drive
Murrells Inlet
SC 29576

Page 1 of 3

#1219013 v1
107136-60623

4.  Defendant Waters entered into a contract, the Representation Agreement, with Plaintiff Advent dated June 30, 2007, for marketing and promotional services. A true and correct copy of the Representation Agreement is attached hereto as Exhibit A.

5.  On July 16, 2007, Defendant Waters, through counsel, sent a letter to Plaintiff Advent alleging that the services received were not of a particular standard, quality and grade and has demanded, under threat of suit, to recover the remedies of actual damages, enjoining Advent from further illegal methods, acts or practices, restitution, punitive damages, and attorneys fees and costs; thereby creating a reasonable apprehension of suit on the part of Plaintiff Advent. A true and correct copy of the July 16, 2007 letter is attached hereto as Exhibit B.

6.  The Representation Agreement sets forth a forum selection clause and a choice of law provision requiring that any action be adjudicated in the State of South Carolina.

7.  The contract requires that the Representation Agreement be governed and interpreted according to the laws of the State of South Carolina.

8.  Upon information and belief, Defendant Waters is going to file suit in California in violation of the parties' agreed upon forum selection clause.

9.  Accordingly, a justiciable case or controversy exists between Plaintiff Advent and Defendant Waters regarding an anticipatory breach of the

PARSONS, OUVERSON, STARK
GUEST & NEILL, PA
11883 Plaza Drive
Murrells Inlet
SC 29576

Page 2 of 3

#1219013 v1
107136-60623

Representation Agreement and Advent's rights under the Representation
Agreement.

10.    Plaintiff Advent is entitled to declaratory judgment of its rights under the
contractual agreement pursuant to S.C. Code Ann. § 15-35-10, *et seq.*

**WHEREFORE,** Plaintiff Advent prays to this Honorable Court that it recover
judgment against the Defendant Waters as follows:

1.    That there be a declaration of Plaintiff Advent's rights under the
Representation Agreement pursuant to S.C. Code Ann. § 15-35-10, *et
seq.*;

2.    That Defendant Waters be permanently enjoined from breaching the
Representation Agreement;

3.    That Plaintiff Advent be awarded their reasonable costs and attorneys
fees in maintaining this action; and

4.    That Plaintiff Advent be awarded such other and further legal and
equitable relief as the Court may deem proper and just.

Martin L. Stark, Esquire
PARSONS, OUVERSON, STARK, GUEST & NEILL, PA
11883 Plaza Drive
Post Office Box 2850
Murrells Inlet, South Carolina  29576-2850
Telephone: (843)357-8888  Fax: (843)357-3151
Attorney for the Plaintiff

August 14, 2007
Murrells Inlet, South Carolina

PARSONS, OUVERSON, STARK
GUEST & NEILL, PA
11883 Plaza Drive
Murrells Inlet
SC 29576

#1219013 v1
107136-60623

# EXHIBIT F

William B. Sullivan [CSB No. 171637]
Eric J. Palmer [CSB No. 231207]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS, individually,
as Business & Professions Code section 17200 representative
claimant, and as Class claimant

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, | CASE NO.   37-2007-00075223-CU-FR-CTL |
| | **(CLASS ACTION)** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. Violation of California Consumers Legal Remedies Act;** |
| ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation; DENISE THURLOW, ALPHONSO EILAND and DOES 1 through 50, inclusive. | **2. Violation of Business and Professions Code; and** |
| | **3. Fraud** |
| Defendants | |

COMES NOW Plaintiff MATTHEW WATERS, (hereinafter "Plaintiff"), and alleges for his Complaint as follows:

1.   This Court has jurisdiction over this matter in that all parties are residents of the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. This class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well.  However, the claims of individual class members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court. Furthermore, there

1

is no federal question at issue, as Business and Professions Code protections and remedies related thereto are based solely on California Law and Statutes.

2. Venue is proper before this Court in that some or all of the events, acts and happenings as alleged herein occurred within the jurisdiction of the above-entitled court.

3. Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's injuries occurred in San Diego County in the State of California.

4. At all relevant times herein, Plaintiff MATTHEW WATERS (Hereinafter "Plaintiff") was and is an individual residing in San Diego County in the State of California.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ADVENT PRODUCT DEVELOPMENT, INC. (hereinafter "ADVENT"), was and is a South Carolina Corporation doing business in San Diego County, and other counties, State of California.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant DENISE THURLOW (hereinafter "THURLOW"), was and is residing and doing business in San Diego County.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ALPHONSO EILAND (hereinafter "EILAND"), was and is residing and doing business in San Diego County.

8. Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

2

act or omission was also done and committed by each and every Defendant named as a DOE,
both separately and in concert or conspiracy with the named Defendant or Defendants.

10. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including DOES 1 through 50, are, and at all times herein mentioned were, either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal entities which were licensed to do and/or were doing business in the County of San Diego, State of California at all times relevant to the subject matter of this action.

## CLASS ACTION ALLEGATIONS

11. As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable class and a well-defined community of interest among the class members. Code of Civil Procedure Sections 382 and 1781(a); Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 426, 470.

12. Plaintiff brings this action on behalf of himself and other members in the class whose number is believed to be approximately 800 members.

13. The approximately 800 member class is ascertainable via their experience as present or past "Customers," as defined by California Business and Professions Code section 22371(b), of the Defendant(s), who acted as "Invention developers," as defined by California Business and Professions Code section 22371(d.). The approximately 800 member class is also ascertainable via the experience as "consumers," as defined pursuant to California Civil Code section 1761(c).

14. The class members share a community of interest and an injury in fact as Defendants have violated California laws, thereby depriving the class members of money earned by Plaintiffs, and illegally gained by Defendant(s.)

15. This action involves questions of law and fact common to the class Plaintiff represents which predominate over questions affecting only individual members, including for example, and among other issues, the following:

    A. In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, including various Sections of California Business and Professions Code, each of which (in an individual sense) has damaged Plaintiff and the Class

Members;

B.     Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.     Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

D.     Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

E.     Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

F.     The activities promised to be performed by Defendants constitute "services," pursuant to California Civil Code section 1761(b).

16. The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impractical. Plaintiff is bringing this action on behalf of approximately 800 current and/or former claimants who share a common or general interest, and it would be impracticable for those current or former employees to bring the action individually.

17. Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. The Contracts and supporting documents received, signed and executed by Plaintiff are identical to those received by the remaining Class members.

18. Plaintiff can fairly and adequately protect the interests of all the members of the class he is

4

representing in this action. Plaintiff's experience and knowledge of the documents and

representations of Defendant(s), as well as the damage resulting, entitle him to adequately and

fairly represent the class.

19. Plaintiff has satisfied the three prong "community of interest" requirement in California Code

of Civil Procedure Section 382. Specifically, and as set forth above, (a) this action involves

predominant common questions of law and fact in that Plaintiff brings this action on behalf of

the approximately 800 member class who were denied the statutory protections of California

Business and Professions Code, Chapter 17, and (separately) were defrauded by Defendant(s);

(b) Plaintiff's claims and damages are typical of the class Plaintiff represents in that, as

mentioned above, Plaintiff seeks on behalf of himself and the class members he represents

statutory and common law protections and remedies; and (c) Plaintiff's experience and

knowledge of the documents and representations of Defendant(s), as well as the damage

resulting, entitle him to adequately and fairly represent the class.

## FACTUAL BACKGROUND

20. In or about April 2006, Plaintiff responded to a radio solicitation, created by Defendant

ADVENT, that offered assistance to the general public, and specifically prospective inventors,

in obtaining legal protection for their inventions, and marketing assistance once legal protection

had been obtained.

21. Plaintiff subsequently met with employee representatives of Defendant ADVENT, notably

Defendants THURLOW and EILAND, in San Diego County. At that time, Plaintiff was given

several written advertisements by the representatives, and was informed that such advertisements

were uniformly given to all of Defendant(s) potential clients.

22. At the same initial meeting, Plaintiff was informed that Defendants had a long history of

successfully representing inventors, placing said inventions on the market, and making their

inventor clients money. Upon an initial review of Plaintiff's proposed invention, Plaintiff was

informed by Defendant(s) that his proposal had a great chance of success, and that Plaintiff would

need to sign a contract in order for further services to be performed.

23. Plaintiff was informed by Defendant(s) that the standard policy of Defendant(s) was that Plaintiff

would be required to enter into a "Phase I" Contract, in which an initial "patent search" would

5

Z:\Data\6330\pleadings\complaint.wpd

be performed, and a "legal opinion" would be provided to Plaintiff. If the "patent search" showed

1   that the proposed invention was not "covered" by an existing patent, and had a good chance of

2   obtaining a patent, Plaintiff would be allowed to enter into a "Phase II" contract, in which further

3   services, including a "patent application," and marketing of the proposed product, would be

4   performed. The "Phase II" contract required a separate, and much larger, payment from Plaintiff.

5

6   24.   Plaintiff signed the "Phase I" contract, and provided a sum of $1,190.00 to Defendant(s). In or

7         about May, 2006, Plaintiff received a "Legal Protection Report" from Defendant(s). While

8         lengthy, and full of ambiguous language, the "Legal Protection Report" recommended that

9         Plaintiff proceed further, and file a "patent application," for an extra, and larger, fee.

10  25.   Relying on the recommendation and information within the "Legal Protection Report," Plaintiff

11        was induced to enter into the "Phase II" contract with Defendants. In return for the services

12        promised within the "Phase II" contract, Plaintiff was required to provide Defendant(s) a sum

13        total of $9,240.00. Plaintiff did enter into the "Phase II" contract, and did begin to make the

14        required payments.

15  26.   Defendant(s) failed to perform the contracts as statutorily, contractually and legally required.

16        Plaintiff and all Class Members have been damaged as a result.

17  27.   In or about April, 2007, Plaintiff - after becoming frustrated by the lack of diligence and

18        contractual compliance by Defendant(s) - first learned that the "Legal Protection Report"

19        provided by the Defendant(s) was incomplete, deficient and erroneous. To wit, while the "Legal

20        Protection Report" provided a small grouping of existing patents that may have impacted

21        Plaintiff's rights, subsequent investigation by Plaintiff showed that at least 4 separate patents

22        were so closely related to Plaintiff's idea that patent protection could not have been obtained.

23        Notably, the 4 separate patents were obtained within 1 hour of the start of Plaintiff's subsequent

24        informal investigation, but were not included, or referenced, within the "Legal Protection Report"

25        provided by the Defendant(s).

26  28.   If the 4 separate patents had been disclosed to Plaintiff at the conclusion of the "Phase I"

27        investigation, Plaintiff would not have entered into the "Phase II" process. Plaintiff is informed

28        and believes that Defendant(s) failed to disclose the information in a blatant attempt procure the

          compensation paid by Plaintiff in the "Phase II" process.

                                          6

## FIRST CAUSE OF ACTION
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT
(Class Action - Against ADVENT PRODUCT DEVELOPMENT, INC. and DOES 1-5)

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 above, as though fully set forth herein.

30. Plaintiff and all proposed Class Members are and were "consumers," as defined pursuant to California Civil Code section 1761( c).

31. The functions Defendant ADVENT promised to perform for the Class Members were "services" as defined by California Civil Code section 1761(b).

32. California Civil Code section 1760 specifically states: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

33. The California Consumers Legal Remedies Act (Hereinafter "CLRA"), and specifically California Civil Code section 1770(5) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided had approval, characteristics, uses and benefits which the services did not have.

34. The CLRA, and specifically California Civil Code section 1770(7) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided were of a particular standard, quality or grade, when they were of another.

35. The CLRA, and specifically California Civil Code section 1770(14) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve,

7

or which are prohibited by law." Defendant ADVENT violated this section by representing to the Class Members, that the transaction between themselves and each of the Class Members involved rights, remedies and obligations which the transaction did not have or involve. Additionally, several of the rights, remedies and obligations were prohibited by law.

36.  The CLRA, and specifically California Civil Code section 1770(16) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Defendant ADVENT violated this section by representing, to the Class Members, that the transaction between them had been supplied in accordance with a previous representation when it had not.

37.  The CLRA, and specifically California Civil Code section 1770(19) states that the following acts are unfair and thus actionable, and prohibits, in pertinent part, the following: "Inserting an unconscionable provision in a contract." Defendant ADVENT violated this section by inserting into the contracts, signed by the Class Members, multiple unconscionable provisions.

38.  At least 35 days prior to the filing of this lawsuit, Plaintiff provided Defendant ADVENT with Notice and a demand to correct, pursuant to California Civil Code section 1782. Copies and proof of Certified Mailings are attached hereto as Exhibit "A."

39.  As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for compensatory damages in an amount to be proven.

### SECOND CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE
### (Class Action - Against All Defendants)

40.  Plaintiff hereby incorporates by reference paragraphs 1 through 39 above, as though fully set forth herein.

41.  At all times relevant, Plaintiff and all Class Members were and are "Customers" as defined by California Business and Professions Code section 22371(b).

42.  At all times relevant, Defendant(s) were and are "Invention developers" as defined by California Business and Professions Code section 22371(d).

8

OCT-3-2007  11:13A FROM:

43. Plaintiff and all Class Members entered into "Contracts for invention development services" - as defined by California Business and Professions Code section 22371(a) - whereby Defendant(s) were to perform "Invention developments services," as defined by California Business and Professions Code section 22371(e).

44. California Business and Professions Code, Chapter 17 governs, regulates and controls the performance of any and all services performed by "Invention developers" - as defined by California Business and Professions Code section 22371(d) - within the State of California. Pursuant to California Business and Professions Code section 22370 "the purpose of this chapter is to safeguard the public against fraud, deceit, imposition, and financial hardship...by prohibiting or restricting false or misleading advertising, onerous contract terms, harmful financial practices and other unfair, dishonest, deceptive destructive, unscrupulous, fraudulent and discriminatory practices by which the public has been injured..."

45. Throughout the relevant time period, Defendant(s) had a customary pattern and practice in entering into contractual relationships with Customers. To wit, Defendant(s) would solicit each Plaintiff Class Member to enter into a "Phase I" Contract, whereby Defendant(s) would promise to perform a subsequent "patent search" and provide a "legal opinion" for a set fee. As more specifically set forth below, the "Phase I" duties of Defendant(s) were fraudulently represented and improperly performed. However, and regardless of the above, Defendant(s) would thereafter demand a separate "Phase II" Contract for further services.

46. In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, each of which (in an individual sense) have damaged the Plaintiff Class Members. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including for example, and among other issues, the following:

A.   Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were

9

deprived of this statutory right, and have been damaged therefrom;

B.  Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.  Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

D.  Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

47.  As a result of each and every Business and Professions Code violation committed by Defendant(s), Plaintiff and the Class Members have been damaged.

48.  As mentioned in this Complaint, Plaintiff is a direct victim of Defendants' illegal business acts and practices referenced herein pursuant to Business and Professions Code Section 17204, and has lost money as a result of such practices, and is suing both in his individual capacity and on behalf of other members who share a common or general interest in the damages as a result of the illegal practices of Defendants.

49.  The approximately 800 member class is ascertainable via their experience of Defendants' illegalities. The members share a community of interest, and an injury in fact, as Defendants have violated various sections of California Business and Professions Code of which the class members were victims, thereby damaging the class members in an amount to be proven. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

50.  Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of interest, pursuant to Business and Professions Code Section 17203 and Code of Civil Procedure Section 382, who share a common or general interest in the damages as a result of the above-

referenced illegal business acts and practices of Defendants.

51. California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business acts or practices.

52. Plaintiff's allegations herein are all based upon the business acts and practices of Defendants.

53. Defendants' acts and practices as described herein above are unlawful, in that they violate California Business and Professions Code.

54. As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for restitution and injunctive damages in an amount to be proven.

55. Plaintiff is informed and believes, and on that basis alleges, that the unlawful business practices alleged above are continuing in nature and are widespread practices engaged by Defendants.

56. On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein.

57. On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages in an amount to be proven.

58. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

**THIRD CAUSE OF ACTION**
**FRAUD**
**(Individual Claim, Against All Defendants)**

59. Plaintiff hereby incorporates by reference paragraphs 1 through 58 above, as though fully set forth herein.

60. Both before and during the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and intentional omissions to Plaintiff in an attempt to secure Plaintiff's execution of the contracts, and the subsequent financial obligations. Following the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and omissions to Plaintiff in an attempt to continue the financial obligations placed upon the

11

Plaintiff. Examples of the affirmative mis-representations include stating that Plaintiff's proposed inventions were not similar to any existing patents, and that Plaintiff's proposed inventions could receive patent protection. Defendants' intentional omissions include, as mentioned earlier, Defendant(s)' failure to mention the 4 separate patents that were so closely related to Plaintiff's idea that patent protection could not have been obtained, within the "Legal Protection Report" provided by the Defendant(s). Defendant(s) omitted such material information from the "Phase I" Contract, the "Legal Protection Report" in an attempt to continue the financial obligations placed upon the Plaintiff by entering into the "Phase II" contract which Plaintiff did in fact enter into, incurring financial obligations towards Defendant(s).

61. At the time the mis-representations were made, Defendant(s) knew they were false. Defendant(s) further knew the omissions were material and for purposes of inducing Plaintiff's reliance and enter into the contract.

62. Defendant(s) intended for Plaintiff to rely on the mis-representations, and Plaintiff actually and reasonably did rely on said mis-representations.

63. As a result of Defendant(s)' mis-representations and omissions, and Plaintiff's reliance thereon, Plaintiff has been damaged, in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MATTHEW WATERS on his own behalf and on behalf of the members of the class and the general public, prays for judgment as follows:

1. For an order certifying the proposed class;

2. For compensatory damages in an amount to be proven;

3. On the First Cause of Action, (a) Actual Damages, (b) on order enjoining the illegal methods acts and practices, and (c) Restitution of property. Additionally, all "senior citizens" and "disabled persons" as defined within Civil Code section 1761 seek an additional Five Thousand Dollars ($5,000.00), as allowable under Civil Code section 1780(b);

4. For an amount of Three Thousand Dollars ($3,000.00), or treble the actual damages, per Class Member and/or 17200 participant, pursuant to Business & Professions Code Section 22386 et seq.;

5. On behalf of the ascertainable class, for a permanent injunction against Defendants restraining,

12

preventing, and enjoining Defendants from engaging in the illegal practices alleged above, on

behalf of the Section 17200 claimants who share a common or general interest;

6.  On behalf of the ascertainable class, for restitution damages on behalf of the Section 17200

claimants who share a common or general interest;

7.  For an award of interest, including prejudgement interest;

8.  For an award of attorneys' fees and costs pursuant to all available statutes and remedies,

including Civil Code section 1780(d) and Business and Professions Code section 22386;

9.  For an award of punitive and exemplary damages where permissible; and

10. For such other relief as the court deems just and proper.

Dated: 9/13/07                       SULLIVAN & CHRISTIANI, LLP


                                     William B. Sullivan
                                     Eric Palmer
                                     Attorneys for Plaintiff MATTHEW WATERS

Z:\Data\533)\pleadings\complaint.wpd

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>**Document Electronically Filed.**<br><br>*Oral Argument Requested.*<br><br>Motion Date: December 28, 2007 |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ADVENT PRODUCT DEVELOPMENT, INC., DENICE THURLOW, AND ALPHONSO EILAND'S MOTION TO DISMISS THIS ACTION PURSUANT TO THE PARTIES' FORUM SELECTION CLAUSE AND DUE TO AN ALREADY PENDING ACTION

**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
(858) 551-2440

Of Counsel:
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow and Alphonso Eiland*

#1243304 V2
107136-60464

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES................................................................................ii

PRELIMINARY STATEMENT........................................................................1

FACTUAL BACKGROUND............................................................................2

LEGAL ARGUMENT.....................................................................................5

    I.    THIS ACTION MUST BE DISMISSED PURSUANT TO RULE 12(b)(3) AND THE FORUM SELECTION CLAUSE IN THE PARTIES' AGREEMENT .........................................................................5

        A.    The Governing Legal Standards............................................5

        B.    Application of a Forum Selection Clause in a Class Action. ..............7

        C.    The Forum Selection Clause is Reasonable ...........................7

            1.    The Forum Selection Clause is Not the Result of Fraud or Overreaching by the Defendants.........................8

            2.    South Carolina is Not Such an Inconvenient Forum that Plaintiff will be Deprived of His Day in Court. ..............10

            3.    There is No Strong Overriding Public Policy in California Warranting that the Agreed Upon Forum Selection Clause not be Enforced. .............................11

                a.    The Representation Agreement is Not Void and Unenforceable, Since Advent Made All of the Required Disclosures Pursuant to the Invention Development Services Contracts..............12

                b.    Enforcement of the Forum Selection Clause Will Not Substantially Diminish Plaintiff's Rights so as to Violate a Public Policy set forth in the Consumer Legal Remedies Act .......................13

        D.    The Forum Selection Clause Applies to the Present Dispute because Plaintiff's Claims Arise out of the Representation Agreement.................................................................15

    II.    THIS COURT SHOULD ABSTAIN FROM HEARING THIS ACTION PURSUANT TO THE COLORADO RIVER DOCTRINE.............16

        A.    SOUTH CAROLINA IS A CONVENIENT FORUM..........................17

        B.    AVOIDANCE OF PIECEMEAL LITIGATION ...............................18

        C.    FIRST FILED ACTIONS ARE FAVORED .....................................19

- i -

## **TABLE OF CONTENTS**
(continued)

Page

D.  WHETHER FEDERAL OR STATE LAW APPLIES AND THE
    ADEQUACY OF THE STATE FORUM TO PROTECT THE
    RIGHTS OF THE NONMOVING PARTY........................................... 19

E.  FORUM SHOPPING IS DISCOURAGED .........................................20

F.  THE FACTORS WEIGH IN FAVOR OF ABSTENTION AND
    DISMISSAL OF THIS ACTION. .......................................................20

CONCLUSION............................................................................................................ 21

- ii -

#1243304V2
107136-60464

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Abend v. City of Oakland,
    2007 WL 627916 (N.D. Cal. Feb. 26, 2007).................................................17, 18

America Online, Inc. v. Super. Ct.,
    90 Cal. App. 4th 1 (2001)............................................................... 13, 14

American Int'l Underwriters, (Phillipines), Inc. v. Continental Ins. Co.,
    843 F.2d 1253 (9th Cir. 1988) ...................................................................17

Angelotti v. RW Professional Leasing Servs. Corp.,
    1996 U.S. Dist. LEXIS 33387 (9th Cir. Dec. 19, 1996)............................8, 9, 10

Argueta v. Banco Mexicano, S.A.,
    87 F.3d 320 (9th Cir. 1996) ................................................................ 5, 10

Bremen v. Zapata Off-Shore Co.,
    407 U.S. 1 (1972) .................................................................5, 7, 8, 10

Brillhart v. Excess Insurance Co.,
    316 U.S. 491 (1942) ....................................................................... 19

Carnival Cruise Lines, Inc. v. Shute,
    499 U.S. 585 (1991)......................................................................... 9

Colorado River Water Conservation District. v. United States,
    424 U.S. 800 (1976)................................................................... passim

Crescent Int'l, Inc. v. Avatar Communities, Inc.,
    857 F.2d 943 (3d Cir. 1988)................................................................ 9

Docksider, Ltd. v. Sea Technology, Ltd.,
    875 F.2d 762 (9th Cir. 1989) ...............................................................7

Flores v. Superior Court of Los Angeles Cty.,
    2003 WL 22963075 (Cal. App. 2 Dist. Dec. 17, 2003) ................................. 12

Harman v. Forssenius,
    380 U.S. 528 (1965)....................................................................... 16

Hill v. Pacific Gas and Elect. Co.,
    1995 U.S. Dist. LEXIS 2418 (N.D. Cal. Feb. 21, 1995)................................. 9

#1243304v2
107136-60464

Ingenieria Alimentaria Del Matatipac, S.A. v. Ocean Garden Products, Inc.,
  2007 U.S. Dist. LEXIS 40015 (S.D. Cal. May 31, 2007)................................. 5, 7

Jones v. GNC Franchising, Inc.,
  211 F.3d 495 (S.D. Cal. 2006) ..................................................................... 11

Landis v. North American Co.,
  299 U.S. 248 (1936).................................................................................... 15

Leyva v. Certified Grocers of California, Ltd.,
  593 F.2d 857 (9th Cir. 1997)........................................................................ 14

Mathews v. Rescuecom Corp.,
  2006 U.S. Dist. LEXIS 8608 (D.N.J. February 16, 2006) ................................. 7

Minorplanet Systems USA Ltd. v. American Aire, Inc.,
  628 S.E.2d 43 (S.C. 2006) ............................................................................ 5

Moses H. Cone Hospital v. Mercury Construction, 460 U.S. 1 (1983) ................. 17, 18, 19

Murphy v. Schneider International Inc.,
  362 F.3d 1133 (9th Cir. 2003) ..................................................................... 7, 9

Nakash v. Marciano,
  882 F.2d 1411 (9th Cir. 1989)..................................................................... 16, 18

Nextrade, Inc. v. Hyosung (America), Inc.,
  122 Fed. Appx. 892 (9th Cir. 2005)............................................................. 13, 15

Nizam's Institute of Medical Sciences v. Exchange Technologies, Inc.,
  1994 U.S. Dist. LEXIS 16552 (4th Cir. July 5, 1994)........................................ 6

Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines, Inc.,
  69 F.3d 1034 (9th Cir. 1995).......................................................................... 7

Nurea Ink, LLC v. Zomba Recording, LLC,
  2006 U.S. Dist. LEXIS 87240 (S.D. Cal. Nov. 29, 2006)................................. 5, 7, 10, 15

Nureau Ink, LLC v. Zomba Recording, LLC,
  2006 U.S. Dist. LEXIS 87240 (S.D. Cal. Nov. 29, 2006)................................. 5, 7, 10

Oestreicher v. Alienware Corp.,
  502 F. Supp. 2d 1061 (N.D. Cal. 2007) ....................................................... 14

Offshore Sportswear, Inc. v. Vuarnet International, B.V.,
  114 F.3d 848 (9th Cir. 1997) ........................................................................ 8

#1243304v2
107136-60464

Pappalardo v. Advent Prod. Dev.,
   2007 U.S. Dist. LEXIS 31572 (D.N.J. April 30, 2007)......................................2, 3

Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.,
   741 F.2d 273 (9th Cir. 1984)......................................................................10

Popescu v. 4Access Communications, Inc.,
   2007 U.S. Dist. LEXIS 21822 (S.D. Cal. Mar. 26, 2007)...............................15

Puck v. WP Pacific, Inc.,
   2007 WL 2315952 (C.D. Cal. Jan. 17, 2007) ...............................................17

Richards v. Lloyd's of London,
   135 F.3d 1289 (9th Cir. 1998) ....................................................................8

Smith v. Superior Court of Los Angeles Cty.,
   17 Cal. 3d 491 (1976).................................................................................5

Speyer v. Avis Rent a Car System, Inc.,
   415 F. Supp. 2d 1090 (S.D. Cal. 2005).........................................................7

St. Paul Fire & Marine Ins. Co. v. Nonprofits United,
   91 Fed. Appx. 537 (9th Cir. 2004) .............................................................19

Swenson v. T-Mobile United States, Inc.,
   415 F. Supp. 2d 1101 (S.D. Cal. Jan. 25, 2006) .........................................11

Travelers Indem. Co. v. Madonna,
   914 F.2d 1364 (9th Cir. 1990)...................................................................17

Waterbury v. Safeway, Inc.,
   2006 WL 3147687 (N.D. Cal. Oct. 31, 2006) ........................................18, 19

## Statutes

28 U.S.C. § 1332(d).......................................................................................4

35 U.S.C. § 297 (2007) ................................................................................14

## Other Authorities

Cal. Bus. & Prof. Code § 22380 (2007)........................................................12

Cal. Bus. & Prof. Code § 22384 (2007)........................................................12

Cal. Civ. Code § 1751 (2007) .......................................................................13

S.C. Code § 39-5-10 *et seq.* (2007)...............................................................14

#1243304V2
107136-60464

## <u>Rules</u>

Fed. R. Civ. P. 12(b)(6).............................................................................................. 8

Rule 12(b)(3)....................................................................................................... 1, 5

#1243304v2
107136-60464

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively, the "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss this action.

This Court is not the proper forum for this dispute. Pursuant to the Representation Agreement (as defined *infra*) between plaintiff Matthew Waters ("Waters" or "Plaintiff") and Advent, any disputes between Waters and Advent must be resolved before a South Carolina court. Accordingly, when it became apparent that this dispute would ripen into litigation, Advent filed a declaratory judgment action against Waters in South Carolina seeking to enforce Waters' contractual obligations. In an apparent attempt to avoid the jurisdiction of the South Carolina Court, Waters filed this action. The Defendants respectfully submit that this action must be dismissed pursuant to Rule 12(b)(3) and the forum selection clause to which Plaintiff expressly agreed, and to honor the first-filed, pending action in South Carolina.

The forum selection clause to which Waters and Advent agreed applies to all of Waters' claims is reasonable. It was not the result of fraud or overreaching, and Waters' general fraud allegations do not affect the enforceability of the forum selection clause. Moreover, South Carolina is not such a remote forum that Waters will be deprived of his day in court. Waters has already retained counsel and filed an Answer in the South Carolina action in which he wholly fails to allege that South Carolina is an improper or inconvenient venue. Nor is the forum selection clause void as against public policy, including under either the California Business and Professions Code or the Consumer Legal Remedies Act. At all times Advent complied with the requirements of California

1

law, and Waters' remedies under the South Carolina Unfair Trade Practices Act and the American Inventor's Protection Act are not such that his rights in South Carolina will be substantially diminished.

This is not the first time a Federal Court has had the opportunity to review Advent's forum selection clause.  In a similar action brought recently by two plaintiffs in New Jersey, the United States District Court for the District of New Jersey determined that the same forum selection clause to which Waters agreed is valid and enforceable. See Pappalardo v. Advent Prod. Dev., 2007 U.S. Dist. LEXIS 31572 (D.N.J. April 30, 2007) (attached hereto as "Exhibit A").  The New Jersey Court found unambiguously that "the plain language [of the forum selection clause] makes it clear that 'South Carolina … shall be the appropriate venue for any action.'"  Id. at 11.  In reaching this conclusion, the New Jersey Court also found that the clause was not "fraught with the kind of legalese that would be incomprehensible to a person without a legal background." Id. at 9.

Lastly, it is respectfully submitted that this action is further dismissible because of the ongoing parallel action in South Carolina.  In accordance with the Supreme Court's decision in Colorado River Water Conservation District. v. United States, 424 U.S. 800, 817 (1976), it is in this Court's best interest to abstain from hearing this dispute since it is already properly before the South Carolina court.

## **FACTUAL BACKGROUND**

Advent is a marketing company that assists new inventors with bringing their ideas to market.  Prior to providing any services, Advent enters into appropriate agreements outlining the roles and responsibilities of each party and makes all

#1243304 v2
107136-60464

disclosures required by California law, including those it is required to make in its advertisements. (Thurlow Decl., Ex. 1-6).

## The Forum Selection Clause

On April 6, 2006, Waters and Advent entered into a limited "Phase I" agreement (the "Product Profile Agreement"), under which Advent was to provide Plaintiff with a "Product Profile Report." (Thurlow Decl., Ex. 1-2). At this same time, Waters was also given a copy of Advent's Services Pricing Sheet and General Terms regarding Advent's representation. (Thurlow Decl. ¶ 3 and Ex. 3).

Waters and Advent next entered into a "Phase II" agreement (the "Representation Agreement"). (Thurlow Decl., Ex. 4-5). Pursuant to the Representation Agreement, Waters and Advent expressly agreed as follows:

> [This Representation] Agreement shall be governed by and interpreted according to the laws of the State of South Carolina, which Client [Waters] hereby agrees shall be the appropriate venue for any action, and Client [Waters] submits to the personal jurisdiction thereof.

Id. Notably, in Pappalarado et al. v. Advent Product Development, Inc. et al., Civil Action No. 1:06-cv-04697, 2007 U.S. Dist. LEXIS 31572 (D.N.J. April 30, 2007), the Honorable Renee Marie Bumb held that the very same forum selection clause is valid and enforceable and enforced it against another party with whom Advent had entered into an agreement. Judge Bumb's April 30, 2007 studied opinion on this issue is attached hereto as Exhibit A.

## The Prior, Pending South Carolina Action

By letter dated July 16, 2007 (i.e., prior to the commencement of this class action), Waters, by his counsel, made certain demands of Advent and threatened to file an action against Advent absent its compliance with such demands. On August 14,

3

2007, Advent, having a reasonable apprehension of suit, filed a complaint against Waters in the Court of Common Pleas in the State of South Carolina seeking to enjoin Waters from breaching the Representation Agreement's forum selection clause and to declare Advent's rights under the same agreement. (Williams Decl., Ex. 1).  Waters retained South Carolina counsel, who entered an appearance and filed an Answer on September 20, 2007 (the "South Carolina Answer"). (Williams Decl., Ex 2).  Waters does not contest personal jurisdiction or suggest that South Carolina is an improper or inconvenient venue in his South Carolina Answer.  See id.

Despite his manifest intention to litigate this dispute in South Carolina, Waters -- in contravention of the controlling forum selection clause and in disregard for the related, first-filed South Carolina action -- filed this class action on September 18, 2007 in the Superior Court of the State of California.[1]  (Not. Removal, Docket Entry 1, Exhibit A, Complaint, S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct 31, 2007), hereinafter, the "Complaint" or "Compl.").  Although Waters was required to disclose the First-Filed South Carolina Action on his California civil cover sheet, he elected not to do so.  (Not. Removal, Docket Entry 1, Exhibit A, Civil Cover Sheet, S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct 31, 2007)).

---

[1] This action has since been removed to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(d). (Not. Removal, Docket Entry 1, S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007)).

#1243304 V2
107136-60464

**LEGAL ARGUMENT**

I.  **THIS ACTION MUST BE DISMISSED PURSUANT TO RULE 12(B)(3) AND THE FORUM SELECTION CLAUSE IN THE PARTIES' AGREEMENT.**

   A.   **The Governing Legal Standards.**

Rule 12(b)(3) of the Federal Rules of Civil Procedure ("Rule 12(b)(3)") is the appropriate procedural mechanism to invoke in seeking dismissal of an action for non-compliance with a forum selection clause. See Ingenieria Alimentaria Del Matatipac, S.A. v. Ocean Garden Products, Inc., 2007 U.S. Dist. LEXIS 40015, at *4 (S.D. Cal. May 31, 2007); citing Argueta, 87 F.3d at 324 (9th Cir. 1996). In considering a motion pursuant to Rule 12(b)(3), the court is not required to accept as true "all reasonable inferences and resolve all factual conflicts in favor of the party seeking to avoid enforcement of the clause." Nureau Ink, LLC v. Zomba Recording, LLC, 2006 U.S. Dist. LEXIS 87240, at * (S.D. Cal. Nov. 29, 2006); citation omitted. A court may even consider matters outside the pleadings if necessary. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

In a diversity case, such as this one, "federal law governs the analysis of the effect and scope of forum selection clauses." Ingenieria Alimentaria Del Matatipac, S.A. v. Ocean Garden Products, Inc., 2007 U.S. Dist LEXIS 40015, at *5-6 (S.D. Cal. May 31, 2007). Courts in both California and South Carolina look favorably upon forum selection clauses and follow the United States Supreme Court's decision in The Bremen et al. v. Zapata Off-Shore Co., 407 U.S. 1 (1972). See Smith v. Superior Court of Los Angeles Cty., 17 Cal. 3d 491, 495 (1976) ("we are in accord with the modern trend which favors enforceability of such forum selection clauses"); Minorplanet Systems USA Ltd. v. American Aire, Inc., 628 S.E.2d 43, 45 (S.C. 2006) (a party's consent to jurisdiction is

5

presumptively valid and enforceable); Nizam's Institute of Medical Sciences v. Exchange Technologies, Inc., 1994 U.S. Dist. LEXIS 16552, at *8-9 (4th Cir. July 5, 1994) (a forum selection clause is enforceable pursuant to Bremen and finds that a party "must bear the consequences of the contract that it signed"). Thus, here, the Court need not engage in a choice of law analysis, because the same result would obtain under California and South Carolina law.

Absent a conflict of law, interpretation of a forum selection clause is to be governed by the standard laid out in Bremen. See Bremen, 407 U.S. 1. In Bremen, the Supreme Court held that a forum selection clause should be freely enforced absent fraud, undue influence, overweening bargaining power, or contravention of a strong public policy of the forum in which the suit is brought. Id. at 11-15. The United States Supreme Court has required a strong showing to set aside a forum selection clause, which is considered to be *prima facie* valid and enforceable unless shown to be unreasonable under the circumstances. Bremen, 407 U.S. at 10-13.

The forum selection clause was intended to dispel any confusion about where suits should be litigated, thereby sparing litigants the time and expense of litigating the very issue that is the subject of this application -- where the case should proceed. South Carolina is the state of Advent's principal place of business. It is also where most of the decisions giving rise to the present dispute took place, and where most of the witnesses are located.

It is respectfully submitted that this action must be dismissed in light of the mandatory and enforceable forum selection clause that is part and parcel of the parties' Representation Agreement and which encompasses all of the claims in Waters' Complaint. The forum selection clause in the Representation Agreement is mandatory

#1243304 v2
107136-60464

because it uses the word "shall" when referring to venue, making clear that jurisdiction in South Carolina is exclusive. See Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines, Inc., 69 F.3d 1034, 1036-37 (9th Cir. 1995); see also Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989) (when "venue is specified with mandatory language the clause will be enforced.").

### B.    Application of a Forum Selection Clause in a Class Action.

When a party seeks to enforce a forum selection clause in a class action, the court must first determine whether the forum selection clause applies to only the named plaintiff prior to certification of the class. Speyer v. Avis Rent a Car System, Inc., 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005). Waters, the only named plaintiff in this action, executed the Representation Agreement. (Thurlow Decl., Ex. 5). As such, this forum selection clause applies to him and this Court should dismiss this action.

### C.    The Forum Selection Clause is Reasonable.

Forum selection clauses are routinely upheld by the Supreme Court, the Ninth Circuit and this Court. See Nureau Ink, LLC v. Zomba Recording, LLC, 2006 U.S. Dist. LEXIS 87240, at *20 (S.D. Cal. Nov. 29, 2006) (stating that forum selection clauses "are presumptively valid and are honored absent some compelling and countervailing reason"); see also Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-10 (1972); Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. Mar. 22, 2004). In opposing the enforcement of the forum selection clause in the Representation Agreement, Waters "has a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust ....'" Ingenieria Alimentaria v. Ocean Garden Products, Inc., 2007 U.S. Dist. LEXIS 40015, at *7 (S.D. Cal. May 31, 2007).

7

Forum selection clauses are *prima facie* valid and will be enforced so long as the clause is reasonable. <u>Bremen</u>, 407 U.S. at 10. A forum selection clause may be deemed unreasonable where (1) the clause was the result of fraud or overreaching, (2) enforcement of the clause would be seriously inconvenient for trial or (3) enforcement of the clause would violate a strong public policy. See <u>Richards v. Lloyd's of London</u>, 135 F.3d 1289, 1294 (9th Cir. 1998) (<u>citing</u> <u>Bremen</u>, 407 U.S. at 12-13, 15). Absent a showing of unreasonableness, a court will enforce a forum selection clause which is mandatory and encompasses all of the claims of an action pursuant to Fed. R. Civ. P. 12(b)(3).

Here, as is detailed below, Waters cannot establish that the forum selection clause in the Representation Agreement is unreasonable. Accordingly, he cannot avoid the forum selection clause, and it should be enforced.

### 1. The Forum Selection Clause is Not the Result of Fraud or Overreaching by the Defendants.

General allegations that Waters was induced to enter into the Representation Agreement as a result of the Defendants' alleged fraud or overreaching are insufficient to enable Waters to avoid the forum selection clause. To avoid the forum selection clause, Waters must prove that his agreement to the forum selection clause, in particular, was the result of fraud or overreaching by the Defendants. See <u>Richards v. Lloyd's of London</u>, 135 F.3d 1289, 1297 (9th Cir. 1998); <u>see also</u> <u>Angelotti v. RW Professional Leasing Servs. Corp.</u>, 1996 U.S. Dist. LEXIS 33387, at *9 (9th Cir. Dec. 19, 1996). The Ninth Circuit and other federal courts have held that a party claiming fraud in the inducement to signing a contract which contains a forum selection clause will still be subjected to that clause. See <u>Offshore Sportswear, Inc. v. Vuarnet International, B.V.</u>, 114 F.3d 848, 850 (9th Cir. 1997); <u>Hill v. Pacific Gas and Elect. Co.</u>, 1995 U.S. Dist.

8

LEXIS 2418, at *6-7 (N.D. Cal. Feb. 21, 1995); <u>Crescent Int'l, Inc. v. Avatar Communities, Inc.</u>, 857 F.2d 943, 944 (3d Cir. 1988) (rejecting the plaintiff's contention that the forum selection clause in the underlying agreement did not apply to the alleged fraud, unfair competition and tortious interference claims).

Waters cannot make the requisite showing by proving that he was assured the clause is standard, or as a result of any alleged failure to read the Representation Agreement, as parties are expected to read a contract prior to signing it. <u>Angelotti v. RW Professional Leasing Services Corp.</u>, 1996 U.S. App. LEXIS 33387, at *8-11 (9th Cir. Dec. 13, 1996). Even where a contract is alleged to have been presented on a "take or leave it" basis, this will not "overcome the strong presumption in favor of enforcing forum selection clauses." <u>Murphy v. Schneider International Inc.</u>, 362 F.3d 1133, 1141 (9th Cir. 2003). Neither the absence of negotiations nor a difference in education or power will serve as an adequate basis for invalidating the clause. <u>See</u> <u>id.</u> (refusing to allow a party to avoid a forum selection clause by merely showing non-negotiability and a power difference between the parties because it would disrupt the expectations of the parties) (<u>citing</u> <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 595 (1991)).

Waters cannot carry the heavy burden required to avoid the forum selection clause to which he agreed in the Representation Agreement. Advent did not overreach or use fraud to obtain Waters' assent to the forum selection clause in the Representation Agreement (or any other clause in the Representation Agreement). While Waters may argue that he was fraudulently induced or coerced into entering into the Representation Agreement, that is simply not the standard of proof required to invalidate a forum selection clause.

9

### 2. South Carolina is Not Such an Inconvenient Forum that Plaintiff will be Deprived of His Day in Court.

The party opposing the enforcement of a forum selection clause has a "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996) (citing Pelleport Investors, Inc. v. Budco Quality Theaters, Inc., 741 F.2d 273, 281 (9th Cir. 1984) (citing Bremen, 407 U.S. at 18) (citations omitted). Financial hardship alone is insufficient to avoid a forum selection clause on the grounds that enforcement of the same clause will deprive a party of his or her day in court. Nureau Ink, LLC v. Zomba Recording, LLC, 2006 U.S. Dist. LEXIS 87240, at *21 (S.D. Cal. Nov. 29, 2006). Neither is showing that witnesses and experts will have to travel, or that there is an inability to secure a live witness' testimony, sufficient to avoid the enforcement of a forum selection clause. See Angelotti v. RW Professional Leasing Services Corp., 1996 U.S. Dist. LEXIS 33387, at *12 (9th Cir. Dec. 13, 1996).

This Court in Nureau Ink upheld a forum selection clause, holding that the matter was required to be brought before a forum in the State of New York. 2006 U.S. Dist. LEXIS 87240, at *21. The Court was not persuaded by plaintiffs' argument that they would have to fly witnesses to New York and that they themselves were in a poor financial state, when they were actually already litigating the matter in New York. See id.

Here, as with the plaintiffs in Nureau Ink, Waters is already litigating this matter in South Carolina. Indeed, he retained counsel in South Carolina and filed an Answer in which he failed to object to venue and failed to assert that the South Carolina court

10

#1243304 v2
107136-60464

lacked personal jurisdiction over him. (Williams Decl., Ex. 2). Waters cannot credibly argue that the resolution of this dispute in the South Carolina Court in accordance with the forum selection clause to which he agreed deprives him of his day in court. By signing the Representation Agreement, Plaintiff agreed to bear the risk of being inconvenienced, and South Carolina is not such a remote forum that he will be deprived of his day in court.

<blockquote>

**3.** **There is No Strong Overriding Public Policy in California Warranting that the Agreed Upon Forum Selection Clause not be Enforced.**

</blockquote>

A forum selection clause may be found unreasonable when it violates a strong public policy within the forum state (whether such policy is reflected in a statute or common law). See, e.g., Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (S.D. Cal. 2006) (finding a forum selection clause invalid pursuant to the California Business and Professions Code Section 20040.5, which specifically prohibits the use of a forum selection clause in franchise agreements when the venue for a litigation is set outside of the state); see also Swenson v. T-Mobile United States, Inc., 415 F. Supp. 2d 1101, 1104-1105 (S.D. Cal. Jan. 25, 2006).

This action has been brought pursuant to the Consumer Legal Remedies Act ("CLRA") and the California Business and Professions Code, Chapter 17. Neither of these statutes forbid the use of forum selection clauses. Accordingly, it is respectfully submitted that the forum selection clause in the Representation Agreement does not violate public policy.

#1243304 v 2
107136-60464

### a.  The Representation Agreement is Not Void and Unenforceable, Since Advent Made All of the Required Disclosures Pursuant to the <u>Invention Development Services Contracts.</u>

Plaintiff has sought relief under the California Business and Professions Code, Chapter 17 Invention Development Services Contracts. In considering whether to void an invention development services contract, courts look at whether the invention developer complied with all of the statutory disclosure requirements. <u>See</u> <u>Flores v. Superior Court of Los Angeles Cty.</u>, 2003 WL 22963075, *4 (Cal. App. 2 Dist. Dec. 17, 2003). When an invention developer does not comply with Chapter 17, a contract may "be void and unenforceable as contrary to public policy, provided that no contract shall be void and unenforceable if the invention developer proves that noncompliance was unintentional and resulted from a bona fide error ...." Cal. Bus. & Prof. Code § 22380 (2007). A contract for invention development services may also be voided if it was entered into based on the reliance of a "willful and false, fraudulent, or misleading representation by the invention developer." <u>See</u> Cal. Bus. & Prof. Code § 22384 (2007).

Each of the agreements between Waters and Advent -- *i.e.*, the Product Profile Agreement and the Representation Agreement -- as well as Advent's advertisement contain all of the disclosures Advent is required to make pursuant to the California Business and Professions Code. (Thurlow Decl., Ex. 1-6). While Waters vaguely alleges in his Complaint the Defendants did not comply with certain statutes, he wholly fails to identify any specific deficiencies. <u>See</u> Compl. <u>in passim</u>. It is respectfully submitted that Waters failed to specify these alleged deficiencies because none exist.

Further, there are simply no facts before this Court to show that Advent made a willful and false, fraudulent, or misleading representation in either the Product Profile

12

Agreement, the Representation Agreement or otherwise.  Similarly, as argued in detail above, Plaintiff cannot avoid the subject forum selection clause by virtue of his general allegations of fraud in the inducement of the Representation Agreement. See Nextrade, Inc. v. Hyosung (America), Inc., 122 Fed. Appx. 892, 894 (9th Cir. 2005).

> **b.    Enforcement of the Forum Selection Clause Will Not Substantially Diminish Plaintiff's Rights so as to Violate a Public Policy set forth in the Consumer Legal Remedies Act.**

The CLRA provides that "[a]ny waiver by a consumer of the provisions of [the CLRA] is contrary to public policy and shall be unenforceable and void."  Cal. Civ. Code § 1751 (2007).   However, under California law, a consumer who enters into an agreement with a choice of law provision that provides for the application of the laws of a state other than California, by virtue of such choice of law provision, that consumer waives the rights he would otherwise have as a California consumer to seek relief under the CLRA.  See America Online, Inc. v. Super. Ct., 90 Cal. App. 4th 1, 5 (2001).[2]  Since California courts favor the enforcement of forum selection clauses, they will enforce such clauses "so long as California consumers will not find their substantial legal rights significantly impaired by their enforcement."  Id. at 21.

Both South Carolina law and federal law provide for relief similar to that which would otherwise be available to Waters under the CLRA.  Thus, Waters' rights under the CLRA will not be significantly impaired as a result of this Court's enforcement of the forum selection clause and choice of law provisions to which Waters agreed.  See id. at 17.

---

[2] Although the America Online Court ultimately voided the forum selection clause and choice of law provision at issue in that action, the facts at bar in that case are distinguishable from the facts in this case.  See id.

Pursuant to the South Carolina Unfair Trade Practices Act ("SCUTPA"), Waters may be entitled to sufficient relief against Advent. <u>See</u> S.C. Code § 39-5-10 <i>et seq.</i> (2007). There is also nothing in the South Carolina statute that will prevent the Plaintiff from filing a class action under SCUTPA. <u>See id.</u>; <u>Oestreicher v. Alienware Corp.</u>, 502 F. Supp. 2d 1061, *at 12-14 (N.D. Cal. 2007); citing <u>America Online, Inc.</u>, 90 Cal. App. 4th at 18 (refusing to enforce a choice of law and forum selection clause because under Virginia law the class action could not proceed resulting in a waiver of this right permitted under the California Consumers Legal Remedies Act).

Waters may also have the right to bring an action for relief under the American Inventor's Protection Act, 35 U.S.C. § 297 (2007), which provides for remedies that are similar to those that would otherwise be available to Waters under California law absent the forum selection and choice of law clause in the Representation Agreement. Therefore, Waters' rights will not be substantially impaired by the enforcement of the forum selection and accompanying choice of law provision since there are comparable remedies to the CLRA available in South Carolina and under federal statutory law.

In the event that this Court finds that the remedies available to Waters under South Carolina and federal law are insufficient to prevent the significant impairment of Waters' substantial rights under the CLRA, it is respectfully submitted that this Court should nevertheless stay this action pending the determination of the South Carolina action. It is within this Court's inherent authority to manage its docket and promote judicial efficiency by staying this second-filed action in order to avoid duplicate litigations, an inefficient use of judicial economy, and inconsistent judgments. <u>See</u> <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1997) ("[a] trial court may, with propriety, find it is efficient for its own docket and the fairest

14

course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case ...."); see also Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")).

### D.   The Forum Selection Clause Applies to the Present Dispute because Plaintiff's Claims Arise out of the Representation Agreement.

The scope of the parties' forum selection agreement is broad and encompasses all of Waters' claims in this action. In particular, the Representation Agreement provides that the mandatory forum selection clause encompasses all claims "for any action." (Thurlow Decl., Ex. 5).[3] The Ninth Circuit has repeatedly held that a forum selection clause will apply to non-contractual terms when "the claims alleged in the complaint relate to the interpretation of the contract." See Nextrade, Inc., 122 Fed. Appx. at 894 (9th Cir. 2005) (citations omitted); Popescu v. 4Access Communications, Inc., 2007 U.S. Dist. LEXIS 21822, at *4 (S.D. Cal. Mar. 26, 2007) (finding that the forum selection clause applies to both contract and tort claims because it requires the court to interpret the contract in order to see if the parties performed in compliance with it). Notably, Judge Bumb held that "the term 'any action' is ... broad enough to encompass the misrepresentations Advent allegedly made prior to the execution of the

---

3 Any suggestion that the forum selection clause should not be enforced because it is only in the Representation Agreement and not in the earlier signed Product Profile Agreement is inappropriate. As this Court has made clear, if a later executed contract was intended to incorporate all of the earlier contracts therein, the forum selection clause located in the later contract will be enforced. Nurea Ink, LLC v. Zomba Recording, LLC, 2006 U.S. Dist. LEXIS 87240, at *10 (S.D. Cal. Nov. 29, 2006). Here, the forum selection clause in the Representation Agreement specifies that South Carolina is the appropriate venue for any action. (Thurlow Decl., Ex. 5).

#1243304 v2
107136-60464

[Representation] Agreement," and that pleading non-contractual claims does not allow plaintiffs to avoid the forum selection clause. Ex. A, p. 12.

Here, Waters seeks a refund of the money he paid to Advent. The forum selection clause which Waters agreed to is broad enough to encompass "any action" -- including this claim -- and Waters should not be allowed to avoid his contractual obligations by merely claiming fraud in the inducement. See Point I.(B.)(1.), supra.

## II.  THIS COURT SHOULD ABSTAIN FROM HEARING THIS ACTION PURSUANT TO THE COLORADO RIVER DOCTRINE.

In the interests of judicial economy and the comprehensive disposition of litigation, the Court should dismiss this action due to the already pending and first-filed action in South Carolina state court. A federal court may abstain from adjudicating a controversy otherwise properly before it when there already exists an ongoing parallel state court action. The determination of whether to abstain is left to the discretion of the district court, and will be set aside on review only if the district court has abused its discretion. Harman v. Forssenius, 380 U.S. 528, 534 (1965).

In accordance with the Supreme Court's ruling in Colorado River Water Conservation District. v. United States, 424 U.S. 800, 817 (1976) (hereinafter "Colorado River"), abstention by a federal court is appropriate where there exists a concurrent and related state court action. The threshold requirement of parallel state and federal actions does not mean that the proceedings must be identical, but rather that they are substantially similar. See Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

Based upon considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," the Supreme Court in Colorado River determined that abstention was warranted, and

16

therefore dismissed the federal district court action. Id. at 817. The Colorado River doctrine is recognized as a means of addressing these practical goals such that the doctrine is "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 21 (1983) (hereinafter "Moses H. Cone").

In abstaining from adjudicating a controversy otherwise properly before it, a court should consider the following factors, as set forth by the Supreme Court and the Ninth Circuit. These factors are:

> (1) which court first assumed jurisdiction over the *res* in dispute; (2) the relative convenience of the forums; (3) the need to avoid piecemeal litigation; (4) the order in which the state and federal actions were filed; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the parties' rights; and (7) whether the federal court proceeding is an instance of forum shopping.

Puck v. WP Pacific, Inc., 2007 WL 2315952, at *2 (C.D. Cal. Jan. 17, 2007); *citing* Colorado River, 424 U.S. at 818 (factors 1-4); Moses H. Cone, 460 U.S. at 25-26 (factors 5-6); Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1367-68 (9th Cir. 1990) (factor 7). These factors are not a checklist, but are meant to be a flexible balancing process. See American Int'l Underwriters, (Phillipines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988); *quoting* Moses H. Cone, 460 U.S. at 16. As set forth below, an application of these seven factors to the instant matter dictates that abstention is appropriate.

## A. SOUTH CAROLINA IS A CONVENIENT FORUM

In determining whether abstention is appropriate, the Court will take into account whether the alternative forum is convenient to the nonmoving party. See Abend v. City of Oakland, 2007 WL 627916, at *4 (N.D. Cal. Feb. 26, 2007). South

17

Carolina is not a gravely inconvenient forum. Rather, to the contrary, it is the forum to which Waters contractually agreed to for litigating any disputes between the parties. Furthermore, Waters has already filed an answer in the South Carolina action and never raised the issue of the South Carolina forum being inconvenient. See Waterbury v. Safeway, Inc., 2006 WL 3147687, at *2 (N.D. Cal. Oct. 31, 2006) (holding that convenience was not an issue when the defendant never raised the issue of an inconvenient forum in either of its motions that were previously filed with the court). Therefore, convenience of South Carolina should not be an issue for this Court to consider.

## B.     AVOIDANCE OF PIECEMEAL LITIGATION.

In Moses H. Cone, the Supreme Court indicated that "[b]y far the most important factor in its decision to uphold the dismissal of the federal proceedings in Colorado River was the strong federal policy in favor of avoiding piecemeal litigation." 460 U.S. at 16. This requires a court to determine if there is a "'substantial similarity' between the state and federal proceedings, but ... 'exact parallelism ... is not required.'" Abend v. City of Oakland, 2007 WL 627916, at *2 (N.D. Cal. Feb. 26, 2007); citing Nakash, 882 F.2d at 1416.

Here, the first filed action involves similar parties and issues. Not only are Waters and Advent both parties in the two actions, but both litigations involve their contractual agreement, i.e., the Representation Agreement. It is under this agreement that Advent seeks to have its rights declared and enforced, and Waters seeks to recover for Advent's alleged inability to performance under this contractual agreement. Both proceedings are substantially similar requiring that one court adjudicate these issues.

18

#1243304 v2
107136-60464

### C.    FIRST FILED ACTIONS ARE FAVORED.

Under the <u>Colorado River</u> doctrine, the principle of "wise judicial administration" weighs in favor of abstention where a state court is the first to obtain jurisdiction over the parallel actions. <u>See</u> 424 U.S. at 817. On August 14, 2007, Advent filed a complaint in the Court of Common Pleas in the State of South Carolina which Waters has answered. (Williams Decl., Ex. 1). This action was hereafter filed on September 18, 2007. (Williams Decl., Ex. 2). Clearly, South Carolina obtained jurisdiction over the parallel action first and has progressed further than this action which has just begun. <u>See</u> <u>Waterbury</u>, 2006 WL 3147687, at *3; <em>citing</em> <u>Moses H. Cone</u>, 460 U.S. at 21.

### D.    WHETHER FEDERAL OR STATE LAW APPLIES AND THE ADEQUACY OF THE STATE FORUM TO PROTECT THE RIGHTS OF THE NONMOVING PARTY.

The fifth and sixth factors, regarding the application of state or federal law and adequate protections under the state law, warrant abstention. Federal courts will frequently abstain from adjudicating federal actions in favor of ongoing parallel state courts actions where federal law does not govern the underlying dispute and where, as here, the federal court's jurisdiction is based solely upon diversity of citizenship. <u>See</u> <u>Brillhart v. Excess Insurance Co.</u>, 316 U.S. 491, 494-95 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending is a state court presenting the same issues, not governed by federal law, between the same parties."); <u>St. Paul Fire & Marine Ins. Co. v. Nonprofits United</u>, 91 Fed. Appx. 537, 538 (9th Cir. 2004) (affirming the district court's decision to stay an action to avoid needless decisions of state law).

#1243304 V2
107136-60464

There can be no dispute that federal jurisdiction is based upon diversity of citizenship. Water's claims are premised solely upon state causes of action, and there are no compelling federal interest in maintaining these claims in federal court. Furthermore, the Representation Agreement's choice of law provision mandates that South Carolina law be applied, and, as was previously argued above, South Carolina provides adequate relief for this Plaintiff.

### E.    FORUM SHOPPING IS DISCOURAGED.

The last Ninth Circuit factor weighs heavily in favor of abstention since Plaintiff's filing of this action is clearly an attempt at forum shopping. At the time of filing this second action in California, Advent had already filed its action in South Carolina and Plaintiff had likely retained South Carolina counsel and prepared its Answer to the South Carolina action. (Williams Decl., Ex. 2). Plaintiff is now attempting to avoid the appropriate forum selection clause by filing this action, over a month after the South Carolina action was filed, in an attempt to secure a "home court" advantage.

### F.    THE FACTORS WEIGH IN FAVOR OF ABSTENTION AND DISMISSAL OF THIS ACTION.

The applicable factors followed by the Ninth Circuit weigh in favor of abstaining from hearing this case and require dismissal of this case. Dismissal will conserve judicial resources, prevent forum shopping and prevent duplicative proceedings with the potential for inconsistent outcomes. Therefore, this Court should dismiss this action and allow plaintiff to seek relief in the first filed South Carolina action.

#1243304 v2
107136-60464

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.


Respectfully submitted,


**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
*Attorneys for Defendants*
*Advent Product Development, Inc., Denice*
*Thurlow, and Alphonso Eiland*


By:   s/ Kipp A. Williams
       Kipp A. Williams

DATED: November 7, 2007

Of Counsel:

David E. De Lorenzi
Carrie A. Longstaff
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

#1243304 v2
107136·60464

# EXHIBIT H

℀JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## a) PLAINTIFFS

MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sullivan & Christiani, LLP, 2330 Third Ave., San Diego, CA 92101

## DEFENDANTS

ADVENT PRODUCT DEVELOPMENT, INC., DENICE THURLOW, and ALPHONSO EILAND

County of Residence of First Listed Defendant   Georgetown South Carolina
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
          LAND INVOLVED.

Attorneys (If Known)

Blanchard, Krasner & French LLP, 800 Silverado Street, 2nd Floor, La Jolla, CA 92037

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(d)(2); and 28 U.S.C. Section 1441(a)

Brief description of cause:
Class Action

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION    DEMAND $          CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                5,000,000.00    JURY DEMAND:    ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE

10/31/2007

SIGNATURE OF ATTORNEY OF RECORD

_Mark S. Krasner_

OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# EXHIBIT I

AUG-15-2007  12:59      DGR                                    9734039222    P.05

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GEORGETOWN ) | |
| Advent Product Development, Inc., ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | 07 - CP - 22 - 1082 |
| vs. ) | |
| Matthew Waters, ) | |
| Defendant(s) ) | |

| (Please Print) | SC Bar #: | 9639 |
|---|---|---|
| **Submitted By:** Martin L. Stark, Esquire | Telephone #: | 357-8888 |
| Address: Parsons, Ouverson, Stark, Guest & Neill, PA | Fax #: | 357-3151 |
| | Other: | |
| Post Office Box 2850, Murrells Inlet, SC 29576 | E-mail: | mstark@posglaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*

*\*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.          ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☒ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION  *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts - Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Other (959) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | |
| ☐ Medical (620) | ☒ Other (699) | |

*DECLARATORY JUDGMENT*

Submitting Party Signature: _Mart. L. Stark_          Date:  August 14, 2007

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann §15-36-10 et. seq

SCCA / 234 (5/04)                                          Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GEORGETOWN | CIVIL ACTION NO.: 07-CP-22-_1082_ |
| | |
| Advent Product Development, Inc., | |
| | |
| Plaintiff, | |
| | CERTIFICATE OF EXEMPTION/ |
| vs. | WITHDRAWAL FROM ARBITRATION |
| | |
| Matthew Waters, | |
| | |
| Defendant. | |

I CERTIFY THAT THIS ACTION IS EXEMPT FROM ARBITRATION BECAUSE:

_____ monetary relief requested in this case exceeds $25,000;
_____ this is a class action;
__x__ there is a substantial claim for injunction or declaratory relief requested in this case;
_____ this case involves (check on or more of the following);
    _____ title to real estate;
    _____ wills, trusts and decedents' estates;
    _____ mortgage foreclosure;
    _____ partition;
_____ This is a special proceeding or action seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;
_____ Monetary relief requested in this case is unspecified but exceeds $25,000;
_____ This case is a companion or related to similar actions pending in other courts with which the action might be consolidated but for lack of jurisdiction or venue;
_____ This action is appellate in nature;
_____ This is a post-conviction relief matter;
_____ This is forfeiture proceeding brought by the State; or
_____ This is a contempt of court proceeding.

_____
Martin L. Stark, Esquire
PARSONS, OUVERSON, STARK, GUEST & NEILL, PA
11883 Plaza Drive
Post Office Box 2850
Murrells Inlet, South Carolina  29576-2850
Telephone:  (843) 357-8888   Fax: (843) 357-3151
Attorney for the Plaintiff

August 14, 2007
Murrells Inlet, South Carolina
S:\MARTIN\2007 Files\07-410\Certificate of Exemption Withdrawal From Arbitration.wpd

PARSONS, OUVERSON, STARK
GUEST & NEILL, PA
11883 Plaza Drive
Murrells Inlet
SC 29576

# EXHIBIT J

# THE STATE BAR OF CALIFORNIA

Home » Attorney Search

**Attorney Name or Bar Number**

David E De Lorenzi          Search     Advanced Search »

Include similarly sounding names and alternate spellings

## Your search for *David E De Lorenzi* returned 4 results.

Sort By: Last Name

| Name | Status | Number | City | Admission Date |
|------|--------|--------|------|----------------|
| Demerjian, David E. | Active | 108286 | Los Angeles | June 1983 |
| DeMers, David Edward | Not Eligible To Practice Law | 94999 | Santa Fe | December 1980 |
| DePianto, David Ennio | Inactive | 218545 | Berkeley | December 2001 |
| Deutsch, David Eugene | Active | 146150 | Vallejo | June 1990 |

Contact Us     Site Map     Notices     Notices     © 2007 The State Bar of California

# EXHIBIT K

# THE STATE BAR OF CALIFORNIA

Home » Attorney Search

**Attorney Name or Bar Number**

Carrie A Longstaff        Search        Advanced Search »

☐ Include similarly sounding names and alternate spellings

## Your search for *Carrie A Longstaff* returned no results.

Would you like to search for names that sound like *Carrie A Longstaff*?

Contact Us      Site Map      Notices      Notices      © 2007 The State Bar of California

# EXHIBIT L

# GIBBONS



Home › Biographies › David E. De Lorenzi

## DAVID E. DE LORENZI

David De Lorenzi is the Chair of the firm's Intellectual Property Department and is a member of the firm's Executive Committee.

Mr. De Lorenzi concentrates his practice in patent licensing, patent litigation, and client counseling on patent and other intellectual property issues. He also advises clients on the acquisition and divestiture of intellectual property, patent portfolio management, and product clearance issues. Mr. De Lorenzi's representative clients are in the pharmaceutical, biotechnology, chemical and other life science industries.

**Education**
Case Western Reserve University School of Law (J.D.)

Bowdoin College (B.A.)

**Professional Admissions**
State of New Jersey

State of New York

State of Ohio

United States District Court for the District of New Jersey

United States District Court for the Eastern District of New York

United States District Court for the Southern District of New York

United States Court of Appeals for the Third Circuit

United States Court of Appeals for the Federal Circuit

United States Supreme Court

**Professional Activities**
Chair, Gibbons Institute of Law, Science & Technology at the Seton Hall University School of Law

Member, Board of Directors, Saint Benedict's Preparatory School

Chairman, New Jersey Intellectual Property Association, Litigation Committee

Member, American Trial Lawyers



David E. De Lorenzi
Chair
Intellectual Property

**Contact Information**
One Gateway Center
Newark, NJ 07102-5310

**Direct:** 973-596-4743
**Fax:**     973-639-6235
ddelorenzi
@gibbonslaw.com
Download V-Card

Member, American Bar Association, Intellectual Property
Section

Member, American Intellectual Property Law Association

**Quotes/Interviews**
Interview, "International Enablers: Colleges & Universities, Banks
and Law Firms Aid in Global Commerce," *New Jersey Business*,
September 2007

Interview, "Making Research Labs Patent-Free Zones, *NJBiz*, June
20, 2005

Quoted in "Gibbons, Del Deo Targets Corporate Counsel As IP
Group Expands," *IP Law Bulletin*, December 15, 2004

Quoted in "Patents: Garden State Attorneys Protect Innovation,"
*New Jersey Business*, June 2004

Quoted in "Battling Big Pharma," *NJBiz*, December 1, 2003

Quoted in "Intellectual Property Law Abounds In Information
Age," *New Jersey Business*, June 2003

Interview, "Gibbons: Great Intellectual Property Expertise in a
General Practice Firm," *Metropolitan Corporate Counsel*, May
2003

Quoted in "The Scientific Method - As need grows, more and more
law firms are bringing scientists on staff to help with cases," *The
Star Ledger*, January 9, 2002

Quoted in "How to Make a Firm's Reach Exceed its Grasp," *NJ Law
Journal*, November 27, 2000

**Honors/Awards**
Listed in *Super Lawyers*, Intellectual Property

Listed in *The Best Lawyers in America*, Intellectual Property
Law, 2008

Named one of *NJBiz's* "40 Under 40" Outstanding Business
Leaders, April 2003

Copyright © 1997 - 2007 Gibbons P.C., All rights reserved. Attorney advertising. Prior results do not guarantee a similar outcome.

REDEVELOPMENT WEBSITE    CLIENT ACCESS    PRIVACY POLICY    DISCLAIMER    CONTACT US

# GIBBONS



## CARRIE A. LONGSTAFF

Carrie A. Longstaff is an Associate in the Intellectual Property Department. Prior to joining Gibbons, Ms. Longstaff was a law clerk to the Honorable Margaret Mary McVeigh in the Superior Court of New Jersey, Chancery Division. Prior to attending law school, Ms. Longstaff was an engineer at Flowserve (formerly Ingersoll Dresser Pump Company) and Marotta Scientific Controls.

**Education**
Seton Hall University Law School (J.D., 2005)

University of Delaware (B.S.M.E., 1997)

**Professional Admissions**
State of New Jersey, 2006

State of New York, 2006

United States Patent and Trademark Office (Reg. No. 55,897)

**Publications**
"Vertical Minimum Pricing Agreements Permitted," *New Jersey Law Journal*, September 24, 2007 (Catherine M. Clayton, Carrie A. Longstaff)

**Judicial Clerkship(s)**
Law clerk to the Honorable Margaret Mary McVeigh, P.J.Ch., Chancery Division, General Equity, Passaic County, New Jersey

Intern to the Honorable Kenneth C. MacKenzie, P.J.Ch., Chancery Division, General Equity, Morris County, New Jersey



Carrie A. Longstaff
Associate
Intellectual Property

**Contact Information**
One Gateway Center
Newark, NJ 07102-5310

**Direct:** 973-596-4629
**Fax:**     973-639-8379
CLongstaff
@gibbonslaw.com
Download V-Card

Copyright © 1997 - 2007 Gibbons P.C., All rights reserved. Attorney advertising. Prior results do not guarantee a similar outcome.

REDEVELOPMENT WEBSITE    CLIENT ACCESS    PRIVACY POLICY    DISCLAIMER    CONTACT US

# EXHIBIT M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Matthew Waters                              )
                                            )
                Plaintiff                   )          Case No. 3:07-cv-2089-BTM-LSP
                                            )
        vs                                  )          PRO HAC VICE APPLICATION
                                            )
Advent Product Development, Inc., et al.    )          Advent Product Development, Inc.
                                            )          Party Represented
                Defendant                   )

I, Carrie A. Longstaff _____ hereby petition the above entitled court to permit me

        (Applicant)

to appear and participate in this case and in support of petition state:

        My firm name:        GIBBONS P.C.
        Street address:      One Gateway Center
        City, State, ZIP:    Newark, New Jersey 07102-5310
        Phone number:        973-596-4500

**FILED**

DEC 5 2007

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CA
BY

        That on 2/3/06 _____ I was admitted to practice before the Supreme Court of New Jersey

              (Date)                                                  (Name of Court)

and am currently in good standing and eligible to practice in said court,

        that I am not currently suspended or disbarred in any other court, and

        that I [ ] have) [x] have not) concurrently or within the year preceding this application made any pro hac

vice application to this court.

                        **(If previous application made, complete the following)**

Title of case _____

Case number _____ Date of application _____

Application     ☐ granted     ☐ denied

        I declare under penalty of perjury that the foregoing is true and correct.

                                                _C. Longstaff_____
                                                  (Signature of Applicant)

                        ## DESIGNATION OF LOCAL COUNSEL

        I hereby designate the below named as associate local counsel.

A. Kipp Williams, Esq.                                  858-551-2440
        (Name)                                          (Telephone)
BLANCHARD, KRASNER & FRENCH
        (Firm)
800 Silverado Street, 2nd Floor          La Jolla               92037
        (Street)                           (City)             (Zip code)

                                _C. Longstaff_____
                                Signature of Applicant

I hereby consent to the above designation.

_____
Signature of Designee Attorney

The pro hac vice application is hereby approved for filing.

**RECEIVED**

DEC 0 4 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _DH $180 /45090_ DEPUTY

Received $180.00 for Court Library fee

_____ Deputy Clerk

W. Samuel Hamrick, Jr.
Clerk of Court

By Deputy Clerk _____
M. Zvers

**Pro Hac Vice**    (For this one particular occasion)

An attorney who is not a member of the California State Bar, but who is a member in good standing of, and eligible to proactive before, the bar of any United States Court or of the highest court of any State or of any Territory or Insular possession of the United States, who is of good moral character, and who has been retained to appear in this Court, be permitted to appear and participate in a particular case. An attorney is not eligible to practice pursuant to this paragraph in any one or more of the following apply to him/her: (1) he/she resides in California, (2) he/she is regularly employed in California, or (3) he/she is regularly engaged in business, professional, or other activities in California.

The pro hac vice application shall be presented to the Clerk and shall state under penalty of perjury (1) the attorney's residence and office address, (2) by what court he/she has been admitted to practice and the date of admission, (3) that he/she is in good standing and eligible to practice in said court, (4) the he/she is not currently suspended or disbarred in any other court, and (5) if he/she has concurrently or within the year preceding his/her current application made any pro hac vice application to this court, the title and the case number of each matter wherein he made application, the date of application , and whether or not his/her application was granted. He/She shall also designate in his application a member of the bar of this Court with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers shall be served. He/She shall file with such application the address, telephone number, and written consent of such designee.

**Fee:**    $180.00, payable to Clerk, U.S. District Court

**Application and fee should be mailed directly to:**

W. Samuel Hamrick, Jr., Clerk
United States District Court
Southern District of California
880 Front Street Suite 4290
San Diego, California 92101-8900

8/7/07

1  William B. Sullivan  [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated,

7

8                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 MATTHEW WATERS, individually and       )   Civil Action No.: 07CV2089 (BTM) (LSP)
   on behalf of other members of the general  )
12 public similarly situated,              )   **CLASS ACTION**
                                           )
13              Plaintiff,                 )   **CERTIFICATION OF SERVICE**
                                           )
14 v.                                      )   *Oral Argument Requested*
                                           )
15 ADVENT PRODUCT DEVELOPMENT,             )   *Document Electronically Filed*
   INC., a South Carolina Corporation,     )
16 DENICE    THURLOW,    ALPHONSO          )
   EILAND,   and   Does 1   through  50,   )   Date:   December 28, 2007
17 inclusive,                              )   Time:   11:00 a.m.
                                           )   Dept:  15
18              Defendants.                )   Judge: Hon. Barry Ted Moskowitz

19

20      I, Alison M. Miceli, hereby certify that on December 14, 2007, the following documents were

21 electronically filed with the Clerk of the Court on behalf of, Plaintiff MATTHEW WATERS:

22      1.      Plaintiff's Memorandum of Points and Authorities in Opposition to the Motion to

23              Dismiss;

24      2.      Objections to Defendants' Exhibits;

25      3.      Declaration of Matthew Waters in Opposition to the Motion to Dismiss;

26      4.      Declaration of Toni L. Christiani, in Opposition to the Motion to Dismiss;

27      5.      Declaration of Alison M. Miceli, Esq. in Opposition to the Motion to Dismiss;

28      6.      Notice of Lodgement; and                      **ORIGINAL**

1    7.    Certificate of Service.

2    I further certify that true and correct copies of the foregoing documents along with

3    accompanying exhibits were served via US mail upon:

4
5    A. Kipp Williams, Esq.
     Blanchard, Krasner & French
     800 Silverado St. 2nd Floor
6    La Jolla, CA 92037

7    I certify that the foregoing statements made by me are true.  I am aware that if any of the

8    foregoing statements made by me are willfully false, I am subject to punishment.

9

10   Dated: December 14, 2007                **SULLIVAN & CHRISTIANI, LLP**

11

12   *Alison M Miceli*
     William B. Sullivan,
13   Alison M. Miceli,
     Attorneys for Plaintiff,
14   MATTHEW WATERS

15

16

17

18

19

20

21

22

23

24

25

26

27

28