1   William B. Sullivan [CSB No. 171637]
    Alison M. Miceli [CSB No. 243131]
2   **SULLIVAN & CHRISTIANI, LLP**
    2330 Third Avenue
3   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
4

5   Attorneys for Plaintiff MATTHEW WATERS,
    individually and on behalf of other members
6   of the general public similarly situated.

7

8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  MATTHEW WATERS, individually and on          )   Civil Action No.: 07CV2089 (BTM) (LSP)
    behalf of other members of the general public )
11  similarly situated,                           )   **CLASS ACTION**
                                                  )
12              Plaintiff,                        )   **P L A I N T I F F ' S   R E P L Y   T O**
                                                  )   **DEFENDANTS' OPPOSITION TO THE**
13  v.                                            )   **MOTION TO REMAND**
                                                  )
14  ADVENT PRODUCT DEVELOPMENT,                   )   *Oral Argument Requested*
    INC., a South Carolina Corporation, DENICE    )
15  THURLOW, ALPHONSO EILAND, and Does            )   *Document Electronically Filed*
16  1 through 50, inclusive,                      )
                                                  )   Date:  December 28, 2007
17              Defendants.                       )   Time:  11:00 a.m.
                                                  )   Dept:  15
18                                                )   Judge: Hon. Barry Ted Moskowitz
                                                  )
19  _____

20

21

22

23

24

25

26

27                                          **ORIGINAL**

28

                                      1
    _____
    Plaintiff's Reply to Defendants'
    Opposition to the Motion to Remand              Civil Action No.:07CV2089 (BTM) (LSP)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES......................................................................................iii

I.    SUMMARY OF ARGUMENT........................................................................2

II.   CONTROLLING LAW....................................................................................3

III.  ARGUMENT....................................................................................................3

    A.    AS DEFENDANTS' ADMIT THEIR ORIGINAL NOTICE OF
        REMOVAL IS DEFICIENT. REMAND IS WARRANTED .............................3

    B.    DEFENDANTS' HAVE SUBMITTED TO THE JURISDICTION OF
        CALIFORNIA...................................................................................................4

        1.    ADVENT Does Not Dispute That It Transacted Intrastate Business In
             California..............................................................................................4

        2.    ADVENT Does Not Dispute That It Does Not Hold A Valid Certificate
             From The California Secretary Of State.......................................................4

        3.    Plaintiff Has Never Alleged That ADVENT Should Be Found To Be A
             "Citizen Of California"..........................................................................5

        4.    ADVENT Is Asking This Court To Reward Their Illegal Activity.............6

    C.    GIVEN THE FACT DEFENDANTS SUBMITTED TO CALIFORNIA
        JURISDICTION. THERE IS NO NEED TO PERFORM THE REMOVAL
        TEST.................................................................................................................6

    D.    THE COURT SHOULD NOT CONSIDER THE (PROPOSED) AMENDED
        NOTICE OF REMOVAL IN THE INSTANT MOTION ...................................6

        1.    The Court Should Not Consider The (Proposed) Amended Notice Of
             Removal Without A Fully Noticed Motion Hearing And An
             Opportunity To Oppose...........................................................................7

        2.    The (Proposed) Amended Notice Of Removal Is Defective In That It
             Raises A Federal Question.. .................................................................... 7

3.   Even If The Court Decides To Consider The Propriety Of The
     Proposed Amended Notice Of Removal. It Would Fail Because
     The Claim Does Not "Arise Under" Federal Law....................................8

IV.   CONCLUSION.............................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arco Environmental Remediation v. Dep't Health & Environmental Quality*,
   213 F.3d 1108 (9th Cir. 2000)..................................................................7

*Barrow Dev. Co. V. Fulton Ins. Co.*,
   418 F.2d 316 (C.A. Alaska 1969)............................................................ 7

*Berg v. Leason*,
   32 F.3d 422 (9th Cir. 1994)......................................................................8

*Boggs v. Lewis*,
   863 F.2d 662 (9th Cir. 1967)....................................................................3

*Chappell v. Waterworth*,
   155 U.S. 102 (1894)..................................................................................3

*Christianson v. Colt Industries Operating Corp.*,
   486 U.S. 800 (1988)...............................................................................8, 9

*Gaus v. Miles*,
   980 F.2d 564 (9th Cir. 1992)....................................................................6

*Harris v. Bankers Life & Cas. Co.*,
   425 F.3d 689 (9th Cir. 2005)..................................................................2, 3

*In re Oximetrix, Inc.*,
   748 F.2d 637 (Fed. Cir. 1984)..................................................................9

*Kaufman v. General Ins. Co. of Am.*,
   192 F. Supp. 238 (S.D. Cal. 1961).........................................................4, 5

*Merrell Dow Pharmaceuticalas, Inc. v. Thompson*,
   478 U.S. 804 (1986)..................................................................................8

*O'Halloran v. Univ. of Wash.*,
   856 F.3d 1375 (9th Cir. 1988)..................................................................7

*Rains v. Criterion Systems, Inc.*,
   80 F.3d 339 (9th Cir.1996)........................................................................8

*Ritchey v. Upjohn Drug Co.,*
    139 F.3d 1313 (9th Cir 1998)...................................................................................3

*Self v. General Motors Corp.*
    588 F.2d 655 (9th Cir. 1978)...................................................................................3

**Statutes**

28 U.S.C. § 1331 (2007).......................................................................................7, 8

28 U.S.C. § 1332 (2007).......................................................................................6, 8

28 U.S.C. § 1338 (2007).......................................................................................8, 9

28 U.S.C. § 1441(a)(2007)......................................................................................3

28 U.S.C. § 1446 (2007).......................................................................................7, 8

28 U.S.C. § 1447 (2007).....................................................................................3, 7

**Other Authorities**

Cal. Corp. Code § 2105 (2007)............................................................................2, 4

Cal. Corp. Code § 2203 (2007)......................................................................2, 4, 5, 6

Cal. Corp. Code § 6400 (2007)............................................................................5

**Rules**

Fed. Rules of Civ. Proc., Rule 15 (2007)............................................................3, 7

# I.  **SUMMARY OF ARGUMENT**

Following the receipt of Defendants Advent Product Development, Inc. ("ADVENT"), Denice Thurlow ("THURLOW"), and Alphonso Eiland ("EILAND")'s opposition, the following items are <u>undisputed</u>:

- Defendants <u>admit</u> that the currently-controlling Notice of Removal is procedurally deficient, and are seeking leave to amend on January 18, 2007;

- Defendant ADVENT failed to comply with California Corporate law with respect to filing a certificate with the Secretary of State.  Corp. Code § 2105;

- Defendant ADVENT was transacting intrastate business in the State of California; and

- A foreign corporation who transacts business in California without Secretary of State certification submits to the jurisdiction of the California State Courts. Corp. Code § 2203.

Further, Remand is proper for the following reasons:

- Contrary to Defendants assertions, Plaintiff does <u>not</u> argue that ADVENT be treated as a "California corporation." Rather, the evidence is undisputed that ADVENT, a foreign corporation voluntarily doing business in California, violated Corporations Code §§ 2105, 2203. Thus, ADVENT, *as a foreign corporation*, has submitted to the jurisdiction of the California State Courts.  Corp. Code § 2203.

- Given ADVENT's submission to California jurisdiction and the individually named Defendants' failure to properly establish "citizenship," there is no reason to perform a "Diversity" test. Accordingly, jurisdiction is proper in California State Courts.

- Alternatively, Defendants have failed to meet their burden to establish by a "preponderance of the evidence" that the Complaint seeks more than $5,000,000. Defendants attempt to offer extrinsic evidence of a Sixty Million Dollar potential recovery, which violates the rulings of the United State Supreme Court and the 9th Appellate District, which state that remand must look only to the "four corners" of the Complaint. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.

2

1    2005). Additionally, the Complaint itself states only that Plaintiff "began" to make

2    payments, a fact ignored by Defendants.

## II.   CONTROLLING LAW

4        Federal Courts look only to a plaintiff's pleadings to determine removability. *Chappell v.*

5    *Waterworth*, 155 U.S. 102, 107-08 (1894). Notice of removability is determined by the "four

6    corners of the applicable pleadings. . . ." *Harris, supra,* 425 F.3d at 694. To trigger the 30-day

7    removal period, the facts supporting removal must be evident on the face of the complaint. *Self*

8    *v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978); *Ritchey v. Upjohn Drug Co.*, 139 F.3d

9    1313, 1318 (9th Cir. 1998).

10        Removal statutes are strictly construed against removal and any doubt must be resolved in

11    favor of remand. 28 U.S.C. § 1441(a); 28 U.S.C. 1447; *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.

12    1988).

## III.   ARGUMENT

14  **A.   AS DEFENDANTS' ADMIT THEIR ORIGINAL NOTICE OF REMOVAL IS**

15      **DEFICIENT, REMAND IS WARRANTED**

16        Defendants do not dispute the fact that the currently-controlling Notice of Removal does

17    not allege the "citizenship" of either THURLOW or EILAND. In an attempt to correct this error,

18    Defendants seek leave to amend the Notice of Removal; however, as Defendants failed to amend

19    before the present hearing date of December 28, 2007, the original Notice is the controlling

20    pleading. Given the undisputed deficiencies within the operative Notice of Removal, Remand is

21    proper.

22        The Opposition to the Motion to Remand is notably lacking in any argument that Defendants

23    THURLOW or EILAND properly complied with alleging "citizenship." In fact, by referencing a

24    proposed Motion to Amend the Notice of Removal, Defendants have essentially admitted the

25    deficiencies of the present Notice of Removal.

26        Any future Motion for Leave to Amend - beyond serving as an admission of the deficiencies

27    within the present Notice of Removal - may not be considered or relied upon, as it has not yet been

28    fully briefed. *See* FRCP, Rule 15.

3

1    As the present Notice of Removal is controlling and deficient. Remand is proper.

2  **B.    DEFENDANTS' HAVE SUBMITTED TO THE JURISDICTION OF CALIFORNIA**

3    In the Motion to Remand. Plaintiff asserts that Defendant ADVENT. as a foreign corporation

4  doing business in California. failed to comply with California law.  Corp. Code §§ 2105. 2203.  As

5  a result. ADVENT "submitted to the jurisdiction of" the California Courts.

6    In their Opposition. Defendants cite to *Kaufman v. General Ins. Co. Of Am.*. 192 F. Supp.

7  238, 239-40 (S.D. Cal. 1961). and somehow argue that Plaintiff is attempting to make ADVENT

8  "a citizen of California." (Opposition. pp. 7-8).  Defendants further argue. somehow incredibly.

9  that Corporations Code § 2203 does not confer jurisdiction on California. even where a foreign

10  corporation is illegally doing business within the State!

11    Such an argument is a misrepresentation of Plaintiff's legal and factual positions.

12  Plaintiff's true position. and the reason why Remand is proper. is set forth below.

13  **1.    ADVENT Does Not Dispute That It Transacted Intrastate Business In**

14  **California**

15    Within the Motion to Remand. Plaintiff argues that ADVENT was a foreign corporation

16  "conducting intrastate business." (Motion to Remand. pp. 5-9).  Plaintiff thereafter produced both

17  law and evidence in support of this fact.

18    The Opposition did not object to any of Plaintiff's evidence. and did not provide any law -

19  other than the *Kaufman* case - to counter Plaintiff's cited law.

20    Given the above. it is <u>undisputed</u> that ADVENT was a foreign corporation conducting

21  intrastate business.

22  **2.    ADVENT Does Not Dispute That It Does Not Hold A Valid Certificate From**

23  **The California Secretary Of State**

24    Plaintiff also provided evidence in support of the assertion that ADVENT has never held

25  a valid certificate from the Secretary of State.

26    The Opposition does not dispute ADVENT's failure to hold a valid certificate.

27  Respectfully. given the Certificate of Non-Filing submitted by Plaintiff within the original Motion.

28  this fact cannot be seriously opposed.

4

1     In light of the above, it is undisputed that ADVENT should have held a valid certificate,

2 but did not. As such, ADVENT has consented to the jurisdiction of the courts of California. To

3 find otherwise would be to sanction the illegal activity of ADVENT, a foreign corporation who

4 voluntarily transacted business in California, while refusing to pay state taxes or comply with state

5 laws.

6     **3.**     **Plaintiff Has Never Alleged That ADVENT Should Be Found To Be A**

7           **"Citizen Of California"**

8     Defendants attempt to oppose the applicability of Corporations Code § 2203 by citing to

9 *Kaufman, supra*, 192 F. Supp. at 239-40. However, this case is fully distinguishable, on several

10 grounds.

11     In *Kaufman*, a California insured brought suit against a Washington-based insurance

12 company for recovery on a policy after a theft. 192 F. Supp. at 239. Upon Removal, plaintiff

13 attempted to Remand. *Id.* The United States District Court, Central Division, summarized

14 Plaintiff's argument as follows:

15         The pertinent facts are not in dispute. Plaintiffs are citizens of California.

16         Defendant, General Insurance Company of America, is incorporated under
        the laws of the State of Washington and has its principal place of business in

17         Seattle. Defendant is qualified, licensed to engage in, and engaging in the
        general insurance business in the State of California with offices on Los

18         Angeles County.

19         On these facts Plaintiffs make two contentions in support of their motion to
        remand: (1) That since a foreign corporation must, in order to do business in

20         California, comply with the same requirements as a domestic corporation (see
        Cal. Corp. Code § 6400 *et seq.*), the foreign corporation should be deemed

21         a California corporation for purposes of diversity of citizenship; and (2) That
        under a 'proper' construction of 28 U.S.C. § 1332, as amended 72 Stat. 415

22         (1958), a corporation is deemed a citizen of any state wherein it has 'a'
        principal place of business. *Id.*

23

24     *Kaufman* is inapposite to the instant matter for two reasons.

25     First, Plaintiff brings the instant Motion under Corporations Code § 2203. *Kaufman*

26 addresses Corporations Code § 6400, and makes no mention of Corporations Code § 2203.

27     Second, Plaintiff is <u>not</u> alleging that ADVENT should be treated as a "California citizen."

28 In fact, such an argument would render Corporations Code § 2203 of no value, as it addresses

5

"foreign corporations" only.

Succinctly. Plaintiff argues the applicability of Corporations Code § 2203 as plainly read: A <u>foreign</u> corporation that does not comply with the California Secretary of State requirements submits to the jurisdiction of the California Courts.

**4.    <u>ADVENT Is Asking This Court To Reward Their Illegal Activity</u>**

In arguing that ADVENT - despite its undisputably illegal activities in California - should escape the jurisdiction of the State. Defendants ask this Court to reward them for illegal behavior.

**C.    GIVEN THE FACT DEFENDANTS SUBMITTED TO CALIFORNIA JURISDICTION, THERE IS NO NEED TO PERFORM THE REMOVAL TEST**

There is no need to perform the removal test because Defendants submitted to California jurisdiction by voluntarily doing business in the state. *See* Corp. Code § 2203. Simply stated. Defendants are putting the cart before the horse. Removal only applies when a party challenges jurisdiction. *Gaus v. Miles*. 980 F.2d 564, 566 (9th Cir. 1992). In performing the removal test. a party must show diversity of citizenship and amount in controversy. 28 U.S.C. § 1332.

In the present case. the removal test does not have to be performed. Defendants have voluntarily chosen to set up offices in California. In addition. Defendants are harming its citizens by engaging in unfair and deceptive business practices. Because Defendants have already submitted to the jurisdiction of California state courts by failing to comply with California corporate law, they may not trigger removal now.

**D.    THE COURT SHOULD <u>NOT</u> CONSIDER THE (PROPOSED) AMENDED NOTICE OF REMOVAL IN THE INSTANT MOTION**

One of the primary foundations for the Opposition centers on Defendants attempt to have the Court consider their (Proposed) Amended Notice of Removal. However. and as more specifically set forth below. this would be improper on several separate grounds. First. the (Proposed) Amendment is not a controlling document and presently has no effect on this litigation. Second. the (Proposed) Amendment is also procedurally deficient. in that it attempts to argue a new theory - Federal Question. Finally. even if the Court were to consider the Amendment. the operative Complaint is clearly based on California State law.

6

1.    **The Court Should Not Consider The (Proposed) Amended Notice Of Removal Without A Fully Noticed Motion Hearing And An Opportunity To Oppose**

Amendments before trial must be brought by a noticed motion. Rule 15 of the Federal Rules of Civil Procedure state, in pertinent part, as follows:

**(2) Other Amendments.** In all other cases, a party may amend its pleading **only with the opposing party's written consent or the court's leave** . . . ." (Emphasis added).

In this case, Defendants claim that their Opposition and subsequent declarations should be construed as an "amendment to the Notice of Removal." (Opposition, p. 2). However, a (Proposed) Amended Notice of Removal must be brought by a fully noticed motion, allowing Plaintiff an opportunity to oppose said motion. Until that occurs, the Court should not consider Defendants' proposed amended removal.

2.    **The (Proposed) Amended Notice Of Removal Is Defective In That It Raises A Federal Question**

Defendants' original Notice of Removal failed to allege the existence of a federal question pursuant to 28 U.S.C. § 1331. Based on this error, Defendants now seek to allege a new ground for removal under federal question jurisdiction. Because this defense was available to Defendants at the time they filed their initial notice, Defendants cannot now raise an entirely new and distinct jurisdictional basis for removal.

It is well-settled that a defendant must state the basis for removal jurisdiction in the notice of removal, which must be filed within 30 days after service of the complaint. 28 U.S. C. § 1446(b); 28 U.S.C. § 1447. After the statutorily prescribed 30 day period has elapsed, a defendant may not amend its removal notice to state alternative bases for removal jurisdiction. 28 U.S.C. § 1446; *ARCO Environmental Remediation, LLC v. Dep't Health & Environmental Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) [completely new grounds for removal may not be added]; see also *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (C.A. Alaska 1969) [removal petition cannot be thereafter amended to add

1   allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously

2   made].

3       On October 3, 2007, Plaintiff filed his Complaint. (Please see Exhibit "A"). On October

4   31, 2007, Defendants removed this action alleging only diversity jurisdiction under 28 U.S.C. §

5   1332. (Please see Exhibit "B"). The original petition for removal did <u>not</u> allege federal question

6   jurisdiction. (Please see Exhibit "B"). On December 14, 2007, Defendants filed their Opposition

7   to the Motion to Remand and (Proposed) Amended Notice of Removal, asserting for the first time

8   federal question jurisdiction under 28 U.S.C. § 1331. (Please see Exhibits "C " and "D").

9       Defendants new basis for federal jurisdiction was untimely because the 30 day period for

10  removal had expired under 28 U.S.C. § 1446, and the original notice did not mention federal

11  question jurisdiction as a basis for removal. Because completely new and separate grounds for

12  removal may not be belatedly added, this Court should not consider whether federal question

13  jurisdiction might have provided a valid basis for removal in this case.

14      **3.    Even If The Court Decides To Consider The Propriety Of The (Proposed)**

15      **Amended Notice Of Removal, It Would Fail Because The Claim Does Not**

16      **"Arise Under" Federal Law**

17      Defendants' argument that the CLRA, Business & Professions Code, and fraud claims arise

18  under federal law is in error. The resolution of these claims do not depend on a federal question

19  of patent law. No federal question arises.

20      Removal cannot be based simply on the fact that federal law may be referred to in some

21  context in the case. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S 804, 817 (1986).

22  If the claim does not "arise under" federal law, it is not removable on federal question grounds.

23  *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809 (1988); *Rains v. Criterion*

24  *Systems, Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996); 28 U.S.C. § 1338(a). Incidental federal issues

25  are not enough to remove a case on the basis of federal question jurisdiction. *Berg v. Leason*, 32

26  F.3d 422, 425-26 (9th Cir. 1994) [the "low level of generality" required to determine whether a

27  Federal claim is "legally tenable" does not raise a substantial issue of federal law, and hence does

28  not support removal]; *see also Merrell Dow Pharmaceuticals, supra,* 478 U.S. at 817 [violation

of the Federal Act was not ground for removal because the Act merely provided the standard of care in the state action, and to allow removal in such cases would shift traditional state law cases into federal courts].

In the present case, Defendants are attempting to argue that this is a patent law case which arises under 28 U.S.C. § 1338. (Opposition, pp. 15-16). Whether a claim "arises under" patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose. *Christianson, supra,* 486 U.S. at 809. Therefore, **a case raising a federal patent-law defense does not, for that reason alone, "arise under" patent law, for jurisdiction purposes** . . . . *Id.* (Emphasis added).

In a case, *In re Oximetrix, Inc.,* 748 F.2d 637, 642 (Fed. Cir. 1984), the court held that the case was not removable on federal question grounds, even though the existence of a valid patent was an issue. In that case, the patent holder sued its licensee for breach of contract in state court and defendant filed a notice of removal. *Id.* at 638. The court explained that the resolution for the breach of contract claim did not depend on a federal question of patent law and denied the removal. *Id.* at 641-42.

In the instant matter, and looking at the face of the Complaint, this is a pure Consumer-protection matter. No patents were ever provided, and none are alleged.

## IV.    CONCLUSION

Based on the foregoing reasons, this Court should grant Plaintiff's Motion to Remand to the San Diego Superior Court.


Dated: December 19, 2007

**SULLIVAN & CHRISTIANI, LLP**

/s/ Alison M. Miceli

_____

William B. Sullivan,
Alison M. Miceli
Attorneys for Plaintiff,
MATTHEW WATERS

9

1  William B. Sullivan [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated.

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10 MATTHEW WATERS, individually and on )    Civil Action No.: 07CV2089 (BTM) (LSP)
   behalf of other members of the general public )
11 similarly situated,                      )    **CLASS ACTION**
                                            )
12         Plaintiff,                        )    **PLAINTIFF'S OBJECTION TO THE**
                                            )    **DECLARATION OF DENICE THURLOW**
13    v.                                     )
                                            )
14 ADVENT PRODUCT DEVELOPMENT, )            ***Oral Argument Requested***
   INC., a South Carolina Corporation, DENICE )
15 THURLOW, ALPHONSO EILAND, and )          ***Document Electronically Filed***
   DOES 1 through 50, inclusive             )
16                                           )    Date:   December 28, 2007
         Defendants.                         )    Time:   11:00 a.m.
17                                           )    Dept.:  15
                                            )    Judge:  Hon. Barry Ted Moskowitz
18                                           )
   _____      )

19        Plaintiff Matthew Waters ("Plaintiff") objects to the Declaration of Denice Thurlow filed in

20 support of Defendants' Opposition to the Motion to Remand.

21
                              **DEFINITIONS**
22
          For purposes of this objection, the following definitions and supporting authority shall apply
23
   where indicated herein:
24
   **Foundation:**       **Federal Rules of Evidence Section 602**
25
          A witness may not testify to a matter unless evidence is introduced sufficient
26
   to support a finding that the witness has personal knowledge of the matter.
27
   Evidence to prove personal knowledge may, but need not, consist of the
28
   witness' own testimony. This rule is subject to the provisions of Rule 703.

Plaintiff's Objection to the                                      Civil Action No.: 07CV2089 (BTM) (LSP)
Declaration of Denice Thurlow          

1             relating to opinion testimony by expert witnesses.

2    **Relevance:**              **Federal Rules of Evidence Sections 401 and 402**

3             Evidence must be relevant for it to be admissible.

4    **Hearsay:**               A statement, other than one made by the declarant while testifying at the trial

5             or hearing, offered in evidence to prove the truth of the matter asserted.

6        Plaintiff objects to paragraphs 3, 4, 5, and 6 of the Declaration of Denice Thurlow filed in

7 support of Defendants' Opposition to Plaintiff's Motion to Remand as set forth below.

8 <u>Paragraph 3</u>

9             Alphonso Eiland, a representative of Advent who works solely out of Advent's San

10             Diego, California offices, has no involvement in the creation of Advent's contractual

11             agreements or the creation of the Legal Protection Reports.

12 **<u>Grounds for Objection:</u>**

13             Lack of foundation; relevance; hearsay.

14 **<u>Authority for Objection:</u>** Please see Definitions, pages 1-2.

15             In Denice Thurlow's Declaration, she does not represent that she has "personal knowledge" of

16 any of the facts and/or representations set forth therein. As such, her Declaration should not be afforded

17 any weight.

18             Denice Thurlow makes several representations in documents filed with this Court while acting

19 out of South Carolina. However, all of the actions Denice Thurlow attests to allegedly occurred in

20 California.

21             In addition, the person who creates Advent's contracts and/or Legal Protection Reports is

22 irrelevant to the facts of the case and is not at issue.

23             To the extent that Denice Thurlow heard information from other individuals, this information

24 may not be inferred. Accordingly, the hearsay exception applies.

25        **Please Note:** On December 18, 2007, Defendants filed a Notice of Errata to correct paragraph

26 2 of Denice Thurlow's Declaration. Notably, in the Corrected Declaration of Denice Thurlow, she still

27 fails to represent that she has "personal knowledge" of any of the representations contained within said

28 Declaration.

Paragraph 4

Plaintiff Mathew (sic) Waters (hereinafter "Waters") contracted with Advent under the Product Profile Agreement thereby paying $1,1900.00 to Advent. Then Waters contracted with Advent under the Representation Agreement for $9,240.00. At the time of entering into this Representation Agreement, Waters paid a deposit of $4,000.00 to Advent and signed a promissory note and security agreement for the remaining balance of $5,240.00. The promissory note and security agreement is with a third party financing company.

**Grounds for Objection:**

Lack of foundation; relevance; hearsay.

**Authority for Objection:** Please see Definitions, pages 1-2.

In Denice Thurlow's Declaration, she does not represent that she has "personal knowledge" of any of the facts and/or representations set forth therein. As such, her Declaration should not be afforded any weight.

Denice Thurlow makes several representations in documents filed with this Court while acting out of South Carolina. However, all of the actions Denice Thurlow attests to allegedly occurred in California.

To the extent that Denice Thurlow heard information from other individuals, this information may not be inferred. Accordingly, the hearsay exception applies.

The third party financing company mentioned in said Declaration is not a party to this action. Any evidence that Plaintiff or other class members utilized a third party financing company is irrelevant to the issues before this Court.

**Please Note:** On December 18, 2007, Defendants filed a Notice of Errata to correct paragraph 2 of Denice Thurlow's Declaration. Notably, in the Corrected Declaration of Denice Thurlow, she still fails to represent that she has "personal knowledge" of any of the representations contained within said Declaration.

1  Paragraph 5

2       Waters, like all the potential plaintiffs in this matter, has paid Advent in full for both

3       the Product Profile Agreement and Representation Agreement.

4  **Grounds for Objection:**

5       Lack of foundation; relevance; hearsay.

6  **Authority for Objection:** Please see Definitions, pages 1-2.

7       In Denice Thurlow's Declaration, she does not represent that she has "personal knowledge" of

8  any of the facts and/or representations set forth therein. As such, her Declaration should not be afforded

9  any weight.

10      Denice Thurlow does not have personal knowledge whether or not Plaintiff or other class

11 members have paid Advent in full for services rendered. Denice Thurlow makes several representations

12 in documents filed with this Court while acting out of South Carolina. However, all of the actions

13 Denice Thurlow attests to allegedly occurred in California.

14      As stated in the Complaint "In return for the services promised within the "Phase II" contract,

15 Plaintiff was required to provide Defendant(s) a sum total of $9,240.00. Plaintiff did enter into the

16 "Phase II" contract, **and did begin** to make the required payments." (Emphasis added). (Complaint, p.

17 6). Because Plaintiff **began** to make the required payments, it cannot be established that Plaintiff and

18 the other class members paid the entire balance for Advent's services.

19      To the extent that Denice Thurlow heard information from other individuals, this information

20 may not be inferred. Accordingly, the hearsay exception applies.

21      The third party financing company mentioned in said Declaration is not a party to this action.

22 Any evidence that Plaintiff or other class members utilized a third party financing company is irrelevant

23 to the issues before this Court.

24      **Please Note:** On December 18, 2007, Defendants filed a Notice of Errata to correct paragraph

25 2 of Denice Thurlow's Declaration. Notably, in the Corrected Declaration of Denice Thurlow, she still

26 fails to represent that she has "personal knowledge" of any of the representations contained within said

27 Declaration.

28

Paragraph 6

On October 3, 2007, Advent was served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice fo Litigants/ADR Information Package and Stipulation to Alternative Dispute Resolution Process. Advent has never been served with a copy of a document titled Proof of Service.

**Grounds for Objection:**

Lack of foundation; relevance; hearsay.

**Authority for Objection:** Please see Definitions, pages 1-2.

In Denice Thurlow's Declaration, she does not represent that she has "personal knowledge" of any of the facts and/or representations set forth therein. As such, her Declaration should not be afforded any weight.

Denice Thurlow makes several representations in documents filed with this Court while acting out of South Carolina. However, all of the actions Denice Thurlow attests to allegedly occurred in California.

To the extent that Denice Thurlow heard information from other individuals, this information may not be inferred. Accordingly, the hearsay exception applies.

**Please Note:** On December 18, 2007, Defendants filed a Notice of Errata to correct paragraph 2 of Denice Thurlow's Declaration. Notably, in the Corrected Declaration of Denice Thurlow, she still fails to represent that she has "personal knowledge" of any of the representations contained within said Declaration.

Dated: December 19, 2007                    **SULLIVAN & CHRISTIANI, LLP**


                                             /s/ Alison M. Miceli
                                             _____
                                             William B. Sullivan,
                                             Alison M. Miceli,
                                             Attorneys for Plaintiff,
                                             MATTHEW WATERS

1  William B. Sullivan [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated.

7

8                  **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10  MATTHEW WATERS, individually and on )    Civil Action No.: 07CV2089 (BTM) (LSP)
    behalf of other members of the general public )
11  similarly situated.                        )   **CLASS ACTION**
                                               )
12             Plaintiff,                       )   **PLAINTIFF'S OBJECTION TO EXHIBIT**
                                               )   **B ATTACHED TO THE DECLARATION**
13      v.                                     )   **OF DENICE THURLOW**
                                               )
14  ADVENT  PRODUCT  DEVELOPMENT, )    *Oral Argument Requested*
    INC., a South Carolina Corporation, DENICE )
15  THURLOW, ALPHONSO EILAND, and )    *Document Electronically Filed*
    DOES 1 through 50, inclusive               )
16                                             )   Date:   December 28, 2007
               Defendants.                      )   Time:   11:00 a.m.
17                                             )   Dept.:  15
                                               )   Judge:  Hon. Barry Ted Moskowitz
18  _____ )

19      Plaintiff Matthew Waters ("Plaintiff") objects to Exhibit B attached to the Declaration of Denice

20  Thurlow filed in support of Defendants' Opposition to the Motion to Remand.

21                              **DEFINITIONS**

22      For purposes of this objection, the following definitions and supporting authority shall apply

23  where indicated herein:

24  **Authentication:**        **Federal Rules of Evidence Section 901**

25                             (a) The requirement of authentication or identification as a condition precedent

26                             to admissibility is satisfied by evidence sufficient to support a finding that the

27                             matter in question is what its proponent claims.

28                                                               *ORIGINAL*

| | |
|---|---|
| **Relevance:** | **Federal Rules of Evidence Sections 401 and 402** |
| | Evidence must be relevant for it to be admissible. |
| **Foundation:** | **Federal Rules of Evidence Section 602** |

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

Plaintiff objects to Exhibit B attached to the Declaration of Denice Thurlow filed in support of Defendants' Opposition to Plaintiff's Motion to Remand as set forth below.

<u>Paragraph 8</u>

Attached hereto as Exhibit B is a true and correct copy of the Promissory Note and Security Agreement.

**Grounds for Objection:**

Lack of authentication; lack of foundation; relevance.

**Authority for Objection:** Please see Definitions, pages 1-2.

The Promissory Note and Security Agreement Contract is not authenticated. This document is also irrelevant. Triad Resources, Inc., the alleged third party financing company "circled" in said agreement contract is not a party to this action. Any evidence that Plaintiff or other class members utilized a third party financing company is irrelevant to the issues before this Court and is sanctionable.

Dated: December 19, 2007                              **SULLIVAN & CHRISTIANI, LLP**

/s/ Alison M. Miceli

William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
MATTHEW WATERS

1 | William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
2 | **SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
3 | San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX
4 |

5 | Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
6 | of the general public similarly situated.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | MATTHEW WATERS, individually and on )    Civil Action No.: 07CV2089 (BTM) (LSP)
behalf of other members of the general public )
11 | similarly situated,                )    **CLASS ACTION**
                              )
12 |         Plaintiff,         )    **PLAINTIFF'S OBJECTION TO EXHIBIT**
                              )    **B ATTACHED TO THE DECLARATION**
13 |    v.                      )    **OF CARRIE LONGSTAFF**
                              )
14 | ADVENT PRODUCT DEVELOPMENT, )    *Oral Argument Requested*
INC., a South Carolina Corporation, DENICE )
15 | THURLOW, ALPHONSO EILAND, and )    *Document Electronically Filed*
DOES 1 through 50, inclusive       )
16 |                               )    Date:     December 28, 2007
        Defendants.      )    Time:     11:00 a.m.
17 |                               )    Dept.:    15
                              )    Judge:   Hon. Barry Ted Moskowitz
18 | ——————————————————— )

19 |       Plaintiff Matthew Waters ("Plaintiff") objects to Exhibit B attached to the Declaration of Carrie

20 | Longstaff filed in support of Defendants' Opposition to the Motion to Remand.

21 |

22 | **DEFINITIONS**

      For purposes of this objection, the following definitions and supporting authority shall apply
23 |
where indicated herein:
24 |
**Authentication:**      **Federal Rules of Evidence Section 901**
25 |
                     (a) The requirement of authentication or identification as a condition precedent
26 |
to admissibility is satisfied by evidence sufficient to support a finding that the
27 |
matter in question is what its proponent claims.
28 |

***ORIGINAL***

| | | |
|---|---|---|
| 1 | **Foundation:** | **Federal Rules of Evidence Section 602** |
| 2 | | A witness may not testify to a matter unless evidence is introduced sufficient |
| 3 | | to support a finding that the witness has personal knowledge of the matter. |
| 4 | | Evidence to prove personal knowledge may, but need not, consist of the |
| 5 | | witness' own testimony. This rule is subject to the provisions of Rule 703, |
| 6 | | relating to opinion testimony by expert witnesses. |
| 7 | **Relevance:** | **Federal Rules of Evidence Sections 401 and 402** |
| 8 | | Evidence must be relevant for it to be admissible. |
| 9 | **Hearsay:** | A statement, other than one made by the declarant while testifying at the trial |
| 10 | | or hearing, offered in evidence to prove the truth of the matter asserted. |

11  Plaintiff objects to Exhibit B attached to the Declaration of Carrie Longstaff filed in support of

12  Defendants' Opposition to Plaintiff's Motion to Remand as set forth below.

13  Paragraph 4

14  Attached hereto as Exhibit B is a true and correct copy of a letter dated November 19, 2007.

15  **Grounds for Objection:**

16  Lack of authentication; lack of foundation; relevance; hearsay.

17  **Authority for Objection:** Please see Definitions, pages 1-2.

18  In Carrie Longstaff's Declaration, she does not represent that she has "personal knowledge" of

19  any of the facts and/or representations set forth in the correspondence from Attorney A. Kipp Williams

20  to Plaintiff's counsel dated November 19, 2007.

21  At the time the November 19, 2007 correspondence was sent to Plaintiff's counsel, Carrie

22  Longstaff was not admitted to practice in California. It was not until December 5, 2007, that Carrie

23  Longstaff was admitted *pro hac vice* in the instant matter, which was 16 days after the November 19

24  correspondence was mailed.

25  In addition, any information Carrie Longstaff heard from other individuals may not be inferred

26  as it is hearsay. Carrie Longstaff did not draft or sign the instant correspondence. The only signature

27  that appears is "A. Kipp Williams."

28

1    This document is also irrelevant as it asserts that the issues in this case present a federal question

2  pursuant to 28 U.S.C. § 1331.  However, federal question jurisdiction was not alleged in the original

3  Notice of Removal and cannot be properly raised in correspondence.

4    **Please Note:** Kipp Williams signed the instant correspondence but in his Declaration, he fails

5  to attach said document and enter it into evidence.

6

7  Dated: December 19, 2007                    **SULLIVAN & CHRISTIANI, LLP**

8
                                               /s/ Alison M. Miceli
9                                              _____
10                                             William B. Sullivan,
                                               Alison M. Miceli,
                                               Attorneys for Plaintiff,
11                                             MATTHEW WATERS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated,

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive, <br><br> Defendants. | Civil Action No.: 07CV2089 (BTM) (LSP) <br><br> **CLASS ACTION** <br><br> **DECLARATION OF ALISON M. MICELI IN REPLY TO DEFENDANTS' OPPOSITION TO THE MOTION TO REMAND** <br><br> ***Oral Argument Requested*** <br><br> ***Document Electronically Filed*** <br><br> Date:  December 28, 2007 <br> Time:  11:00 a.m. <br> Dept:  15 <br> Judge: Hon. Barry Ted Moskowitz |

I, Alison M. Miceli, declare as follows:

1.     I am an attorney licensed to practice law before this Court and am employed with the law firm of Sullivan & Christiani, LLP, attorneys of record for Plaintiff in the above-captioned matter.  I make this declaration in Reply to Defendants' Opposition to the Motion to Remand.

2.     I am personally familiar with the facts set forth in this declaration and if called to testify as a witness I could and would do so.

---

Declaration of Alison M. Miceli in
Reply to Defendants' Opposition to
the Motion to Remand



Civil Action No.:07CV2089 (BTM) (LSP)

3.    A true and correct copy of Plaintiff's Complaint dated September 18, 2007 is attached hereto as Exhibit "A".

4.    A true and correct copy of Defendants' Notice of Removal dated October 31, 2007 is attached hereto as Exhibit "B".

5.    A true and correct copy of Defendants' Opposition to Plaintiff's Motion to Remand dated December 14, 2007 is attached hereto as Exhibit "C".

6.    A true and correct copy of Defendants' (Proposed) Amended Notice of Removal is attached hereto as Exhibit "D".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of December 2007.

/s/ Alison M. Miceli

_____
Alison M. Miceli
Declarant

---

Declaration of Alison M. Miceli in
Reply to Defendants' Opposition to
the Motion to Remand

Civil Action No.:07CV2089 (BTM) (LSP)

2

1  William B. Sullivan [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego. California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS.
   individually and on behalf of other members
6  of the general public similarly situated.

7

8                    **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10 MATTHEW WATERS. individually and on )    Civil Action No.: 07CV2089 (BTM) (LSP)
   behalf of other members of the general public )
11 similarly situated.                      )    **CLASS ACTION**
                                            )
12          Plaintiff.              . . .   )    **NOTICE OF LODGEMENT**
                                            )
13     v.                                   )
                                            )
14 ADVENT PRODUCT DEVELOPMENT, )    *Oral Argument Requested*
   INC.. a South Carolina Corporation. DENICE )
15 THURLOW. ALPHONSO EILAND. and )    *Document Electronically Filed*
   DOES 1 through 50. inclusive             )
16                                          )    Date:    December 28. 2007
           Defendants.                      )    Time:    11:00 a.m.
17                                          )    Dept.:   15
                                            )    Judge:   Hon. Barry Ted Moskowitz
18 _____  )

19

20     TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

21     PLEASE TAKE NOTICE that Plaintiff MATTHEW WATERS hereby lodges the following

22 documents. in reply to Defendants' Opposition to the Motion to Remand. as follows:

23     Exhibit "A" - A true and correct copy of Plaintiff's Complaint dated September 18. 2007:

24     Exhibit "B" - A true and correct copy of Defendants' Notice of Removal dated October 31.

25            2007:

26     Exhibit "C" - A true and correct copy of Defendants' Opposition to Plaintiff's Motion to

27            Remand dated December 14. 2007: and

28                                                      **ORIGINAL**

Notice of Lodgement                                    Civil Action No.: 07CV2089 (BTM) (LSP)

1    Exhibit "D" -A true and correct copy of Defendants' (Proposed) Amended Notice of Removal.

2

3    December 19, 2007                        **SULLIVAN & CHRISTIANI, LLP**

4
                                              /s/ Alison M. Miceli
5

6                                             _____

7                                             William B. Sullivan,
                                              Alison M. Miceli,
                                              Attorneys for Plaintiff,
8                                             MATTHEW WATERS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

William R. Sullivan [CSB No. 171637]
Eric J. Palmer [CSB No. 231207]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS, individually,
as Business & Professions Code section 17200 representative
claimant, and as Class claimant

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation; DENISE THURLOW, ALPHONSO EILAND and DOES 1 through 50, inclusive.<br><br>        Defendants | CASE NO.   37-2007-00075223-CU-FR-CTL<br><br>(CLASS ACTION)<br><br>**COMPLAINT FOR:**<br><br>**1. Violation of California Consumers Legal Remedies Act;**<br>**2. Violation of Business and Professions Code; and**<br>**3. Fraud** |

COMES NOW Plaintiff MATTHEW WATERS, (hereinafter "Plaintiff"), and alleges for his Complaint as follows:

1.    This Court has jurisdiction over this matter in that all parties are residents of the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. This class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. However, the claims of individual class members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court. Furthermore, there

1

1    is no federal question at issue, as Business and Professions Code protections and remedies related

2    thereto are based solely on California Law and Statutes.

3    2.   Venue is proper before this Court in that some or all of the events, acts and happenings as alleged

4         herein occurred within the jurisdiction of the above-entitled court.

5    3.   Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's

6         injuries occurred in San Diego County in the State of California.

7    4.   At all relevant times herein, Plaintiff MATTHEW WATERS (Hereinafter "Plaintiff") was and

8         is an individual residing in San Diego County in the State of California.

9    5.   Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

10        Defendant ADVENT PRODUCT DEVELOPMENT, INC. (hereinafter "ADVENT"), was and

11        is a South Carolina Corporation doing business in San Diego County, and other counties, State

12        of California.

13   6.   Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

14        Defendant DENISE THURLOW (hereinafter "THURLOW"), was and is residing and doing

15        business in San Diego County.

16   7.   Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

17        Defendant ALPHONSO EILAND (hereinafter "EILAND"), was and is residing and doing

18        business in San Diego County.

19   8.   Plaintiff is presently unaware of the true names, capacities and liability of Defendants named

20        herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend

21        this Complaint to allege their true names and capacities after the same have been ascertained.

22   9.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

23        Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in

24        so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and

25        in doing the actions mentioned below was acting within the course and scope of his or her

26        authority as such agent, servant, partner, and employee with the permission and consent of the

27        co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

28        Wherever it is alleged herein that any act or omission was done or committed by any specially

     named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants.

10. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including DOES 1 through 50, are, and at all times herein mentioned were, either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal entities which were licensed to do and/or were doing business in the County of San Diego, State of California at all times relevant to the subject matter of this action.

## CLASS ACTION ALLEGATIONS

11. As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable class and a well-defined community of interest among the class members. Code of Civil Procedure Sections 382 and 1781(a); Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 426, 470.

12. Plaintiff brings this action on behalf of himself and other members in the class whose number is believed to be approximately 800 members.

13. The approximately 800 member class is ascertainable via their experience as present or past "Customers," as defined by California Business and Professions Code section 22371(b), of the Defendant(s), who acted as "Invention developers," as defined by California Business and Professions Code section 22371(d.). The approximately 800 member class is also ascertainable via the experience as "consumers," as defined pursuant to California Civil Code section 1761(c).

14. The class members share a community of interest and an injury in fact as Defendants have violated California laws, thereby depriving the class members of money earned by Plaintiffs, and illegally gained by Defendant(s.)

15. This action involves questions of law and fact common to the class Plaintiff represents which predominate over questions affecting only individual members, including for example, and among other issues, the following:

   A.   In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, including various Sections of California Business and Professions Code, each of which (in an individual sense) has damaged Plaintiff and the Class

3

Members;

B.  Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.  Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

D.  Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

E.  Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

F.  The activities promised to be performed by Defendants constitute "services," pursuant to California Civil Code section 1761(b).

16. The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impractical. Plaintiff is bringing this action on behalf of approximately 800 current and/or former claimants who share a common or general interest, and it would be impracticable for those current or former employees to bring the action individually.

17. Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. The Contracts and supporting documents received, signed and executed by Plaintiff are identical to those received by the remaining Class members.

18. Plaintiff can fairly and adequately protect the interests of all the members of the class he is

4

representing in this action. Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

19. Plaintiff has satisfied the three prong "community of interest" requirement in California Code of Civil Procedure Section 382. Specifically, and as set forth above, (a) this action involves predominant common questions of law and fact in that Plaintiff brings this action on behalf of the approximately 800 member class who were denied the statutory protections of California Business and Professions Code, Chapter 17, and (separately) were defrauded by Defendant(s); (b) Plaintiff's claims and damages are typical of the class Plaintiff represents in that, as mentioned above, Plaintiff seeks on behalf of himself and the class members he represents statutory and common law protections and remedies; and (c) Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

## FACTUAL BACKGROUND

20. In or about April 2006, Plaintiff responded to a radio solicitation, created by Defendant ADVENT, that offered assistance to the general public, and specifically prospective inventors, in obtaining legal protection for their inventions, and marketing assistance once legal protection had been obtained.

21. Plaintiff subsequently met with employee representatives of Defendant ADVENT, notably Defendants THURLOW and EILAND, in San Diego County. At that time, Plaintiff was given several written advertisements by the representatives, and was informed that such advertisements were uniformly given to all of Defendant(s) potential clients.

22. At the same initial meeting, Plaintiff was informed that Defendants had a long history of successfully representing inventors, placing said inventions on the market, and making their inventor clients money. Upon an initial review of Plaintiff's proposed invention, Plaintiff was informed by Defendant(s) that his proposal had a great chance of success, and that Plaintiff would need to sign a contract in order for further services to be performed.

23. Plaintiff was informed by Defendant(s) that the standard policy of Defendant(s) was that Plaintiff would be required to enter into a "Phase I" Contract, in which an initial "patent search" would

be performed, and a "legal opinion" would be provided to Plaintiff. If the "patent search" showed

that the proposed invention was not "covered" by an existing patent, and had a good chance of obtaining a patent, Plaintiff would be allowed to enter into a "Phase II" contract, in which further services, including a "patent application," and marketing of the proposed product, would be performed. The "Phase II" contract required a separate, and much larger, payment from Plaintiff.

24. Plaintiff signed the "Phase I" contract, and provided a sum of $1,190.00 to Defendant(s). In or about May, 2006, Plaintiff received a "Legal Protection Report" from Defendant(s). While lengthy, and full of ambiguous language, the "Legal Protection Report" recommended that Plaintiff proceed further, and file a "patent application," for an extra, and larger, fee.

25. Relying on the recommendation and information within the "Legal Protection Report," Plaintiff was induced to enter into the "Phase II" contract with Defendants. In return for the services promised within the "Phase II" contract, Plaintiff was required to provide Defendant(s) a sum total of $9,240.00. Plaintiff did enter into the "Phase II" contract, and did begin to make the required payments.

26. Defendant(s) failed to perform the contracts as statutorily, contractually and legally required. Plaintiff and all Class Members have been damaged as a result.

27. In or about April, 2007, Plaintiff - after becoming frustrated by the lack of diligence and contractual compliance by Defendant(s) - first learned that the "Legal Protection Report" provided by the Defendant(s) was incomplete, deficient and erroneous. To wit, while the "Legal Protection Report" provided a small grouping of existing patents that may have impacted Plaintiff's rights, subsequent investigation by Plaintiff showed that at least 4 separate patents were so closely related to Plaintiff's idea that patent protection could not have been obtained. Notably, the 4 separate patents were obtained within 1 hour of the start of Plaintiff's subsequent informal investigation, but were not included, or referenced, within the "Legal Protection Report" provided by the Defendant(s).

28. If the 4 separate patents had been disclosed to Plaintiff at the conclusion of the "Phase I" investigation, Plaintiff would not have entered into the "Phase II" process. Plaintiff is informed and believes that Defendant(s) failed to disclose the information in a blatant attempt procure the compensation paid by Plaintiff in the "Phase II" process.

6

## FIRST CAUSE OF ACTION
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT
**(Class Action - Against ADVENT PRODUCT DEVELOPMENT, INC. and DOES 1-5)**

29.  Plaintiff hereby incorporates by reference paragraphs 1 through 28 above, as though fully set forth herein.

30.  Plaintiff and all proposed Class Members are and were "consumers," as defined pursuant to California Civil Code section 1761( c).

31.  The functions Defendant ADVENT promised to perform for the Class Members were "services" as defined by California Civil Code section 1761(b).

32.  California Civil Code section 1760 specifically states: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

33.  The California Consumers Legal Remedies Act (Hereinafter "CLRA"), and specifically California Civil Code section 1770(5) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided had approval, characteristics, uses and benefits which the services did not have.

34.  The CLRA, and specifically California Civil Code section 1770(7) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided were of a particular standard, quality or grade, when they were of another.

35.  The CLRA, and specifically California Civil Code section 1770(14) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve,

7

or which are prohibited by law." Defendant ADVENT violated this section by representing to the Class Members, that the transaction between themselves and each of the Class Members involved rights, remedies and obligations which the transaction did not have or involve. Additionally, several of the rights, remedies and obligations were prohibited by law.

36. The CLRA, and specifically California Civil Code section 1770(16) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Defendant ADVENT violated this section by representing, to the Class Members, that the transaction between them had been supplied in accordance with a previous representation when it had not.

37. The CLRA, and specifically California Civil Code section 1770(19) states that the following acts are unfair and thus actionable, and prohibits, in pertinent part, the following: "Inserting an unconscionable provision in a contract." Defendant ADVENT violated this section by inserting into the contracts, signed by the Class Members, multiple unconscionable provisions.

38. At least 35 days prior to the filing of this lawsuit, Plaintiff provided Defendant ADVENT with Notice and a demand to correct, pursuant to California Civil Code section 1782. Copies and proof of Certified Mailings are attached hereto as Exhibit "A."

39. As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for compensatory damages in an amount to be proven.

## SECOND CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE
#### (Class Action - Against All Defendants)

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 above, as though fully set forth herein.

41. At all times relevant, Plaintiff and all Class Members were and are "Customers" as defined by California Business and Professions Code section 22371(b).

42. At all times relevant, Defendant(s) were and are "Invention developers" as defined by California Business and Professions Code section 22371(d).

8

Z:\Data\6330\pleading\complaint.wpd

43. Plaintiff and all Class Members entered into "Contracts for invention development services" - as defined by California Business and Professions Code section 22371(a) - whereby Defendant(s) were to perform "Invention developments services," as defined by California Business and Professions Code section 22371(e).

44. California Business and Professions Code, Chapter 17 governs, regulates and controls the performance of any and all services performed by "Invention developers" - as defined by California Business and Professions Code section 22371(d) - within the State of California. Pursuant to California Business and Professions Code section 22370 "the purpose of this chapter is to safeguard the public against fraud, deceit, imposition, and financial hardship...by prohibiting or restricting false or misleading advertising, onerous contract terms, harmful financial practices and other unfair, dishonest, deceptive destructive, unscrupulous, fraudulent and discriminatory practices by which the public has been injured..."

45. Throughout the relevant time period, Defendant(s) had a customary pattern and practice in entering into contractual relationships with Customers. To wit, Defendant(s) would solicit each Plaintiff Class Member to enter into a "Phase I" Contract, whereby Defendant(s) would promise to perform a subsequent "patent search" and provide a "legal opinion" for a set fee. As more specifically set forth below, the "Phase I" duties of Defendant(s) were fraudulently represented and improperly performed. However, and regardless of the above, Defendant(s) would thereafter demand a separate "Phase II" Contract for further services.

46. In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, each of which (in an individual sense) have damaged the Plaintiff Class Members. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including for example, and among other issues, the following:

A.     Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were

9

deprived of this statutory right, and have been damaged therefrom;

    B.    Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

    C.    Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

    D.    Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

47. As a result of each and every Business and Professions Code violation committed by Defendant(s), Plaintiff and the Class Members have been damaged.

48. As mentioned in this Complaint, Plaintiff is a direct victim of Defendants' illegal business acts and practices referenced herein pursuant to Business and Professions Code Section 17204, and has lost money as a result of such practices, and is suing both in his individual capacity and on behalf of other members who share a common or general interest in the damages as a result of the illegal practices of Defendants.

49. The approximately 800 member class is ascertainable via their experience of Defendants' illegalities. The members share a community of interest, and an injury in fact, as Defendants have violated various sections of California Business and Professions Code of which the class members were victims, thereby damaging the class members in an amount to be proven. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

50. Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of interest, pursuant to Business and Professions Code Section 17203 and Code of Civil Procedure Section 382, who share a common or general interest in the damages as a result of the above-

referenced illegal business acts and practices of Defendants.

51. California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business acts or practices.

52. Plaintiff's allegations herein are all based upon the business acts and practices of Defendants.

53. Defendants' acts and practices as described herein above are unlawful, in that they violate California Business and Professions Code.

54. As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for restitution and injunctive damages in an amount to be proven.

55. Plaintiff is informed and believes, and on that basis alleges, that the unlawful business practices alleged above are continuing in nature and are widespread practices engaged by Defendants.

56. On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein.

57. On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages in an amount to be proven.

58. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

## THIRD CAUSE OF ACTION
### FRAUD
### (Individual Claim, Against All Defendants)

59. Plaintiff hereby incorporates by reference paragraphs 1 through 58 above, as though fully set forth herein.

60. Both before and during the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and intentional omissions to Plaintiff in an attempt to secure Plaintiff's execution of the contracts, and the subsequent financial obligations. Following the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and omissions to Plaintiff in an attempt to continue the financial obligations placed upon the

11

OCT-3-2007

Plaintiff. Examples of the affirmative mis-representations include stating that Plaintiff's proposed inventions were not similar to any existing patents, and that Plaintiff's proposed inventions could receive patent protection. Defendants' intentional omissions include, as mentioned earlier, Defendant(s)' failure to mention the 4 separate patents that were so closely related to Plaintiff's idea that patent protection could not have been obtained, within the "Legal Protection Report" provided by the Defendant(s). Defendant(s) omitted such material information from the "Phase I" Contract, the "Legal Protection Report" in an attempt to continue the financial obligations placed upon the Plaintiff by entering into the "Phase II" contract which Plaintiff did in fact enter into, incurring financial obligations towards Defendant(s).

61.  At the time the mis-representations were made, Defendant(s) knew they were false. Defendant(s) further knew the omissions were material and for purposes of inducing Plaintiff's reliance and enter into the contract.

62.  Defendant(s) intended for Plaintiff to rely on the mis-representations, and Plaintiff actually and reasonably did rely on said mis-representations.

63.  As a result of Defendant(s)' mis-representations and omissions, and Plaintiff's reliance thereon, Plaintiff has been damaged, in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MATTHEW WATERS on his own behalf and on behalf of the members of the class and the general public, prays for judgment as follows:

1.  For an order certifying the proposed class;

2.  For compensatory damages in an amount to be proven;

3.  On the First Cause of Action, (a) Actual Damages, (b) on order enjoining the illegal methods acts and practices, and (c) Restitution of property. Additionally, all "senior citizens" and "disabled persons" as defined within Civil Code section 1761 seek an additional Five Thousand Dollars ($5,000.00), as allowable under Civil Code section 1780(b);

4.  For an amount of Three Thousand Dollars ($3,000.00), or treble the actual damages, per Class Member and/or 17200 participant, pursuant to Business & Professions Code Section 22386 et seq.;

5.  On behalf of the ascertainable class, for a permanent injunction against Defendants restraining,

12

OCT-3-2007  11:15A FROM:

preventing, and enjoining Defendants from engaging in the illegal practices alleged above, on behalf of the Section 17200 claimants who share a common or general interest;

6.  On behalf of the ascertainable class, for restitution damages on behalf of the Section 17200 claimants who share a common or general interest;

7.  For an award of interest, including prejudgement interest;

8.  For an award of attorneys' fees and costs pursuant to all available statutes and remedies, including Civil Code section 1780(d) and Business and Professions Code section 22386;

9.  For an award of punitive and exemplary damages where permissible; and

10. For such other relief as the court deems just and proper.

Dated: 9/13/07

SULLIVAN & CHRISTIANI, LLP

William B. Sullivan
Eric Palmer
Attorneys for Plaintiff MATTHEW WATERS

Z:\Data\6330\pleadings\complaint. wpd

# EXHIBIT B

Mark A. Krasner, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive, <br><br> Defendants. | Civil Action No.: <br><br> **NOTICE OF REMOVAL** <br><br> (Removal from the Superior Court of the State of California, County of San Diego, Case No. 37-2007-00075223-CU-FR-CTL) |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**PLEASE TAKE NOTICE** that Defendants Advent Product Development, Inc.

(hereinafter "Advent"), Denice Thurlow (hereinafter "Thurlow"), and Alphonso Eiland

(hereinafter "Eiland") hereby file this Notice of Removal of the above-captioned action

from the Superior Court of the State of California, County of San Diego, Docket No. 37-

2007-00075223-CU-FR-CTL, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of the facts set forth below:

## BACKGROUND:

1.     On or about September 18, 2007, Plaintiff Matthew Waters, individually and on behalf of other members of the general public similarly situated, filed a class action complaint pursuant to the Code of Civil Procedure Sections 382 and 1781(a) in the Superior Court of the State of California, County of San Diego against the defendants.  The matter was assigned case number 37-2007-00075223-CU-FR-CTL. A true and complete of all pleadings are attached hereto as Exhibit A.

2.     Service of the Summons and Complaint was effectuated on Advent on or about October 3, 2007 at Advent's office in San Diego, California.

3.     To date, neither Thurlow or Eiland have been served with a copy of the Summons and Complaint in accordance with the Federal Rules of Civil Procedure.

4.     As set forth in the Complaint, this action was brought pursuant to the California Code of Civil Procedure, Section 382 seeking relief under the California Consumers Legal Remedies Act, the California Business and Professions Code and for fraud.  This class action has been brought by Plaintiff "on behalf of approximately 800 current and/or former claimants ...."

5.     The Complaint alleges that Plaintiff entered into a Phase I agreement with Advent whereby paying $1,190.00 in order to receive a "Legal Protection Report." It is alleged that based upon this Legal Protection Report, Plaintiff proceeded to enter into a "Phase II" contract with Advent for $9,240.00.  Per the Complaint, Plaintiff

2

contends that the Legal Protection Report was deficient and erroneous which induced Plaintiff into entering into a "Phase II" contract with Advent.

6.    The Complaint alleges that Plaintiff's claims are typical of the claims of all other class members in that the contracts and supporting documents received, signed and executed by Plaintiff are "identical to those received by the remaining Class members." (Exhibit A, Compl. ¶ 17).

## JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

7.    Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (CAFA) since the Complaint purports to be a class action, there is diversity of citizenship under CAFA, and the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

8.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which allows the defendant or defendants to remove any civil action brought in a state court over which the District Courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where such action is pending.

## DIVERSITY OF THE PARTIES

9.    Upon information and belief, and based upon the allegations set forth in its Complaint, Plaintiff is an individual, residing at 4777 Orten Street, San Diego, California 92110. See Exhibit A.

3

10.    Defendant Advent is a domestic corporation organized and existing under the laws of the State of South Carolina having its principal place of business at 313 Commerce Drive, Pawleys Island, South Carolina, 29585.  For the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Advent is a citizen of the State of South Carolina.

11.    Defendant Denice Thurlow is an individual, residing at 541 Drake Lane, Surfside Beach, South Carolina 29575.

12.    Defendant Alphonso Eiland is an individual, residing in 3741 52nd Street #A, San Diego, California 92105.

## AMOUNT IN CONTROVERSY

13.    Plaintiff's Complaint alleges that Plaintiff entered into a "Phase I" contract with Defendant Advent for the sum of $1,190, was then fraudulently induced to enter into a "Phase II" contract with Defendant Advent for the total sum of $9,240, that Defendant failed to perform, and Plaintiff has been damaged thereby.  (Exhibit A, Compl. ¶ 24-26).  As noted, Plaintiff alleges that all 800 class members entered identical contracts and were similarly damaged. (Exhibit A, Compl. ¶ 17, 26).  Based on the alleged contract damages alone to each class member as noted above, the claimed amount in controversy would be well over the statutory minimum of $5,000,000 exclusive of interest and costs.

14.    In addition to the foregoing contract damages claimed, Plaintiff's Complaint seeks substantial additional damages under the California Consumers Legal Remedies Act (CLRA), California Civil Code § 1770, specifically seeking an award

4

of actual damages for all class members, that all senior citizens and disabled persons of the class receive an additional $5000 pursuant to the California Civil Code § 1780(b), and for an award of attorneys' fees and costs pursuant to the California Civil Code § 1780(d).

15.    In addition, the second count of Plaintiff's Complaint seeks relief for a violation of the California Business and Professions Code, Chapter 17, Invention Development Services Contracts, specifically seeking an award of $3000 or treble the actual damages per class member pursuant to Cal Bus & Prof Code § 22386.

16.    Should this Court chose to award treble the alleged actual damages stated by Plaintiff to be, at a minimum, Plaintiff's contract damages of $9,240, and the same amount for all of the 800 class members, again the amount in controversy will be well over $5,000,000 exclusive of interest and costs.

17.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) for the reasons set forth above in Paragraphs 8-17 because this matter is a class action, the matter in controversy exceeds $5,000,000, and plaintiff is a citizen of a different state from at least one of the defendants.

18.    Upon information and belief, the Court would not be required to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4) because that section would not be applicable given the facts pled in the Complaint.  Specifically, Advent is the only primary Defendant from whom significant relief is sought, whose alleged conduct

#1232468 v4
107136-60623

forms a significant basis for the claims asserted by the proposed plaintiff class, and Defendant Advent is not a citizen of the State of California. See 28 U.S.C. § 1332(d)(4).

19.    This court has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

## REMOVAL REQUIREMENTS SATISFIED

20.    This Notice of Removal is being filed within thirty days after Defendants first received a copy of the Complaint, through service or otherwise pursuant to 28 U.S.C. § 1446.

21.    As of this date, no Defendants have filed a responsive pleading in the action commenced in the Superior Court of the State of California, County of San Diego, and no other proceedings have transpired in the state court action.

22.    This Notice of Removal is being filed in the United States District Court for the Southern District of California, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

23.    Based upon Plaintiff having filed its Complaint in the Superior Court of California, County of San Diego, the United States District Court for the Southern District of California in San Diego is the appropriate forum for this case.

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California, County of San Diego, in the form attached hereto as Exhibit B.

#1252468 v4
107136-60623

25.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants respectfully requests that this action be duly removed to this Court and that it proceed herein.

By: *Mark A. Krasner*
_____

Dated: October 31, 2007
      La Jolla, California

Mark A. Krasner
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland*

7

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>Document electronically filed.<br><br>Oral Argument Requested<br><br>Motion Date: December 28, 2007 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
(858) 551-2440

Of Counsel:
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

Attorneys for Defendants
Advent Product Development, Inc., Denice
Thrulow and Alfonso Eiland

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................iii

PRELIMINARY STATEMENT........................................................1

FACTUAL BACKGROUND.............................................................3

LEGAL ARGUMENT .......................................................................6

   I.    REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE
        ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL
        QUESTION ...............................................................................6

        A.    Standard for Removal under 28 U.S.C. § 1441 ..................6

        B.    Diversity Jurisdiction exists under 28 U.S.C. § 1332(d) ..................6

            1.    The Parties are Diverse because Advent is a Citizen of
                the State of South Carolina ....................................6

            2.    Diversity of Citizenship has been Shown in the Notice
                of Removal and the Mere Failure to Plead Citizenship
                of the Two Individual Defendants is Not a Fatal
                Procedural Defect Warranting Remand to State Court.........8

            3.    This Matter Should Not be Remanded because
                Defendants have Established the Requisite Amount in
                Controversy ..................................................11

                a.    The Complaint Sets Forth a Specific Amount of
                    Damages which Well Exceeds $5,000,000...............12

                b.    Even by a Preponderance of the Evidence the
                    Amount in Controversy Exceeds the
                    $5,000,000 Jurisdiction Minimum under the
                    Class Action Fairness Act .............................13

        C.    Subject Jurisdiction is Also Proper Due to the Presence of a
             Federal Question ..................................................15

   II.   ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH
        ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS
        THEREFORE PROPER..............................................................17

   III.  REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS
        UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO
        DECLINE JURISDICTION OVER THIS MATTER ....................19

        A.    Discretionary Remand is Not Required because 28 U.S.C. §
            1332(d)(3) Does Not Apply in this Action .........................19

        B.    Mandatory Remand is not Required Under Either The Local
            Controversy or Home-State Controversy Exceptions Since
            Neither are Applicable in this Action...............................21

#1252268v2
107136-60623

## <u>TABLE OF CONTENTS</u>
(continued)

Page

1.    The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California .................. 21

2.    The Home-State Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought is Not a Citizen of the State of California ................. 23

CONCLUSION .............................................................................................. 24

#1252268v2
107136-60623

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

Abrego Abrego v. The Dow Chemical Co.,
443 F.3d 676 (9th Cir. 2006) ..................................................................11

Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P.,
2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007)................................1, 16

Alexander v. FedEx Ground Package System, Inc.,
2005 U.S. Dist. LEXIS 5129 (N.D. Cal. March 25, 2005)................................10

Barrow Dev. Co. v. Fulton Ins. Co.,
418 F.2d 316 (9th Cir. 1969).....................................................................9

Carter v. Clear Fir Sales Co.,
284 F. Supp. 386 (D. Or. 1967) .................................................................7

Christianson v. Colt Industries Operating Corp.,
486 U.S. 800 (1998) ...............................................................................16

Cohn v. Petsmart, Inc.,
281 F.3d 837 (9th Cir. 2002)...............................................................10, 13

Curry v. Royal Palm Sav. Ass'n,
713 F.Supp. 388 (S.D. Fla. 1989) ..............................................................18

Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety
Co. of Am.,
2005 WL 1653629 (D. Or. July 6, 2005)......................................................18

Gaus v. Miles, Inc.,
980 F.2d 564 (9th Cir. 1992)...............................................................11, 13

Gibson v. Chrysler Corp,
261 F.3d 927 (9th Cir. 2001).....................................................................14

Hangarter v. Paul Revere Life Insurance Co.,
2006 U.S. Dist. LEXIS 5295 (N.D. Cal. Jan. 26, 2006)...................................20

Immunocept, LLC v. Fulbright & Jaworski, LLP,
2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007)................................1, 16

Kacludis v. GTE Sprint Communications Corp.,
806 F. Supp. 866 (N.D. Cal. 1992) .............................................................10

- iii -

Kanter v. Warner-Lambert Co.,
    265 F.3d 853 (9th Cir. 2001)................................................................ 10

Kaufman v. General Insurance Co. of America,
    192 F. Supp. 238 (S.D. Cal. 1961)..................................................... 7, 8

Kearns v. Ford Motor Co.,
    2005 U.S. Dist. LEXIS 41614 (C.D. Cal. Nov. 21, 2005)......................... passim

King County v. Rasmussen,
    299 F.3d 1077 (9th Cir. 2002)............................................................15

Kisor v. Collins, Jr.,
    338 F. Supp. 2d 1279 (N.D. Ala. 2004) ............................................. 18

Levine v. BIC USA, Inc.,
    2007 U.S. Dist. LEXIS 6095216 (S.D. Cal. August 20, 2007) ...................11, 12

Lowdermilk v. U.S. Bank Nat'l Assoc.,
    479 F.3d 994 (9th Cir. 2007)............................................................11, 12

Luehrs v. Utah Home Fire Ins. Co.,
    450 F.2d 452 (9th Cir. 1971)............................................................ 9

Miguel v. Country Funding Corp,
    309 F.3d 1161 (9th Cir. 2002) ..........................................................15

Paoa v. Marati,
    2007 U.S. Dist. 67596 (D. Haw. Sept. 11, 2007)................................... 9

Patel v. Del Taco, Inc.,
    446 F.3d 996 (9th Cir. 2006) ........................................................... 6

Romeo v. The Home Depot U.S.A., Inc.,
    2006 U.S. Dist. LEXIS 79881 (S.D. Cal. October 30, 2006)............................11

Schultz v. Cally,
    528 F.2d 470 (3d Cir. 1975)............................................................. 8

Serrano v. 180 Connect, Inc.,
    478 F.3d 1018 (9th Cir. 2007)......................................................... 19

Steigleder v. McQuesten,
    198 U.S. 141 (1905)....................................................................... 8

Thomas v. Board of Trustees,
    195 U.S. 207 (1904)....................................................................... 8

Tylka v. Gerber Products Co.,
    211 F.3d 445 (7th Cir. 2000) ...........................................................8, 10

#1252268v2
107136-60623

United States v. Hays,
515 U.S. 737 (1995). .................................................................................15

Valdez v. Allstate Ins. Co.,
372 F.3d 1115 (9th Cir. 2004) ................................................................ 13

Wang v. Saitama Bank, Ltd.,
1991 U.S. App. LEXIS 17523 (9th Cir. July 25, 1991) ...........................7

Willingham v. Morgan,
395 U.S. 402 (1969) ............................................................................... 10

Yellow Transp., Inc. v. Apex Digital, Inc.,
406 F. Supp. 2d 1213 (D.Kan. 2005) ..................................................... 18

Young v. Cmty. Assessment & Treatment Servs.,
2007 WL 3340033 (N.D. Ohio Nov. 6, 2007) ....................................... 18

## Statutes

28 U.S.C. § 1331 ........................................................................... 1, 5, 6, 15

28 U.S.C. § 1332 ................................................................................. 8, 19

28 U.S.C. § 1332(a) ..................................................................................... 9

28 U.S.C. § 1332(c) .................................................................................. 6, 8

28 U.S.C. § 1332(d) ........................................................................... passim

28 U.S.C. § 1332(d)(3) ................................................................... 19, 20, 21

28 U.S.C. § 1332(d)(4) .......................................................................19, 21

28 U.S.C. § 1332(d)(4)(A) ................................................................21, 23

28 U.S.C. § 1332(d)(4)(B) .......................................................................23

28 U.S.C. § 1332(d)(5) ........................................................................... 20

28 U.S.C. § 1338 (2007) ................................................................... 15, 17

28 U.S.C. § 1441 ...................................................................................15

28 U.S.C. § 1441(a) ............................................................................6, 11

28 U.S.C. § 1441(b) ................................................................................. 6

28 U.S.C. § 1446 ...................................................................................18

28 U.S.C. § 1446(a) ................................................................................. 3

#1252268v2
107136-60623

28 U.S.C. § 1447.................................................................................9, 18

28 U.S.C. § 1653................................................................................2, 9, 10

35 U.S.C. § 102.....................................................................................16

35 U.S.C. § 103.....................................................................................16

Cal. Bus & Prof Code § 22386 (2007) ...............................................14

Cal. Civ. Code 1780(a) .........................................................................13

Cal. Corp. Code § 2203(a)......................................................................7

## **Other Authorities**

17 <u>Moore's Federal Practice</u> § 102.106[6][a]...............................14

17 <u>Moore's Federal Practice</u> § 107.41[1][e][ii] ..........................10

#1252268v2
107136-60623

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in opposition to Plaintiff's motion to remand this matter to state court.

The Court has subject matter jurisdiction over this action because of the presence of both diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) and the presence of a federal question pursuant 28 U.S.C. § 1331. This exact issue was raised and ruled on by the Court of Appeals for the Federal Circuit ("CAFC") in two separate opinions. In each case, the CAFC's ruling demonstrated that a federal question exists when a court must interpret federal patent law to adjudicate an issue in the case. See Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P., 2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007).

Diversity jurisdiction also exists because both Plaintiff Mathew Waters and Defendant, Advent Product Development, Inc., are citizens of different states and the amount in controversy exceeds $5,000,000 thereby meeting 28 U.S.C. § 1332(d). Contrary to Plaintiff's contention, Advent can only be a citizen of the state in which it is incorporated and has its principal place of business, which is South Carolina not California. Furthermore, Advent does not become a citizen of the State of California by failing to comply with the state's specific requirements for a foreign corporation doing business there.

While it is true that the Notice of Removal states that the individual defendants, Thurlow and Eiland, are residents rather than citizens, this will not defeat diversity

jurisdiction. Rather, all that is required for diversity jurisdiction is that there be limited diversity requiring that any plaintiff be a citizen of a different state from any defendant as exists here between Advent and Waters. While Plaintiff claims that the description of the individual defendants' residence instead of citizenship requires remand, that is simply not the standard. Pursuant to 28 U.S.C. § 1653, amendments to the Notice of Removal are permitted specifically for this type of defective allegation of jurisdiction. Therefore, by having submitted subsequent declarations with this memorandum setting forth the citizenship of the parties, this Court in ruling on the motion for remand may construe these later filed declarations as an amendment to the Notice of Removal. Accordingly, there is diversity of citizenship in this case.

The amount in controversy as set forth with particularity in the Complaint exceeds the $5,000,000 minimum for diversity and there is no need to show to a legal certainty that the class will recover more than the jurisdictional minimum. Plaintiff's Complaint presumptively satisfies the amount in controversy because the potential damages as set forth in the Complaint per potential class member are $74,999.99. When applying this amount to each of Plaintiff's putative class of 800 members, there is no doubt that the alleged aggregate amount of $59,999,992.00 is well over the jurisdictional minimum of $5,000,000.00. Even if this Court were to review the jurisdictional amount using the preponderance of the evidence standard, which does not apply here, Waters and the alleged class members will still recover well in excess of the jurisdictional minimum. This amount includes the aggregate amount of the alleged contractual damages of $10,430.00 for each putative class member totally $8,344,000.00. After adding the potential amounts allowed under the rules, such as

2

trebling, punitive damages and attorney's fees to any alleged actual damages, the jurisdictional amount is greatly exceeded.

There is also no basis for remand as a result of Advent's alleged failure to attach all of the required documents and pleadings. First, Advent did file all documents served upon it pursuant to 28 U.S.C. § 1446(a). Plaintiff simply failed to verify that all of the documents were filed and can only attempt to claim that the Proof of Service is missing. Second, even if Advent failed to include a document, which it did not, the majority view of the courts finds that this it not fatal flaw. Therefore, remand is not warranted.

Finally, there is no basis for this Court to refuse to exercise jurisdiction. The only way that a Court may refuse to exercise jurisdiction of an action brought pursuant to the Class Action Fairness Act of 2005 is under one of the exceptions set forth in 28 U.S.C. § 1332(d). None of the exceptions are applicable in this case. Advent, the only primary defendant in this case from whom significant relief is sought and whose conduct forms a significant basis for the claims in this matter, is not a citizen of the State of California. Whereas Eiland, the only defendant who is a citizen of the State of California, was a representative of Advent who personally may have had contact with only a fraction of the proposed class. Eiland does not qualify as a primary defendant, is not the party from whom significant relief is sought, and his conduct does not form a significant basis for the claims. Therefore, remand is simply not proper under the discretionary or mandatory remand exceptions because none of them apply in this action.

## FACTUAL BACKGROUND

On September 18, 2007, Plaintiff filed a class action in the Superior Court of the State of California. (Compl.) The claims and basis for relief in the Complaint are under the Consumer Legal Remedies Act, the Business and Professions Code, and for fraud.

3

See id. Specifically, the Complaint states that "the claims of individual class members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court." (Compl. ¶1). Plaintiff asserts that all of the potential class members, which are alleged to be approximately 800 members, are citizens of the State of California and have entered into both the Product Profile Agreement, Phase One, and Representation Agreement, Phase Two, with Advent costing $1,190.00 and $9,240.00 respectively, having claims and damages typical to that of Waters. (Pl.'s Br. Remand 19; Compl. ¶ 12-25).

Eiland, one of many representatives of Advent working out of one of the three California offices, who has no involvement in the creation of Advent's contractual agreements or the creation of the Legal Protection Reports, met with Waters at Advent's San Diego office. (Waters Decl. ¶ 4; Thurlow Decl. ¶ 3). Waters agreed to enter into a Product Profile Agreement, Phase One for $1,190.00, and then later contracted with Advent under the Representation Agreement, Phase Two for $9,240.00. (Compl. ¶ 24-25).

Waters, like all of the potential plaintiffs in this matter, has paid Advent in full for both contractual agreements. (Thurlow Decl. ¶ 5). First, Waters paid Advent $1,190.00 for the Product Profile Agreement. (Compl. ¶ 24; Thurlow Decl. 4). Then, Waters paid Advent a deposit of $4,000.00 and signed a promissory note and security agreement for the remaining balance of $5,240.00 due under the Representation Agreement. (Thurlow Decl. ¶ 4 and Ex. B). The promissory note and security agreement is with a third party financing company. See id.

On October 3, 2007, Advent Product Development, Inc. was served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice to

4

Litigants/ADR Information Package and Stipulation to Alternative Dispute Resolution Process. (Not. Removal, Docket Entry 1 S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007) (hereinafter "Not. Removal"); Miceli Decl., Ex. 4, Proof of Service; Thurlow Decl. ¶ 6). Contrary to Plaintiff's contention, Advent was not served on October 9th with the above documents plus a copy of the Proof of Service. See id. Rather, as is made clear from reviewing the Proof of Service, which appears to be dated October 9, 2007, Advent was only served with the above documents less the Proof of Service on October 3rd. See id. Advent has not since been served with a copy of the Proof of Service, and therefore did not file this document with the Court. (Thurlow Decl. ¶ 6).

Advent removed this action on October 31, 2007. (Not. Removal). Attached to Defendants' Notice of Removal were all of the documentation that it was served with on October 3rd. (Not. Removal, Ex. A). Plaintiff's counsel was made aware of this fact in a November 13, 2007 letter. (Miceli Decl., Ex. 1). Plaintiff was also made aware of the fact that jurisdiction was proper under both 28 U.S.C. §§ 1332(d) and 1331. (See id.; Longstaff Decl., Ex. B).

At the time of filing the Notice of Removal, Defendants inadvertently described the citizenship of Plaintiff Mathew Waters and individual Defendants Denice Thurlow and Alphonso Eiland as residents of California and South Carolina respectfully. However, diversity jurisdiction exists between the parties because Advent, a citizen of the State of South Carolina, is diverse from Plaintiff Mathew Waters, who is a citizen of the State of California. (Compl.; Not. Removal ¶ 10; Longstaff Decl ¶ 2; Pl.'s Br. Remand 19). Furthermore, Denice Thurlow is both a resident and citizen of the State of South Carolina, and Alphonso Eiland is both a resident and citizen of the State of California. (Thurlow Decl. ¶ 2; Eiland Decl. ¶ 2).

5

### LEGAL ARGUMENT

I.   **REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL QUESTION**

    **A.    Standard for Removal under 28 U.S.C. § 1441**

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because Plaintiff, Mathew Waters and the primary defendant and at least one secondary defendant are citizens of different states and the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d). Removal is also proper pursuant to 28 U.S.C. § 1441(b) because of the presence of a patent related federal question pursuant to 28 U.S.C. § 1331. Plaintiff's request for attorney's fees should also be denied because Advent had "an objectively reasonable basis" to remove this matter to this Court. Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citing Martin v. Franklin Capital Corp., 126 S. Ct. 704, 708 (2005)).

    **B.    Diversity Jurisdiction exists under 28 U.S.C. § 1332(d)**

        1.   The Parties are Diverse because Advent is a Citizen of the State of South Carolina

As set forth in the Notice of Removal, Advent Product Development, Inc. is a citizen of the State of South Carolina for purposes of diversity. (Not. Removal ¶ 10). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...." 28 U.S.C. § 1332(c) (2007). This statute is completely contrary to Plaintiff's attempted reasoning that Advent has subjected itself to the jurisdiction of the California State Court and is now a citizen of California by failing to comply with Cal.

Corp. Code § 2203(a).   See Cal. Corp. Code § 2203(a)(2007); Kaufman v. General Insurance Co. of America, 192 F. Supp. 238, 239-240 (S.D. Cal. 1961).

Not only do the requirements for a foreign corporation in California have nothing to do with diversity of citizenship, but the language as set forth in Cal. Corp. Code § 2203(a) does not even support this finding.   See Carter v. Clear Fir Sales Co., 284 F. Supp. 386, 387 (D. Or. 1967) (the mere fact that a corporation may be incorporated in more than one state by securing a license to do business there does not make it a citizen of each of these states); citing Kaufman, 192 F. Supp. 238.   Rather the California Corporation Code § 2203(a) only states that "any foreign corporation which transacts intrastate business and which does not hold a valid certificate from the Secretary of State ..., by transacting unauthorized intrastate business, shall be deemed to consent to the jurisdiction of *the* courts of California ...." Corp. Code § 2203(a) (Emphasis added). Meaning that there will be personal jurisdiction over a corporation transacting business in California.   See Wang v. Saitama Bank, Ltd., 1991 U.S. App. LEXIS 17523, at * (9th Cir. July 25, 1991).   However, this language does not make that corporation a citizen of the state of California, nor does it limit jurisdiction only to the state courts of California, as compared to the federal courts, as Plaintiff attempts to argue here.

Furthermore, although Plaintiff explains to this Court the policy reasons for enacting the requirements for a foreign corporation in the California Corporations Code, it simply mischaracterizes the holding in Kaufman. See 192 F. Supp. at 239-240. The court in Kaufman held that these requirements for foreign corporations "have nothing to do with diversity of citizenship jurisdiction ... [and t]o follow plaintiff's contention would be to reverse the very purpose and policy of diversity jurisdiction by practically eliminating it from the Federal Courts.   In addition to this basic contradiction of a

Federal policy, considering defendant as a 'California corporation' for these purposes carries a legal fiction to absurd lengths." Id. Advent is a citizen of the State of South Carolina pursuant to 28 U.S.C. § 1332 since that is where it is incorporated and where it has its principal place of business. See 28 U.S.C. 1332(c); Kaufman, 192 F. Supp. at 242; Not. Removal ¶ 10. Therefore, diversity jurisdiction is appropriate.

> 2. Diversity of Citizenship has been Shown in the Notice of Removal and the Mere Failure to Plead Citizenship of the Two Individual Defendants is Not a Fatal Procedural Defect Warranting Remand to State Court.

Even though the Notice of Removal fails to refer to the individual Defendants' citizenship but rather states that they are residents, this in and of itself is insufficient to defeat diversity of citizenship and remand this matter. This action has been removed pursuant to the Class Action Fairness Act of 2005, which does not require complete diversity of citizenship of the parties. See 28 U.S.C. § 1332(d). Rather, all that is required for diversity of citizenship is that "any member of a class of plaintiffs is a citizen of a State different from any defendant ...." Id.

A Notice of Removal is defective when there is an absence of facts or sufficient averments to determine whether diversity of citizenship exists. See Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904); Steigleder v. McQuesten, 198 U.S. 141, 143 (1905) (after alleging residence rather than citizenship, the court looked at evidence to conclude that diversity of citizenship did not exist); Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (notice of removal was defective because the "allegations of residence are insufficient to establish diversity jurisdiction" under 1332(a)(1)); Schultz v. Cally, 528 F.2d 470 (3d Cir. 1975) (total diversity was not shown under 1332(a) because citizenship of all of the parties was not set forth).

8

However, this case, unlike the case law cited by Plaintiff, does not require complete diversity under 28 U.S.C. § 1332(a), but only that this Court be able to determine limited diversity of citizenship under 28 U.S.C. § 1332(d). As explained above, Defendant Advent is citizen of the State of South Carolina which is different from Plaintiff Mathew Waters thereby meeting the requirements for diversity under 28 U.S.C. § 1332(d). (Not. Removal; Compl.). Diversity of citizenship between Plaintiff and Advent is all that is needed for this Court to determine that diversity jurisdiction exists.

Furthermore, Defendants' declarations, which have been submitted in support of this memorandum, may be considered as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 in order to correct the allegations of "residence" rather than "citizenship" for the Plaintiff and individual Defendants. (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2). This amendment is permitted under 28 U.S.C. § 1653, outside of the 30 day right to amend a Notice of Removal period as set forth in 28 U.S.C. § 1447, for "[d]efective allegations of jurisdiction ...." 28 U.S.C. § 1653 (2007); see also 28 U.S.C. § 1447. Meaning that amendments which correct defective allegations of citizenship are permissible because the Notice of Removal is lacking in form and not substance. See Paoa v. Marati, 2007 U.S. Dist. 67596, at *16-17 (D. Haw. Sept. 11, 2007) citing Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (permitting an amendment to cure allegations of citizenship)

28 U.S.C. § 1653 includes allowing an amendment to correct the reference to one's residence rather than citizenship in order to properly set forth diversity jurisdiction. See Luehrs v. Utah Home Fire Ins. Co., 450 F.2d 452, 454 (9th Cir. 1971) (granting a motion for leave to amend the notice of removal to correct the deficiency of the reference to one being a resident as opposed to a citizen); Kanter v. Warner-Lambert

9

Co., 265 F.3d 853, 858 (9th Cir. 2001) (in determining whether a motion for remand was proper, the court went on to examine whether the amount in controversy was proper since the defendants could cure the defective allegation of citizenship by amendment); Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 869-870 (N.D. Cal. 1992) (rejecting the argument that the incomplete allegations of residence in the notice of removal are fatal and refusing to remand the matter because defects of this type are of form and amendable at any time). Even the case law from the Seventh Circuit, that Plaintiff relied on, only remanded the case back to state court after the defendants were given two months to file an amendment, under 28 U.S.C. § 1653, to correct the use of residence instead of citizenship, but failed to do so. See Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000).

When ruling on a motion for remand this Court may consider this opposition and the declarations filed in support of thereof as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 to correct or clarify technical deficiencies, such as here, in the Notice of Removal. See 17 Moore's Federal Practice § 107.41[1][e][ii] at 107-202 to 107-202.1 (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (district court did not err in construing an affidavit stating the amount in controversy as an amendment to the Notice of Removal)); Willingham v. Morgan, 395 U.S. 402, 408 (1969) (removal was proper because the required facts were found in later filed affidavits rather than in the notice of removal); Alexander v. FedEx Ground Package System, Inc., 2005 U.S. Dist. LEXIS 5129, at *8 (N.D. Cal. March 25, 2005). Thus, even if Advent was not diverse from Waters, which it is, the subsequently filed declarations make clear that removal was proper because the parties are citizens of different states satisfying 28 U.S.C. § 1332(d). (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2).

#1252268 v2
107136-60623

    3.    <u>This Matter Should Not be Remanded because Defendants</u>
         <u>have Established the Requisite Amount in Controversy.</u>

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because not only are the parties citizens of different states but the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d). When determining the amount in controversy of an action brought pursuant to the Class Action Fairness Act ("CAFA"), a court should "'interpret[] expansively' its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, 'the court should err in favor of exercising jurisdiction over the case.'" <u>Romeo v. The Home Depot U.S.A., Inc.</u>, 2006 U.S. Dist. LEXIS 79881, at * 5 (S.D. Cal. October 30, 2006); citations omitted.

The Ninth Circuit has developed three pleading scenarios for which to determine whether the amount in controversy has been met and what level of proof a defendant needs to meet. <u>See</u> <u>Levine v. BIC USA, Inc.</u>, 2007 U.S. Dist. LEXIS 60952, at *15-16 (S.D. Cal. August 20, 2007) (citing <u>Lowdermilk v. U.S. Bank Nat'l Assoc.</u>, 479 F.3d 994 (9th Cir. 2007); <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 682-83 (9th Cir. 2006)). First, if, when looking at the four corners of the complaint, an amount in excess of the federal amount in controversy has been plead, then the "amount-in-controversy requirement is presumptively satisfied unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional amount.'" <u>Levine</u>, 2007 U.S. Dist. LEXIS 60952, at *10-11. Second, if the Complaint does not plead a specific amount of damages, then the defendant must show that the amount in controversy has been met by a preponderance of the evidence. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992). Third, which is not present here, when the complaint

#1252268 v2
107136-60623

specifically pleads damages less than the jurisdictional amount of $5,000,000.  <u>See</u> <u>Levine</u>, 2007 U.S. Dist. LEXIS 60952, at *11.

a.    <u>The Complaint Sets Forth a Specific Amount of</u>
<u>Damages which Well Exceeds $5,000,000.</u>

Contrary to Plaintiff's argument that the amount in controversy has not been plead and this matter falls into the second pleading scenario, the court in <u>Levine</u> makes clear that this matter actually involves the first pleading scenario.  <u>Levine</u>, 2007 U.S. Dist LEXIS 60952, at *15-16.  When a Complaint states that "the amount in controversy does not exceed $74,999.99 as to Plaintiff or any other Class Members" and is silent about the damages not exceeding the $5,000,000, a specific amount of damages have been plead.  <u>Id.</u>  The court will then not even require a defendant "to show to a legal certainty the amount in controversy exceeds the jurisdictional limit because the 'does not exceed' figure ... attaches ... to each putative class member."  <u>Levine</u>, 2007 U.S. Dist LEXIS 60952, at *15-16; <u>see</u> <u>also</u> <u>Lowdermilk</u>, 479 F.3d at 996 (finding that plaintiff did plead a specific amount in damages and the preponderance of the evidence standard would not apply because plaintiff stated that "the aggregate total of the claims pled herein do not exceed five million dollars").

Similarly, Plaintiff's Complaint in this matter has set forth the amount of damages sought by stating that "the claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold", and makes no representations regarding the amount in controversy not exceeding $5,000,000.  <u>See</u> Compl. at 1. Therefore, the maximum value of damages, like in <u>Levine</u>, which attaches to each of the alleged 800 putative class members of $74,999.99 totals $59,999,992.00 and will clearly exceed the $5,000,000 jurisdictional minimum.  <u>Levine</u>, 2007 U.S. Dist. LEXIS

12

60952, at *16-17. Since, this figure attaches to each class member, Defendants need not show to a legal certainty that this amount is greater than the jurisdictional minimum of $5,000,000.

> **b.** **Even by a Preponderance of the Evidence the Amount in Controversy Exceeds the $5,000,000 Jurisdiction Minimum under the Class Action Fairness Act**

Even assuming, arguendo, that this Court determines that the Complaint's statement that the damages "are under $75,000" does not set forth a specific amount of damages, the second pleading scenario would be applied in this action and the same jurisdictional amount would still be meet by a preponderance of the evidence. This would require Advent to show by a preponderance of the evidence that the minimum amount in controversy has been met. Gaus, 980 F.2d at 567. In order to meet this standard, this Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted). This evidence includes the Notice of Removal and further pleadings to determine whether the amount in controversy has been met. Cohn, 281 F.3d at 840.

This action has been brought for an alleged violation under the California Consumer Legal Remedies Act, a violation under the Business and Professions Code, and for common law fraud. Pursuant to the California Consumer Legal Remedies Act, the Plaintiff and potential class members are entitled to recover actual damages, an injunction, punitive damages, and attorney's fees. See Cal. Civ. Code 1780(a). For a violation of the Business and Professions Code, the plaintiff and potential class members may recover the greater of three thousand dollars or "three times the actual

13

damages ... [i]n addition to the greater of the preceding amounts, the court may award reasonable attorney's fees ...." Cal. Bus & Prof Code § 22386 (2007).

When determining the amount in controversy it is proper for this Court to include punitive damages and reasonable attorney's fees since they are recoverable by statute and will be applied to the entire class. <u>See</u> <u>Gibson v. Chrysler Corp,</u> 261 F.3d 927, 945 (9th Cir. 2001)("[it is] well established that punitive damages are part of the amount in controversy in a civil action.")(citations omitted); 17 <u>Moore's Federal Practice</u> § 102.106[6][a] at 102-181. Plaintiff has also alleged and asked that any actual damage award be trebled pursuant to Cal. Bus & Prof Code § 22386. (Pl.'s Br. Remand 12-13.; Compl. at 12). Accordingly, the treble damages number should be considered as part of the amount in controversy.

Although Plaintiff is correct that the Complaint states that Waters was required to provide a sum of $9,240.00 for the Phase II contract and "did begin to make the required payments", this does not accurately reflect the amount of damages Plaintiff hopes to recover in this case. (Compl. ¶ 25). Waters, like all potential class members in this action, have paid Advent in full for both contractual agreements. (Thurlow Decl. ¶ 5). While Waters may have only paid Advent $1,190.00 for the first contract and paid a deposit of $4,000.00 for the second contract, he thereafter signed a promissory note and security agreement to a third party financing company for the remaining amount. Therefore, Waters is actually seeking a refund of both contractual amounts in this matter which includes the $1,190.00 for the Product Profile Agreement and $9,240.00 for the Representation Agreement.

Also as stated in the Complaint, "Plaintiff's claims in the action are typical of the class Plaintiff is generally representing. The contracts and supporting documents

14

received, signed and executed by Plaintiff are identical to those received by the remaining class members." (Compl. ¶ 17). Therefore, contrary to Plaintiff's claim, Waters and the alleged class members in this action appear to be seeking actual damages for the full amount of both contracts of $1,190.00 and $9,240.00 totaling $10,430.00. This amount could be potentially be trebled plus punitive damages and attorneys' fees recoverable under the Consumer Legal Remedies Act.

Just using the aggregate of the alleged actual damages of $10,430.00 times a putative class of 800 members would make the amount in controversy $8,344,000.00. Then if this Court were to treble that amount, not including punitive damages and attorney's fees, the amount in controversy will be $25,032,000.00. This more than establishes, by a preponderance of the evidence, the fact that the amount in controversy for diversity jurisdiction may be well in excess of $5,000,000 in this matter.

## C.    Subject Jurisdiction is Also Proper Due to the Presence of a Federal Question

Pursuant to 28 U.S.C. § 1331 (2007), a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." It is proper to remove a case to federal court pursuant to 28 U.S.C. § 1441, if there is a federal question that appears on the face of the complaint. King County v. Rasmussen, 299 F.3d 1077, 1082 (9th Cir. 2002). Specifically, it is proper to remove an action relating to questions of patent law to a federal court, which has exclusive jurisdiction[1] over these matters. See 28 U.S.C. § 1338 (2007).

The standard set forth by the Supreme Court, in extending 28 U.S.C. § 1338 federal jurisdiction, requires that "a well-pleaded complaint establishes either that

---

[1] Subject matter jurisdiction is never waived and may be raised at any time. See Miguel v. Country Funding Corp, 309 F.3d 1161, 1 163 (9th Cir. 2002); citing United States v. Hays, 515 U.S. 737, 742 (1995).

15

federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends *on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.*" Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1998) (emphasis added).

The Federal Circuit has held that although a patent legal malpractice claim is a state law based claim, it still requires the resolution of a substantial question of patent law in evaluating a necessary element of the claim. See Air Measurement Tech., Inc., 2007 U.S. App. LEXIS 24098; Immunocept, LLC, 2007 U.S. App. LEXIS 24095. In this case, as the Federal Circuit has held, regardless of whether a patent has issued, in order to evaluate a necessary element of Waters' claims, this Court will need to evaluate the potential errors that occurred in creating the Legal Protection Report thereby requiring the application of patent law. See id.

Although Plaintiff's claims are state based, they will still require the resolution of a substantial question of patent law. This is because it is alleged that Advent purposely failed to disclose various prior art references that "were so closely related to Plaintiff's idea that patent protection could not have been obtained ...." (Compl ¶ 27). Accordingly, to evaluate Plaintiff's claims, a court will need to review the Plaintiff's invention and the alleged invalidating prior art to determine if the invention is novel and not barred by 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103.

Patent law lies at the heart of Plaintiff's claims and its evaluation is absolutely necessary for determining whether the Legal Protection Report actually failed to disclose relevant information which was thereafter relied upon by Plaintiff. Since the entire inquiry will be an evaluation of Legal Protection Report and prior art references

16

through the lens of the relevant patent law, this Court has federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1338.

## II.   ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS THEREFORE PROPER.

Plaintiff contends that Defendants did not file all of the required documentation in this action, which is a completely false accusation as they were advised of by letter. (Miceli Decl., Ex. 1). Had Plaintiff looked through all of the papers that it was served with or that were posted on the Electronic Docket, it would have discovered the Summons, Civil Cover Sheet, Notice of Case Assignment, Notice of Litigants/ADR Information Package, and Stipulation to Alternative Dispute Resolution Process which were filed in this matter. (Not. Removal, Ex. A, Ex. 1). Therefore, the only document that Plaintiff lists that is allegedly missing from the Notice of Removal is the Proof of Service.

When filing a Notice of Removal it requires that Advent file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. 1446(a). Not only was Advent served on October 3rd, not October 9th as Plaintiff contends, but the Proof of Service makes clear that Advent was only served with the above listed documents that it filed with this Court which did not include a Proof of Service. (Miceli Decl. at 4 and Ex. 4, Proof of Service).

The Plaintiff's Proof of Service appears to have been created on October 9, 2007, and seems to have been faxed at 10:34 a.m. to Plaintiff's counsel. See id. Advent was never served with a copy of this document, and Plaintiff never alleged that it later served

17

this document on Advent. (Thurlow Decl. ¶ 6). Therefore, Advent has complied with all of the requirements of 28 U.S.C. § 1446.

Furthermore, the Proof of Service is not the type of document that makes a Notice of Removal fatal such that remand is required. Plaintiff asks that this Court take the position of the minority view by remanding this matter. Young v. Cmty. Assessment & Treatment Servs., 2007 WL 3340033, at *3 (N.D. Ohio Nov. 6, 2007); citing Kisor v. Collins, Jr. 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004); Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am., 2005 WL 1653629, * 4 (D. Or. July 6, 2005); Curry v. Royal Palm Sav. Ass'n, 713 F.Supp. 388, 389 (S.D. Fla. 1989). However, the minority view is improper because, as analyzed by the Sixth Circuit, the language of 28 U.S.C. § 1447, only requires a remand when the Court lacks subject jurisdiction. Young, 2007 WL 3340033, at *4-5. The first sentence of 28 U.S.C. § 1447 does not have such mandatory remand language with regard to non-jurisdictional defects such as are alleged here. See id. at *3 ("[p]rocedural defects such as failure to attach a summons ... are not central to the district court's authority").

In rejecting the minority's interpretation of the removal statute, the Sixth Circuit based its decision on a reading of the statutory language and the legislative history which favor giving a court discretion with regarding to how to handle procedural defects. See id. at 3-5; citing Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp. 2d 1213, 1218 (D.Kan. 2005). Similarly, this Court should apply the majority view to find that any failure to attach a document of this type is not fatal to a Notice of Removal. However, since Advent has attached all of the applicable documents, this analysis is simply not necessary.

#1252268 v2
107136-60623

### III. REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO DECLINE JURISDICTION OVER THIS MATTER.

Plaintiff attempts to argue that merely because all of the claims involve matters which are questions of state law, remand is proper, which simply has no foundation in law for support. Rather, the whole point of diversity jurisdiction is to allow parties to enter into a federal court even when the action involves issues which are solely based on questions of state law involving citizens of different states with an amount in controversy over the amount set forth in 28 U.S.C. § 1332.

A court may only decline jurisdiction, which has been created under the CAFA, when the party seeking remand shows that one of the exceptions set forth in 28 U.S.C. § 1332(d) are met. See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007) (party seeking remand bears the burden of proving the jurisdictional exceptions are met). The exceptions were created so that "truly local " controversies remained in state courts. See Kearns v. Ford Motor Co., 2005 U.S. Dist. LEXIS 41614, at *3-4 (C.D. Cal. Nov. 21, 2005). However, not only is this controversy not a local issue, but Plaintiff has failed to meet its' burden of proof by showing that either 28 U.S.C. § 1332(d)(3) or 28 U.S.C. § 1332(d)(4) are applicable here.

### A. Discretionary Remand is Not Required because 28 U.S.C. § 1332(d)(3) Does Not Apply in this Action.

It is on information and belief, that all of the potential class members are citizens of the State of California whereas the primary defendants are not citizens of this state, thereby failing to satisfy the requirements for this Court to exercise its' discretionary right not to maintain jurisdiction. Pursuant to 28 U.S.C. § 1332(d)(3), a court may decline to exercise jurisdiction over a matter "in which greater than one-third but less

19

than two-thirds of the members of all proposed plaintiff classes in the aggregate <u>and</u> the primary defendants are citizens of the State in which the action was originally filed ...." <u>See</u> 28 U.S.C. § 1332(d)(3) (emphasis added). From a review of the Complaint and as admitted in Plaintiff's memorandum in support of this motion, Plaintiff and the potential class members are citizens of the State of California. (Compl.; Pl.'s Br. Remand 19). Therefore, without providing more evidence to the contrary, this Court cannot assume that one-third of the potential class members might not be citizens of State of California. <u>See</u> <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at *22.

However, the Court need not make this determination since the primary defendants in this action are not citizens of the State of California as is required under 28 U.S.C. § 1332(d)(3). "[A] 'primary defendant' is any with direct liability to the plaintiffs." <u>See</u> <u>id.</u> at 26 (citations omitted). This would be the party who would expect "to incur most of the loss if liability is found ... [which includes] any person who has substantial exposure to significant portions of the proposed class in the action ...." <u>Hangarter v. Paul Revere Life Insurance Co.</u>, 2006 U.S. Dist. LEXIS 5295, at *8 (N.D. Cal. Jan. 26, 2006) (defining primary defendant for use in reviewing 28 U.S.C. § 1332(d)(5)).

The Complaint as drafted only seeks recovery against Advent and not the individual defendants. Furthermore, Advent was the company whom the potential class members paid for services to be performed under both the Phase One and Phase Two contractual agreements. (Thurlow Decl. ¶ 4). Therefore, this Court cannot conclude that all of the primary defendants are citizens of this state since Advent, the only primary defendant, is a citizen of the State of South Carolina. Since the initial requirements of 28 U.S.C. § 1332(d)(3) are not met, this Court need not look at the

20

totality of circumstances.  Even though Plaintiff jumped right to the analysis of looking at the totality of the circumstances, it failed to satisfy the initial requirement of showing that greater than one-third and less than two-thirds of the class members and the primary defendants were citizens of the State of California.  See 28 U.S.C. § 1332(d)(3). Therefore, this Court, in its' discretion, cannot refuse to maintain jurisdiction over this action since 28 U.S.C. § 1332(d)(3) does not apply.

**B.    Mandatory Remand is not Required Under Either The Local Controversy or Home-State Controversy Exceptions Since Neither are Applicable in this Action.**

A court must decline jurisdiction over a matter pursuant to 28 U.S.C. §1332(d)(4) when either the local controversy or home-controversy exceptions are met.  However, neither exist in this case, for the reasons explained below, and therefore, remand is not required.

1.    The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California.

Remand is not necessary under the local controversy exception because Advent, a citizen of the State of South Carolina, is the only party whom Plaintiff seeks to recover significant relief from and whose conduct forms a significant basis for the claims. Pursuant to 28 U.S.C. § 1332(d)(4)(A), a court shall decline jurisdiction over a matter when "at least 1 defendant is a defendant … from whom significant relief is sought by members of the plaintiff class; … whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and … who is a citizen of the State in which the action was originally filed …."  In order to fall under this category, all three of the requirements must be met.  Kearns, 2005 U.S. Dist. LEXIS 41614, at * 30.  However,

21

Eiland is the only defendant who is a citizen of the State of California and the class as a whole is not seeking significant relief from him, but is only seeking this relief from Advent.

This case is similar to the one that was analyzed in <u>Kearns</u>. <u>See id.</u> at 34. There the court turned to the Committee Report which explained that a local agent of an insurance company, who were both named as defendants in a consumer fraud case, was not the party whom significant relief was sought. <u>See id.</u> Rather, when reviewing the relief sought by the class as a whole, it was true that the local agent may have had contact with some of the purported class members, but this would not make them a defendant whom significant relief was sought. <u>See id.</u> at 35. Similarly, Eiland is not the only representative who works out of Advent's California offices and therefore may have only dealt with a fraction of the potential class members. <u>See id.</u>; (Thurlow Decl. ¶ 3). Therefore, he is not the party whom significant relief is sought.

Eiland is also not the person whose conduct has formed a "significant basis" for the claims in this action. Rather a significant basis, as set forth in the very same Committee Report's review of the same consumer fraud case, found that the agent of the insurance company "would not be a person whose alleged conduct forms a significant basis for the claims asserted. At most, that agent would have been an isolated role player in the alleged scheme implemented ...." <u>Id.</u> at 36-37. Eiland's role was that of a representative of Advent who met with Waters. However, the Complaint claims that Advent's contracts did not contain the proper disclosures and that the Legal Protection Report was deficient. (Compl. ¶ 24-26). None of these documents were created by Eiland. (Thurlow Decl. ¶ 3). Rather, it is Advent and not Eiland's, allegedly wrongful conduct that forms a significant basis for the claims in this action.

#1252268 v2
107136-60623

The local controversy exception does not apply here. Advent, a citizen of South Carolina, and not California. Advent is the primary defendant from whom significant relief is sought and whose conduct forms the significant basis for the claims. Therefore, 28 U.S.C. § 1332(d)(4)(A) does not apply and remand is not appropriate.

    2.    <u>The Home-State Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought is Not a Citizen of the State of California.</u>

Remand is not appropriate under the home-state controversy exception because Advent is the only primary defendant and as discussed above, it is a citizen of the State of South Carolina. Pursuant to 28 U.S.C. § 1332(d)(4)(B), a district court shall not exercise jurisdiction over a matter when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, <u>and</u> the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). As discussed above, a primary defendant is one who is either directly liable or has played a main role in the dispute. See <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at *26. Since Advent, the primary defendant, is not a citizen of the State of California, the home state controversy exception will not apply. See <u>id.</u> at 28. Therefore, remand in this matter is not appropriate since Plaintiffs cannot meet their burden of showing that this exception applies here.

#1252268 v2
107136-60623

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand and deny Plaintiff's request for attorneys' fees.

Respectfully submitted,

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
Attorneys for Defendants
Advent Product Development, Inc., Denice
Thurlow, and Alphonso Eiland

DATED: December 14, 2007          By: ___s/ A. Kipp Williams___
                                       A. Kipp Williams

Of Counsel:

David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

#1252268 v2
107136-60623

# EXHIBIT D

Mark A. Krasner, Esq.
A. Kipp Williams, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive, <br><br> Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP) <br><br> **[PROPOSED] AMENDED NOTICE OF REMOVAL** <br><br> (Removal from the Superior Court of the State of California, County of San Diego, Case No. 37-2007-00075223-CU-FR-CTL) |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

   **PLEASE TAKE NOTICE** that Defendants Advent Product Development, Inc. (hereinafter "Advent"), Denice Thurlow (hereinafter "Thurlow"), and Alphonso Eiland (hereinafter "Eiland") hereby file this Notice of Removal of the above-captioned action from the Superior Court of the State of California, County of San Diego, Docket No. 37-

#1252841 v1
107136-60623

2007-00075223-CU-FR-CTL, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of the facts set forth below:

## BACKGROUND:

1.      On or about September 18, 2007, Plaintiff Matthew Waters, individually and on behalf of other members of the general public similarly situated, filed a class action complaint pursuant to the Code of Civil Procedure Sections 382 and 1781(a) in the Superior Court of the State of California, County of San Diego against the defendants.  The matter was assigned case number 37-2007-00075223-CU-FR-CTL. A true and complete of all pleadings are attached hereto as Exhibit A.

2.      Service of the Summons and Complaint was effectuated on Advent on or about October 3, 2007 at Advent's office in San Diego, California.

3.      To date, neither Thurlow or Eiland have been served with a copy of the Summons and Complaint in accordance with the Federal Rules of Civil Procedure.

4.      As set forth in the Complaint, this action was brought pursuant to the California Code of Civil Procedure, Section 382 seeking relief under the California Consumers Legal Remedies Act, the California Business and Professions Code and for fraud.  This class action has been brought by Plaintiff "on behalf of approximately 800 current and/or former claimants ...."

5.      The Complaint alleges that Plaintiff entered into a Phase I agreement with Advent whereby paying $1,190.00 in order to receive a "Legal Protection Report." It is alleged that based upon this Legal Protection Report, Plaintiff proceeded to enter into a "Phase II" contract with Advent for $9,240.00.  Per the Complaint, Plaintiff

#1252841 v1
107136-90623

contends that the Legal Protection Report was deficient and erroneous which induced Plaintiff into entering into a "Phase II" contract with Advent.

6.     The Complaint alleges that Plaintiff's claims are typical of the claims of all other class members in that the contracts and supporting documents received, signed and executed by Plaintiff are "identical to those received by the remaining Class members." (Exhibit A, Compl. ¶ 17).

## JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

7.     Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (CAFA) since the Complaint purports to be a class action, there is diversity of citizenship under CAFA, and the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

8.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which allows the defendant or defendants to remove any civil action brought in a state court over which the District Courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where such action is pending.

## DIVERSITY OF THE PARTIES

9.     Upon information and belief, and based upon the allegations set forth in its Complaint, Plaintiff Mathew Waters is a citizen of State of California, and an individual, residing at 4777 Orten Street, San Diego, California 92110. See Exhibit A.

3

10.    Defendant Advent is a domestic corporation organized and existing under the laws of the State of South Carolina having its principal place of business at 313 Commerce Drive, Pawleys Island, South Carolina, 29585. For the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Advent is a citizen of the State of South Carolina.

11.    Defendant Denice Thurlow is a citizen of State of South Carolina, and an individual, residing at 541 Drake Lane, Surfside Beach, South Carolina 29575.

12.    Defendant Alphonso Eiland is a citizen of State of California, and an individual, residing in 3741 52nd Street #A, San Diego, California 92105.

## AMOUNT IN CONTROVERSY

13.    Plaintiff's Complaint alleges that Plaintiff entered into a "Phase I" contract with Defendant Advent for the sum of $1,190, was then fraudulently induced to enter into a "Phase II" contract with Defendant Advent for the total sum of $9,240, that Defendant failed to perform, and Plaintiff has been damaged thereby. (Exhibit A, Compl. ¶ 24-26). As noted, Plaintiff alleges that all 800 class members entered identical contracts and were similarly damaged. (Exhibit A, Compl. ¶ 17, 26). Based on the alleged contract damages alone to each class member as noted above, the claimed amount in controversy would be well over the statutory minimum of $5,000,000 exclusive of interest and costs.

14.    In addition to the foregoing contract damages claimed, Plaintiff's Complaint seeks substantial additional damages under the California Consumers Legal Remedies Act (CLRA), California Civil Code § 1770, specifically seeking an award

4

of actual damages for all class members, that all senior citizens and disabled persons of the class receive an additional $5000 pursuant to the California Civil Code § 1780(b), and for an award of attorneys' fees and costs pursuant to the California Civil Code § 1780(d).

15.    In addition, the second count of Plaintiff's Complaint seeks relief for a violation of the California Business and Professions Code, Chapter 17, Invention Development Services Contracts, specifically seeking an award of $3000 or treble the actual damages per class member pursuant to Cal Bus & Prof Code § 22386.

16.    Should this Court chose to award treble the alleged actual damages stated by Plaintiff to be, at a minimum, Plaintiff's contract damages of $9,240, and the same amount for all of the 800 class members, again the amount in controversy will be well over $5,000,000 exclusive of interest and costs.

17.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) for the reasons set forth above in Paragraphs 8-17 because this matter is a class action, the matter in controversy exceeds $5,000,000, and plaintiff is a citizen of a different state from at least one of the defendants.

18.    Upon information and belief, the Court would not be required to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4) because that section would not be applicable given the facts pled in the Complaint.  Specifically, Advent is the only primary Defendant from whom significant relief is sought, whose alleged conduct

#1252841 v1
107136-60623

forms a significant basis for the claims asserted by the proposed plaintiff class, and Defendant Advent is not a citizen of the State of California. See 28 U.S.C. § 1332(d)(4).

19.    This court has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

### REMOVAL REQUIREMENTS SATISFIED

20.    This Notice of Removal is being filed within thirty days after Defendants first received a copy of the Complaint, through service or otherwise pursuant to 28 U.S.C. § 1446.

21.    As of this date, no Defendants have filed a responsive pleading in the action commenced in the Superior Court of the State of California, County of San Diego, and no other proceedings have transpired in the state court action.

22.    This Notice of Removal is being filed in the United States District Court for the Southern District of California, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

23.    Based upon Plaintiff having filed its Complaint in the Superior Court of California, County of San Diego, the United States District Court for the Southern District of California in San Diego is the appropriate forum for this case.

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California, County of San Diego, in the form attached hereto as Exhibit B.

#1252841 v1
107136-60623

25.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants respectfully requests that this action be duly removed to this Court and that it proceed herein.

By: _____

Dated:_____, 2007
          La Jolla, California

A. Kipp Williams
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland*

#1252841 v1
1G7136-60623

1  William B. Sullivan  [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated.

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 MATTHEW WATERS, individually and   )   Civil Action No.: 07CV2089 (BTM) (LSP)
   on behalf of other members of the general )
12 public similarly situated,             )   **CLASS ACTION**
                                          )
13              Plaintiff,                )   **CERTIFICATION OF SERVICE**
                                          )
14 v.                                     )   *Oral Argument Requested*
                                          )
15 ADVENT PRODUCT DEVELOPMENT,           )   *Document Electronically Filed*
   INC., a South Carolina Corporation,    )
16 DENICE  THURLOW,  ALPHONSO             )
   EILAND,  and  Does  1  through  50,     )   Date:   December 28, 2007
17 inclusive,                             )   Time:   11:00 a.m.
                                          )   Dept:   15
18              Defendants.               )   Judge:  Hon. Barry Ted Moskowitz

19

20         I, Alison M. Miceli, hereby certify that on December 19, 2007, the following documents were

21 electronically filed with the Clerk of the Court on behalf of, Plaintiff MATTHEW WATERS:

22         1.    Plaintiff's Reply Brief in Opposition to the Motion to Remand;

23         2.    Plaintiff's Objection to the Declaration of Denice Thurlow;

24         3.    Plaintiff's Objection to Exhibit B attached to the Declaration of Denice Thurlow;

25         4.    Plaintiff's Objection to Exhibit B attached to the Declaration of Carrie Longstaff;

26         5.    Declaration of Alison M. Miceli, Esq. in Reply to Defendants' Opposition to the

27               Motion to Remand;

28         6.    Notice of Lodgement; and                         **ORIGINAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    7.      Certificate of Service.

    I further certify that true and correct copies of the foregoing documents along with accompanying exhibits were served via US mail upon:

A. Kipp Williams, Esq.<br>
Blanchard, Krasner & French<br>
800 Silverado St. 2nd Floor<br>
La Jolla, CA 92037

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 19, 2007               **SULLIVAN & CHRISTIANI, LLP**

*Alison M. Miceli*

William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
MATTHEW WATERS