UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>**Document electronically filed.**<br><br>*Oral Argument Requested*<br><br>Motion Date: December 28, 2007 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS ADVENT PRODUCT DEVELOPMENT, INC., DENICE THURLOW, AND ALPHONSO EILAND'S MOTION TO DISMISS THIS ACTION PURSUANT TO THE PARTIES' FORUM SELECTION CLAUSE AND DUE TO AN ALREADY PENDING ACTION**

**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440

Of Counsel:
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

*Attorneys for Defendants*
*Advent Product Development, Inc., Denice Thrulow and Alfonso Eiland*

**PRELIMINARY STATEMENT**

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in further support of their motion to dismiss this action.

Plaintiff is going through Herculean efforts to avoid the reasonable forum selection clause that was part of the agreement that he signed with Advent requiring him to litigate this action in South Carolina. None of the arguments raised in the Plaintiff's opposition should prevent this action from being litigated in South Carolina. First, the law in the Ninth Circuit regarding forum selection clauses and notices of removal is clear. Filing of a notice of removal is not a waiver of the right to enforce a valid forum selection clause. Second, South Carolina case law shows that class actions have been brought under the South Carolina Unfair Trade Practices Act and the theoretical loss of the right to file a class action should not vitiate the forum selection clause. In any event, Plaintiff has yet to show whether there are, in fact, any others, much less an entire class of people that have been harmed in the same way Plaintiff has alleged. To date, Plaintiff's "class action" allegations are theoretical only, and designed only in a further attempt to avoid enforcement of the forum selection clause.

Furthermore, Plaintiff has not shown that Advent's motion to dismiss was not filed timely, that not filing a related action statement waived a right to dismiss, nor that this matter should not be abstained under the *Colorado River Doctrine*. This is not the first filed action, South Carolina is a more convenient forum, and the two actions are related such that the *Colorado River Doctrine* is directly applicable to this action.

Acknowledging these and other weaknesses in his legal arguments, Plaintiff instead turns *to ad hominim* attacks on Advent's counsel. None of those attacks are meritorious. And, none of them relate to Plaintiff's attempt to avoid the contract he signed.

## I.    FILING A NOTICE OF REMOVAL DOES NOT WAIVE THE RIGHT TO OBJECT TO VENUE WHEN THERE IS A FORUM SELECTION CLAUSE

Advent has not waived its right to object to venue by merely filing a notice of removal due to the presence of a forum selection clause. The Ninth Circuit has already determined that the holdings in Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953) and Seaboard Rice Milling Co. v. Chicago R.I. & P. Ry. Co., 270 U.S. 363, 367 (1926) are inapplicable to this case because those cases do not deal with a situation when there is a forum selection clause. See Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A., Inc., 118 F. Supp. 2d 997, 999-1000 (C.D. Cal. 2000) ("substantial authority exists demonstrating that forum selection clauses are often enforced, and actions transferred or dismissed, after removal. *See generally* Spradlin v. Lear Siegler Management. Servs. Co., Inc., 926 F.2d 865, 868-69 (9th Cir. 1990) (granting motion to dismiss after removal for improper venue based on forum selection clause.)"; Soil Shield Int'l, Inc. v. Lilly Indus., Inc., 1998 U.S. Dist. LEXIS 8002, at *5-6 (N.D. Cal. 1998) (finding that "[t]he law is clear … [a party] has not waived any objection to venue by removing [an] action to federal court" when there is a forum selection clause).

"Despite removal, [a] defendant may seek dismissal where a forum selection clause renders venue improper in the forum state." Soil Shield Int'l, Inc., 1998 U.S. Dist. LEXIS 8002, at *5 (citing Schwarzer, Tashima & Wagstaffe, CALIFORNIA PRACTICE GUIDE FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:1049.2, p. 2d-171). This is because

> [w]hen a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has not choice, without which there can be no 'waiver.'

Tokio Marine & Fire Ins. Co., 118 F. Supp. 2d at 999 (citing Greenberg v. Giannini, 140 F.2d 550, 553 (2d Cir. 1994)). "[T]he filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue." Soil Shield Int'l, Inc., 1998 U.S. Dist. LEXIS 8002, at *5 (citations omitted).

By exercising its right to have this case heard by a federal court, Advent did not forfeit its right to enforce the forum selection clause of its agreements. The above law makes that clear.

## II.   THE PARTIES' FORUM SELECTION CLAUSE IS A MANDATORY REASONABLE CLAUSE WARRANTING ENFORCEMENT

Plaintiff claims that the forum selection clause is invalid due to a waiver of Plaintiff's rights under Cal. Civil Code § 1751, thereby violating public policy. See Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9 (1972). While Plaintiff has argued that a class action is not permitted under the South Carolina Unfair Trade Practices Act ("SCUTPA"), the following cases demonstrate that such class actions may be permitted. See S.C. Code Ann. § 39-5-140(a); see also Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458 (D.S.C. 2005) (determining the amount in controversy of a class action brought under the SCUTPA); Unifund CCR Ptnrs v. Wallis, 2006 U.S. Dist. LEXIS 17989 (D.S.C. Apr. 7, 2006) (finding removal improper after Defendant filed a class action counterclaim under the SCUTPA since the amount in controversy did not exceed $5,000,000); Faircloth v. Jackie Fine Arts, Inc., 682 F. Supp. 837, 845 (D.S.C. 1988) (finding that the language of the statute is not consistent with plaintiff's interpretation that it "was intended to preclude class actions").

Currently, Plaintiff has available to him substantially similar rights in South Carolina as are available in California. There is no showing that Plaintiff's right to recover damages in South Carolina will be substantially diminished such that this Court should void the forum

selection clause as against public policy. See America Online, Inc. v. Super. Ct., 90 Cal. App. 4th 1, 5 (2001). Rather, this Court should dismiss this matter and require Plaintiff to litigate in South Carolina as he contractually agreed. Plaintiff has also yet to show any evidence that he will be able to certify a class, and there is serious doubt as to whether the facts of this case could support class certification in either California or South Carolina. Thus, Plaintiff should be required to bring this action in South Carolina so that a South Carolina court can interpret its statutes and determine if this case meets the requirements for a class action.

### III. ADVENT TIMELY FILED ITS MOTION TO DISMISS AND HAS NOT WAIVED ITS RIGHT TO OBJECT TO VENUE

Pursuant to Fed. R. Civ. P. 81(c), Advent filed a motion to dismiss "within … 5 days after the notice of removal [was] filed." Fed. R. Civ. P. 81(c) (2007). When computing time, "Saturdays, Sundays, and legal holidays [are excluded] when the period is less than 11 days." Fed. R. Civ. P. 6(a)(2) (2007); see also 1-6 Moore's Federal Practice - Civil § 6.21, FN 4 (2007). The motion to dismiss was filed on November 7, 2007, i.e., within five weekdays after the notice of removal was filed on October 31, 2007 not on October 30, 2007. (Not. Removal; Mot. Dismiss, Docket Entry 4, S.D. Cal. Civil Action No. 3:07-cv-2089 (Nov. 7, 2007) (hereinafter "Mot. Dismiss")). Because the motion to dismiss was filed timely, Advent did not waive any defense regarding improper venue.

### IV. FAILING TO FILE A NOTICE OF RELATED ACTION DOES NOT BAR ADVENT FROM SEEKING A DISMISSAL

Both Plaintiff and this Court are keenly aware of the related, first-filed action pending in South Carolina. Thus, any failure by Advent not to have filed a notice of related case pursuant to Local Rule 40.1 or address the related case in its Civil Cover Sheet should not waive the right to have this action dismissed. Five days after filing of its notice of removal, Advent raised the issue

of a related pending action with the Court in this motion to dismiss and included all pleadings for the Court's review. (Mot. Dismiss, Williams Decl., Ex. 1-2). This Court still has the authority to dismiss this action in the interest of justice to conserve judicial resources, avoid conflicting rulings, and to prevent Plaintiff's attempt to forum shop. See Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., 2003 U.S. Dist. LEXIS 26802, at *16 (N.D. Cal. Oct. 14, 2003) (transferring the case, even though a notice of related case was not filed with the court). Therefore, it is respectfully requested that the Court dismiss this action due to a pending, first-filed, related action.

## V.     THE SOUTH CAROLINA ACTION WAS FIRST FILED

Plaintiff attempts to argue that dismissal is improper under the first-to-file rule relying on the exceptions of bad faith, forum shopping, and convenience of the parties. See Alltrade Inc. v. Uniweld Prod., Inc., 946 F.2d 622 (9th Cir. 1991) (affirming the use of the first-to-file rule); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264 (C.D. Cal. 1998). However, Advent has not sought relief under the first-to-file rule, but rather under the *Colorado River Doctrine*. Therefore, all of Plaintiff's arguments under the first-to-file rule are irrelevant.

Despite Plaintiff's misunderstanding, Advent did file the South Carolina action before this action. While it is true that Plaintiff sent Advent correspondence on July 16, 2007, that was not a "filing". (Not. Removal, Ex. A). Advent, having a reasonable apprehension of suit and belief that Plaintiff was going to repudiate its contractual obligations and violate its forum selection clause, filed an action in South Carolina on August 14, 2007. (Mot. Dismiss, Williams Decl., Ex. 1). Acting in good faith, Advent did not race to the South Carolina courthouse upon receiving Plaintiff's correspondence, but rather waited approximately one month before filing the first action. Plaintiff, on the other hand, did not "file" this second action until September 18,

5

2007--two months after its initial correspondence. (Not. Removal, Ex. A, Compl. (hereinafter "Compl.")). Therefore, it is Advent who filed the first action in this matter. See Puck v. WP Pacific, Inc., 2007 WL 2315952, at *2 (C.D. Cal. Jan. 17, 2007); *citing* Colorado River, 424 U.S. at 818.

## VI. THE CONVENIENCE OF SOUTH CAROLINA WEIGHS IN FAVOR OF SOUTH CAROLINA

Although Plaintiff continues to argue case law under the first-to-file rule, the *Colorado River Doctrine* also looks at the convenience of the actions. See Pf.'s Br. at 13; Puck, 2007 WL 2315952, at *2 (*citing* Colorado River, 424 U.S. at 818 (factor 2)). However, as set forth in Advent's initial brief, Plaintiff ignores the fact that he filed an answer in the related South Carolina action without ever objecting to the venue as improper, and cannot now claim that the venue of South Carolina is inconvenient. See Waterbury v. Safeway, Inc., 2006 WL 3147687, at *2 (N.D. Cal. Oct. 31, 2006) (holding that convenience was not an issue when the defendant never raised the issue of an inconvenient forum in either of its motions that were previously filed with the court); (Mot. Dismiss, Williams Decl., Ex. 2). Furthermore, as admitted by Plaintiff, all of his theoretical potential class members have signed similar contractual agreements identical to Plaintiff's, thereby also agreeing to the exclusive forum of South Carolina. (Compl. ¶ 17; Pl.'s Br. Opp. Mot. Dismiss at 15).

In balancing the convenience of the forums, not only does the forum selection clause weigh in favor of South Carolina, but so does Plaintiff's failure to object to this venue as improper. Furthermore, South Carolina is the state that is going to be the most familiar with the application of its own law as required by the choice of law provision in the Representation

Agreement. Likewise, all of Advent's books, records, and various witness are located in South Carolina, thereby weighing further in favor of being the more convenient forum.

## VII. THE TWO ACTIONS ARE CLEARLY RELATED AND WARRANT ABSENTION UNDER THE COLORADO RIVER DOCTRINE TO AVOID PIECEMEAL LITIGATION

The South Carolina action and this action involve similar parties and similar facts. All that is required under Colorado River is "substantial similarity … 'exact parallelism … is not required.'" Abend v. City of Oakland, 2007 WL 627916, at *2 (N.D. Cal. Feb. 26, 2007) (*citing* Nakash v. Marciano, 882 F.2d at 1416).

Plaintiff tries to convince this Court that the actions are not related because the facts and legal issues are different, but ignores that both actions involve the same dealings with Advent which ultimately involve the Product Profile and Representation Agreements, as well as the forum selection clause. Even the definition to which Plaintiff cites from Local Civil Rule 40.1(f) makes clear that a related action is one which "[i]nvolve some of the same parties and are based on the same or similar claims, or … [i]nvolve the same property, transaction, or event, or … [i]nvolve substantially the same facts and the same questions of law." L. Civ. R. 40.1(f). Whether one plaintiff or a theoretical potential class of 800 plaintiffs, it is Plaintiff's contention that these contracts are the same, and that the monetary damages sought due to a failure to adequately perform under these contractual agreements are the same. Therefore, Plaintiff cannot claim that two actions are not substantial similar or related such that they should not be before one court.

## VIII. DEFENDANTS' COUNSEL IS NOT PRACTICING LAW WITHOUT A LICENSE BEFORE THIS COURT

Short of law and facts, Plaintiff resorts next to unprofessional attacks on Advent's counsel.

Gibbons P.C. has not practiced California law without a license. Since the outset of this action, Advent has been represented by California counsel involved in every step of the litigation. Gibbons P.C. is national counsel to Advent, a South Carolina Corporation. (Not. Removal, Docket Entry 1, S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007)). To date, Gibbons P.C. has not made any appearances before this Court. Moreover, the *pro hac vice* admission of Carrie Longstaff, Esq. was granted with no opposition by Plaintiff several weeks ago. (Pro Hac Vice, Docket Entry 6, S.D. Cal. Civil Action No. 3:07-cv-2089 (Dec. 5, 2007)).

Studiously absent from Plaintiff's papers is any specific case law showing what actually constitutes the practice of law without a license. As demonstrated by a review of the case law, a sanction for practicing law without a license requires much more than allowing the firm's name to appear on papers that were reviewed, signed and filed by California local counsel. In fact, a sanction for practicing law without a license requires egregious behavior such as physically appearing before the court or giving legal advice to a California client on California law, none of which is present here. See Birbrower v. Superior Court, 949 P.2d 1, 5-6 (Cal. 1998); Sandoval v. Rubin, 18 Fed. Appx. 464, 467 (9th Cir. 2000) (finding the unauthorized practice of law by participating at trial). "The primary inquiry is whether the unlicensed lawyer engaged in sufficient activities in the state, or created a continuing relationship with the California client that included legal duties and obligations". Birbrower, 949 P.2d at 5.

To the extent Plaintiff truly wants to seek sanctions, revocation of the unopposed *pro hac vice* admission of Ms. Longstaff, or any other relief, he should file a motion requesting such relief. At that time, Advent will prepare an appropriate response. At this time, because Ms. Longstaff's unopposed *pro hac vice* admission has already been granted, and because Plaintiff has not moved to have it revoked, and because the conduct Plaintiff complains about has nothing

to do with Plaintiff's attempt to improperly maintain this litigation in California, Advent will not address the allegations further unless the Court directs otherwise.

## CONCLUSION

For the foregoing additional reasons, the Court should grant Defendants' motion to dismiss.

Respectfully submitted,

**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
*Attorneys for Defendants*
*Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland*

By: ___s/ A. Kipp Williams___
     A. Kipp Williams

DATED: December 20, 2007