A. Kipp Williams, Esq. (SBN 165688)
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.:<br><br>**DECLARATION OF A. KIPP WILLIAMS, ESQ. IN SUPPORT OF DEFENDANTS ADVENT PRODUCT DEVELOPMENT, INC., DENICE THURLOW AND ALPHONSO EILAND'S REPLY BRIEF TO PLAINTIFF'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

I, **A. KIPP WILLIAMS**, declare as follows:

1. I am a partner of Blanchard, Krasner & French, counsel of record for Defendant Advent Product Development, Inc., *et al.* I have personal knowledge of each fact stated in this declaration and, if called as a witness, could and would testify competently thereto. I make this declaration to respond to certain allegation made in Defendants' Opposition made on page 23, lines 19 and 28.

2. On November 9, 2007, I spoke with Alison M. Miceli, Esq., for the purposes of meeting and conferring on issues raised by the Plaintiff. At no time did I tell her I was "unaware

of the specific facts of the case or the contents in the Notice of Removal." Quite to the contrary, as the attorney at Blanchard, Krasner & French responsible for this action, I am well aware of the facts of the case. I did tell Ms. Miceli that I did not personally draft the Notice of Removal; however, I fail to see the relevance of this argument as set forth in Plaintiff's opposition. Although I did not personally draft the Notice of Removal, I have read the Notice of Removal, I have read the cases and authorities cited therein, and I have approved the arguments advanced therein. I am unaware of any authority that requires the attorney who files the motion to have actually drafted that motion.

3. Plaintiff also asserts "Mr. Williams also requested that Sullivan & Christiani, LLP, hold a 'meet and confer' session with an out-of-state attorney...however, Mr. Williams did not provide the name of the attorney but stated that the attorney worked for a New Jersey-based law firm." (See, Opposition, page 23, lines 25-28.)

4. Again, the allegation as set forth by Plaintiff is not true. During my initial telephone conversation with Ms. Miceli, I indicated it might be beneficial to have Advent's national counsel also participate in any meet-and-confer conversation. In response to my comment, I received correspondence from Ms. Miceli indicating, "I am concerned that meeting and conferring with a non-California attorney may [sic] be appropriate."

5. I have no idea why Ms. Miceli would be under the impression that having a telephone conversation with Advent's national counsel would be at all inappropriate. Because Ms. Miceli seemed to have no interest in working with Advent's national counsel on this case I went ahead and participated alone in the meet-and-confer conference on Friday, November 9, 2007. A copy of my correspondence confirming our telephone conversation is attached hereto as Exhibit A. Indeed, if I knew nothing about the case, how could I have participated alone in the

meet-and-confer conference and addressed the issues that are confirmed in my November 13, 2007 correspondence?

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   December 20, 2007  
        La Jolla, California

**BLANCHARD, KRASNER & FRENCH**

_/s/ A. Kipp Williams_  
A. Kipp Williams, Esq.

# BLANCHARD, KRASNER & FRENCH

TELEPHONE: (858) 551-2440
FACSIMILE: (858) 551-2434
E-MAIL: bkf@bkflaw.com
WEB: http://www.bkflaw.com

A PROFESSIONAL CORPORATION

800 SILVERADO STREET, SECOND FLOOR
LA JOLLA, CALIFORNIA 92037

ALAN W. FRENCH
(Deceased)

November 13, 2007

*VIA U.S. MAIL*

Ms. Alison M. Miceli, Esq.
Sullivan & Christiani LLP
2330 Third Avenue
San Diego, CA 92101

Re:   *Waters v. Advent, et al.*
      Case No.: 37-2007-00075223-CU-FR-CTL
      Our File No.: 1984-010

Dear Ms. Miceli:

This letter is in response to your correspondence of November 8, 2007 and November 9, 2007 as well as our meet and confer conference of Friday, November 9, 2007. We disagree that there is any basis to remand this case. There was no procedural deficiency with our pleadings. Your allegation that a copy of the Summons was not attached to our filing is unfounded. The Summons was filed with the court, as is evident from the Court's electronic filing system, and was contained within the papers that were served upon your office.

Regarding Plaintiff's other two arguments that removal was improper because Advent Product Development, Inc. (hereinafter "Advent") has already submitted to the jurisdiction under California law and because the amount in controversy does not exceed $5,000,000 under 28 U.S.C. § 1332, these arguments are unfounded. First, Advent is a citizen of the State of South Carolina pursuant to 28 U.S.C. § 1332(c), and the parties are therefore diverse for purposes of 28 U.S.C. § 1332(d). Second, as detailed in our Notice of Removal, the Complaint seeks damages sufficient to satisfy the requirements of 28 U.S.C. § 1332(d).

If you still believe that your arguments form a basis for remand of this matter, then you should proceed with the filing of a motion because we will not withdraw our Notice of Removal for the above stated reasons.

If you have any questions, please do not hesitate to contact me.

Sincerely,

A. Kipp Williams, Esq.
for Blanchard, Krasner & French

AKW/mw