1   William B. Sullivan [CSB No. 171637]
    Alison M. Miceli [CSB No. 243131]
2   **SULLIVAN & CHRISTIANI, LLP**
    2330 Third Avenue
3   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
4

5   Attorneys for Plaintiff MATTHEW WATERS,
    individually and on behalf of other members
6   of the general public similarly situated.

7

8                 **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10  MATTHEW WATERS, individually and on      )   Civil Action No.: 07CV2089 (BTM) (LSP)
    behalf of other members of the general public  )
11  similarly situated,                      )   **CLASS ACTION**
                                             )
12              Plaintiff,                   )   **PLAINTIFF'S POINTS AND**
                                             )   **AUTHORITIES IN OPPOSITION TO**
13  v.                                       )   **DEFENDANTS' MOTION FOR LEAVE**
                                             )   **TO FILE AN AMENDED NOTICE OF**
14  ADVENT PRODUCT DEVELOPMENT,              )   **REMOVAL**
    INC., a South Carolina Corporation, DENICE  )
15  THURLOW, ALPHONSO EILAND, and Does       )   *Oral Argument Requested*
    1 through 50, inclusive,                 )
16                                           )   *Document Electronically Filed*
17              Defendants.                  )
                                             )   Date:  January 18, 2008
18                                           )   Time:  11:00 a.m.
                                             )   Dept:  15
19  ─────────────────────────────────────   )   Judge: Hon. Barry Ted Moskowitz

20

21

22

23

24

25

26

27                                                        *ORIGINAL*

28

                                        1
─────────────────────────────────────────────────────────────────────

# I.  SUMMARY OF ARGUMENT

The (Proposed) Amendment should be denied because Defendants Advent Product Development, Inc.. Denice Thurlow, and Alphonso Eiland (collectively "Defendants") seek leave to amend the Notice of Removal to specify an additional ground for removal: Federal Question Jurisdiction.  However, this additional ground was <u>not</u> referenced in Defendants original Notice of Removal.  Because the thirty day period has run for substantial amendments to their petition, Defendants are barred from adding allegations of substance as a new basis for federal jurisdiction.

Alternatively, if the Court were to consider federal question jurisdiction in deciding whether the case should be removed, the claims asserted in the Complaint are not federal questions but state law claims; none of which arise under patent law for jurisdiction purposes.

Finally, even assuming the Defendants' (Proposed) Amendment was otherwise permissible, Defendants have not demonstrated that this case is even removable under diversity jurisdiction.

# II.  ARGUMENT

## A.    THE COURT HAS DISCRETION TO, AND SHOULD DENY, THE (PROPOSED) AMENDED NOTICE OF REMOVAL

The Court should deny the Motion because of undue (and improper) delay and the futility of the (Proposed) Amendment.

Federal Rules of Civil Procedure, Rule 15(a), addresses amendments to pleadings.  Once a responsive pleadings has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Leave to amend is left within the sound discretion of the trial court. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15- to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.*  "Four factors are commonly used to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.    AS THE (PROPOSED) AMENDED NOTICE OF REMOVAL IS FATALLY DEFECTIVE ON ITS FACE, AMENDMENT WOULD BE FUTILE**

Based upon controlling precedent, within *DCD Programs* and *Foman*, the Court should deny the (Proposed) Amendment for a variety of reasons, including undue delay and futility of amendment.

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The court is not required to engage in futile gestures by allowing amendments which are without legal basis or which would assert claims over which the Court does not have jurisdiction. *Foman, supra*, 371 U.S. at 178; *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

In the present case, the amendment would be futile because it raises a new substantive issue of law- namely, federal question jurisdiction. An amendment may be denied on the ground of futility if it is clear that the court would not have jurisdiction over the matters asserted in the amendment. *United States v. Articles of Food ... Clover Club Potato Chips*, 67 F.R.D. 419 (9th Cir. 1989). Because courts cannot consider new allegations of substance in an amended notice of removal after the thirty day time period has elapsed, this Court does not have jurisdiction based on futility and the amendment should be denied.

**1.    The (Proposed) Amended Notice Of Removal Is Defective As Untimely**

Defendants' original Notice of Removal failed to allege the existence of a federal question pursuant to 28 U.S.C. § 1331. In an attempt to correct this perceived error, Defendants now seek to allege a new ground for removal under federal question jurisdiction.

It is well-settled that a defendant must state the basis for removal jurisdiction in the notice of removal, which must be filed within 30 days after service of the complaint. 28 U.S.C. § 1446(b); 28 U.S.C. § 1447. After the statutorily prescribed 30 day period has elapsed, the court *may* grant leave to amend a notice of removal. *Emeryville Redevelopment Agency v. Clear Channel Outdoor*, 2006 WL 1390561 (N.D. Cal. 2006).

Because the 30 day period for removal had expired under 28 U.S.C. § 1446, and the original notice did not mention federal question jurisdiction as a basis for removal, the Court should deny said Amendment as untimely.

**2.     The (Proposed) Amended Notice Of Removal Is Defective As It Raises New Grounds For Removal**

Generally, courts will allow removing parties to clarify defective allegations after the thirty day period has expired. **Courts however, should not permit the removing party to amend the removal petition after the thirty day period has elapsed if the proposed amendment would add allegations of substance or state alternative bases for removal jurisdiction.** (Emphasis added). 28 U.S.C. § 1446; *Hemphill v. Transfresh Corp.*, 1998 WL 320840 (N.D. Cal. June 11, 1998); *ARCO Environmental Remediation, LLC v. Dep't Health & Environmental Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) [completely new grounds for removal may not be added]; see also *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (C.A. Alaska 1969) [removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made].

On September 18, 2007, Plaintiff filed his Complaint. (Please see Exhibit "A"). On October 31, 2007, Defendants removed this action alleging only diversity jurisdiction under 28 U.S.C. § 1332. (Please see Exhibit "B"). The original petition for removal did not allege federal question jurisdiction. (Please see Exhibit "B").

On November 28, 2007, Plaintiff filed a Motion to Remand to State Court claiming that the original Notice of Removal was defective. (Please see Exhibit "C").

On December 14, 2007, Defendants attempted to correct their defective Notice of Removal and filed their Opposition to the Motion to Remand and (Proposed) Amended Notice of Removal, asserting *for the first time* federal question jurisdiction under 28 U.S.C. § 1331. (Please see Exhibits "D " and "E").

Because completely new and separate grounds for removal may not be belatedly added, this Court should not consider whether federal question jurisdiction might have provided a valid basis for removal in this case.

## C. EVEN PRESUMING, *ARGUENDO*, THE PROPRIETY OF THE AMENDMENT, IT STILL FAILS AS THE CLAIM DOES NOT "ARISE UNDER" FEDERAL LAW

Defendants argument that the Consumers Legal Remedies Act, Business & Professions Code, and fraud claims arise under federal law is in error. The resolution of these claims do not depend on a federal question of patent law. No federal question arises.

Removal cannot be based simply on the fact that federal law may be referred to in some context in the case. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S 804, 817 (1986). If the claim does not "arise under" federal law, it is not removable on federal question grounds. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 809 (1988); *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 343-44 (9th Cir. 1996); 28 U.S.C. § 1338(a). Incidental federal issues are not enough to remove a case on the basis of federal question jurisdiction. *Berg v. Leason,* 32 F.3d 422, 425-26 (9th Cir. 1994) [the "low level of generality" required to determine whether a Federal claim is "legally tenable" does not raise a substantial issue of federal law, and hence does not support removal]; *see also Merrell Dow Pharmaceuticals, supra,* 478 U.S. at 817 [violation of the Federal Act was not ground for removal because the Act merely provided the standard of care in the state action, and to allow removal in such cases would shift traditional state law cases into federal courts].

In the present case, Defendants are attempting to argue that this is a patent law case which arises under 28 U.S.C. § 1338. (Please see Exhibit "D", pp. 15-16). Whether a claim "arises under" patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose. *Christianson, supra,* 486 U.S. at 809. Therefore, **a case raising a federal patent-law defense does not, for that reason alone, "arise under" patent law, for jurisdiction purposes** . . . . *Id.* (Emphasis added).

1    In the matter of *In re Oximetrix, Inc.*, 748 F.2d 637, 642 (Fed. Cir. 1984), the court held that

2    the action was not removable on federal question grounds, even though the existence of a valid

3    patent was an issue. In that case, the patent holder sued its licensee for breach of contract in state

4    court and defendant filed a notice of removal. *Id.* at 638. The court explained that the resolution

5    for the breach of contract claim did not depend on a federal question of patent law and denied the

6    removal. *Id.* at 641-42.

7    In the instant action, and looking at the face of the Complaint, this is a pure Consumer-

8    protection matter. No patents were ever provided, and none are alleged.

9    ### III.  CONCLUSION

10    Based on the foregoing reasons, the Court should deny Defendants' (Proposed) Amended

11    Notice of Removal.

12    Dated: January 4, 2008                                **SULLIVAN & CHRISTIANI, LLP**

13                                                           /s/ Alison M. Miceli

14                                                           _____
                                                            William B. Sullivan,
15                                                          Alison M. Miceli,
                                                            Attorneys for Plaintiff,
16                                                          MATTHEW WATERS

17

18

19

20

21

22

23

24

25

26

27

28

6

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS,
individually and on behalf of other members
of the general public similarly situated.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,

　　　　　　　Plaintiff,

v.

ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and Does 1 through 50, inclusive,

　　　　　　　Defendants.

）
）
）
）
）
）
）
）
）
）
）
）
）
）
）
）
）
）
）

Civil Action No.: 07CV2089 (BTM) (LSP)

**CLASS ACTION**

**DECLARATION OF ALISON M. MICELI IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF REMOVAL**

***Oral Argument Requested***

***Document Electronically Filed***

Date:　January 18, 2008
Time:　11:00 a.m.
Dept:　15
Judge: Hon. Barry Ted Moskowitz

I, Alison M. Miceli, declare as follows:

1.　　I am an attorney licensed to practice law before this Court and am employed with the law firm of Sullivan & Christiani, LLP, attorneys of record for Plaintiff in the above-captioned matter. I make this declaration in Opposition to Defendants' Motion for Leave to File an Amended Notice of Removal.

2.　　I am personally familiar with the facts set forth in this declaration and if called to testify as a witness I could and would do so.

---

Declaration of Alison M. Miceli in
Opposition to Amended Notice of Removal

Civil Action No.:07CV2089 (BTM) (LSP)



3.    A true and correct copy of Plaintiff's Complaint dated September 18, 2007 is attached hereto as Exhibit "A".

4.    A true and correct copy of Defendants' Notice of Removal dated October 31, 2007 is attached hereto as Exhibit "B".

5.    A true and correct copy of Plaintiff's Motion to Remand to State Court dated November 28, 2007 is attached hereto as Exhibit "C".

6.    A true and correct copy of Defendants' Opposition to Plaintiff's Motion to Remand to State Court dated December 14, 2007 is attached hereto as Exhibit "D".

7.    A true and correct copy of Defendants' (Proposed) Amended Notice of Removal is attached hereto as Exhibit "E".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of January 2008.

/s/ Alison M. Miceli

_____
Alison M. Miceli
Declarant

1  William B. Sullivan [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated.

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10  MATTHEW WATERS, individually and on )    Civil Action No.: 07CV2089 (BTM) (LSP)
    behalf of other members of the general public )
11  similarly situated,                      )    **CLASS ACTION**
                                             )
12          Plaintiff,                        )    **NOTICE OF LODGEMENT**
                                             )
13  v.                                       )    *Oral Argument Requested*
                                             )
14  ADVENT  PRODUCT  DEVELOPMENT, )    *Document Electronically Filed*
    INC., a South Carolina Corporation, DENICE )
15  THURLOW, ALPHONSO EILAND, and )    Date:    January 18, 2008
    DOES 1 through 50, inclusive             )    Time:    11:00 a.m.
16                                           )    Dept.:   15
            Defendants.                       )    Judge:  Hon. Barry Ted Moskowitz
17                                           )
                                             )
18  _____ )

19

20      TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that Plaintiff MATTHEW WATERS hereby lodges the following

22  documents, in Opposition to Defendants' Motion for Leave to File an Amended Notice of Removal,

23  as follows:

24      Exhibit "A" -  A true and correct copy of Plaintiff's Complaint dated September 18, 2007;

25      Exhibit "B" -  A true and correct copy of Defendants' Notice of Removal dated October 31,

26                     2007;

27      Exhibit "C" -  A true and correct copy of Plaintiff's Motion to Remand to State Court dated

28                     November 28, 2007;

                                                        ***ORIGINAL***

1    Exhibit "D" -  A true and correct copy of Defendants' Opposition to Plaintiff's Motion to

2    Remand to State Court dated December 14, 2007; and

3    Exhibit "E" -  A true and correct copy of Defendants' (Proposed) Amended Notice of Removal.

4

5    Dated: January 4, 2008                    SULLIVAN & CHRISTIANI, LLP

6

7                                             /s/ Alison M. Miceli

8                                             _____

9                                             William B. Sullivan,
                                              Alison M. Miceli,
10                                            Attorneys for Plaintiff,
                                              MATTHEW WATERS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

William B. Sullivan [CSB No. 171637]
Eric J. Palmer [CSB No. 231207]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff MATTHEW WATERS, individually,
as Business & Professions Code section 17200 representative
claimant, and as Class claimant

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation; DENISE THURLOW, ALPHONSO EILAND and DOES 1 through 50, inclusive.<br><br>Defendants | CASE NO. 37-2007-00075223-CU-FR-CTL<br><br>(CLASS ACTION)<br><br>COMPLAINT FOR:<br><br>1. **Violation of California Consumers Legal Remedies Act;**<br>2. **Violation of Business and Professions Code; and**<br>3. **Fraud** |

COMES NOW Plaintiff MATTHEW WATERS, (hereinafter "Plaintiff"), and alleges for his

Complaint as follows:

1.     This Court has jurisdiction over this matter in that all parties are residents of the State of

California and the amount in controversy exceeds the statutory minimum limit of this Court. This

class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The

monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of

the Superior Court and will be established according to proof at trial.  The monetary damages

sought on behalf of each and every member of the class and as aggregate class damages exceed

those jurisdictional limits as well.  However, the claims of individual class members, including

Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court. Furthermore, there

is no federal question at issue, as Business and Professions Code protections and remedies related

thereto are based solely on California Law and Statutes.

2.    Venue is proper before this Court in that some or all of the events, acts and happenings as alleged herein occurred within the jurisdiction of the above-entitled court.

3.    Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's injuries occurred in San Diego County in the State of California.

4.    At all relevant times herein, Plaintiff MATTHEW WATERS (Hereinafter "Plaintiff") was and is an individual residing in San Diego County in the State of California.

5.    Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ADVENT PRODUCT DEVELOPMENT, INC. (hereinafter "ADVENT"), was and is a South Carolina Corporation doing business in San Diego County, and other counties, State of California.

6.    Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant DENISE THURLOW (hereinafter "THURLOW"), was and is residing and doing business in San Diego County.

7.    Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant ALPHONSO EILAND (hereinafter "EILAND"), was and is residing and doing business in San Diego County.

8.    Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

9.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants.

10. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including DOES 1 through 50, are, and at all times herein mentioned were, either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal entities which were licensed to do and/or were doing business in the County of San Diego, State of California at all times relevant to the subject matter of this action.

## CLASS ACTION ALLEGATIONS

11. As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable class and a well-defined community of interest among the class members. Code of Civil Procedure Sections 382 and 1781(a); Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 426, 470.

12. Plaintiff brings this action on behalf of himself and other members in the class whose number is believed to be approximately 800 members.

13. The approximately 800 member class is ascertainable via their experience as present or past "Customers," as defined by California Business and Professions Code section 22371(b), of the Defendant(s), who acted as "Invention developers," as defined by California Business and Professions Code section 22371(d). The approximately 800 member class is also ascertainable via the experience as "consumers," as defined pursuant to California Civil Code section 1761(c).

14. The class members share a community of interest and an injury in fact as Defendants have violated California laws, thereby depriving the class members of money earned by Plaintiffs, and illegally gained by Defendant(s.)

15. This action involves questions of law and fact common to the class Plaintiff represents which predominate over questions affecting only individual members, including for example, and among other issues, the following:

   A.    In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, including various Sections of California Business and Professions Code, each of which (in an individual sense) has damaged Plaintiff and the Class

Members;

B.    Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C.    Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

D.    Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

E.    Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

F.    The activities promised to be performed by Defendants constitute "services," pursuant to California Civil Code section 1761(b).

16.    The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impractical. Plaintiff is bringing this action on behalf of approximately 800 current and/or former claimants who share a common or general interest, and it would be impracticable for those current or former employees to bring the action individually.

17.    Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. The Contracts and supporting documents received, signed and executed by Plaintiff are identical to those received by the remaining Class members.

18.    Plaintiff can fairly and adequately protect the interests of all the members of the class he is

4

representing in this action. Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

19. Plaintiff has satisfied the three prong "community of interest" requirement in California Code of Civil Procedure Section 382. Specifically, and as set forth above, (a) this action involves predominant common questions of law and fact in that Plaintiff brings this action on behalf of the approximately 800 member class who were denied the statutory protections of California Business and Professions Code, Chapter 17, and (separately) were defrauded by Defendant(s); (b) Plaintiff's claims and damages are typical of the class Plaintiff represents in that, as mentioned above, Plaintiff seeks on behalf of himself and the class members he represents statutory and common law protections and remedies; and (c) Plaintiff's experience and knowledge of the documents and representations of Defendant(s), as well as the damage resulting, entitle him to adequately and fairly represent the class.

## FACTUAL BACKGROUND

20. In or about April 2006, Plaintiff responded to a radio solicitation, created by Defendant ADVENT, that offered assistance to the general public, and specifically prospective inventors, in obtaining legal protection for their inventions, and marketing assistance once legal protection had been obtained.

21. Plaintiff subsequently met with employee representatives of Defendant ADVENT, notably Defendants THURLOW and EILAND, in San Diego County. At that time, Plaintiff was given several written advertisements by the representatives, and was informed that such advertisements were uniformly given to all of Defendant(s) potential clients.

22. At the same initial meeting, Plaintiff was informed that Defendants had a long history of successfully representing inventors, placing said inventions on the market, and making their inventor clients money. Upon an initial review of Plaintiff's proposed invention, Plaintiff was informed by Defendant(s) that his proposal had a great chance of success, and that Plaintiff would need to sign a contract in order for further services to be performed.

23. Plaintiff was informed by Defendant(s) that the standard policy of Defendant(s) was that Plaintiff would be required to enter into a "Phase I" Contract, in which an initial "patent search" would

be performed, and a "legal opinion" would be provided to Plaintiff. If the "patent search" showed

that the proposed invention was not "covered" by an existing patent, and had a good chance of

obtaining a patent, Plaintiff would be allowed to enter into a "Phase II" contract, in which further

services, including a "patent application," and marketing of the proposed product, would be

performed. The "Phase II" contract required a separate, and much larger, payment from Plaintiff.

24.  Plaintiff signed the "Phase I" contract, and provided a sum of $1,190.00 to Defendant(s). In or

about May, 2006, Plaintiff received a "Legal Protection Report" from Defendant(s). While

lengthy, and full of ambiguous language, the "Legal Protection Report" recommended that

Plaintiff proceed further, and file a "patent application," for an extra, and larger, fee.

25.  Relying on the recommendation and information within the "Legal Protection Report," Plaintiff

was induced to enter into the "Phase II" contract with Defendants. In return for the services

promised within the "Phase II" contract, Plaintiff was required to provide Defendant(s) a sum

total of $9,240.00. Plaintiff did enter into the "Phase II" contract, and did begin to make the

required payments.

26.  Defendant(s) failed to perform the contracts as statutorily, contractually and legally required.

Plaintiff and all Class Members have been damaged as a result.

27.  In or about April, 2007, Plaintiff - after becoming frustrated by the lack of diligence and

contractual compliance by Defendant(s) - first learned that the "Legal Protection Report"

provided by the Defendant(s) was incomplete, deficient and erroneous. To wit, while the "Legal

Protection Report" provided a small grouping of existing patents that may have impacted

Plaintiff's rights, subsequent investigation by Plaintiff showed that at least 4 separate patents

were so closely related to Plaintiff's idea that patent protection could not have been obtained.

Notably, the 4 separate patents were obtained within 1 hour of the start of Plaintiff's subsequent

informal investigation, but were not included, or referenced, within the "Legal Protection Report"

provided by the Defendant(s).

28.  If the 4 separate patents had been disclosed to Plaintiff at the conclusion of the "Phase I"

investigation, Plaintiff would not have entered into the "Phase II" process. Plaintiff is informed

and believes that Defendant(s) failed to disclose the information in a blatant attempt procure the

compensation paid by Plaintiff in the "Phase II" process.

## FIRST CAUSE OF ACTION
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT
**(Class Action - Against ADVENT PRODUCT DEVELOPMENT, INC. and DOES 1-5)**

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 above, as though fully set forth herein.

30. Plaintiff and all proposed Class Members are and were "consumers," as defined pursuant to California Civil Code section 1761( c).

31. The functions Defendant ADVENT promised to perform for the Class Members were "services" as defined by California Civil Code section 1761(b).

32. California Civil Code section 1760 specifically states: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

33. The California Consumers Legal Remedies Act (Hereinafter "CLRA"), and specifically California Civil Code section 1770(5) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided had approval, characteristics, uses and benefits which the services did not have.

34. The CLRA, and specifically California Civil Code section 1770(7) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." Defendant ADVENT violated this section by representing, to the Class Members, that the services provided were of a particular standard, quality or grade, when they were of another.

35. The CLRA, and specifically California Civil Code section 1770(14) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve,

7

or which are prohibited by law." Defendant ADVENT violated this section by representing to the Class Members, that the transaction between themselves and each of the Class Members involved rights, remedies and obligations which the transaction did not have or involve. Additionally, several of the rights, remedies and obligations were prohibited by law.

36. The CLRA, and specifically California Civil Code section 1770(16) states that the following acts are unfair and thus actionable, and provides, in pertinent part, as follows: "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Defendant ADVENT violated this section by representing, to the Class Members, that the transaction between them had been supplied in accordance with a previous representation when it had not.

37. The CLRA, and specifically California Civil Code section 1770(19) states that the following acts are unfair and thus actionable, and prohibits, in pertinent part, the following: "Inserting an unconscionable provision in a contract." Defendant ADVENT violated this section by inserting into the contracts, signed by the Class Members, multiple unconscionable provisions.

38. At least 35 days prior to the filing of this lawsuit, Plaintiff provided Defendant ADVENT with Notice and a demand to correct, pursuant to California Civil Code section 1782. Copies and proof of Certified Mailings are attached hereto as Exhibit "A."

39. As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for compensatory damages in an amount to be proven.

## SECOND CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE
#### (Class Action - Against All Defendants)

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 above, as though fully set forth herein.

41. At all times relevant, Plaintiff and all Class Members were and are "Customers" as defined by California Business and Professions Code section 22371(b).

42. At all times relevant, Defendant(s) were and are "Invention developers" as defined by California Business and Professions Code section 22371(d).

8

43.  Plaintiff and all Class Members entered into "Contracts for invention development services" - as defined by California Business and Professions Code section 22371(a) - whereby Defendant(s) were to perform "Invention developments services," as defined by California Business and Professions Code section 22371(e).

44.  California Business and Professions Code, Chapter 17 governs, regulates and controls the performance of any and all services performed by "Invention developers" - as defined by California Business and Professions Code section 22371(d) - within the State of California. Pursuant to California Business and Professions Code section 22370 "the purpose of this chapter is to safeguard the public against fraud, deceit, imposition, and financial hardship...by prohibiting or restricting false or misleading advertising, onerous contract terms, harmful financial practices and other unfair, dishonest, deceptive destructive, unscrupulous, fraudulent and discriminatory practices by which the public has been injured..."

45.  Throughout the relevant time period, Defendant(s) had a customary pattern and practice in entering into contractual relationships with Customers. To wit, Defendant(s) would solicit each Plaintiff Class Member to enter into a "Phase I" Contract, whereby Defendant(s) would promise to perform a subsequent "patent search" and provide a "legal opinion" for a set fee. As more specifically set forth below, the "Phase I" duties of Defendant(s) were fraudulently represented and improperly performed. However, and regardless of the above, Defendant(s) would thereafter demand a separate "Phase II" Contract for further services.

46.  In soliciting and entering into multiple contracts with the Class Members, and thereafter performing deficiently, Defendant(s) uniformly and consistently violated multiple California statutes, each of which (in an individual sense) have damaged the Plaintiff Class Members. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including for example, and among other issues, the following:

A.  Business and Professions Code section 22372 requires that "every contract for invention development services is subject to the provisions of this chapter." Business and Professions Code section 22373 requires that "each such contract" shall contain certain required language. Statistically, one hundred percent (100%) of the class members were

9

~~deprived of this statutory right, and have been damaged therefrom;~~

B. Business and Professions Code section 22374 requires certain language be provided within each and every contract - via a separate cover sheet - between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom;

C. Business and Professions Code section 22379 requires certain language be provided within each and every contract between a Customer and Invention developments services. Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom; and

D. Business and Professions Code section 22380 requires that "every invention developer who charges a fee or requires any consideration for his invention development services must clearly and conspicuously disclose such fact in every advertisement of such services." Statistically, one hundred percent (100%) of the class members were deprived of this statutory right, and have been damaged therefrom.

47. As a result of each and every Business and Professions Code violation committed by Defendant(s), Plaintiff and the Class Members have been damaged.

48. As mentioned in this Complaint, Plaintiff is a direct victim of Defendants' illegal business acts and practices referenced herein pursuant to Business and Professions Code Section 17204, and has lost money as a result of such practices, and is suing both in his individual capacity and on behalf of other members who share a common or general interest in the damages as a result of the illegal practices of Defendants.

49. The approximately 800 member class is ascertainable via their experience of Defendants' illegalities. The members share a community of interest, and an injury in fact, as Defendants have violated various sections of California Business and Professions Code of which the class members were victims, thereby damaging the class members in an amount to be proven. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

50. Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of interest, pursuant to Business and Professions Code Section 17203 and Code of Civil Procedure Section 382, who share a common or general interest in the damages as a result of the above-

Z:\Deta\6330\pleadings\complaint.wpd

10

referenced illegal business acts and practices of Defendants.

51.   California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business acts or practices.

52.   Plaintiff's allegations herein are all based upon the business acts and practices of Defendants.

53.   Defendants' acts and practices as described herein above are unlawful, in that they violate California Business and Professions Code.

54.   As a direct result of Defendants' unlawful business acts and practices, Plaintiff and other members in the class have been damaged in a sum according to proof. Accordingly, Plaintiff prays on behalf of himself and other class members for restitution and injunctive damages in an amount to be proven.

55.   Plaintiff is informed and believes, and on that basis alleges, that the unlawful business practices alleged above are continuing in nature and are widespread practices engaged by Defendants.

56.   On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein.

57.   On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages in an amount to be proven.

58.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION
### FRAUD
#### (Individual Claim, Against All Defendants)

59.   Plaintiff hereby incorporates by reference paragraphs 1 through 58 above, as though fully set forth herein.

60.   Both before and during the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and intentional omissions to Plaintiff in an attempt to secure Plaintiff's execution of the contracts, and the subsequent financial obligations. Following the execution of the operative contracts, Defendant(s) made multiple affirmative mis-representations and omissions to Plaintiff in an attempt to continue the financial obligations placed upon the

Z:\Data\6330\pleadings\complaint.wpd

11

Plaintiff. Examples of the affirmative mis-representations include stating that Plaintiff's proposed
inventions were not similar to any existing patents, and that Plaintiff's proposed inventions could
receive patent protection. Defendants' intentional omissions include, as mentioned earlier,
Defendant(s)' failure to mention the 4 separate patents that were so closely related to Plaintiff's
idea that patent protection could not have been obtained, within the "Legal Protection Report"
provided by the Defendant(s). Defendant(s) omitted such material information from the "Phase
I" Contract, the "Legal Protection Report" in an attempt to continue the financial obligations
placed upon the Plaintiff by entering into the "Phase II" contract which Plaintiff did in fact enter
into, incurring financial obligations towards Defendant(s).

61. At the time the mis-representations were made, Defendant(s) knew they were false. Defendant(s)
    further knew the omissions were material and for purposes of inducing Plaintiff's reliance and
    enter into the contract.

62. Defendant(s) intended for Plaintiff to rely on the mis-representations, and Plaintiff actually and
    reasonably did rely on said mis-representations.

63. As a result of Defendant(s)' mis-representations and omissions, and Plaintiff's reliance thereon,
    Plaintiff has been damaged, in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MATTHEW WATERS on his own behalf and on behalf of the members
of the class and the general public, prays for judgment as follows:

1. For an order certifying the proposed class;

2. For compensatory damages in an amount to be proven;

3. On the First Cause of Action, (a) Actual Damages, (b) on order enjoining the illegal methods acts
   and practices, and (c) Restitution of property. Additionally, all "senior citizens" and "disabled
   persons" as defined within Civil Code section 1761 seek an additional Five Thousand Dollars
   ($5,000.00), as allowable under Civil Code section 1780(b);

4. For an amount of Three Thousand Dollars ($3,000.00), or treble the actual damages, per Class
   Member and/or 17200 participant, pursuant to Business & Professions Code Section 22386 et
   seq.;

5. On behalf of the ascertainable class, for a permanent injunction against Defendants restraining,

12

preventing, and enjoining Defendants from engaging in the illegal practices alleged above, on behalf of the Section 17200 claimants who share a common or general interest;

6.   On behalf of the ascertainable class, for restitution damages on behalf of the Section 17200 claimants who share a common or general interest;

7.   For an award of interest, including prejudgement interest;

8.   For an award of attorneys' fees and costs pursuant to all available statutes and remedies, including Civil Code section 1780(d) and Business and Professions Code section 22386;

9.   For an award of punitive and exemplary damages where permissible; and

10.  For such other relief as the court deems just and proper.

Dated: 9/13/07

SULLIVAN & CHRISTIANI, LLP

William B. Sullivan
Eric Palmer
Attorneys for Plaintiff MATTHEW WATERS

# EXHIBIT B

Mark A. Krasner, Esq.
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, 2nd Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc.,*
*Denice Thurlow, and Alphonso Eiland*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of the State of California, County of San Diego, Case No. 37-2007-00075223-CU-FR-CTL) |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

   **PLEASE TAKE NOTICE** that Defendants Advent Product Development, Inc.

(hereinafter "Advent"), Denice Thurlow (hereinafter "Thurlow"), and Alphonso Eiland

(hereinafter "Eiland") hereby file this Notice of Removal of the above-captioned action

from the Superior Court of the State of California, County of San Diego, Docket No. 37-

2007-00075223-CU-FR-CTL, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of the facts set forth below:

## BACKGROUND:

1.     On or about September 18, 2007, Plaintiff Matthew Waters, individually and on behalf of other members of the general public similarly situated, filed a class action complaint pursuant to the Code of Civil Procedure Sections 382 and 1781(a) in the Superior Court of the State of California, County of San Diego against the defendants.  The matter was assigned case number 37-2007-00075223-CU-FR-CTL. A true and complete of all pleadings are attached hereto as Exhibit A.

2.     Service of the Summons and Complaint was effectuated on Advent on or about October 3, 2007 at Advent's office in San Diego, California.

3.     To date, neither Thurlow or Eiland have been served with a copy of the Summons and Complaint in accordance with the Federal Rules of Civil Procedure.

4.     As set forth in the Complaint, this action was brought pursuant to the California Code of Civil Procedure, Section 382 seeking relief under the California Consumers Legal Remedies Act, the California Business and Professions Code and for fraud.  This class action has been brought by Plaintiff "on behalf of approximately 800 current and/or former claimants ...."

5.     The Complaint alleges that Plaintiff entered into a Phase I agreement with Advent whereby paying $1,190.00 in order to receive a "Legal Protection Report." It is alleged that based upon this Legal Protection Report, Plaintiff proceeded to enter into a "Phase II" contract with Advent for $9,240.00.  Per the Complaint, Plaintiff

#1232468 v4
107136-60623

contends that the Legal Protection Report was deficient and erroneous which induced Plaintiff into entering into a "Phase II" contract with Advent.

6.     The Complaint alleges that Plaintiff's claims are typical of the claims of all other class members in that the contracts and supporting documents received, signed and executed by Plaintiff are "identical to those received by the remaining Class members." (Exhibit A, Compl. ¶ 17).

## JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

7.     Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (CAFA) since the Complaint purports to be a class action, there is diversity of citizenship under CAFA, and the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

8.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which allows the defendant or defendants to remove any civil action brought in a state court over which the District Courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where such action is pending.

## DIVERSITY OF THE PARTIES

9.     Upon information and belief, and based upon the allegations set forth in its Complaint, Plaintiff is an individual, residing at 4777 Orten Street, San Diego, California 92110. See Exhibit A.

3

10.    Defendant Advent is a domestic corporation organized and existing under the laws of the State of South Carolina having its principal place of business at 313 Commerce Drive, Pawleys Island, South Carolina, 29585.  For the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Advent is a citizen of the State of South Carolina.

11.    Defendant Denice Thurlow is an individual, residing at 541 Drake Lane, Surfside Beach, South Carolina 29575.

12.    Defendant Alphonso Eiland is an individual, residing in 3741 52nd Street #A, San Diego, California 92105.

## AMOUNT IN CONTROVERSY

13.    Plaintiff's Complaint alleges that Plaintiff entered into a "Phase I" contract with Defendant Advent for the sum of $1,190, was then fraudulently induced to enter into a "Phase II" contract with Defendant Advent for the total sum of $9,240, that Defendant failed to perform, and Plaintiff has been damaged thereby.  (Exhibit A, Compl. ¶ 24-26).  As noted, Plaintiff alleges that all 800 class members entered identical contracts and were similarly damaged. (Exhibit A, Compl. ¶ 17, 26).  Based on the alleged contract damages alone to each class member as noted above, the claimed amount in controversy would be well over the statutory minimum of $5,000,000 exclusive of interest and costs.

14.    In addition to the foregoing contract damages claimed, Plaintiff's Complaint seeks substantial additional damages under the California Consumers Legal Remedies Act (CLRA), California Civil Code § 1770, specifically seeking an award

4

of actual damages for all class members, that all senior citizens and disabled persons of the class receive an additional $5000 pursuant to the California Civil Code § 1780(b), and for an award of attorneys' fees and costs pursuant to the California Civil Code § 1780(d).

15.     In addition, the second count of Plaintiff's Complaint seeks relief for a violation of the California Business and Professions Code, Chapter 17, Invention Development Services Contracts, specifically seeking an award of $3000 or treble the actual damages per class member pursuant to Cal Bus & Prof Code § 22386.

16.     Should this Court chose to award treble the alleged actual damages stated by Plaintiff to be, at a minimum, Plaintiff's contract damages of $9,240, and the same amount for all of the 800 class members, again the amount in controversy will be well over $5,000,000 exclusive of interest and costs.

17.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) for the reasons set forth above in Paragraphs 8-17 because this matter is a class action, the matter in controversy exceeds $5,000,000, and plaintiff is a citizen of a different state from at least one of the defendants.

18.     Upon information and belief, the Court would not be required to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4) because that section would not be applicable given the facts pled in the Complaint.  Specifically, Advent is the only primary Defendant from whom significant relief is sought, whose alleged conduct

5

forms a significant basis for the claims asserted by the proposed plaintiff class, and
Defendant Advent is not a citizen of the State of California. See 28 U.S.C. § 1332(d)(4).

19.    This court has original jurisdiction under 28 U.S.C. § 1332 for the
reasons set forth above.

## REMOVAL REQUIREMENTS SATISFIED

20.    This Notice of Removal is being filed within thirty days after Defendants
first received a copy of the Complaint, through service or otherwise pursuant to 28
U.S.C. § 1446.

21.    As of this date, no Defendants have filed a responsive pleading in the
action commenced in the Superior Court of the State of California, County of San
Diego, and no other proceedings have transpired in the state court action.

22.    This Notice of Removal is being filed in the United States District Court
for the Southern District of California, the district court of the United States for the
district and division within which the state court action is pending, as required by 28
U.S.C. §§ 1446(a) and 1441(a).

23.    Based upon Plaintiff having filed its Complaint in the Superior Court of
California, County of San Diego, the United States District Court for the Southern
District of California in San Diego is the appropriate forum for this case.

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice
of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed
with the Clerk of the Superior Court of California, County of San Diego, in the form
attached hereto as Exhibit B.

#1232468 v4
107136-60623

25.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants respectfully requests that this action be duly removed to this Court and that it proceed herein.

By: _Mark A. Krasner_

Dated: October 31, 2007
       La Jolla, California

Mark A. Krasner
**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434

*Attorneys for Defendants*
*Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland*

7

# EXHIBIT C

1    William B. Sullivan  [CSB No. 171637]
     Alison M. Miceli [CSB No. 243131]
2    **SULLIVAN & CHRISTIANI, LLP**
     2330 Third Avenue
3    San Diego. California 92101
     (619) 702-6760 * (619) 702-6761 FAX
4

5    Attorneys for Plaintiff MATTHEW WATERS.
     individually and on behalf of other members
6    of the general public similarly situated.

7

8                    **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10   MATTHEW WATERS. individually and on     )    Civil Action No.: 07CV2089 (BTM) (LSP)
     behalf of other members of the general public )
11   similarly situated.                        )    **CLASS ACTION**
                                                )
12              Plaintiff.                       )    **PLAINTIFF'S   POINTS   AND**
                                                )    **AUTHORITIES  IN  SUPPORT  OF**
13   v.                                         )    **MOTION TO REMAND TO STATE**
                                                )    **COURT**
14   ADVENT  PRODUCT  DEVELOPMENT.              )
15   INC.. a South Carolina Corporation. DENICE )    ***Oral Argument Requested***
     THURLOW. ALPHONSO EILAND. and Does        )
16   1 through 50. inclusive.                   )    ***Document Electronically Filed***
                                                )
17              Defendants.                      )    Date:  December 28. 2007
                                                )    Time:  11:00 a.m.
18                                              )    Dept:  15
                                                )    Judge: Hon. Barry Ted Moskowitz
19   _____       )

20

21

22

23

24

25

26

27

28

                                          1

# I.

## SUMMARY OF ARGUMENT

Remand is proper, for each of the following reasons:

Remand is <u>mandatory</u> because:

- Defendant ADVENT PRODUCT DEVELOPMENT, INC. (hereinafter "ADVENT") has submitted to the jurisdiction of the State of California Courts because it failed to comply with California law requiring the filing of corporate documentation.[1] <u>See</u> Corp. Code § 2105; Corp. Code § 2203;

- Defendant DENICE THURLOW (hereinafter "THURLOW") and Defendant ALPHONSO EILAND (hereinafter "EILAND") have failed to properly plead citizenship. 28 U.S.C. 1332(d)(2). Because the operative pleading does not allege that the individually named Defendants are "citizens" of any state outside of California, there is no diversity of citizenship between the parties which is necessary to establish Removal;

- Defendants' Notice of Removal failed to contain the necessary process, including (1) a copy of the civil case cover sheet; (2) a copy of the state court summons; (3) a copy of the return of service; and (4) an alternative dispute resolution packet. 28 U.S.C. 1446(a); 28 U.S.C. 1447(c). These failures are jurisdictional defects which require remanding the case to San Diego Superior Court; and

- Defendants misconstrue and misrepresent the damages in Plaintiff MATTHEW WATERS' (hereinafter "WATERS") Complaint. Defendants erroneously contend that Plaintiff and the other class members have been similarly damaged. However, the Complaint does <u>not</u> allege a specific amount in damages. On the contrary, the Complaint states that Plaintiff "began" to make contractual payments, thus experiencing some limited resultant damage. Because Plaintiff and the other class

---

[1] The purpose of the California requirements for qualification of foreign corporations to do business within the state is to protect local citizens and local business from any unfair practices and to insure business responsibility by setting a uniform standard for doing business. <u>Kaufman v. General Ins. Co. of Am.</u>, 192 F. Supp. 238 (D.C. Cal. 1961).

Plaintiff's Points and Authorities in
Support of Motion to Remand                                    Civil Action No.:07CV2089 (BTM) (LSP)

1    members have not been similarly damaged, the $5,000,000 requirement for removal

2    of a class action is not satisfied. See 28 U.S.C. 1332(d)(2).

3    Remand is discretionary because:

4    •    Federal Courts can, and should, decline jurisdiction of actions when a matter

5    involves solely questions of state law. Unitrust v. U.S. Mortg. Corp., 2007 WL

6    2886036 (D. Nev.). State statutes enacted for the protection of its citizens, such as

7    the Consumer Legal Remedies Act ("CLRA") and Business & Professions Code §

8    17200, are better decided in state courts. Under the "home-state" controversy

9    exception under the Class Action Fairness Act ("CAFA"), federal courts need not

10    exercise jurisdiction over state matters when the claims asserted are governed by

11    the laws of the State in which the action was originally filed, the action is in a

12    forum with a distinct nexus with the class members, the alleged harm, or the

13    defendants, and the number of citizens in all proposed plaintiff classes in the

14    aggregate is substantially larger than the number of citizens from any other State.

15    See 18 U.S.C. § 1332.

16    **II.**

17    **SUMMARY OF FACTS AND PROCEDURAL HISTORY**

18    This matter involves allegations against an Invention Assistance Services Corporation and

19    its individual employees brought under multiple California consumer protection statutes. On or

20    about April 2006, Plaintiff entered into several contracts with the Defendants based on their

21    promise that Plaintiff's proposed invention was a "new idea" and amenable to patent protection.

22    After one year had passed and no substantial work on his invention had taken place, as promised,

23    Plaintiff hired a legitimate patent service to investigate whether there were any "related" patents

24    similar to his own invention. This independent patent service subsequently determined - **in less**

25    **than three hours** - that Plaintiffs' idea was subject to multiple patents, rendering it of no value.

26    On September 18, 2007, Plaintiff, both individually and as a Class Representative, filed a

27    Complaint against Defendants, alleging that Defendant ADVENT violated multiple provisions of

28    the CLRA and that all Defendants violated Business & Professions Code § 17200 and participated

3

1    in Fraud. (Please see Declaration of Alison M. Miceli). On October 30, 2007, Defendants

2    removed this action from the San Diego Superior Court to Federal Court. (Please see Declaration

3    of Alison M. Miceli). On November 9, 2007, Plaintiff's counsel met and conferred with

4    Defendants' counsel regarding the issues in the case. (Please see Declaration of Alison M. Miceli).

5    Defendants' counsel has confirmed the necessity for the instant Motion. (Please see Declaration

6    of Alison M. Miceli). (Please see Exhibit "1").

7

### III.

### CONTROLLING LAW

**A.    CONTROLLING LAW FAVORS REMAND TO STATE COURT**

10        Removal statutes are strictly construed, so as to limit removal jurisdiction. 28 U.S.C. §

11    1441. The reason for strict construction is to prevent the waste of judicial resources. Doubts as

12    to removal are resolved in favor of remanding the case to state court. Gaus v. Miles, 980 F.2d 564,

13    566 (9th Cir. 1992). Jurisdictional concerns can be avoided by remanding to state courts which

14    have general jurisdiction. Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d Cir.

15    1991).

**B.    THE REMOVING PARTY BEARS THE BURDEN OF PROVING THE AMOUNT**
**       IN CONTROVERSY**

18        In cases removed from state court, the removing defendant has "always borne the burden

19    of establishing federal jurisdiction, including any applicable amount in controversy requirements."

20    Gaus, supra, 980 F.2d at 566. CAFA does not "alter the longstanding rule that the party seeking

21    federal jurisdiction on removal bears the burden of establishing that jurisdiction." Abrego Abrego

22    v. Dow Chemical Co., 443 F.3d 676, 688 (9th Cir. 2006). Even if it is unclear what amount of

23    damages the plaintiff has sought, the defendant still bears the burden of actually proving the facts

24    to support jurisdiction, including the jurisdictional amount. McNutt v. General Motors Acceptance

25    Corp., 298 U.S. 178 (1936). Preliminarily, the district court may consider whether it is 'facially

26    apparent' from the complaint that the jurisdictional amount is in controversy.

**C.    DEFENDANTS' BURDEN IS A "PREPONDERANCE OF THE EVIDENCE"**

28        When, as here, the plaintiff does not specify an amount of damages in the pleading, the

4

"defendant must prove by a preponderance of the evidence that the damages claimed exceed $5,000,000." <u>Lowdermilk v.U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007). To satisfy this standard, the defendant must make a factual showing that it is more likely than not the amount in controversy exceeds $5,000,000. <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997). Courts apply the preponderance of evidence standard for situations where a plaintiff "seeks no specific amount in damages." In those cases, the court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements. <u>Abrego Abrego</u>, <u>supra</u>, 443 F.3d 676 (9th Cir. 2006). Courts may also consider facts in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." <u>Singer</u>, <u>supra</u>, 116 F.3d at 376.

**IV.**

**LEGAL ARGUMENT**

There are several issues establishing **Mandatory** Remand, and one that allows for **Discretionary** Remand. As set forth below, this matter should be returned to its proper forum - the California State Court - based upon several theories, each of which is individually sufficient to serve as foundation for an Order to Remand.

**MANDATORY REMAND**

A.    **AS DEFENDANTS HAVE "CONSENTED TO THE JURISDICTION OF THE STATE OF CALIFORNIA," REMAND IS MANDATORY**

Defendant ADVENT has submitted to the jurisdiction of California State Court by failing to qualify to do business in California, in violation of California Corporations Code §§ 2105 and 2203. Because Defendant ADVENT is and was transacting unauthorized intrastate business in California, it is "deemed to consent to the jurisdiction of the State Courts of California." <u>See</u> Corp. Code § 2203.

Additionally, there is no evidence to indicate that any individually named Defendant is a "citizen" of any state. The Notice of Removal and supporting documentation lack any reference to the citizenship of either individual Defendant. The Notice of Removal alleges only "residence," insufficient to establish diversity. **If the removing party merely alleges the permanent mailing**

5

1    address *or residence* of a party to the action, the pleadings will be deemed insufficient and

2    jurisdiction will be denied. (Emphasis added.) Steigleder v. McQuesten, 198 U.S. 141 (1905);

3    Atchison v. Frederickson, 177 F. 206 (9th Cir. 1910).

4         Given the above, and because proper diversity of citizenship has not been established,

5    Remand is mandatory.

6    **1.    Defendant ADVENT's Failure To Obtain A Valid Secretary Of State
         Certificate Binds It To The Jurisdiction Of The State Of California**

7

8         As established below. Defendant ADVENT failed to register to do business in the State of

9    California. (Please see Declaration of Alison M. Miceli). Defendant ADVENT has never held a

10   valid certificate from the Secretary of State authorizing it to conduct business in California. (Please

11   see Declaration of Alison M. Miceli). (Please see Exhibit "2.") Defendants admit in their Notice

12   of Removal that Defendant ADVENT is a foreign corporation. (Notice of Removal, p. 4, ¶ 10.)

13   By engaging in unauthorized business practices, Defendant ADVENT submitted itself to the

14   jurisdiction of the California State Court System.

15        Corp. Code § 2105(a) provides in relevant part:

16        "A foreign corporation shall not transact intrastate business without having first obtained

17   from the Secretary of State a certificate of qualification."

18        Corp. Code § 2203(a) states in pertinent part:

19

20        Any foreign corporation which transacts intrastate business and which does not hold
          a valid certificate from the Secretary of State may be subject to a penalty of twenty

21        dollars ($20) for each day that unauthorized intrastate business is transacted: **and the
          foreign corporation, by transacting unauthorized intrastate business, shall be**

22        **deemed to consent to the jurisdiction of the courts of California in any civil
          action arising in this state in which the corporation is named a party defendant.**

23        (Emphasis added.)

24        The purpose of the California requirements for qualification of foreign corporations to do

25   business within the state is to protect local citizens and local business from any unfair practices

26   and to insure business responsibility by setting a uniform standard for doing business. Kaufman.

27   supra, 192 F. Supp. at 238.

28

6

Corp. Code § 221 states, in pertinent part, as follows:

A foreign corporation which transacts intrastate business and which does not hold a certificate from the secretary of state may be subject to a prescribed penalty for each day that unauthorized intrastate business is transacted. Any person who transacts intrastate business for a nonqualified foreign corporation, knowing of the nonqualification, is guilty of a misdemeanor, punishable by fine. Similarly, such a corporation is guilty of a misdemeanor, punishable by a fine.

Corp. Code § 171 provides in pertinent part, as follows:

"Foreign corporation means any corporation other than a domestic corporation and, when used in Section 191, 2203 . . . and Chapter 21, includes a foreign association, unless otherwise stated . . . ."

Defendant ADVENT is a foreign corporation. Defendants Notice of Removal specifically states, "Defendant Advent is a **domestic** corporation **organized** and **existing** under the laws of the State of South Carolina **having its principal place of business** at 313 Commerce Drive, Pawleys Island, South Carolina, 29585." (Notice of Removal, p. 4, ¶ 10.) (Please see Exhibit "3"). Accordingly, Defendant ADVENT cannot transact intrastate business without a valid certificate from the Secretary of State.

Corp. Code § 191 defines the phrase "transact intrastate business" as entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce. For purposes of the provisions of the Corporation Code applicable to foreign corporations, for a foreign corporation to "transact intrastate business" means to enter into repeated and successive transactions of its business in this state. United Systems of Arkansas, Inc. v. Stamison, 63 Cal. App. 4th 1001 (1998).

Determination of whether a corporation is transacting intrastate business is based on an analysis of its activities in California according to several factors. The most important factor is transacting business with California residents. Id. Entering into multiple contracts constitutes "transacting business." Corp. Code § 191: Neogard Corp. v. Malott & Peterson-Grundy, 106 Cal. App. 3d 213, 226 (1980).

---

7

1    The maintenance of an office and the solicitation of business when judged by
     common knowledge and experience, constitutes an activity which requires a foreign
2    corporation's presence within the state. The corporation is thereby transacting one
     of the important phases of its business . . . . Perkins v. Louisville & N. R. Co., 94
3    F. Supp. 946 (D.C. Cal. 1951).

4        Solicitation, by foreign corporation without more, may constitute doing business within

5    state and service of process upon corporation's agent is warranted when solicitation is regular,

6    continuous and substantial course of business.  Koninklijke Luchtvaart Maatschappij v. Superior

7    Court, 107 Cal. App. 2d 495 (1951).  It has been said that to be doing business in California in a

8    jurisdictional sense, a foreign corporation must transact in this state some substantial part of its

9    ordinary business through its agents or officers selected for that purpose. Jameson v. Simonds Saw

10   Co., 2 Cal. App. 582 (1906); Milbank v. Standard Motor Const. Co., 132 Cal. App. 67 (1933).

11       A foreign manufacturer that maintained an office in California and employed a person as

12   regional representative in California, who had working under his direction four field

13   representatives, was held to be transacting intrastate business there.  Le Vecke v. Griesedieck

14   Western Brewery Co., 233 F.2d 772 (9th Cir. 1956); see also Mauser v. Union Pac. R. Co., 243 F.

15   274 (D.C. Cal. 1917) [railroad company, having many employees in California, four or five offices

16   where business was solicited, and whose freight cars came into the state over other railroads, was

17   held to be doing business in California]; see also Knapp v. Bulock Tractor Co., 242 F. 543 (D.C.

18   Cal. 1917) [a foreign corporation that was selling farm tractors in California through resident sales

19   agents, and whose president, directors, employees, and agents had been in California giving

20   directions and assisting, was found to be doing business in the state].

21       Here, Defendants maintain a physical presence in California, by and through three separate

22   "regional offices." (Please see Declaration of Matthew Waters).  Defendant ADVENT's own

23   Internet Website establishes that they have locations in San Diego, Los Angeles, and Costa Mesa.

24   (Please see Exhibit "3.") All interactions between Plaintiff and Defendants took place at Defendant

25   ADVENT's San Diego County regional office located in California.  (Please see Declaration of

26   Matthew Waters).

27       Moreover, Plaintiff reviewed and signed Defendant ADVENT's contracts in California.

28   (Please see Declaration of Matthew Waters).  Plaintiff was also informed, by Defendant EILAND,

8

1 | that all meetings between Defendant ADVENT and its California customers took place in one of

2 | the three "regional offices." (Please see Declaration of Matthew Waters). Finally, Plaintiffs'

3 | preliminary investigation concluded that approximately 800 California residents have contracted

4 | with Defendant ADVENT at one of its "regional offices." (Complaint, p. 3, ¶¶ 12-15A, p. 4, ¶¶

5 | 15B-15F.) (Please see Declaration of Alison M. Miceli).

6 |
7 |     **2.    The Individual Defendants Failed To Plead Or Establish The Out-of-State Citizenship Necessary to Trigger Diversity**

8 |     Diversity of citizenship must be established in order to properly remove a matter to Federal

9 | Court. 28 U.S.C. 1332(d)(2). Here, and following the "submission" of Defendant ADVENT, the

10 | Removal pleadings lack any evidence of or reference to any other individually named Defendant

11 | being a "citizen" of any state. (Please see Declaration of Alison M. Miceli). The Removal

12 | pleadings reference only the "residence" of the individual Defendants, not the "citizenship."

13 | (Please see Declaration of Alison M. Miceli). As "residence" does not equate to "citizenship,"

14 | diversity has not been properly alleged or established.

15 |     In order to maintain federal diversity jurisdiction, the pleadings must allege the state

16 | citizenship of the respective parties. Jones v. Andrews, 77 U.S. 327 (1870). **If the removing**

17 | **party merely alleges the permanent mailing address *or residence* of a party to the action, the**

18 | **pleadings will be deemed insufficient and jurisdiction will be denied.** (Emphasis added.)

19 | Steigleder, supra, 198 U.S. at 141; Atchison, supra, 177 F. at 206; see also Tylka v. Gerber

20 | Products Co., 211 F.3d 445 (7th Cir. 2000) [notice of removal of a case on basis of federal diversity

21 | jurisdiction was defective, as it referred to the residence of individual plaintiffs, not the

22 | citizenship]. If the removing party fails to allege the citizenship of any of the parties, the pleadings

23 | will be considered insufficient and jurisdiction will be denied. Schultz v. Cally, 528 F.2d 470 (3d

24 | Cir. 1975).

25 |     In the present case, the individual Defendants' do not allege "citizenship." Instead,

26 | Defendants merely allege the residence of each party. Specifically, the Notice of Removal states

27 | that Defendant THURLOW is a "resident" of South Carolina and Defendant EILAND is a

28 | "resident" of California. (Notice of Removal, p. 4, ¶¶ 11, 12.) However, no allegation of

9

1   citizenship of either of the individual Defendants is referenced.  Since allegations of residence are

2   insufficient to establish citizenship, Defendants' Notice is procedurally deficient and remand is

3   appropriate.

4   **B.     DEFENDANTS' NOTICE OF REMOVAL CONTAINS FATAL JURISDICTIONAL,**

5   **DEFECTS REQUIRING REMAND TO STATE COURT**

6       Defendants' Notice of Removal failed to include the documents mandated in a Notice of

7   Removal: (1) a copy of the civil case cover sheet; (2) a copy of the state court summons; (3) a copy

8   of the return of service; and (4) an alternative dispute resolution packet.  (Please see Declaration

9   of Alison M. Miceli).  These failures are "fatal defects."  See Kisor v. Collins, 338 F. Supp. 2d

10  1279, 1280 (N.D. Alabama 2004).  As **jurisdictional** defects, remand is mandatory.

11      28 U.S.C. 1446(a) provides, in pertinent part, as follows:

12          A defendant . . . desiring to remove any civil action . . . from a State court **shall** file
            . . . a notice of removal containing a short and plain statement of the grounds for
13          removal, together with **a copy of all process, pleadings, and orders** served upon
            such defendant in such action.  (Emphasis added.)

14

15      28 U.S.C. 1447(c) provides, in pertinent part, as follows:

16      "A motion to remand the case on the basis of any defect other than lack of subject matter

17  jurisdiction must be made within 30 days after the filing of the notice of removal under 28 U.S.C.

18  1446(a)."

19      **Please Note:** Kisor v. Collins, 338 F. Supp. 2d 1279, is a district court decision from a

20  jurisdiction outside of California.  As a result, this case is not controlling authority in this

21  jurisdiction; however, this Court can use this case as persuasive authority for the proposition set

22  forth below.

23      In Kisor, plaintiff timely and properly filed a motion for remand after defendants removed

24  the state court action to federal court. 338 F. Supp. 2d at 1280.  Within the motion for remand,

25  plaintiff established that defendants' notice of removal did not contain a copy of the summons

26  served on any party and did not contain copies of proof of service.  Id.  Following receipt of the

27  motion for remand, both defendants opposed the motion and attempted to amend the notice of

28  removal to add the documents required, but omitted in the original notice.  Id.

The Court granted plaintiff's motion for remand. holding in pertinent part. as follows:

> This court. sitting as a court of limited jurisdiction. cannot ignore a manifest procedural defect . . . just because the defect was inadvertent or because the removing defendant tenders a belated correction. Procedural rules that govern the jurisdiction of federal courts are just as important to their jurisdiction as are substantive rules. and must be complied with . . . .

Id. at 1281. Accordingly. plaintiff can insist on full and complete compliance with statutes that limit federal jurisdiction by a defendant who wants to flee to federal court.

**Please Note:** The following cases are district court decisions from jurisdictions outside of California. Accordingly. the rules contained therein are not binding on this state. These cases are offered as persuasive authority.

In Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Co. of Am., 2005 WL 1653629 (D. Oregon 2005). plaintiffs sued defendants in state court and defendants removed the action to federal court. Plaintiffs moved to remand on the grounds that defendants' notice of removal was defective. Specifically. the notice of removal contained a copy of the First Amended Complaint but failed to include the pleading's exhibits. Because the defendants' notice of removal was invalid because of the procedural defect. the action was remanded to state court. See Andalusia Enterprises. Inc. v. Evanston Ins. Co.. 487 F. Supp. 2d 1290. 1300 (N.D. Alabama 2007) [action remanded to state court because defendants failed to include a copies of the summonses served upon them]; see also Comtrade Limited v. United States. 2005 WL 5643875 (S.D. Florida 2005) [action was remanded because the removing party failed to attach complete pleadings to the notice of removal until after the thirty (30) day removal period had elapsed]; see also Beard v. Lehman Brothers Holdings. Inc.. 458 F. Supp. 2d 1314. 1318 (M.D. Alabama 2006) [where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures. the district court. as a court of limited jurisdiction. cannot disregard an evident procedural defect. regardless of the triviality or inadvertent nature of the defect].

In the instant matter. Defendants were served with copies of the Summons. Complaint. Civil Case Cover Sheet. Notice of Case Assignment. Notice to Litigants/ADR Information

11

Package, Stipulation to Use of Alternative Dispute Resolution, and Proof of Service. (Please see Declaration of Alison M. Miceli). A true and correct copy of all documents served on Defendants is attached hereto as Exhibit "4". (Please see Declaration of Alison M. Miceli). As the mandated documents required by 28 U.S.C. § 1446(a) to be attached to a Notice of Removal were *not* filed with the Court, a Jurisdictional Defect - fatal to any attempt to Remove - exists.

## C.    DEFENDANTS MISCONSTRUE THE AMOUNT OF DAMAGES ALLEGED IN THE COMPLAINT, AND CANNOT MEET THE CLASS ACTION FAIRNESS ACT REQUIREMENTS

Defendants misconstrue and misstate Plaintiff's Complaint. Defendants erroneously contend that Plaintiff and the other class members have been damaged in excess of $5,000,000. However, the Complaint does *not* allege a specific amount in damages. (Please see Declaration of Alison M. Miceli). On the contrary, the Complaint states only that Plaintiff "began" to make contractual payments, thus experiencing some limited resultant damage. Id. The only "certain" calculation that can be made from the pleadings results in an amount less than half of the CAFA requirement of $5,000,000.

Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction only over civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action.

In their Notice of Removal, Defendants attempt to convince the Court that simple addition leads to the conclusion that the damages sought by Plaintiff exceed $5,000,000. (Please see Declaration of Alison M. Miceli). However, this is an improper fabrication of the allegations contained in Plaintiff's Complaint. It cannot be established "by a preponderance of the evidence" that Plaintiff's damages are above $5,000,000. Therefore, the $5,000,000 requirement for removal of a class action is not satisfied. See 28 U.S.C. 1332(d)(2).

In this case, the Complaint alleges that the Class is comprised of approximately 800 individuals. (Please see Declaration of Alison M. Miceli). The only definitive damage amount mentioned in the Complaint is the $3,000 figure allowable under Business & Professions Code §

12

22386. Id. Simply stated, 800 multiplied by $3,000 equals $2,400,000. Id. In order to remove this action, Defendants must show that Plaintiff's damages are more likely than not to exceed $5,000,000. Defendants are unable to meet this burden because $2,400,000 is significantly less than the $5,000,000 required for removal.

With regards to the amount in controversy, if the removing party's allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. Gaus, supra, 80 F.2d at 565. And where they are not so challenged, the court may still insist that the jurisdictional facts be established or the case be dismissed. **and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence**. Id.; see Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990) [holding that defendant's bald recitation that the amount in controversy exceeds $50,000, without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand].

In Gaus, supra, 980 F.2d at 567, plaintiff brought a contract related suit in state court seeking damages in excess of $10,000. Defendant removed the action claiming that the amount in controversy exceeded $50,000. Id. Thereafter, the court entered summary judgment in favor of defendant and plaintiff appealed. On appeal, the court held that defendant's unsupported allegation that the amount in controversy exceeded $50,000 did not overcome the strong presumption against removal jurisdiction. Id. The court explained, "this allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies the burden of setting forth, in the removal petition itself, the **underlying facts** supporting its assertion that the amount in controversy exceeds $50,000."

Similarly, here, Defendants seriously misrepresent the allegations contained in Plaintiff's Complaint, improperly inflating the amount in controversy in order to meet federal jurisdiction requirements. Defendants erroneously contend that "Plaintiff and all 800 class members entered into identical contracts, **were similarly damaged, and that their damages are well over the statutory minimum of $5,000,000 exclusive of interest and costs**." (Emphasis added.) (Notice

of Removal. p. 4. ¶ 13.) To support this erroneous contention. Defendants cite only to paragraphs 17 and 26 of the Plaintiff's Complaint.

Paragraph 17 of the Complaint states as follows:

> "Plaintiff's claims in the action are typical of the class Plaintiff is generally representing.   The contracts and supporting documents received. signed and executed by Plaintiff are identical to those received by the remaining class members."

Paragraph 26 of the Complaint states:

> "Defendant(s) failed to perform the contracts as statutorily. contractually and legally required. Plaintiff and all Class Members have been damaged as a  result."

Nowhere in paragraphs 17 or 26 of the Complaint is a dollar amount even mentioned. (Please see Declaration of Alison M. Miceli).  Even though the Complaint states that the "contracts and supporting documents" are identical. it does not allege that the damages are identical.  Id. (Complaint. p. 4. ¶ 17. p. 6. ¶ 26.)  To calculate the amount in controversy. Defendants assume each class member suffered the maximum amount of damages.  However. Defendants submit no evidence to support that figure.  Furthermore. and of import in nullifying Defendants claim that the damages exceed $5.000.000. the Complaint affirmatively states that Plaintiff only "began" to provide remuneration (and thus did "begin" to experience resultant monetary damage) on the second. larger contract:

> Relying on the recommendation and information within the "legal protection report." Plaintiff was induced to enter into the "Phase II" contract with Defendants. In return for the services promised within the "Phase II" contract. Plaintiff was required to provide Defendant(s) a sum total of $9.240.00. Plaintiff did enter into the "Phase II" contract. and did **begin** to make the required payments.  (Emphasis added.) (Complaint. p. 6. ¶ 25.)  (Please see Declaration of Alison M. Miceli).

As the Complaint alleges only that Plaintiff "began" to make payments on the $9.240.00 amount. it is literally impossible for Defendants to calculate the amount in controversy based on the two paragraphs cited within their motion. or the complaint as a whole.  (Please see Declaration of Alison M. Miceli).  The reason the Defendants misconstrue paragraphs 17 and 26 of the

14

Complaint is because the Plaintiff has not claimed **any** specific amount of damages.

Additionally, even if one were to stretch the pleading in an attempt to calculate an amount certain, one would be required to multiply the amount specifically requested in the fourth paragraph of the Prayer for Relief, which states, "For an amount of Three Thousand Dollars ($3,000), or treble the actual damages, per Class Member and/or 17200 participant, pursuant to Business & Professions Code Section 22386, *et seq.*" Id. As "actual damages" are not specifically alleged and at present are not known, the only figure capable of calculation is the Three Thousand Dollar ($3,000) amount specified within Business & Professions Code § 22386. Id. Succinctly, 800 (Class Size) multiplied by $3,000 equals Two Million, Four Hundred Thousand Dollars ($2,400,000), **less than half of the CAFA minimum monetary amount**. Because Defendants have offered no facts to support the fact that the "claimed amount in controversy would be well over the statutory minimum of $5,000,000 exclusive of interest and costs," the instant motion should be granted.

## DISCRETIONARY REMAND

### A.    AS THE COMPLAINT IS BASED ON STATE-ENACTED "PROTECTIVE STATUTES," REMAND TO STATE COURT IS PROPER

Remand is discretionary because Federal Courts can, and should, decline jurisdiction of actions when a matter involves solely questions of state law. 18 U.S.C. § 1332. Because the issues raised in this action are state based questions, state law controls.

In the case at bar, Plaintiff is suing under two primary theories: the Consumers Legal Remedies Act and Business & Professions Code § 17200. As a general matter, remedial or protective statutes are liberally construed to effect their object and quell the mischief at which they are directed. See Gentis v. Safeguard Business Systems, Inc., 60 Cal. App. 4th 1294 (1998).

#### 1.    The Consumer Legal Remedies Act Is A Protective California Statute

Plaintiff alleges that Defendant ADVENT violated various sections of the CLRA, which is a California statute intended to protect California consumers. Civil Code § 1760, which the CLRA is based, contains an express statement of legislative intent. Section 1760 states, in

15

pertinent part, as follows: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

The CLRA was enacted in 1970 in an attempt to alleviate social and economic problems stemming from deceptive business practices, which were identified in the 1969 Report of the National Advisory Commission on Civil Disorders (i.e., the Kerner Commission). (See Reed, *Legislating for the Consumer: An Insider's Analysis of the Consumers Legal Remedies Act* (1971) 2 Pacific L.J. 1, 5-7.) Broughton v. Cigna Healthplans of California, 21 Cal. 4th 1066 (1999); see also America Online, Inc. v. Superior Court, 108 Cal. Rptr. 2d 699 (2001). The CLRA established a nonexclusive statutory remedy for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Wang v. Massey Chevrolet, 118 Cal. Rptr. 2d 770 (2002); Reveles v. Toyota by the Bay, 57 Cal. App. 4th 1139, 1154 (1997). Succinctly, the CLRA is treated as a protective measure for California consumers engaged in business transactions.

**2.     Business & Professions Code § 17200 Is A Protective California Statute**

Plaintiff alleges that Defendants violated California's consumer protection statute, otherwise known as Business & Professions Code § 17200. Section 17200 is designed to protect competitors and consumers from illegal, fraudulent, and unfair business practices by promoting fair competition in commercial markets for goods and services. The definition of "unfair competition" as set forth in Business & Profession Code § 17200 establishes a clear design by the legislature to protect consumers as well as competitors by permitting any member of the public to sue on his own behalf or on behalf of the public generally. Barquis v. Merchants Collection Ass'n, 7 Cal. 3d 94 (1972); Gregory v. Albertsons, 104 Cal. App. 4th 845 (2002). As such, the scope of Business & Professions Code § 17200 is broad because it covers a wide range of conduct. Daghlian v. DeVry University, Inc., 461 F. Supp. 2d 1121 (C.D. Cal. 2006). Therefore, Business & Professions Code § 17200, *et seq.* is regarded as a protective state measure.

16

**B.    THIS COURT MAY DECLINE JURISDICTION UNDER THE "HOME-STATE" CONTROVERSY EXCEPTION**

Federal courts should ordinarily reject jurisdiction "if there is any doubt as to the right of removal in the first instance." See Gaus, supra, 980 F.2d at 566. It is undisputed that this case involves only issues of California state law, specifically violations of the CLRA and Business & Professions Code § 17200. As a "home-state" or local controversy, courts may decline jurisdiction under CAFA and remand to state court.

CAFA states that the Court can, and should, decline jurisdiction of actions when a matter involves solely questions of state law, as set forth below:

> Under the "discretionary home-state controversy" exception, the Court may decline to exercise jurisdiction, "in the interests of justice and looking at the totality of the circumstances," based on consideration of the following factors:
>
> (1) whether the claims asserted involve matters of national or interstate interest;
>
> (2) whether the **claims asserted will be governed by laws of the State in which the action was originally filed** or by the laws of other States;
>
> (3) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (4) whether the **action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants**;
>
> (5) whether the **number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State**, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (6) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(Emphasis added.) Unitrust, supra, 2007 WL 2886036, citing 28 U.S.C. § 1332(d)(3); 18 U.S.C. 1332.

Significantly, "the Court uncovered no Ninth Circuit decision analyzing the factors listed in section 1332(d)(3). For guidance in the application of these factors, the Court has generally relied upon CAFA's legislative history." Unitrust, supra, fn. 3; see Sen. Rep. No. 109-14, at 36-39, as reprinted in 2005 U.S.C.C.A.N. 3, 35-37.

17

To meet the requirements of the home-state controversy exception, a party seeking to remand must prove the following by a preponderance of the evidence: (1) the party must establish that the citizenship of the members of two-thirds or more of the plaintiff class in the aggregate and the primary defendants is the State from which the action was removed; (2) the party must identify the primary defendants; (3) the party must establish the citizenship of those primary defendants; and (4) the party must demonstrate that two-thirds or more of the members of the plaintiff class are citizens of the same state as the primary defendants. Anthony v. Small Tube Mfg. Corp., 2007 WL 2844819 (E.D. Pa. 2007); 28 U.S.C. § 1332(d)(4)(B).

The local controversy exception was intended to ensure that state courts can continue to adjudicate truly local controversies in which some of the defendants are out-of-state corporations. In order to fall within the Local Controversy Exception, a class action must meet the following four criteria: (1) The class must be primarily local, meaning that more than two-thirds of class members must be residents of the state in which the action was filed; (2) at least one real defendant (whose alleged conduct is central to the class's claims and from whom the class seeks significant relief) must also be local; (3) the "principal injuries" caused by the defendants' conduct must have occurred in the state where the suit was brought; and (4) no other similar class actions have been filed against any of the defendants (by the same or other proposed classes) in the preceding three years. If all of these four criteria are satisfied, the case will not be subject to federal jurisdiction under the bill.

In Unitrust, supra, Plaintiffs filed a proposed class action based solely on Nevada law in federal district court under CAFA. Defendants then moved to remand the action to state court. The federal district court declined to exercise jurisdiction under CAFA finding as follows:

[T]his action is **governed by the laws of Nevada and does not involve matters of national or interstate interest**. Nevada clearly has a distinct nexus with the class members, the alleged harm and Defendants. Moreover, Nevada is home to a substantially greater portion of the plaintiff class than any other one state and no other single state has as great an interest in litigating the controversy as Nevada does. Accordingly, the **court concludes that it does not have jurisdiction over this matter, under CAFA** or otherwise. Id. (Emphasis added.)

1.     **Factor One- Whether The Claims Asserted Involve Matters Of National Or Interstate Interest**

In this case, the claims asserted do not involve matters of national or interstate interest; rather, the claims are solely limited to state or intrastate matters. As discussed above, the causes of action are based solely on violations of California statutes: the Consumers Legal Remedies Act and Business & Professions Code § 17200. Plaintiff specifically alleges that the issues presented in this case concern Defendants' violations of these state-based protective statutes. As a result, the issues remain one of intrastate interest.

18

2.    **Factor Two- Whether The Claims Asserted Will Be Governed By Laws Of The State In Which The Action Was Originally Filed Or By The Laws Of Other States**

In this case, the laws of California will govern the claims in this matter as the action was originally filed in the California Superior Court. Even after CAFA's enactment, *Erie*-related doctrines ensure that, for the most part, removal of a CAFA case from state to federal court produces a change of courtrooms and procedure rather than a change of substantive law. See McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1147(9th Cir. 2007). Here, Plaintiff's action does not involve any claims that arise out of South Carolina law. Moreover, claims under purely California statutes do not arise under the laws of South Carolina, where Defendant ADVENT is a citizen. Therefore, even if this case is heard in Federal Court, California law will still control state substantive issues.

3.    **Factor 3- Whether The Class Action Has Been Pleaded In A Manner That Seeks To Avoid Federal Jurisdiction**

This action was originally brought in San Diego Superior Court because the CLRA and Business & Professions Code § 17200 claims are based solely on California law and the proposed class members are all California residents. Plaintiff pleaded in this manner seeking to avoid federal jurisdiction because all of the issues raised in this action are state based questions.

4.    **Factor 4- Whether The Action Was Brought In A Forum With A Distinct Nexus With The Class Members, The Alleged Harm, Or The Defendants**

In the present case, the claims asserted by Plaintiff are purely confined to matters of state interest. The two statutes that this action is governed under are the CLRA and Business & Professions Code § 17200, which are both consumer protective statutes. Plaintiff, along with all 800 class members, are citizens of California, which is why this action was originally brought in California Superior Court. With regards to the alleged harm, Plaintiff and the other similarly situated class members were harmed in California, as Defendant ADVENT has three "regional offices" in the State. (Please see Declaration of Matthew Waters). Defendant ADVENT has also submitted to the California State Court jurisdiction by engaging in unauthorized business practices

19

here. Defendant EILAND also admitted being a resident of California. (Notice of Removal. p. 4. ¶ 12). Accordingly. there exists a distinct nexus between California and the class members. the alleged harm. and the Defendants.

     5.    **Factor 5- Whether The Number Of Citizens Of The State In Which The Action Was Originally Filed In All Proposed Plaintiff Classes In The Aggregate Is Substantially Larger Than The Number Of Citizens From Any Other State, And The Citizenship Of The Other Members Of The Proposed Class Is Dispersed Among A Substantial Number Of States**

In the instant case. the number of citizens of California in all plaintiff classes is 800. (Please see Declaration of Alison M. Miceli).  No other plaintiffs are located in other states. Presently. only Defendant ADVENT is named as a citizen of South Carolina. Therefore. California is home to the entire plaintiff class and no other single state has as great an interest in litigating the controversy as California.

     6.    **Whether, During The 3-Year Period Preceding The Filing Of That Class Action, 1 Or More Other Class Actions Asserting The Same Or Similar Claims On Behalf Of The Same Or Other Persons Have Been Filed**

After conducting a thorough investigation. Plaintiff has determined that no other class action lawsuits asserting the same or similar claims on behalf of the same Plaintiff or other persons have been previously filed against Defendants within the last three years. (Please see Declaration of Alison M. Miceli).

Because Plaintiff has satisfied the factors set forth under CAFA. this action should be remanded to California State Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

20

## V.

## <u>CONCLUSION</u>

Based on the foregoing reasons. this Court should grant Plaintiff's Motion to Remand to the San Diego Superior Court.

Dated: November 28. 2007

**SULLIVAN & CHRISTIANI, LLP**

/s/ Alison M. Miceli

William B. Sullivan.
Alison M. Miceli.
Attorneys for Plaintiff.
MATTHEW WATERS

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,

Defendants.

Civil Action No.: 07-cv-2089 (BTM)(LSP)

Document electronically filed.

Oral Argument Requested

Motion Date: December 28, 2007

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
(858) 551-2440

Of Counsel:
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

Attorneys for Defendants
Advent Product Development, Inc., Denice Thrulow and Alfonso Eiland

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...................................................................... iii

PRELIMINARY STATEMENT ...............................................................1

FACTUAL BACKGROUND.................................................................... 3

LEGAL ARGUMENT ............................................................................ 6

I.    REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE
      ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL
      QUESTION ................................................................................ 6

      A.    Standard for Removal under 28 U.S.C. § 1441 ................... 6

      B.    Diversity Jurisdiction exists under 28 U.S.C. § 1332(d) .................. 6

            1.    The Parties are Diverse because Advent is a Citizen of
                  the State of South Carolina ..................................... 6

            2.    Diversity of Citizenship has been Shown in the Notice
                  of Removal and the Mere Failure to Plead Citizenship
                  of the Two Individual Defendants is Not a Fatal
                  Procedural Defect Warranting Remand to State Court......... 8

            3.    This Matter Should Not be Remanded because
                  Defendants have Established the Requisite Amount in
                  Controversy ............................................................11

                  a.    The Complaint Sets Forth a Specific Amount of
                        Damages which Well Exceeds $5,000,000............... 12

                  b.    Even by a Preponderance of the Evidence the
                        Amount in Controversy Exceeds the
                        $5,000,000 Jurisdiction Minimum under the
                        Class Action Fairness Act ............................... 13

      C.    Subject Jurisdiction is Also Proper Due to the Presence of a
            Federal Question .....................................................................15

II.   ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH
      ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS
      THEREFORE PROPER...............................................................17

III.  REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS
      UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO
      DECLINE JURISDICTION OVER THIS MATTER ...................... 19

      A.    Discretionary Remand is Not Required because 28 U.S.C. §
            1332(d)(3) Does Not Apply in this Action ........................ 19

      B.    Mandatory Remand is not Required Under Either The Local
            Controversy or Home-State Controversy Exceptions Since
            Neither are Applicable in this Action................................. 21

- i -

# TABLE OF CONTENTS
(continued)

Page

1.  The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California .................. 21

2.  The Home-State Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought is Not a Citizen of the State of California ................ 23

CONCLUSION ..................................................................................................... 24

- ii -

#1252268v2
107136-60623

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in opposition to Plaintiff's motion to remand this matter to state court.

The Court has subject matter jurisdiction over this action because of the presence of both diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) and the presence of a federal question pursuant 28 U.S.C. § 1331. This exact issue was raised and ruled on by the Court of Appeals for the Federal Circuit ("CAFC") in two separate opinions. In each case, the CAFC's ruling demonstrated that a federal question exists when a court must interpret federal patent law to adjudicate an issue in the case. See Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P., 2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007).

Diversity jurisdiction also exists because both Plaintiff Mathew Waters and Defendant, Advent Product Development, Inc., are citizens of different states and the amount in controversy exceeds $5,000,000 thereby meeting 28 U.S.C. § 1332(d). Contrary to Plaintiff's contention, Advent can only be a citizen of the state in which it is incorporated and has its principal place of business, which is South Carolina not California. Furthermore, Advent does not become a citizen of the State of California by failing to comply with the state's specific requirements for a foreign corporation doing business there.

While it is true that the Notice of Removal states that the individual defendants, Thurlow and Eiland, are residents rather than citizens, this will not defeat diversity

jurisdiction. Rather, all that is required for diversity jurisdiction is that there be limited diversity requiring that any plaintiff be a citizen of a different state from any defendant as exists here between Advent and Waters. While Plaintiff claims that the description of the individual defendants' residence instead of citizenship requires remand, that is simply not the standard. Pursuant to 28 U.S.C. § 1653, amendments to the Notice of Removal are permitted specifically for this type of defective allegation of jurisdiction. Therefore, by having submitted subsequent declarations with this memorandum setting forth the citizenship of the parties, this Court in ruling on the motion for remand may construe these later filed declarations as an amendment to the Notice of Removal. Accordingly, there is diversity of citizenship in this case.

The amount in controversy as set forth with particularity in the Complaint exceeds the $5,000,000 minimum for diversity and there is no need to show to a legal certainty that the class will recover more than the jurisdictional minimum. Plaintiff's Complaint presumptively satisfies the amount in controversy because the potential damages as set forth in the Complaint per potential class member are $74,999.99. When applying this amount to each of Plaintiff's putative class of 800 members, there is no doubt that the alleged aggregate amount of $59,999,992.00 is well over the jurisdictional minimum of $5,000,000.00. Even if this Court were to review the jurisdictional amount using the preponderance of the evidence standard, which does not apply here, Waters and the alleged class members will still recover well in excess of the jurisdictional minimum. This amount includes the aggregate amount of the alleged contractual damages of $10,430.00 for each putative class member totally $8,344,000.00. After adding the potential amounts allowed under the rules, such as

2

trebling, punitive damages and attorney's fees to any alleged actual damages, the jurisdictional amount is greatly exceeded.

There is also no basis for remand as a result of Advent's alleged failure to attach all of the required documents and pleadings. First, Advent did file all documents served upon it pursuant to 28 U.S.C. § 1446(a). Plaintiff simply failed to verify that all of the documents were filed and can only attempt to claim that the Proof of Service is missing. Second, even if Advent failed to include a document, which it did not, the majority view of the courts finds that this it not fatal flaw. Therefore, remand is not warranted.

Finally, there is no basis for this Court to refuse to exercise jurisdiction. The only way that a Court may refuse to exercise jurisdiction of an action brought pursuant to the Class Action Fairness Act of 2005 is under one of the exceptions set forth in 28 U.S.C. § 1332(d). None of the exceptions are applicable in this case. Advent, the only primary defendant in this case from whom significant relief is sought and whose conduct forms a significant basis for the claims in this matter, is not a citizen of the State of California. Whereas Eiland, the only defendant who is a citizen of the State of California, was a representative of Advent who personally may have had contact with only a fraction of the proposed class. Eiland does not qualify as a primary defendant, is not the party from whom significant relief is sought, and his conduct does not form a significant basis for the claims. Therefore, remand is simply not proper under the discretionary or mandatory remand exceptions because none of them apply in this action.

## FACTUAL BACKGROUND

On September 18, 2007, Plaintiff filed a class action in the Superior Court of the State of California. (Compl.) The claims and basis for relief in the Complaint are under the Consumer Legal Remedies Act, the Business and Professions Code, and for fraud.

3

See id. Specifically, the Complaint states that "the claims of individual class members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court." (Compl. ¶1). Plaintiff asserts that all of the potential class members, which are alleged to be approximately 800 members, are citizens of the State of California and have entered into both the Product Profile Agreement, Phase One, and Representation Agreement, Phase Two, with Advent costing $1,190.00 and $9,240.00 respectively, having claims and damages typical to that of Waters. (Pl.'s Br. Remand 19; Compl. ¶ 12-25).

Eiland, one of many representatives of Advent working out of one of the three California offices, who has no involvement in the creation of Advent's contractual agreements or the creation of the Legal Protection Reports, met with Waters at Advent's San Diego office. (Waters Decl. ¶ 4; Thurlow Decl. ¶ 3). Waters agreed to enter into a Product Profile Agreement, Phase One for $1,190.00, and then later contracted with Advent under the Representation Agreement, Phase Two for $9,240.00. (Compl. ¶ 24-25).

Waters, like all of the potential plaintiffs in this matter, has paid Advent in full for both contractual agreements. (Thurlow Decl. ¶ 5). First, Waters paid Advent $1,190.00 for the Product Profile Agreement. (Compl. ¶ 24; Thurlow Decl. 4). Then, Waters paid Advent a deposit of $4,000.00 and signed a promissory note and security agreement for the remaining balance of $5,240.00 due under the Representation Agreement. (Thurlow Decl. ¶ 4 and Ex. B). The promissory note and security agreement is with a third party financing company. See id.

On October 3, 2007, Advent Product Development, Inc. was served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice to

4

Litigants/ADR Information Package and Stipulation to Alternative Dispute Resolution Process. (Not. Removal, Docket Entry 1 S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007) (hereinafter "Not. Removal"); Miceli Decl., Ex. 4, Proof of Service; Thurlow Decl. ¶ 6). Contrary to Plaintiff's contention, Advent was not served on October 9th with the above documents plus a copy of the Proof of Service. See id. Rather, as is made clear from reviewing the Proof of Service, which appears to be dated October 9, 2007, Advent was only served with the above documents less the Proof of Service on October 3rd. See id. Advent has not since been served with a copy of the Proof of Service, and therefore did not file this document with the Court. (Thurlow Decl. ¶ 6).

Advent removed this action on October 31, 2007. (Not. Removal). Attached to Defendants' Notice of Removal were all of the documentation that it was served with on October 3rd. (Not. Removal, Ex. A). Plaintiff's counsel was made aware of this fact in a November 13, 2007 letter. (Miceli Decl., Ex. 1). Plaintiff was also made aware of the fact that jurisdiction was proper under both 28 U.S.C. §§ 1332(d) and 1331. (See id.; Longstaff Decl., Ex. B).

At the time of filing the Notice of Removal, Defendants inadvertently described the citizenship of Plaintiff Mathew Waters and individual Defendants Denice Thurlow and Alphonso Eiland as residents of California and South Carolina respectfully. However, diversity jurisdiction exists between the parties because Advent, a citizen of the State of South Carolina, is diverse from Plaintiff Mathew Waters, who is a citizen of the State of California. (Compl.; Not. Removal ¶ 10; Longstaff Decl ¶ 2; Pl.'s Br. Remand 19). Furthermore, Denice Thurlow is both a resident and citizen of the State of South Carolina, and Alphonso Eiland is both a resident and citizen of the State of California. (Thurlow Decl. ¶ 2; Eiland Decl. ¶ 2).

5

### LEGAL ARGUMENT

I. **REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL QUESTION**

A. **Standard for Removal under 28 U.S.C. § 1441**

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because Plaintiff, Mathew Waters and the primary defendant and at least one secondary defendant are citizens of different states and the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d). Removal is also proper pursuant to 28 U.S.C. § 1441(b) because of the presence of a patent related federal question pursuant to 28 U.S.C. § 1331. Plaintiff's request for attorney's fees should also be denied because Advent had "an objectively reasonable basis" to remove this matter to this Court. Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citing Martin v. Franklin Capital Corp., 126 S. Ct. 704, 708 (2005)).

B. **Diversity Jurisdiction exists under 28 U.S.C. § 1332(d)**

1. The Parties are Diverse because Advent is a Citizen of the State of South Carolina

As set forth in the Notice of Removal, Advent Product Development, Inc. is a citizen of the State of South Carolina for purposes of diversity. (Not. Removal ¶ 10). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...." 28 U.S.C. § 1332(c) (2007). This statute is completely contrary to Plaintiff's attempted reasoning that Advent has subjected itself to the jurisdiction of the California State Court and is now a citizen of California by failing to comply with Cal.

6

Corp. Code § 2203(a).   See Cal. Corp. Code § 2203(a)(2007); Kaufman v. General Insurance Co. of America, 192 F. Supp. 238, 239-240 (S.D. Cal. 1961).

Not only do the requirements for a foreign corporation in California have nothing to do with diversity of citizenship, but the language as set forth in Cal. Corp. Code § 2203(a) does not even support this finding.   See Carter v. Clear Fir Sales Co., 284 F. Supp. 386, 387 (D. Or. 1967) (the mere fact that a corporation may be incorporated in more than one state by securing a license to do business there does not make it a citizen of each of these states); citing Kaufman, 192 F. Supp. 238.   Rather the California Corporation Code § 2203(a) only states that "any foreign corporation which transacts intrastate business and which does not hold a valid certificate from the Secretary of State ..., by transacting unauthorized intrastate business, shall be deemed to consent to the jurisdiction of _the_ courts of California ...." Corp. Code § 2203(a) (Emphasis added). Meaning that there will be personal jurisdiction over a corporation transacting business in California.   See Wang v. Saitama Bank, Ltd., 1991 U.S. App. LEXIS 17523, at * (9th Cir. July 25, 1991).   However, this language does not make that corporation a citizen of the state of California, nor does it limit jurisdiction only to the state courts of California, as compared to the federal courts, as Plaintiff attempts to argue here.

Furthermore, although Plaintiff explains to this Court the policy reasons for enacting the requirements for a foreign corporation in the California Corporations Code, it simply mischaracterizes the holding in Kaufman.   See 192 F. Supp. at 239-240.   The court in Kaufman held that these requirements for foreign corporations "have nothing to do with diversity of citizenship jurisdiction ... [and t]o follow plaintiff's contention would be to reverse the very purpose and policy of diversity jurisdiction by practically eliminating it from the Federal Courts.   In addition to this basic contradiction of a

7

Federal policy, considering defendant as a 'California corporation' for these purposes carries a legal fiction to absurd lengths." Id. Advent is a citizen of the State of South Carolina pursuant to 28 U.S.C. § 1332 since that is where it is incorporated and where it has its principal place of business. See 28 U.S.C. 1332(c); Kaufman, 192 F. Supp. at 242; Not. Removal ¶ 10. Therefore, diversity jurisdiction is appropriate.

> 2.  Diversity of Citizenship has been Shown in the Notice of Removal and the Mere Failure to Plead Citizenship of the Two Individual Defendants is Not a Fatal Procedural Defect Warranting Remand to State Court.

Even though the Notice of Removal fails to refer to the individual Defendants' citizenship but rather states that they are residents, this in and of itself is insufficient to defeat diversity of citizenship and remand this matter. This action has been removed pursuant to the Class Action Fairness Act of 2005, which does not require complete diversity of citizenship of the parties. See 28 U.S.C. § 1332(d). Rather, all that is required for diversity of citizenship is that "any member of a class of plaintiffs is a citizen of a State different from any defendant ...." Id.

A Notice of Removal is defective when there is an absence of facts or sufficient averments to determine whether diversity of citizenship exists. See Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904); Steigleder v. McQuesten, 198 U.S. 141, 143 (1905) (after alleging residence rather than citizenship, the court looked at evidence to conclude that diversity of citizenship did not exist); Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (notice of removal was defective because the "allegations of residence are insufficient to establish diversity jurisdiction" under 1332(a)(1)); Schultz v. Cally, 528 F.2d 470 (3d Cir. 1975) (total diversity was not shown under 1332(a) because citizenship of all of the parties was not set forth).

8

However, this case, unlike the case law cited by Plaintiff, does not require complete diversity under 28 U.S.C. § 1332(a), but only that this Court be able to determine limited diversity of citizenship under 28 U.S.C. § 1332(d). As explained above, Defendant Advent is citizen of the State of South Carolina which is different from Plaintiff Mathew Waters thereby meeting the requirements for diversity under 28 U.S.C. § 1332(d). (Not. Removal; Compl.). Diversity of citizenship between Plaintiff and Advent is all that is needed for this Court to determine that diversity jurisdiction exists.

Furthermore, Defendants' declarations, which have been submitted in support of this memorandum, may be considered as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 in order to correct the allegations of "residence" rather than "citizenship" for the Plaintiff and individual Defendants. (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2). This amendment is permitted under 28 U.S.C. § 1653, outside of the 30 day right to amend a Notice of Removal period as set forth in 28 U.S.C. § 1447, for "[d]efective allegations of jurisdiction ...." 28 U.S.C. § 1653 (2007); see also 28 U.S.C. § 1447. Meaning that amendments which correct defective allegations of citizenship are permissible because the Notice of Removal is lacking in form and not substance. See Paoa v. Marati, 2007 U.S. Dist. 67596, at *16-17 (D. Haw. Sept. 11, 2007) citing Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (permitting an amendment to cure allegations of citizenship)

28 U.S.C. § 1653 includes allowing an amendment to correct the reference to one's residence rather than citizenship in order to properly set forth diversity jurisdiction. See Luehrs v. Utah Home Fire Ins. Co., 450 F.2d 452, 454 (9th Cir. 1971) (granting a motion for leave to amend the notice of removal to correct the deficiency of the reference to one being a resident as opposed to a citizen); Kanter v. Warner-Lambert

9

Co., 265 F.3d 853, 858 (9th Cir. 2001) (in determining whether a motion for remand was proper, the court went on to examine whether the amount in controversy was proper since the defendants could cure the defective allegation of citizenship by amendment); Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 869-870 (N.D. Cal. 1992) (rejecting the argument that the incomplete allegations of residence in the notice of removal are fatal and refusing to remand the matter because defects of this type are of form and amendable at any time). Even the case law from the Seventh Circuit, that Plaintiff relied on, only remanded the case back to state court after the defendants were given two months to file an amendment, under 28 U.S.C. § 1653, to correct the use of residence instead of citizenship, but failed to do so. See Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000).

When ruling on a motion for remand this Court may consider this opposition and the declarations filed in support of thereof as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 to correct or clarify technical deficiencies, such as here, in the Notice of Removal. See 17 Moore's Federal Practice § 107.41[1][e][ii] at 107-202 to 107-202.1 (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (district court did not err in construing an affidavit stating the amount in controversy as an amendment to the Notice of Removal)); Willingham v. Morgan, 395 U.S. 402, 408 (1969) (removal was proper because the required facts were found in later filed affidavits rather than in the notice of removal); Alexander v. FedEx Ground Package System, Inc., 2005 U.S. Dist. LEXIS 5129, at *8 (N.D. Cal. March 25, 2005). Thus, even if Advent was not diverse from Waters, which it is, the subsequently filed declarations make clear that removal was proper because the parties are citizens of different states satisfying 28 U.S.C. § 1332(d). (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2).

#1252268 v 2
107136-60623

3.   This Matter Should Not be Remanded because Defendants
      have Established the Requisite Amount in Controversy.

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because not only are the parties citizens of different states but the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d). When determining the amount in controversy of an action brought pursuant to the Class Action Fairness Act ("CAFA"), a court should "'interpret[] expansively' its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, 'the court should err in favor of exercising jurisdiction over the case.'" Romeo v. The Home Depot U.S.A., Inc., 2006 U.S. Dist. LEXIS 79881, at * 5 (S.D. Cal. October 30, 2006); citations omitted.

The Ninth Circuit has developed three pleading scenarios for which to determine whether the amount in controversy has been met and what level of proof a defendant needs to meet. See Levine v. BIC USA, Inc., 2007 U.S. Dist. LEXIS 60952, at *15-16 (S.D. Cal. August 20, 2007) (citing Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994 (9th Cir. 2007); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006)). First, if, when looking at the four corners of the complaint, an amount in excess of the federal amount in controversy has been plead, then the "amount-in-controversy requirement is presumptively satisfied unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional amount.'" Levine, 2007 U.S. Dist. LEXIS 60952, at *10-11. Second, if the Complaint does not plead a specific amount of damages, then the defendant must show that the amount in controversy has been met by a preponderance of the evidence. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). Third, which is not present here, when the complaint

11

specifically pleads damages less than the jurisdictional amount of $5,000,000. <u>See</u> <u>Levine</u>, 2007 U.S. Dist. LEXIS 60952, at *11.

a.    <u>The Complaint Sets Forth a Specific Amount of Damages which Well Exceeds $5,000,000.</u>

Contrary to Plaintiff's argument that the amount in controversy has not been plead and this matter falls into the second pleading scenario, the court in <u>Levine</u> makes clear that this matter actually involves the first pleading scenario. <u>Levine</u>, 2007 U.S. Dist LEXIS 60952, at *15-16. When a Complaint states that "the amount in controversy does not exceed $74,999.99 as to Plaintiff or any other Class Members" and is silent about the damages not exceeding the $5,000,000, a specific amount of damages have been plead. <u>Id.</u> The court will then not even require a defendant "to show to a legal certainty the amount in controversy exceeds the jurisdictional limit because the 'does not exceed' figure ... attaches ... to each putative class member." <u>Levine</u>, 2007 U.S. Dist LEXIS 60952, at *15-16; <u>see also</u> <u>Lowdermilk</u>, 479 F.3d at 996 (finding that plaintiff did plead a specific amount in damages and the preponderance of the evidence standard would not apply because plaintiff stated that "the aggregate total of the claims pled herein do not exceed five million dollars").

Similarly, Plaintiff's Complaint in this matter has set forth the amount of damages sought by stating that "the claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold", and makes no representations regarding the amount in controversy not exceeding $5,000,000. <u>See</u> Compl. at 1. Therefore, the maximum value of damages, like in <u>Levine</u>, which attaches to each of the alleged 800 putative class members of $74,999.99 totals $59,999,992.00 and will clearly exceed the $5,000,000 jurisdictional minimum. <u>Levine</u>, 2007 U.S. Dist. LEXIS

12

60952, at *16-17. Since, this figure attaches to each class member, Defendants need not show to a legal certainty that this amount is greater than the jurisdictional minimum of $5,000,000.

> b.    Even by a Preponderance of the Evidence the Amount
> in Controversy Exceeds the $5,000,000 Jurisdiction
> Minimum under the Class Action Fairness Act

Even assuming, arguendo, that this Court determines that the Complaint's statement that the damages "are under $75,000" does not set forth a specific amount of damages, the second pleading scenario would be applied in this action and the same jurisdictional amount would still be meet by a preponderance of the evidence. This would require Advent to show by a preponderance of the evidence that the minimum amount in controversy has been met. Gaus, 980 F.2d at 567. In order to meet this standard, this Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted). This evidence includes the Notice of Removal and further pleadings to determine whether the amount in controversy has been met. Cohn, 281 F.3d at 840.

This action has been brought for an alleged violation under the California Consumer Legal Remedies Act, a violation under the Business and Professions Code, and for common law fraud. Pursuant to the California Consumer Legal Remedies Act, the Plaintiff and potential class members are entitled to recover actual damages, an injunction, punitive damages, and attorney's fees. See Cal. Civ. Code 1780(a). For a violation of the Business and Professions Code, the plaintiff and potential class members may recover the greater of three thousand dollars or "three times the actual

13

damages ... [i]n addition to the greater of the preceding amounts, the court may award reasonable attorney's fees ...." Cal. Bus & Prof Code § 22386 (2007).

When determining the amount in controversy it is proper for this Court to include punitive damages and reasonable attorney's fees since they are recoverable by statute and will be applied to the entire class. See Gibson v. Chrysler Corp, 261 F.3d 927, 945 (9th Cir. 2001)("[it is] well established that punitive damages are part of the amount in controversy in a civil action.")(citations omitted); 17 Moore's Federal Practice § 102.106[6][a] at 102-181. Plaintiff has also alleged and asked that any actual damage award be trebled pursuant to Cal. Bus & Prof Code § 22386. (Pl.'s Br. Remand 12-13.; Compl. at 12). Accordingly, the treble damages number should be considered as part of the amount in controversy.

Although Plaintiff is correct that the Complaint states that Waters was required to provide a sum of $9,240.00 for the Phase II contract and "did begin to make the required payments", this does not accurately reflect the amount of damages Plaintiff hopes to recover in this case. (Compl. ¶ 25). Waters, like all potential class members in this action, have paid Advent in full for both contractual agreements. (Thurlow Decl. ¶ 5). While Waters may have only paid Advent $1,190.00 for the first contract and paid a deposit of $4,000.00 for the second contract, he thereafter signed a promissory note and security agreement to a third party financing company for the remaining amount. Therefore, Waters is actually seeking a refund of both contractual amounts in this matter which includes the $1,190.00 for the Product Profile Agreement and $9,240.00 for the Representation Agreement.

Also as stated in the Complaint, "Plaintiff's claims in the action are typical of the class Plaintiff is generally representing. The contracts and supporting documents

14

received, signed and executed by Plaintiff are identical to those received by the remaining class members." (Compl. ¶ 17). Therefore, contrary to Plaintiff's claim, Waters and the alleged class members in this action appear to be seeking actual damages for the full amount of both contracts of $1,190.00 and $9,240.00 totaling $10,430.00. This amount could be potentially be trebled plus punitive damages and attorneys' fees recoverable under the Consumer Legal Remedies Act.

Just using the aggregate of the alleged actual damages of $10,430.00 times a putative class of 800 members would make the amount in controversy $8,344,000.00. Then if this Court were to treble that amount, not including punitive damages and attorney's fees, the amount in controversy will be $25,032,000.00. This more than establishes, by a preponderance of the evidence, the fact that the amount in controversy for diversity jurisdiction may be well in excess of $5,000,000 in this matter.

### C.    **Subject Jurisdiction is Also Proper Due to the Presence of a Federal Question**

Pursuant to 28 U.S.C. § 1331 (2007), a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." It is proper to remove a case to federal court pursuant to 28 U.S.C. § 1441, if there is a federal question that appears on the face of the complaint. King County v. Rasmussen, 299 F.3d 1077, 1082 (9th Cir. 2002). Specifically, it is proper to remove an action relating to questions of patent law to a federal court, which has exclusive jurisdiction[1] over these matters. See 28 U.S.C. § 1338 (2007).

The standard set forth by the Supreme Court, in extending 28 U.S.C. § 1338 federal jurisdiction, requires that "a well-pleaded complaint establishes either that

---

[1] Subject matter jurisdiction is never waived and may be raised at any time. See Miguel v. Country Funding Corp, 309 F.3d 1161, 1163 (9th Cir. 2002); citing United States v. Hays, 515 U.S. 737, 742 (1995).

#1252268 v2
107136-60623

federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends *on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.*" <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 809 (1998) (emphasis added).

The Federal Circuit has held that although a patent legal malpractice claim is a state law based claim, it still requires the resolution of a substantial question of patent law in evaluating a necessary element of the claim. <u>See Air Measurement Tech., Inc.</u>, 2007 U.S. App. LEXIS 24098; <u>Immunocept, LLC</u>, 2007 U.S. App. LEXIS 24095. In this case, as the Federal Circuit has held, regardless of whether a patent has issued, in order to evaluate a necessary element of Waters' claims, this Court will need to evaluate the potential errors that occurred in creating the Legal Protection Report thereby requiring the application of patent law. <u>See id</u>.

Although Plaintiff's claims are state based, they will still require the resolution of a substantial question of patent law. This is because it is alleged that Advent purposely failed to disclose various prior art references that "were so closely related to Plaintiff's idea that patent protection could not have been obtained ...." (Compl ¶ 27). Accordingly, to evaluate Plaintiff's claims, a court will need to review the Plaintiff's invention and the alleged invalidating prior art to determine if the invention is novel and not barred by 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103.

Patent law lies at the heart of Plaintiff's claims and its evaluation is absolutely necessary for determining whether the Legal Protection Report actually failed to disclose relevant information which was thereafter relied upon by Plaintiff. Since the entire inquiry will be an evaluation of Legal Protection Report and prior art references

#1252268 v 2
107136-60623

through the lens of the relevant patent law, this Court has federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1338.

## II.   ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS THEREFORE PROPER.

Plaintiff contends that Defendants did not file all of the required documentation in this action, which is a completely false accusation as they were advised of by letter. (Miceli Decl., Ex. 1). Had Plaintiff looked through all of the papers that it was served with or that were posted on the Electronic Docket, it would have discovered the Summons, Civil Cover Sheet, Notice of Case Assignment, Notice of Litigants/ADR Information Package, and Stipulation to Alternative Dispute Resolution Process which were filed in this matter. (Not. Removal, Ex. A, Ex. 1). Therefore, the only document that Plaintiff lists that is allegedly missing from the Notice of Removal is the Proof of Service.

When filing a Notice of Removal it requires that Advent file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. 1446(a). Not only was Advent served on October 3rd, not October 9th as Plaintiff contends, but the Proof of Service makes clear that Advent was only served with the above listed documents that it filed with this Court which did not include a Proof of Service. (Miceli Decl. at 4 and Ex. 4, Proof of Service).

The Plaintiff's Proof of Service appears to have been created on October 9, 2007, and seems to have been faxed at 10:34 a.m. to Plaintiff's counsel. See id. Advent was never served with a copy of this document, and Plaintiff never alleged that it later served

17

this document on Advent. (Thurlow Decl. ¶ 6). Therefore, Advent has complied with all of the requirements of 28 U.S.C. § 1446.

Furthermore, the Proof of Service is not the type of document that makes a Notice of Removal fatal such that remand is required. Plaintiff asks that this Court take the position of the minority view by remanding this matter. Young v. Cmty. Assessment & Treatment Servs., 2007 WL 3340033, at *3 (N.D. Ohio Nov. 6, 2007); citing Kisor v. Collins, Jr. 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004); Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am., 2005 WL 1653629, * 4 (D. Or. July 6, 2005); Curry v. Royal Palm Sav. Ass'n, 713 F.Supp. 388, 389 (S.D. Fla. 1989). However, the minority view is improper because, as analyzed by the Sixth Circuit, the language of 28 U.S.C. § 1447, only requires a remand when the Court lacks subject jurisdiction. Young, 2007 WL 3340033, at *4-5. The first sentence of 28 U.S.C. § 1447 does not have such mandatory remand language with regard to non-jurisdictional defects such as are alleged here. See id. at *3 ("[p]rocedural defects such as failure to attach a summons ... are not central to the district court's authority").

In rejecting the minority's interpretation of the removal statute, the Sixth Circuit based its decision on a reading of the statutory language and the legislative history which favor giving a court discretion with regarding to how to handle procedural defects. See id. at 3-5; citing Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp. 2d 1213, 1218 (D.Kan. 2005). Similarly, this Court should apply the majority view to find that any failure to attach a document of this type is not fatal to a Notice of Removal. However, since Advent has attached all of the applicable documents, this analysis is simply not necessary.

18

### III.    REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO DECLINE JURISDICTION OVER THIS MATTER.

Plaintiff attempts to argue that merely because all of the claims involve matters which are questions of state law, remand is proper, which simply has no foundation in law for support. Rather, the whole point of diversity jurisdiction is to allow parties to enter into a federal court even when the action involves issues which are solely based on questions of state law involving citizens of different states with an amount in controversy over the amount set forth in 28 U.S.C. § 1332.

A court may only decline jurisdiction, which has been created under the CAFA, when the party seeking remand shows that one of the exceptions set forth in 28 U.S.C. § 1332(d) are met. See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007) (party seeking remand bears the burden of proving the jurisdictional exceptions are met). The exceptions were created so that "truly local " controversies remained in state courts. See Kearns v. Ford Motor Co., 2005 U.S. Dist. LEXIS 41614, at *3-4 (C.D. Cal. Nov. 21, 2005). However, not only is this controversy not a local issue, but Plaintiff has failed to meet its' burden of proof by showing that either 28 U.S.C. § 1332(d)(3) or 28 U.S.C. § 1332(d)(4) are applicable here.

### A.    Discretionary Remand is Not Required because 28 U.S.C. § 1332(d)(3) Does Not Apply in this Action.

It is on information and belief, that all of the potential class members are citizens of the State of California whereas the primary defendants are not citizens of this state, thereby failing to satisfy the requirements for this Court to exercise its' discretionary right not to maintain jurisdiction. Pursuant to 28 U.S.C. § 1332(d)(3), a court may decline to exercise jurisdiction over a matter "in which greater than one-third but less

19

than two-thirds of the members of all proposed plaintiff classes in the aggregate <u>and</u> the primary defendants are citizens of the State in which the action was originally filed ...." <u>See</u> 28 U.S.C. § 1332(d)(3) (emphasis added).  From a review of the Complaint and as admitted in Plaintiff's memorandum in support of this motion, Plaintiff and the potential class members are citizens of the State of California.  (Compl.; Pl.'s Br. Remand 19).  Therefore, without providing more evidence to the contrary, this Court cannot assume that one-third of the potential class members might not be citizens of State of California.  <u>See</u> <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at *22.

However, the Court need not make this determination since the primary defendants in this action are not citizens of the State of California as is required under 28 U.S.C. § 1332(d)(3).  "[A] 'primary defendant' is any with direct liability to the plaintiffs."  <u>See</u> <u>id.</u> at 26 (citations omitted).  This would be the party who would expect "to incur most of the loss if liability is found ... [which includes] any person who has substantial exposure to significant portions of the proposed class in the action ...." <u>Hangarter v. Paul Revere Life Insurance Co.</u>, 2006 U.S. Dist. LEXIS 5295, at *8 (N.D. Cal. Jan. 26, 2006) (defining primary defendant for use in reviewing 28 U.S.C. § 1332(d)(5)).

The Complaint as drafted only seeks recovery against Advent and not the individual defendants.  Furthermore, Advent was the company whom the potential class members paid for services to be performed under both the Phase One and Phase Two contractual agreements.  (Thurlow Decl. ¶ 4).  Therefore, this Court cannot conclude that all of the primary defendants are citizens of this state since Advent, the only primary defendant, is a citizen of the State of South Carolina.  Since the initial requirements of 28 U.S.C. § 1332(d)(3) are not met, this Court need not look at the

#1252268 v2
107136-60623

totality of circumstances. Even though Plaintiff jumped right to the analysis of looking at the totality of the circumstances, it failed to satisfy the initial requirement of showing that greater than one-third and less than two-thirds of the class members and the primary defendants were citizens of the State of California. See 28 U.S.C. § 1332(d)(3). Therefore, this Court, in its' discretion, cannot refuse to maintain jurisdiction over this action since 28 U.S.C. § 1332(d)(3) does not apply.

**B.      Mandatory Remand is not Required Under Either The Local Controversy or Home-State Controversy Exceptions Since Neither are Applicable in this Action.**

A court must decline jurisdiction over a matter pursuant to 28 U.S.C. §1332(d)(4) when either the local controversy or home-controversy exceptions are met. However, neither exist in this case, for the reasons explained below, and therefore, remand is not required.

      1.      The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California.

Remand is not necessary under the local controversy exception because Advent, a citizen of the State of South Carolina, is the only party whom Plaintiff seeks to recover significant relief from and whose conduct forms a significant basis for the claims. Pursuant to 28 U.S.C. § 1332(d)(4)(A), a court shall decline jurisdiction over a matter when "at least 1 defendant is a defendant ... from whom significant relief is sought by members of the plaintiff class; ... whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and ... who is a citizen of the State in which the action was originally filed ...." In order to fall under this category, all three of the requirements must be met. Kearns, 2005 U.S. Dist. LEXIS 41614, at * 30. However,

21

Eiland is the only defendant who is a citizen of the State of California and the class as a whole is not seeking significant relief from him, but is only seeking this relief from Advent.

This case is similar to the one that was analyzed in <u>Kearns</u>. <u>See id.</u> at 34. There the court turned to the Committee Report which explained that a local agent of an insurance company, who were both named as defendants in a consumer fraud case, was not the party whom significant relief was sought. <u>See id.</u> Rather, when reviewing the relief sought by the class as a whole, it was true that the local agent may have had contact with some of the purported class members, but this would not make them a defendant whom significant relief was sought. <u>See id.</u> at 35. Similarly, Eiland is not the only representative who works out of Advent's California offices and therefore may have only dealt with a fraction of the potential class members. <u>See id.</u>; (Thurlow Decl. ¶ 3). Therefore, he is not the party whom significant relief is sought.

Eiland is also not the person whose conduct has formed a "significant basis" for the claims in this action. Rather a significant basis, as set forth in the very same Committee Report's review of the same consumer fraud case, found that the agent of the insurance company "would not be a person whose alleged conduct forms a significant basis for the claims asserted. At most, that agent would have been an isolated role player in the alleged scheme implemented ...." <u>Id.</u> at 36-37. Eiland's role was that of a representative of Advent who met with Waters. However, the Complaint claims that Advent's contracts did not contain the proper disclosures and that the Legal Protection Report was deficient. (Compl. ¶ 24-26). None of these documents were created by Eiland. (Thurlow Decl. ¶ 3). Rather, it is Advent and not Eiland's, allegedly wrongful conduct that forms a significant basis for the claims in this action.

22

The local controversy exception does not apply here. Advent, a citizen of South Carolina, and not California. Advent is the primary defendant from whom significant relief is sought and whose conduct forms the significant basis for the claims. Therefore, 28 U.S.C. § 1332(d)(4)(A) does not apply and remand is not appropriate.

      2.   <u>The Home-State Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought is Not a Citizen of the State of California.</u>

Remand is not appropriate under the home-state controversy exception because Advent is the only primary defendant and as discussed above, it is a citizen of the State of South Carolina. Pursuant to 28 U.S.C. § 1332(d)(4)(B), a district court shall not exercise jurisdiction over a matter when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, <u>and</u> the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). As discussed above, a primary defendant is one who is either directly liable or has played a main role in the dispute. See <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at *26. Since Advent, the primary defendant, is not a citizen of the State of California, the home state controversy exception will not apply. See <u>id.</u> at 28. Therefore, remand in this matter is not appropriate since Plaintiff's cannot meet their burden of showing that this exception applies here.

#1252268 v2
107136-60623

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand

and deny Plaintiff's request for attorneys' fees.

Respectfully submitted,

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
Attorneys for Defendants
Advent Product Development, Inc., Denice
Thurlow, and Alphonso Eiland

DATED: December 14, 2007            By:    s/ A. Kipp Williams
                                           A. Kipp Williams

Of Counsel:

David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

24

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>Document electronically filed.<br><br>Oral Argument Requested<br>(Per Chambers No Oral Argument)<br><br>Motion Date: January 18, 2008 at 11:00 a.m. |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF REMOVAL

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
(858) 551-2440

Of Counsel:
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

Attorneys for Defendants
Advent Product Development, Inc., Denice
Thrulow and Alfonso Eiland

i

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in support of their motion for leave to file an amended notice of removal pursuant to 28 U.S.C. § 1653 (2007).

Leave to amend a notice of removal is routinely granted to correct or clarify defective allegations as to jurisdiction. Specifically, amendments are routinely permitted to correct allegations of a party's residence as a opposed to his or her citizenship such as here. Therefore, this Court should grant Defendants' request to file an Amended Notice of Removal which clarifies Plaintiff, Mathew Waters, and individual Defendants, Denice Thurlow and Alfonso Eiland's citizenship.

## FACTUAL BACKGROUND

Defendants incorporate by reference the facts and arguments set forth in their pending opposition to Plaintiff's motion to remand to state court. See Exhibits 1-4 attached hereto; see also Longstaff Decl., Ex. 1.

## LEGAL ARGUMENT

Defendants incorporate by reference the facts and arguments set forth in their pending opposition to Plaintiff's motion to remand to state court. See Exhibits 1-4 attached hereto; see also Longstaff Decl., Ex. 1.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for leave to file an amended notice of removal.

Respectfully submitted,

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
Attorneys for Defendants
Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland

DATED: December 14, 2007          By:    s/ A. Kip Williams
                                       A. Kip Williams

Of Counsel:

David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

2

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,<br><br>Defendants. | Civil Action No.: 07-cv-2089 (BTM)(LSP)<br><br>Document electronically filed.<br><br>Oral Argument Requested<br><br>Motion Date: December 28, 2007 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

> BLANCHARD, KRASNER & FRENCH
> 800 Silverado Street, Second Floor
> La Jolla, California 92037
> (858) 551-2440
>
> Of Counsel:
> GIBBONS P.C.
> One Gateway Center
> Newark, New Jersey 07102-5310
> (973) 596-4500
>
> Attorneys for Defendants
> Advent Product Development, Inc., Denice
> Thrulow and Alfonso Eiland

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................... iii

PRELIMINARY STATEMENT...............................................................1

FACTUAL BACKGROUND.................................................................. 3

LEGAL ARGUMENT ......................................................................... 6

I.  REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE
    ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL
    QUESTION .............................................................................. 6

    A.  Standard for Removal under 28 U.S.C. § 1441 ................... 6

    B.  Diversity Jurisdiction exists under 28 U.S.C. § 1332(d) .................. 6

        1.  The Parties are Diverse because Advent is a Citizen of
        the State of South Carolina ..................................... 6

        2.  Diversity of Citizenship has been Shown in the Notice
        of Removal and the Mere Failure to Plead Citizenship
        of the Two Individual Defendants is Not a Fatal
        Procedural Defect Warranting Remand to State Court........ 8

        3.  This Matter Should Not be Remanded because
        Defendants have Established the Requisite Amount in
        Controversy ..........................................................11

            a.  The Complaint Sets Forth a Specific Amount of
            Damages which Well Exceeds $5,000,000............... 12

            b.  Even by a Preponderance of the Evidence the
            Amount in Controversy Exceeds the
            $5,000,000 Jurisdiction Minimum under the
            Class Action Fairness Act ............................. 13

    C.  Subject Jurisdiction is Also Proper Due to the Presence of a
    Federal Question ...................................................15

II. ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH
    ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS
    THEREFORE PROPER.................................................17

III. REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS
     UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO
     DECLINE JURISDICTION OVER THIS MATTER ..................... 19

    A.  Discretionary Remand is Not Required because 28 U.S.C. §
    1332(d)(3) Does Not Apply in this Action ........................ 19

    B.  Mandatory Remand is not Required Under Either The Local
    Controversy or Home-State Controversy Exceptions Since
    Neither are Applicable in this Action............................. 21

- i -

## <u>TABLE OF CONTENTS</u>
### (continued)

Page

1.    The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California .................. 21

2.    The Home-State Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought is Not a Citizen of the State of California ................. 23

CONCLUSION ...................................................................................................... 24

#1252268v2
107136-60623

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Abrego Abrego v. The Dow Chemical Co.,
  443 F.3d 676 (9th Cir. 2006) ...................................................................11

Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld. L.L.P.,
  2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007)..................................1, 16

Alexander v. FedEx Ground Package System, Inc.,
  2005 U.S. Dist. LEXIS 5129 (N.D. Cal. March 25, 2005)..............................10

Barrow Dev. Co. v. Fulton Ins. Co.,
  418 F.2d 316 (9th Cir. 1969)......................................................................9

Carter v. Clear Fir Sales Co.,
  284 F. Supp. 386 (D. Or. 1967) ..................................................................7

Christianson v. Colt Industries Operating Corp.,
  486 U.S. 800 (1998) ...............................................................................16

Cohn v. Petsmart, Inc.,
  281 F.3d 837 (9th Cir. 2002)...............................................................10, 13

Curry v. Royal Palm Sav. Ass'n,
  713 F.Supp. 388 (S.D. Fla. 1989) ............................................................18

Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety
  Co. of Am.,
  2005 WL 1653629 (D. Or. July 6, 2005).....................................................18

Gaus v. Miles, Inc.,
  980 F.2d 564 (9th Cir. 1992)...............................................................11, 13

Gibson v. Chrysler Corp,
  261 F.3d 927 (9th Cir. 2001)....................................................................14

Hangarter v. Paul Revere Life Insurance Co.,
  2006 U.S. Dist. LEXIS 5295 (N.D. Cal. Jan. 26, 2006)................................20

Immunocept, LLC v. Fulbright & Jaworski, LLP,
  2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007) ............................1, 16

Kacludis v. GTE Sprint Communications Corp.,
  806 F. Supp. 866 (N.D. Cal. 1992) ..........................................................10

#1252268v2
107136-60623

Kanter v. Warner-Lambert Co.,
   265 F.3d 853 (9th Cir. 2001)............................................................................10

Kaufman v. General Insurance Co. of America,
   192 F. Supp. 238 (S.D. Cal. 1961).............................................................7, 8

Kearns v. Ford Motor Co.,
   2005 U.S. Dist. LEXIS 41614 (C.D. Cal. Nov. 21, 2005)....................... passim

King County v. Rasmussen,
   299 F.3d 1077 (9th Cir. 2002)....................................................................15

Kisor v. Collins, Jr.
   338 F. Supp. 2d 1279 (N.D. Ala. 2004)......................................................18

Levine v. BIC USA, Inc.,
   2007 U.S. Dist. LEXIS 6095216 (S.D. Cal. August 20, 2007)..................11, 12

Lowdermilk v. U.S. Bank Nat'l Assoc.,
   479 F.3d 994 (9th Cir. 2007)......................................................................11, 12

Luehrs v. Utah Home Fire Ins. Co.,
   450 F.2d 452 (9th Cir. 1971)........................................................................9

Miguel v. Country Funding Corp,
   309 F.3d 1161 (9th Cir. 2002).....................................................................15

Paoa v. Marati,
   2007 U.S. Dist. 67596 (D. Haw. Sept. 11, 2007)..........................................9

Patel v. Del Taco, Inc.,
   446 F.3d 996 (9th Cir. 2006) ......................................................................6

Romeo v. The Home Depot U.S.A., Inc.,
   2006 U.S. Dist. LEXIS 79881 (S.D. Cal. October 30, 2006)..........................11

Schultz v. Cally,
   528 F.2d 470 (3d Cir. 1975)........................................................................8

Serrano v. 180 Connect, Inc.,
   478 F.3d 1018 (9th Cir. 2007) ...................................................................19

Steigleder v. McQuesten,
   198 U.S. 141 (1905)....................................................................................8

Thomas v. Board of Trustees,
   195 U.S. 207 (1904)....................................................................................8

Tylka v. Gerber Products Co.,
   211 F.3d 445 (7th Cir. 2000) ..................................................................8, 10

- iv -

United States v. Hays,
    515 U.S. 737 (1995)...............................................................15

Valdez v. Allstate Ins. Co.,
    372 F.3d 1115 (9th Cir. 2004)................................................13

Wang v. Saitama Bank, Ltd.,
    1991 U.S. App. LEXIS 17523 (9th Cir. July 25, 1991)....................7

Willingham v. Morgan,
    395 U.S. 402 (1969)............................................................10

Yellow Transp., Inc. v. Apex Digital, Inc.,
    406 F. Supp. 2d 1213 (D.Kan. 2005)......................................18

Young v. Cmty. Assessment & Treatment Servs.,
    2007 WL 3340033 (N.D. Ohio Nov. 6, 2007)............................18

**Statutes**

28 U.S.C. § 1331 .......................................................... 1, 5, 6, 15

28 U.S.C. § 1332 .............................................................. 8, 19

28 U.S.C. § 1332(a) ............................................................. 9

28 U.S.C. § 1332(c).......................................................... 6, 8

28 U.S.C. § 1332(d)........................................................ passim

28 U.S.C. § 1332(d)(3)................................................... 19, 20, 21

28 U.S.C. § 1332(d)(4).................................................... 19, 21

28 U.S.C. § 1332(d)(4)(A)................................................ 21, 23

28 U.S.C. § 1332(d)(4)(B) ................................................... 23

28 U.S.C. § 1332(d)(5)....................................................... 20

28 U.S.C. § 1338 (2007).................................................. 15, 17

28 U.S.C. § 1441 ............................................................. 15

28 U.S.C. § 1441(a)........................................................ 6, 11

28 U.S.C. § 1441(b)........................................................... 6

28 U.S.C. § 1446 ............................................................. 18

28 U.S.C. § 1446(a)............................................................ 3

#1252268v2
107136-60623

28 U.S.C. § 1447..................................................................................9, 18

28 U.S.C. § 1653...............................................................................2, 9, 10

35 U.S.C. § 102........................................................................................16

35 U.S.C. § 103........................................................................................16

Cal. Bus & Prof Code § 22386 (2007) ......................................................14

Cal. Civ. Code 1780(a) .............................................................................13

Cal. Corp. Code § 2203(a).........................................................................7

## **Other Authorities**

17 Moore's Federal Practice § 102.106[6][a].............................................14

17 Moore's Federal Practice § 107.41[1][e][ii] .........................................10

#1252268v2
107136-60623

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in opposition to Plaintiff's motion to remand this matter to state court.

The Court has subject matter jurisdiction over this action because of the presence of both diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) and the presence of a federal question pursuant 28 U.S.C. § 1331. This exact issue was raised and ruled on by the Court of Appeals for the Federal Circuit ("CAFC") in two separate opinions. In each case, the CAFC's ruling demonstrated that a federal question exists when a court must interpret federal patent law to adjudicate an issue in the case. See Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P., 2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007).

Diversity jurisdiction also exists because both Plaintiff Mathew Waters and Defendant, Advent Product Development, Inc., are citizens of different states and the amount in controversy exceeds $5,000,000 thereby meeting 28 U.S.C. § 1332(d). Contrary to Plaintiff's contention, Advent can only be a citizen of the state in which it is incorporated and has its principal place of business, which is South Carolina not California. Furthermore, Advent does not become a citizen of the State of California by failing to comply with the state's specific requirements for a foreign corporation doing business there.

While it is true that the Notice of Removal states that the individual defendants, Thurlow and Eiland, are residents rather than citizens, this will not defeat diversity

jurisdiction. Rather, all that is required for diversity jurisdiction is that there be limited diversity requiring that any plaintiff be a citizen of a different state from any defendant as exists here between Advent and Waters. While Plaintiff claims that the description of the individual defendants' residence instead of citizenship requires remand, that is simply not the standard. Pursuant to 28 U.S.C. § 1653, amendments to the Notice of Removal are permitted specifically for this type of defective allegation of jurisdiction. Therefore, by having submitted subsequent declarations with this memorandum setting forth the citizenship of the parties, this Court in ruling on the motion for remand may construe these later filed declarations as an amendment to the Notice of Removal. Accordingly, there is diversity of citizenship in this case.

The amount in controversy as set forth with particularity in the Complaint exceeds the $5,000,000 minimum for diversity and there is no need to show to a legal certainty that the class will recover more than the jurisdictional minimum. Plaintiff's Complaint presumptively satisfies the amount in controversy because the potential damages as set forth in the Complaint per potential class member are $74,999.99. When applying this amount to each of Plaintiff's putative class of 800 members, there is no doubt that the alleged aggregate amount of $59,999,992.00 is well over the jurisdictional minimum of $5,000,000.00. Even if this Court were to review the jurisdictional amount using the preponderance of the evidence standard, which does not apply here, Waters and the alleged class members will still recover well in excess of the jurisdictional minimum. This amount includes the aggregate amount of the alleged contractual damages of $10,430.00 for each putative class member totally $8,344,000.00. After adding the potential amounts allowed under the rules, such as

2

trebling, punitive damages and attorney's fees to any alleged actual damages, the jurisdictional amount is greatly exceeded.

There is also no basis for remand as a result of Advent's alleged failure to attach all of the required documents and pleadings. First, Advent did file all documents served upon it pursuant to 28 U.S.C. § 1446(a). Plaintiff simply failed to verify that all of the documents were filed and can only attempt to claim that the Proof of Service is missing. Second, even if Advent failed to include a document, which it did not, the majority view of the courts finds that this it not fatal flaw. Therefore, remand is not warranted.

Finally, there is no basis for this Court to refuse to exercise jurisdiction. The only way that a Court may refuse to exercise jurisdiction of an action brought pursuant to the Class Action Fairness Act of 2005 is under one of the exceptions set forth in 28 U.S.C. § 1332(d). None of the exceptions are applicable in this case. Advent, the only primary defendant in this case from whom significant relief is sought and whose conduct forms a significant basis for the claims in this matter, is not a citizen of the State of California. Whereas Eiland, the only defendant who is a citizen of the State of California, was a representative of Advent who personally may have had contact with only a fraction of the proposed class. Eiland does not qualify as a primary defendant, is not the party from whom significant relief is sought, and his conduct does not form a significant basis for the claims. Therefore, remand is simply not proper under the discretionary or mandatory remand exceptions because none of them apply in this action.

## FACTUAL BACKGROUND

On September 18, 2007, Plaintiff filed a class action in the Superior Court of the State of California. (Compl.) The claims and basis for relief in the Complaint are under the Consumer Legal Remedies Act, the Business and Professions Code, and for fraud.

3

See id. Specifically, the Complaint states that "the claims of individual class members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court." (Compl. ¶1). Plaintiff asserts that all of the potential class members, which are alleged to be approximately 800 members, are citizens of the State of California and have entered into both the Product Profile Agreement, Phase One, and Representation Agreement, Phase Two, with Advent costing $1,190.00 and $9,240.00 respectively, having claims and damages typical to that of Waters. (Pl.'s Br. Remand 19; Compl. ¶ 12-25).

Eiland, one of many representatives of Advent working out of one of the three California offices, who has no involvement in the creation of Advent's contractual agreements or the creation of the Legal Protection Reports, met with Waters at Advent's San Diego office. (Waters Decl. ¶ 4; Thurlow Decl. ¶ 3). Waters agreed to enter into a Product Profile Agreement, Phase One for $1,190.00, and then later contracted with Advent under the Representation Agreement, Phase Two for $9,240.00. (Compl. ¶ 24-25).

Waters, like all of the potential plaintiffs in this matter, has paid Advent in full for both contractual agreements. (Thurlow Decl. ¶ 5). First, Waters paid Advent $1,190.00 for the Product Profile Agreement. (Compl. ¶ 24; Thurlow Decl. 4). Then, Waters paid Advent a deposit of $4,000.00 and signed a promissory note and security agreement for the remaining balance of $5,240.00 due under the Representation Agreement. (Thurlow Decl. ¶ 4 and Ex. B). The promissory note and security agreement is with a third party financing company. See id.

On October 3, 2007, Advent Product Development, Inc. was served with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice to

#1252268 v2
107136-60623

Litigants/ADR Information Package and Stipulation to Alternative Dispute Resolution Process. (Not. Removal, Docket Entry 1 S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007) (hereinafter "Not. Removal"); Miceli Decl., Ex. 4, Proof of Service; Thurlow Decl. ¶ 6). Contrary to Plaintiff's contention, Advent was not served on October 9th with the above documents plus a copy of the Proof of Service. See id. Rather, as is made clear from reviewing the Proof of Service, which appears to be dated October 9, 2007, Advent was only served with the above documents less the Proof of Service on October 3rd. See id. Advent has not since been served with a copy of the Proof of Service, and therefore did not file this document with the Court. (Thurlow Decl. ¶ 6).

Advent removed this action on October 31, 2007. (Not. Removal). Attached to Defendants' Notice of Removal were all of the documentation that it was served with on October 3rd. (Not. Removal, Ex. A). Plaintiff's counsel was made aware of this fact in a November 13, 2007 letter. (Miceli Decl., Ex. 1). Plaintiff was also made aware of the fact that jurisdiction was proper under both 28 U.S.C. §§ 1332(d) and 1331. (See id.; Longstaff Decl., Ex. B).

At the time of filing the Notice of Removal, Defendants inadvertently described the citizenship of Plaintiff Mathew Waters and individual Defendants Denice Thurlow and Alphonso Eiland as residents of California and South Carolina respectfully. However, diversity jurisdiction exists between the parties because Advent, a citizen of the State of South Carolina, is diverse from Plaintiff Mathew Waters, who is a citizen of the State of California. (Compl.; Not. Removal ¶ 10; Longstaff Decl ¶ 2; Pl.'s Br. Remand 19). Furthermore, Denice Thurlow is both a resident and citizen of the State of South Carolina, and Alphonso Eiland is both a resident and citizen of the State of California. (Thurlow Decl. ¶ 2; Eiland Decl. ¶ 2).

5

## LEGAL ARGUMENT

I. **REMAND IS IMPROPER BECAUSE DEFENDANTS HAVE ESTABLISHED DIVERSITY JURISDICTION AND A FEDERAL QUESTION**

A.    <u>Standard for Removal under 28 U.S.C. § 1441</u>

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because Plaintiff, Mathew Waters and the primary defendant and at least one secondary defendant are citizens of different states and the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d). Removal is also proper pursuant to 28 U.S.C. § 1441(b) because of the presence of a patent related federal question pursuant to 28 U.S.C. § 1331. Plaintiff's request for attorney's fees should also be denied because Advent had "an objectively reasonable basis" to remove this matter to this Court. <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (citing <u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704, 708 (2005)).

B.    <u>Diversity Jurisdiction exists under 28 U.S.C. § 1332(d)</u>

1.    <u>The Parties are Diverse because Advent is a Citizen of the State of South Carolina</u>

As set forth in the Notice of Removal, Advent Product Development, Inc. is a citizen of the State of South Carolina for purposes of diversity. (Not. Removal ¶ 10). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...." 28 U.S.C. § 1332(c) (2007). This statute is completely contrary to Plaintiff's attempted reasoning that Advent has subjected itself to the jurisdiction of the California State Court and is now a citizen of California by failing to comply with Cal.

6

Corp. Code § 2203(a).  See Cal. Corp. Code § 2203(a)(2007); Kaufman v. General
Insurance Co. of America, 192 F. Supp. 238, 239-240 (S.D. Cal. 1961).

Not only do the requirements for a foreign corporation in California have nothing
to do with diversity of citizenship, but the language as set forth in Cal. Corp. Code §
2203(a) does not even support this finding.  See Carter v. Clear Fir Sales Co., 284 F.
Supp. 386, 387 (D. Or. 1967) (the mere fact that a corporation may be incorporated in
more than one state by securing a license to do business there does not make it a citizen
of each of these states); citing Kaufman, 192 F. Supp. 238.  Rather the California
Corporation Code § 2203(a) only states that "any foreign corporation which transacts
intrastate business and which does not hold a valid certificate from the Secretary of
State ..., by transacting unauthorized intrastate business, shall be deemed to consent to
the jurisdiction of _the_ courts of California ...."  Corp. Code § 2203(a) (Emphasis added).
Meaning that there will be personal jurisdiction over a corporation transacting business
in California.  See Wang v. Saitama Bank, Ltd., 1991 U.S. App. LEXIS 17523, at * (9th
Cir. July 25, 1991).  However, this language does not make that corporation a citizen of
the state of California, nor does it limit jurisdiction only to the state courts of California,
as compared to the federal courts, as Plaintiff attempts to argue here.

Furthermore, although Plaintiff explains to this Court the policy reasons for
enacting the requirements for a foreign corporation in the California Corporations Code,
it simply mischaracterizes the holding in Kaufman.  See 192 F. Supp. at 239-240.  The
court in Kaufman held that these requirements for foreign corporations "have nothing
to do with diversity of citizenship jurisdiction ... [and t]o follow plaintiff's contention
would be to reverse the very purpose and policy of diversity jurisdiction by practically
eliminating it from the Federal Courts.  In addition to this basic contradiction of a

#1252268 v2
107136-60623

Federal policy, considering defendant as a 'California corporation' for these purposes carries a legal fiction to absurd lengths." Id. Advent is a citizen of the State of South Carolina pursuant to 28 U.S.C. § 1332 since that is where it is incorporated and where it has its principal place of business. See 28 U.S.C. 1332(c); Kaufman, 192 F. Supp. at 242; Not. Removal ¶ 10. Therefore, diversity jurisdiction is appropriate.

      2.    <u>Diversity of Citizenship has been Shown in the Notice of Removal and the Mere Failure to Plead Citizenship of the Two Individual Defendants is Not a Fatal Procedural Defect Warranting Remand to State Court.</u>

Even though the Notice of Removal fails to refer to the individual Defendants' citizenship but rather states that they are residents, this in and of itself is insufficient to defeat diversity of citizenship and remand this matter. This action has been removed pursuant to the Class Action Fairness Act of 2005, which does not require complete diversity of citizenship of the parties. See 28 U.S.C. § 1332(d). Rather, all that is required for diversity of citizenship is that "any member of a class of plaintiffs is a citizen of a State different from any defendant ...." Id.

A Notice of Removal is defective when there is an absence of facts or sufficient averments to determine whether diversity of citizenship exists. See Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904); Steigleder v. McQuesten, 198 U.S. 141, 143 (1905) (after alleging residence rather than citizenship, the court looked at evidence to conclude that diversity of citizenship did not exist); Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (notice of removal was defective because the "allegations of residence are insufficient to establish diversity jurisdiction" under 1332(a)(1)); Schultz v. Cally, 528 F.2d 470 (3d Cir. 1975) (total diversity was not shown under 1332(a) because citizenship of all of the parties was not set forth).

8

However, this case, unlike the case law cited by Plaintiff, does not require complete diversity under 28 U.S.C. § 1332(a), but only that this Court be able to determine limited diversity of citizenship under 28 U.S.C. § 1332(d). As explained above, Defendant Advent is citizen of the State of South Carolina which is different from Plaintiff Mathew Waters thereby meeting the requirements for diversity under 28 U.S.C. § 1332(d). (Not. Removal; Compl.). Diversity of citizenship between Plaintiff and Advent is all that is needed for this Court to determine that diversity jurisdiction exists.

Furthermore, Defendants' declarations, which have been submitted in support of this memorandum, may be considered as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 in order to correct the allegations of "residence" rather than "citizenship" for the Plaintiff and individual Defendants. (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2). This amendment is permitted under 28 U.S.C. § 1653, outside of the 30 day right to amend a Notice of Removal period as set forth in 28 U.S.C. § 1447, for "[d]efective allegations of jurisdiction ...." 28 U.S.C. § 1653 (2007); see also 28 U.S.C. § 1447. Meaning that amendments which correct defective allegations of citizenship are permissible because the Notice of Removal is lacking in form and not substance. See Paoa v. Marati, 2007 U.S. Dist. 67596, at *16-17 (D. Haw. Sept. 11, 2007) citing Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (permitting an amendment to cure allegations of citizenship)

28 U.S.C. § 1653 includes allowing an amendment to correct the reference to one's residence rather than citizenship in order to properly set forth diversity jurisdiction. See Luehrs v. Utah Home Fire Ins. Co., 450 F.2d 452, 454 (9th Cir. 1971) (granting a motion for leave to amend the notice of removal to correct the deficiency of the reference to one being a resident as opposed to a citizen); Kanter v. Warner-Lambert

9

Co., 265 F.3d 853, 858 (9th Cir. 2001) (in determining whether a motion for remand was proper, the court went on to examine whether the amount in controversy was proper since the defendants could cure the defective allegation of citizenship by amendment); Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 869-870 (N.D. Cal. 1992) (rejecting the argument that the incomplete allegations of residence in the notice of removal are fatal and refusing to remand the matter because defects of this type are of form and amendable at any time). Even the case law from the Seventh Circuit, that Plaintiff relied on, only remanded the case back to state court after the defendants were given two months to file an amendment, under 28 U.S.C. § 1653, to correct the use of residence instead of citizenship, but failed to do so. See Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000).

When ruling on a motion for remand this Court may consider this opposition and the declarations filed in support of thereof as an amendment to the Notice of Removal pursuant to 28 U.S.C. § 1653 to correct or clarify technical deficiencies, such as here, in the Notice of Removal. See 17 Moore's Federal Practice § 107.41[1][e][ii] at 107-202 to 107-202.1 (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (district court did not err in construing an affidavit stating the amount in controversy as an amendment to the Notice of Removal)); Willingham v. Morgan, 395 U.S. 402, 408 (1969) (removal was proper because the required facts were found in later filed affidavits rather than in the notice of removal); Alexander v. FedEx Ground Package System, Inc., 2005 U.S. Dist. LEXIS 5129, at *8 (N.D. Cal. March 25, 2005). Thus, even if Advent was not diverse from Waters, which it is, the subsequently filed declarations make clear that removal was proper because the parties are citizens of different states satisfying 28 U.S.C. § 1332(d). (Longstaff Decl. ¶ 2, Eiland Decl. ¶ 2, Thurlow Decl. ¶ 2).

#1252268 v2
107136-60623

3.    <u>This Matter Should Not be Remanded because Defendants have Established the Requisite Amount in Controversy.</u>

This case was properly removed pursuant to 28 U.S.C. § 1441(a) because not only are the parties citizens of different states but the amount in controversy easily exceeds the $5,000,000 requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(d). When determining the amount in controversy of an action brought pursuant to the Class Action Fairness Act ("CAFA"), a court should "'interpret[] expansively' its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, 'the court should err in favor of exercising jurisdiction over the case.'" <u>Romeo v. The Home Depot U.S.A., Inc.</u>, 2006 U.S. Dist. LEXIS 79881, at * 5 (S.D. Cal. October 30, 2006); citations omitted.

The Ninth Circuit has developed three pleading scenarios for which to determine whether the amount in controversy has been met and what level of proof a defendant needs to meet. <u>See</u> <u>Levine v. BIC USA, Inc.</u>, 2007 U.S. Dist. LEXIS 60952, at *15-16 (S.D. Cal. August 20, 2007) (citing <u>Lowdermilk v. U.S. Bank Nat'l Assoc.</u>, 479 F.3d 994 (9th Cir. 2007); <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 682-83 (9th Cir. 2006)). First, if, when looking at the four corners of the complaint, an amount in excess of the federal amount in controversy has been plead, then the "amount-in-controversy requirement is presumptively satisfied unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional amount.'" <u>Levine</u>, 2007 U.S. Dist. LEXIS 60952, at *10-11. Second, if the Complaint does not plead a specific amount of damages, then the defendant must show that the amount in controversy has been met by a preponderance of the evidence. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992). Third, which is not present here, when the complaint

11

specifically pleads damages less than the jurisdictional amount of $5,000,000.  See Levine, 2007 U.S. Dist. LEXIS 60952, at *11.

a.    The Complaint Sets Forth a Specific Amount of Damages which Well Exceeds $5,000,000.

Contrary to Plaintiff's argument that the amount in controversy has not been plead and this matter falls into the second pleading scenario, the court in Levine makes clear that this matter actually involves the first pleading scenario. Levine, 2007 U.S. Dist LEXIS 60952, at *15-16.  When a Complaint states that "the amount in controversy does not exceed $74,999.99 as to Plaintiff or any other Class Members" and is silent about the damages not exceeding the $5,000,000, a specific amount of damages have been plead.  Id.  The court will then not even require a defendant "to show to a legal certainty the amount in controversy exceeds the jurisdictional limit because the 'does not exceed' figure ... attaches ... to each putative class member." Levine, 2007 U.S. Dist LEXIS 60952, at *15-16; see also Lowdermilk, 479 F.3d at 996 (finding that plaintiff did plead a specific amount in damages and the preponderance of the evidence standard would not apply because plaintiff stated that "the aggregate total of the claims pled herein do not exceed five million dollars").

Similarly, Plaintiff's Complaint in this matter has set forth the amount of damages sought by stating that "the claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold", and makes no representations regarding the amount in controversy not exceeding $5,000,000.  See Compl. at 1. Therefore, the maximum value of damages, like in Levine, which attaches to each of the alleged 800 putative class members of $74,999.99 totals $59,999,992.00 and will clearly exceed the $5,000,000 jurisdictional minimum. Levine, 2007 U.S. Dist. LEXIS

12

60952, at *16-17. Since, this figure attaches to each class member, Defendants need not show to a legal certainty that this amount is greater than the jurisdictional minimum of $5,000,000.

b.    Even by a Preponderance of the Evidence the Amount
in Controversy Exceeds the $5,000,000 Jurisdiction
Minimum under the Class Action Fairness Act

Even assuming, arguendo, that this Court determines that the Complaint's statement that the damages "are under $75,000" does not set forth a specific amount of damages, the second pleading scenario would be applied in this action and the same jurisdictional amount would still be meet by a preponderance of the evidence. This would require Advent to show by a preponderance of the evidence that the minimum amount in controversy has been met. Gaus, 980 F.2d at 567. In order to meet this standard, this Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted). This evidence includes the Notice of Removal and further pleadings to determine whether the amount in controversy has been met. Cohn, 281 F.3d at 840.

This action has been brought for an alleged violation under the California Consumer Legal Remedies Act, a violation under the Business and Professions Code, and for common law fraud. Pursuant to the California Consumer Legal Remedies Act, the Plaintiff and potential class members are entitled to recover actual damages, an injunction, punitive damages, and attorney's fees. See Cal. Civ. Code 1780(a). For a violation of the Business and Professions Code, the plaintiff and potential class members may recover the greater of three thousand dollars or "three times the actual

13

damages ... [i]n addition to the greater of the preceding amounts, the court may award reasonable attorney's fees ...." Cal. Bus & Prof Code § 22386 (2007).

When determining the amount in controversy it is proper for this Court to include punitive damages and reasonable attorney's fees since they are recoverable by statute and will be applied to the entire class. See Gibson v. Chrysler Corp, 261 F.3d 927, 945 (9th Cir. 2001)("[it is] well established that punitive damages are part of the amount in controversy in a civil action.")(citations omitted); 17 Moore's Federal Practice § 102.106[6][a] at 102-181. Plaintiff has also alleged and asked that any actual damage award be trebled pursuant to Cal. Bus & Prof Code § 22386. (Pl.'s Br. Remand 12-13.; Compl. at 12). Accordingly, the treble damages number should be considered as part of the amount in controversy.

Although Plaintiff is correct that the Complaint states that Waters was required to provide a sum of $9,240.00 for the Phase II contract and "did begin to make the required payments", this does not accurately reflect the amount of damages Plaintiff hopes to recover in this case. (Compl. ¶ 25). Waters, like all potential class members in this action, have paid Advent in full for both contractual agreements. (Thurlow Decl. ¶ 5). While Waters may have only paid Advent $1,190.00 for the first contract and paid a deposit of $4,000.00 for the second contract, he thereafter signed a promissory note and security agreement to a third party financing company for the remaining amount. Therefore, Waters is actually seeking a refund of both contractual amounts in this matter which includes the $1,190.00 for the Product Profile Agreement and $9,240.00 for the Representation Agreement.

Also as stated in the Complaint, "Plaintiff's claims in the action are typical of the class Plaintiff is generally representing. The contracts and supporting documents

14

received, signed and executed by Plaintiff are identical to those received by the remaining class members." (Compl. ¶ 17). Therefore, contrary to Plaintiff's claim, Waters and the alleged class members in this action appear to be seeking actual damages for the full amount of both contracts of $1,190.00 and $9,240.00 totaling $10,430.00. This amount could be potentially be trebled plus punitive damages and attorneys' fees recoverable under the Consumer Legal Remedies Act.

Just using the aggregate of the alleged actual damages of $10,430.00 times a putative class of 800 members would make the amount in controversy $8,344,000.00. Then if this Court were to treble that amount, not including punitive damages and attorney's fees, the amount in controversy will be $25,032,000.00. This more than establishes, by a preponderance of the evidence, the fact that the amount in controversy for diversity jurisdiction may be well in excess of $5,000,000 in this matter.

## C.    Subject Jurisdiction is Also Proper Due to the Presence of a Federal Question

Pursuant to 28 U.S.C. § 1331 (2007), a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." It is proper to remove a case to federal court pursuant to 28 U.S.C. § 1441, if there is a federal question that appears on the face of the complaint. King County v. Rasmussen, 299 F.3d 1077, 1082 (9th Cir. 2002). Specifically, it is proper to remove an action relating to questions of patent law to a federal court, which has exclusive jurisdiction[1] over these matters. See 28 U.S.C. § 1338 (2007).

The standard set forth by the Supreme Court, in extending 28 U.S.C. § 1338 federal jurisdiction, requires that "a well-pleaded complaint establishes either that

---

[1] Subject matter jurisdiction is never waived and may be raised at any time. See Miguel v. Country Funding Corp, 309 F.3d 1161, 1163 (9th Cir. 2002); citing United States v. Hays, 515 U.S. 737, 742 (1995).

15

federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends *on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.*" Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1998) (emphasis added).

The Federal Circuit has held that although a patent legal malpractice claim is a state law based claim, it still requires the resolution of a substantial question of patent law in evaluating a necessary element of the claim. See Air Measurement Tech., Inc., 2007 U.S. App. LEXIS 24098; Immunocept, LLC, 2007 U.S. App. LEXIS 24095. In this case, as the Federal Circuit has held, regardless of whether a patent has issued, in order to evaluate a necessary element of Waters' claims, this Court will need to evaluate the potential errors that occurred in creating the Legal Protection Report thereby requiring the application of patent law. See id.

Although Plaintiff's claims are state based, they will still require the resolution of a substantial question of patent law. This is because it is alleged that Advent purposely failed to disclose various prior art references that "were so closely related to Plaintiff's idea that patent protection could not have been obtained ...." (Compl ¶ 27). Accordingly, to evaluate Plaintiff's claims, a court will need to review the Plaintiff's invention and the alleged invalidating prior art to determine if the invention is novel and not barred by 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103.

Patent law lies at the heart of Plaintiff's claims and its evaluation is absolutely necessary for determining whether the Legal Protection Report actually failed to disclose relevant information which was thereafter relied upon by Plaintiff. Since the entire inquiry will be an evaluation of Legal Protection Report and prior art references

16

through the lens of the relevant patent law, this Court has federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1338.

## II.  ADVENT'S NOTICE OF REMOVAL DID NOT FAIL TO ATTACH ANY DOCUMENTS WITH WHICH IT WAS SERVED AND IS THEREFORE PROPER.

Plaintiff contends that Defendants did not file all of the required documentation in this action, which is a completely false accusation as they were advised of by letter. (Miceli Decl., Ex. 1).  Had Plaintiff looked through all of the papers that it was served with or that were posted on the Electronic Docket, it would have discovered the Summons, Civil Cover Sheet, Notice of Case Assignment, Notice of Litigants/ADR Information Package, and Stipulation to Alternative Dispute Resolution Process which were filed in this matter.  (Not. Removal, Ex. A, Ex. 1).  Therefore, the only document that Plaintiff lists that is allegedly missing from the Notice of Removal is the Proof of Service.

When filing a Notice of Removal it requires that Advent file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. 1446(a). Not only was Advent served on October 3rd, not October 9th as Plaintiff contends, but the Proof of Service makes clear that Advent was only served with the above listed documents that it filed with this Court which did not include a Proof of Service.  (Miceli Decl. at 4 and Ex. 4, Proof of Service).

The Plaintiff's Proof of Service appears to have been created on October 9, 2007, and seems to have been faxed at 10:34 a.m. to Plaintiff's counsel.  See id.  Advent was never served with a copy of this document, and Plaintiff never alleged that it later served

17

this document on Advent. (Thurlow Decl. ¶ 6). Therefore, Advent has complied with all of the requirements of 28 U.S.C. § 1446.

Furthermore, the Proof of Service is not the type of document that makes a Notice of Removal fatal such that remand is required. Plaintiff asks that this Court take the position of the minority view by remanding this matter. <u>Young v. Cmty. Assessment & Treatment Servs.</u>, 2007 WL 3340033, at *3 (N.D. Ohio Nov. 6, 2007); citing <u>Kisor v. Collins, Jr.</u> 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004); <u>Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am.</u>, 2005 WL 1653629, * 4 (D. Or. July 6, 2005); <u>Curry v. Royal Palm Sav. Ass'n</u>, 713 F.Supp. 388, 389 (S.D. Fla. 1989). However, the minority view is improper because, as analyzed by the Sixth Circuit, the language of 28 U.S.C. § 1447, only requires a remand when the Court lacks subject jurisdiction. <u>Young</u>, 2007 WL 3340033, at *4-5. The first sentence of 28 U.S.C. § 1447 does not have such mandatory remand language with regard to non-jurisdictional defects such as are alleged here. <u>See id.</u> at *3 ("[p]rocedural defects such as failure to attach a summons ... are not central to the district court's authority").

In rejecting the minority's interpretation of the removal statute, the Sixth Circuit based its decision on a reading of the statutory language and the legislative history which favor giving a court discretion with regarding to how to handle procedural defects. <u>See id.</u> at 3-5; citing <u>Yellow Transp., Inc. v. Apex Digital, Inc.</u>, 406 F. Supp. 2d 1213, 1218 (D.Kan. 2005). Similarly, this Court should apply the majority view to find that any failure to attach a document of this type is not fatal to a Notice of Removal. However, since Advent has attached all of the applicable documents, this analysis is simply not necessary.

18

III. **REMOVAL WAS PROPER AND THIS COURT HAS NO BASIS UNDER 28 U.S.C. § 1332(D)(3) OR 28 U.S.C. § 1332(D)(4) TO DECLINE JURISDICTION OVER THIS MATTER.**

Plaintiff attempts to argue that merely because all of the claims involve matters which are questions of state law, remand is proper, which simply has no foundation in law for support. Rather, the whole point of diversity jurisdiction is to allow parties to enter into a federal court even when the action involves issues which are solely based on questions of state law involving citizens of different states with an amount in controversy over the amount set forth in 28 U.S.C. § 1332.

A court may only decline jurisdiction, which has been created under the CAFA, when the party seeking remand shows that one of the exceptions set forth in 28 U.S.C. § 1332(d) are met. See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007) (party seeking remand bears the burden of proving the jurisdictional exceptions are met). The exceptions were created so that "truly local " controversies remained in state courts. See Kearns v. Ford Motor Co., 2005 U.S. Dist. LEXIS 41614, at *3-4 (C.D. Cal. Nov. 21, 2005). However, not only is this controversy not a local issue, but Plaintiff has failed to meet its' burden of proof by showing that either 28 U.S.C. § 1332(d)(3) or 28 U.S.C. § 1332(d)(4) are applicable here.

A. **Discretionary Remand is Not Required because 28 U.S.C. § 1332(d)(3) Does Not Apply in this Action.**

It is on information and belief, that all of the potential class members are citizens of the State of California whereas the primary defendants are not citizens of this state, thereby failing to satisfy the requirements for this Court to exercise its' discretionary right not to maintain jurisdiction. Pursuant to 28 U.S.C. § 1332(d)(3), a court may decline to exercise jurisdiction over a matter "in which greater than one-third <u>but less</u>

19

than two-thirds of the members of all proposed plaintiff classes in the aggregate <u>and</u> the primary defendants are citizens of the State in which the action was originally filed ...." <u>See</u> 28 U.S.C. § 1332(d)(3) (emphasis added).  From a review of the Complaint and as admitted in Plaintiff's memorandum in support of this motion, Plaintiff and the potential class members are citizens of the State of California.  (Compl.; Pl.'s Br. Remand 19).  Therefore, without providing more evidence to the contrary, this Court cannot assume that one-third of the potential class members might not be citizens of State of California. <u>See</u> <u>Kearns</u>, 2005 U.S. Dist. LEXIS 41614, at *22.

However, the Court need not make this determination since the primary defendants in this action are not citizens of the State of California as is required under 28 U.S.C. § 1332(d)(3).  "[A] 'primary defendant' is any with direct liability to the plaintiffs." <u>See</u> <u>id.</u> at 26 (citations omitted).  This would be the party who would expect "to incur most of the loss if liability is found ... [which includes] any person who has substantial exposure to significant portions of the proposed class in the action ...." <u>Hangarter v. Paul Revere Life Insurance Co.</u>, 2006 U.S. Dist. LEXIS 5295, at *8 (N.D. Cal. Jan. 26, 2006) (defining primary defendant for use in reviewing 28 U.S.C. § 1332(d)(5)).

The Complaint as drafted only seeks recovery against Advent and not the individual defendants.  Furthermore, Advent was the company whom the potential class members paid for services to be performed under both the Phase One and Phase Two contractual agreements. (Thurlow Decl. ¶ 4).  Therefore, this Court cannot conclude that all of the primary defendants are citizens of this state since Advent, the only primary defendant, is a citizen of the State of South Carolina.  Since the initial requirements of 28 U.S.C. § 1332(d)(3) are not met, this Court need not look at the

20

totality of circumstances.  Even though Plaintiff jumped right to the analysis of looking at the totality of the circumstances, it failed to satisfy the initial requirement of showing that greater than one-third and less than two-thirds of the class members and the primary defendants were citizens of the State of California.  See 28 U.S.C. § 1332(d)(3). Therefore, this Court, in its' discretion, cannot refuse to maintain jurisdiction over this action since 28 U.S.C. § 1332(d)(3) does not apply.

**B.      Mandatory Remand is not Required Under Either The Local Controversy or Home-State Controversy Exceptions Since Neither are Applicable in this Action.**

A court must decline jurisdiction over a matter pursuant to 28 U.S.C. §1332(d)(4) when either the local controversy or home-controversy exceptions are met.  However, neither exist in this case, for the reasons explained below, and therefore, remand is not required.

**1.      The Local Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought and Whose Conduct Forms a Significant Basis for the Claims is Not a Citizen of the State of California.**

Remand is not necessary under the local controversy exception because Advent, a citizen of the State of South Carolina, is the only party whom Plaintiff seeks to recover significant relief from and whose conduct forms a significant basis for the claims. Pursuant to 28 U.S.C. § 1332(d)(4)(A), a court shall decline jurisdiction over a matter when "at least 1 defendant is a defendant ... from whom significant relief is sought by members of the plaintiff class; ... whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and ... who is a citizen of the State in which the action was originally filed ...."  In order to fall under this category, all three of the requirements must be met.  Kearns, 2005 U.S. Dist. LEXIS 41614, at * 30.  However,

Eiland is the only defendant who is a citizen of the State of California and the class as a whole is not seeking significant relief from him, but is only seeking this relief from Advent.

This case is similar to the one that was analyzed in <u>Kearns</u>. <u>See id.</u> at 34. There the court turned to the Committee Report which explained that a local agent of an insurance company, who were both named as defendants in a consumer fraud case, was not the party whom significant relief was sought. <u>See id.</u> Rather, when reviewing the relief sought by the class as a whole, it was true that the local agent may have had contact with some of the purported class members, but this would not make them a defendant whom significant relief was sought. <u>See id.</u> at 35. Similarly, Eiland is not the only representative who works out of Advent's California offices and therefore may have only dealt with a fraction of the potential class members. <u>See id.</u>; (Thurlow Decl. ¶ 3). Therefore, he is not the party whom significant relief is sought.

Eiland is also not the person whose conduct has formed a "significant basis" for the claims in this action. Rather a significant basis, as set forth in the very same Committee Report's review of the same consumer fraud case, found that the agent of the insurance company "would not be a person whose alleged conduct forms a significant basis for the claims asserted. At most, that agent would have been an isolated role player in the alleged scheme implemented ...." <u>Id.</u> at 36-37. Eiland's role was that of a representative of Advent who met with Waters. However, the Complaint claims that Advent's contracts did not contain the proper disclosures and that the Legal Protection Report was deficient. (Compl. ¶ 24-26). None of these documents were created by Eiland. (Thurlow Decl. ¶ 3). Rather, it is Advent and not Eiland's, allegedly wrongful conduct that forms a significant basis for the claims in this action.

22

The local controversy exception does not apply here. Advent, a citizen of South Carolina, and not California. Advent is the primary defendant from whom significant relief is sought and whose conduct forms the significant basis for the claims. Therefore, 28 U.S.C. § 1332(d)(4)(A) does not apply and remand is not appropriate.

> 2.  The Home-State Controversy Exception Does Not Apply Because the Party Whom Significant Relief is Sought is Not a Citizen of the State of California.

Remand is not appropriate under the home-state controversy exception because Advent is the only primary defendant and as discussed above, it is a citizen of the State of South Carolina. Pursuant to 28 U.S.C. § 1332(d)(4)(B), a district court shall not exercise jurisdiction over a matter when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). As discussed above, a primary defendant is one who is either directly liable or has played a main role in the dispute. See Kearns, 2005 U.S. Dist. LEXIS 41614, at *26. Since Advent, the primary defendant, is not a citizen of the State of California, the home state controversy exception will not apply. See id. at 28. Therefore, remand in this matter is not appropriate since Plaintiffs cannot meet their burden of showing that this exception applies here.

#1252268 v2
107136-60623

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand and deny Plaintiff's request for attorneys' fees.

Respectfully submitted,

BLANCHARD, KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
Attorneys for Defendants
Advent Product Development, Inc., Denice
Thurlow, and Alphonso Eiland

DATED: December 14, 2007     By: _ s/ A. Kipp Williams_
                                   A. Kipp Williams

Of Counsel:

David E. De Lorenzi, Esq.
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

24

1  William B. Sullivan [CSB No. 171637]
   Alison M. Miceli [CSB No. 243131]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff MATTHEW WATERS,
   individually and on behalf of other members
6  of the general public similarly situated,

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **SOUTHERN DISTRICT OF CALIFORNIA**

11  MATTHEW WATERS, individually and    )   Civil Action No.: 07CV2089 (BTM) (LSP)
    on behalf of other members of the general )
12  public similarly situated,            )   **CLASS ACTION**
                                          )
13              Plaintiff,                )   **CERTIFICATION OF SERVICE**
                                          )
14  v.                                    )   ***Oral Argument Requested***
                                          )
15  ADVENT PRODUCT DEVELOPMENT,           )   ***Document Electronically Filed***
    INC., a South Carolina Corporation,   )
16  DENICE  THURLOW,  ALPHONSO            )   Date:   January 18, 2008
    EILAND, and Does 1 through 50,        )   Time:   11:00 a.m.
17  inclusive,                            )   Dept:   15
                                          )   Judge: Hon. Barry Ted Moskowitz
18              Defendants.               )
19

20       I, Alison M. Miceli, hereby certify that on January 4, 2008, the following documents were

21  electronically filed with the Clerk of the Court on behalf of, Plaintiff MATTHEW WATERS:

22       1.     Plaintiff's Opposition to Defendants' Motion for Leave to File an Amended Notice

23              of Removal;

24       2.     Declaration of Alison M. Miceli, Esq. in Opposition to Defendants' Motion for Leave

25              to File an Amended Notice of Removal;

26       3.     Notice of Lodgement; and

27       4.     Certificate of Service.

28                                                          *ORIGINAL*

1        I further certify that true and correct copies of the foregoing documents along with

2  accompanying exhibits were served via US mail upon:

3

4
A. Kipp Williams, Esq.
Blanchard, Krasner & French
800 Silverado St. 2nd Floor

5
La Jolla, CA 92037

6

7
Carrie A. Longstaff, Esq. (admitted *pro hac vice*)
Gibbons P.C.
One Gateway Center

8
Newark, New Jersey 07102

9        I certify that the foregoing statements made by me are true. I am aware that if any of the

10  foregoing statements made by me are willfully false, I am subject to punishment.

11

12  Dated: January 4, 2008              **SULLIVAN & CHRISTIANI, LLP**

13

14

15
William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,

16
MATTHEW WATERS

17

18

19

20

21

22

23

24

25

26

27

28