1  MARK A. KRASNER, ESQ. (SBN 99036)
   A. KIPP WILLIAMS, ESQ. (SBN 165688)
2  **BLANCHARD, KRASNER & FRENCH**
   800 Silverado Street, 2nd Floor
3  San Diego, California 92037
   Telephone: (858) 551-2440
4  Facsimile:  (858) 551-2434

5  CARRIE A. LONGSTAFF, ESQ. (admitted pro hac vice)
   **GIBBONS P.C.**
6  One Gateway Center
   Newark, New Jersey 07102-5310
7  Telephone: (973) 596-4500

8  Attorneys for Defendants
   ADVENT PRODUCT DEVELOPMENT, INC.,
9  DENICE THURLOW, AND
   ALPHONSO EILAND

10

11

12              UNITED STATES DISTRICT COURT

13           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 | MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,
16 |
17 |              Plaintiff,
18 |     v.
19 | ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina Corporation, DENICE THURLOW, ALPHONSO EILAND, and DOES 1 through 50, inclusive,
20 |
21 |
22 |              Defendants.

CASE NO.: 07-cv-2089 (BTM)(LSP)

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF REMOVAL**

**Oral Argument Request**

*Document Electronically Filed*

JUDGE: Hon. Barry Ted Moskowitz
DEPT: 15
HEARING DATE: January 18, 2008
TIME: 11:00 a.m.

23

24

25

26   ///

27   ///

28   ///

1

## PRELIMINARY STATEMENT

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow"), and Alphonso Eiland ("Eiland") (collectively "Advent") respectfully submit this memorandum of law in further support of their Motion for Leave to File an Amended Notice of Removal.

On September 18, 2007, Plaintiff Mathew Waters ("Waters") filed this action in the Superior Court of the State of California, County of San Diego. (Not. Removal, Ex. A, Compl., Docket Entry 1, S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007)).

On October 3, 2007, Advent Product Development, Inc. was served with a copy of the Summons and Complaint in this matter. (Not. Removal, Ex. A, Summons, Docket Entry 1, S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007)).

On October 31, 2007, Advent removed this action before this Court. (Not. Removal, Docket Entry 1, S.D. Cal. Civil Action No. 3:07-cv-2089 (Oct. 31, 2007)).

On November 29, 2007, Waters filed a Motion for Remand and argued that Advent's Notice of Removal was improper because it failed to identify the citizenship of the individual defendants, and therefore, the Court could not determine whether the requirements for diversity were met.[1] (Pl.'s Br. Mot. Remand, Docket Entry 5, S.D. Cal. Civil Action No. 3:07-cv-2089 (Nov. 29, 2007)).

On December 14, 2007, Advent filed a Motion for Leave to Amend its Notice of Removal pursuant to 28 U.S.C § 1653 (2008) to specify the citizenship of the individual parties. (Mot. Amend, Docket Entry 9, S.D. Cal. Civil Action No. 3:07-cv-2089 (Dec. 14, 2007)). The only difference between the original Notice of Removal and the [Proposed] Amended Notice of Removal is the inclusion of the clauses that identify the citizenship of each individual party. (Mot.

---

[1] Plaintiff also argued that remand was appropriate because there was not complete diversity between all the parties involved. As addressed in Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand to State Court, complete diversity of citizenship between all parties is not necessary when diversity jurisdiction is based on the Class

2

Amend, Longstaff Decl., Ex. 1, [Proposed] Amend. Not. Removal ¶¶ 9, 11-12, Docket Entry 9, S.D. Cal. Civil Action No. 3:07-cv-2089, (Dec. 14, 2007) (hereinafter "Amend. Not. Removal")).

Plaintiff's Opposition to the Motion for Leave to Amend is based on 1) the suggestion that "the amendment would be futile because it raises a new substantive issue of law - namely, federal question jurisdiction", and 2) that the amendment is untimely "because the 30 day period for removal had expired under 28 U.S.C. § 1446." (Pl.'s Br. Mot. Amend 3-4, Docket Entry 16, S.D. Cal. Civil Action No. 3:07-cv-2089, (Jan. 4, 2008)).

Plaintiff is factually and legally incorrect. The [Proposed] Amended Notice of Removal does not raise any new substantive issues of law as it only identifies the citizenships of the original parties to the action. Nor is it untimely since the Ninth Circuit has routinely held that amendments which clarify defective allegations of jurisdiction need not be made within thirty days from the date the Complaint was served.

Accordingly, there is no legitimate basis for denying this Motion for Leave to Amend the Notice of Removal.

Plaintiff then goes on to argue that there is no federal question in this case. While not relevant to this motion, Plaintiff is still wrong.

The Federal Circuit has recently found that state based claims must be adjudicated under federal patent law when a substantial question of patent law must be evaluated in determining the existence of a necessary element of the claim. See Air Measurement Tech., Inc. v. Akin Gump Strauss Haufer & Feld, L.L.P., 2007 U.S. App. LEXIS 24098 (Fed. Cir. Oct. 15, 2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 2007 U.S. App. LEXIS 24095 (Fed. Cir. Oct. 15, 2007). Here, Plaintiff has argued that Advent fraudulently concealed relevant prior art that would have shown his invention to have been anticipated or obvious pursuant to 35 U.S.C. § 102

---

Action Fairness Act of 2005, 28 U.S.C. § 1332(d). (Def.'s Br. Mot. Remand, Docket Entry 8, S.D. Cal. Civil Action No. 3:07-cv-2089 (Dec. 14, 2007)).

(2008) and 35 U.S.C. § 103 (2008). Accordingly, the court that resolves Plaintiff's fraud allegations must determine whether the prior art at issue is material to and invalidating of Plaintiff's invention. Such analysis can only be performed pursuant to the relevant patent statutes.

## LEGAL ARGUMENT

### I. THE PROPOSED AMENDED NOTICE OF REMOVAL IS PROPER AND SHOULD BE GRANTED

Advent's [Proposed] Amended Notice of Removal is neither futile nor untimely since it merely seeks to clarify a reference to residence as opposed to citizenship for the individually named parties. Amendments brought under 28 U.S.C. § 1653, to clarify a defective allegation of jurisdiction in a notice of removal, may be made at anytime including outside of the thirty day period set forth in 28 U.S.C. § 1446. See ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000); see also 16 Moore's Federal Practice § 107.30[2][a][iv] (2007); Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 869 (N.D. Cal. 1992) (rejecting the argument that the incomplete allegations of residence in the notice of removal are fatal and refusing to remand the matter because defects of this type are of form and amendable at any time) (citing Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969)). This is because these types of amendments are simply lacking in form and not substance. See Paoa v. Marati, 2007 U.S. Dist. LEXIS 67596, at *16-17 (D. Haw. Sept. 11, 2007) (citing Barrow Dev. Co., 418 F.2d at 317).

Specifically, a notice of removal may be amended at anytime in order to correct a reference to one's residence as opposed to citizenship. See Luehrs v. Utah Home Fire Ins. Co., 450 F.2d 452, 454 (9th Cir. 1971) (granting a motion for leave to amend the notice of removal to correct a deficiency of referring to one as a resident as opposed to a citizen); Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001) (in determining whether a motion for remand was proper,

4

Defendants' Memorandum of Point and Authorities    07-cv-2089 (BTM)(LSP)

the court went on to examine whether the amount in controversy was met since the defendants could cure the defective allegation of citizenship by amendment).

Here the [Proposed] Amended Notice of Removal only seeks to clarify a defective allegation of citizenship for the individual parties by setting forth citizenship rather than residence. (Amend. Not. Removal ¶¶ 9, 11-12). Therefore, this Court should hereby grant Defendants' Motion to Amend the Notice of Removal.

## II.  A FEDERAL QUESTION IS PRESENT IN THIS CASE

Although not relevant to the proposed amendment, a federal question does exist in this case. A claim arises under federal patent law when a necessary element of that claim requires resolution of a substantial question of patent law. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1998). The Federal Circuit has recently held that a federal question arises when a case is based on a state law claim which requires the resolution of a substantial question of patent law in evaluating a necessary element of that claim. See Air Measurement Tech., Inc., 2007 U.S. App. LEXIS 24098; Immunocept, LLC, 2007 U.S. App. LEXIS 24095.

Unlike the case relied upon by the plaintiff, In re Oximetrix, Inc., this case is based on patent law. 748 F.2d 637, 642 (Fed. Cir. 1984) (dispute involving a breach of licensing agreement between a patent holder and licensee). Plaintiff has brought state based claims grounded in fraud due to the defendants' alleged failure to disclose relevant prior art when creating the Legal Protection Report. (Compl. ¶¶ 27-28). In order to evaluate these claims of fraud, it will require this Court to determine whether the allegedly deficient Legal Protection Report failed to disclose relevant, i.e. material, prior art references thereby making Waters' invention anticipated or obvious under 35 U.S.C. § 102 or 35 U.S.C. § 103. This substantial application of patent law is required in order to resolve a necessary element of Plaintiff's claims and creates a federal question before this Court.

# CONCLUSION

For the foregoing additional reasons, the Court should grant Defendants' motion for leave to file an amended notice of removal.

Respectfully submitted,

**BLANCHARD, KRASNER & FRENCH**
800 Silverado Street, Second Floor
La Jolla, California 92037
Telephone: (858) 551-2440
Facsimile: (858) 551-2434
*Attorneys for Defendants*
*Advent Product Development, Inc., Denice Thurlow, and Alphonso Eiland*

By: ___s/ A. Kipp Williams___
    A. Kipp Williams
    Attorney for Defendants
    ADVENT PRODUCT DEVELOPMENT, INC., DENICE THURLOW and ALPHONSO EILAND

DATED: January 11, 2008