1 | MARK A. KRASNER, ESQ. (SBN 99036)
2 | A. KIPP WILLIAMS, ESQ. (SBN 165688)
  | **BLANCHARD, KRASNER & FRENCH**
3 | 800 Silverado Street, 2nd Floor
  | San Diego, California 92037
4 | Telephone: (858) 551-2440
  | Facsimile:  (858) 551-2434
5 |
6 | MICHAEL R. MCDONALD, ESQ. (admitted *pro hac vice*)
  | MELISSA C. FULTON, ESQ. (admitted *pro hac vice*)
7 | CARRIE A. LONGSTAFF, ESQ. (admitted *pro hac vice*)
  | **GIBBONS P.C.**
8 | One Gateway Center
  | Newark, New Jersey 07102-5310
9 | Telephone: (973) 596-4500
10 | Attorneys for Defendants
11 | ADVENT PRODUCT DEVELOPMENT, INC.,
   | DENICE THURLOW and ALPHONSO EILAND

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATERS, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>v.<br><br>ADVENT PRODUCT DEVELOPMENT, INC., a South Carolina corporation, DENICE THURLOW, ALPHONSO EILAND and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2089 (BTM) (LSP)<br><br>**ANSWER TO CLASS ACTION COMPLAINT**<br><br>***Document Electronically Filed***<br><br>JUDGE:  Hon. Barry Ted Moskowitz<br>DEPT:   15 |

Defendants Advent Product Development, Inc. ("Advent"), Denice Thurlow ("Thurlow") and Alphonso Eiland ("Eiland," and collectively with defendants Advent and Thurlow, the "Defendants"), by and through their undersigned counsel, as and for their answer to the September 18, 2007 Class Action Complaint (the "Complaint") of plaintiff Matthew

1

Waters ("Waters"), and as and for their separate defenses, state as follows:

1. Paragraph 1 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 1 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 2 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 3 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant Advent denies the allegations set forth in Paragraph 5 of the Complaint except admits that Advent is corporation organized and existing under the laws of the State of South Carolina that does business in the State of California. The allegations set forth in Paragraph 5 of the Complaint are not directed at Defendants Thurlow and Eiland and, accordingly, Defendants Thurlow and Eiland need not respond to the same allegations. Insofar as a response may be required of Defendants Thurlow and Eiland, Defendants Thurlow and Eiland deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant Thurlow denies the allegations set forth in Paragraph 6 of the Complaint. The allegations set forth in Paragraph 6 of the Complaint are not directed at Defendants Advent and Eiland and, accordingly, Defendants Advent and Eiland need not respond to the same allegations. Insofar as a response may be required of Defendants Advent

and Eiland, Defendants Advent and Eiland deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant Eiland denies the allegations set forth in Paragraph 7 of the Complaint except admits that he resides in San Diego County. The allegations set forth in Paragraph 7 of the Complaint are not directed at Defendants Advent and Thurlow and, accordingly, Defendants Advent and Thurlow need not respond to the same allegations. Insofar as a response may be required of Defendants Advent and Thurlow, Defendants Advent and Thurlow deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states allegations directed against fictitiously named defendants DOES 1 through 50, inclusive (collectively, the "Doe Defendants"), and, accordingly, Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the same allegations. Defendants further deny having knowledge or information sufficient to form a belief as to the truth or falsity of each and every other allegation in the Complaint directed against the Doe Defendants that Plaintiff purports to incorporate by reference into each and every other allegation in the Complaint concerning any act or omission that was done or committed by any specially named Defendant or Defendants. Defendants deny the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 directed against the Doe Defendants. Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint except admit that at all relevant times Defendants' actions in the County of San Diego, State of California were and are lawful.

## CLASS ACTION ALLEGATIONS

11. Paragraph 11 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 11 of the Complaint and further respectfully refer the Court to the authorities cited therein for a true and accurate recitation of the respective provisions and holdings of such authorities. Defendants deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 12 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 13 of the Complaint and further respectfully refer the Court to the statutory authority cited therein for a true and accurate recitation of its provisions. Defendants deny the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 14 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 15 of the Complaint, including, without limitation, the allegations set forth in subparagraphs A through F, and further respectfully refer the Court to the statutory authorities cited therein for a true and accurate recitation of their respective provisions. Defendants deny the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in

1  Paragraph 16 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 17 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 18 of the Complaint. Defendants deny the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 19 of the Complaint and further respectfully refer the Court to the statutory authorities cited therein for a true and accurate recitation of their respective provisions. Defendants deny the remaining allegations set forth in Paragraph 19 of the Complaint.

**FACTUAL BACKGROUND**

20. Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants Advent and Eiland deny the allegations set forth in Paragraph 21 of the Complaint except admit that on certain occasions Defendant Eiland met with Plaintiff Waters, provided brochures from Advent, and had oral communications with Plaintiff Waters. Defendant Thurlow denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint directed at Defendants Advent and Eiland and denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendants Advent and Eiland deny the allegations set forth in Paragraph 22 of the Complaint except admit that on certain occasions Defendant Eiland met with Plaintiff Waters, provided brochures from Advent, and had oral communications with Plaintiff Waters.

5

Defendant Thurlow denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint directed at Defendants Advent and Eiland and denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendants Advent and Eiland deny the allegations set forth in Paragraph 23 of the Complaint except admit that on certain occasions Defendant Eiland met with Plaintiff Waters, provided brochures from Advent, and had oral communications with Plaintiff Waters. Defendant Thurlow denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint directed at Defendants Advent and Eiland and denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint, except admit that Plaintiff Waters entered into a contract with Advent, the terms of which speak for themselves. Defendants specifically deny that they prepared a "Legal Protection Report." Defendants deny the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint as to why Plaintiff entered into a contract with Defendant Advent. Defendants deny the remaining allegations set forth in Paragraph 25 of the Complaint except admit that Plaintiff entered into a contract with Advent, the terms of which speak for themselves.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the Complaint concerning Plaintiff's knowledge, intent or "subsequent investigation." Defendants deny the remaining allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Complaint concerning Plaintiff's knowledge, intent and speculation. Defendants deny the remaining allegations set

forth in Paragraph 28 of the Complaint.

## FIRST CAUSE OF ACTION
### VIOLATION OF CONSUMER LEGAL REMEDIES ACT
### (Class Action - Against Advent Product Development, Inc. and DOES 1-5)

29. In response to Paragraph 29 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 28, supra, as though fully set forth herein.

30. Paragraph 30 of the Complaint sets forth legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 30 of the Complaint and respectfully refer the Court to the statutory authorities cited therein for a true an accurate recitation of their provisions. Defendants deny the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint sets forth legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 31 of the Complaint and respectfully refer the Court to the statutory authorities cited therein for a true an accurate recitation of their provisions. Defendants deny the remaining allegations set forth in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint purports to quote California Civil Code section 1760 and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 32 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions. Defendants deny the remaining allegations set forth in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint purports to quote California Civil Code section 1770(5) and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 33 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions. Defendants deny the remaining allegations set forth in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint purports to quote California Civil Code section 1770(7) and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 34 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions. Defendants deny the remaining allegations set forth in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint purports to quote California Civil Code section 1770(14) and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 35 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions. Defendants deny the remaining allegations set forth in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint purports to quote California Civil Code section 1770(16) and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 36 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions. Defendants deny the remaining allegations set forth in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint purports to quote California Civil Code section 1770(19) and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in paragraph 37 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions. Defendants deny the remaining allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint except admit that Plaintiff has attached as Exhibit A to the Complaint a letter purportedly sent to Advent pursuant to California Civil Code section 1782. Defendants further respectfully refer

the Court to California Civil Code section 1782 for a true an accurate recitation of its provisions.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE
### (Class Action - Against All Defendants)

40. In response to Paragraph 40 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 39, supra, as though fully set forth herein.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true an accurate recitation of its provisions.

44. Paragraph 44 of the Complaint states legal conclusions and purports to quote California Business and Professions Code section 22370 and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 44 of the Complaint and respectfully refer the Court to the statutory authorities cited therein for a true and accurate recitation of their provisions. Defendants deny the remaining allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint except admit that Advent entered into contracts with certain of its customers.

46. Paragraph 46 of the Complaint states legal conclusions as well as purports to quote numerous statutory provisions and, accordingly, no responses are required of Defendants. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 46 of the Complaint and respectfully refer the Court to the statutory authorities cited therein for a

9

true and accurate recitation of their provisions. Defendants deny the remaining allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint sets forth legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 48 of the Complaint and respectfully refer the Court to the statutory authority cited therein for a true and accurate recitation of its provisions. Defendants deny the remaining allegations set forth in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint sets forth legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 49 of the Complaint and respectfully refer the Court to the statutory authorities cited therein for a true and accurate recitation of their provisions. Defendants deny the remaining allegations set forth in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint sets forth legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 50 of the Complaint and respectfully refer the Court to the statutory authorities cited therein for a true and accurate recitation of their provisions. Defendants deny the remaining allegations set forth in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint sets forth legal conclusions to which no responses are required. Insofar as a response may be required, Defendants deny the allegations set forth in Paragraph 51 of the Complaint and respectfully refer the Court to the statutory authorities cited therein for a true and accurate recitation of their provisions. Defendants deny the remaining allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.
53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.
54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.
55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.
56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

## THIRD CAUSE OF ACTION
## FRAUD
**(Individual Claim, Against All Defendants)**

59. In response to Paragraph 59 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 58, <u>supra</u>, as though fully set forth herein.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

## SEPARATE DEFENSES
**(Failure to State a Claim)**

64. The Complaint and each purported cause of action asserted therein fails to state facts sufficient to constitute a cause of action against the Defendants upon which relief may be granted.

**(Statute of Limitations)**

65. The Complaint and each purported cause of action asserted therein are barred by the applicable statutes of limitations.

**(No Standing)**

66. The Complaint and each purported cause of action alleged therein are barred because Plaintiff lacks standing to sue. Plaintiff has not suffered injury in fact as a result of anything alleged in Plaintiff's Complaint.

**(Invalid Class Action -- Lack of Typicality)**

67. The class allegations are improper because the class representative's claims or defenses are not typical of the claims or defenses of the purported class members, and said class representative cannot adequately represent the purported class.

**(Invalid Class Action -- Lack of Commonality)**

68.  The class allegations are improper because there are diverse factual and legal questions unique to each individual member of the purported class. Accordingly, there is no well-defined community of interest in the questions of facts and law among the represented parties. The issues requiring separate adjudication are so numerous and substantial that the maintenance of a class action would not be advantageous to the judicial process or to the litigants.

**(Invalid Class Action -- Non-Ascertainable)**

69.  The class action allegations are improper because the identities of the purported class members are not ascertainable without first conducting an individual adjudication of numerous factual and legal issues relating to each member.

**(Improper Class Action -- Unmanageable)**

70.  The class allegations are improper because the action is unmanageable as a class action, and the purported class members are unlikely to receive any appreciable benefit.

**(Improper Class Action -- Adequacy of Representation)**

71.  Plaintiff is not an adequate class representative inasmuch as he is not able to adequately and fairly protect the interests of all members of the putative class.

**(Improper Class Action -- Lack of Predominance)**

72.  The class allegations are improper in that the common questions of law and/or fact do not predominate and a class action is not a superior means for adjudicating the claims asserted.

**(Conduct Not Unlawful)**

73.  The Complaint and each and every purported cause of action alleged therein pled in reliance upon California Business and Professions Code section 17200 et seq. are barred because Defendants' conduct was not unlawful.

**(Conduct Not Unfair)**

74.  The Complaint and each and every purported cause of action alleged therein pled in reliance upon California Business and Professions Code section 17200 et seq. are barred

because Defendants' conduct was not unfair.

### (No Fraud / Deception)

75. The Complaint and each and every purported cause of action alleged therein pled in reliance upon California Business and Professions Code section 17200 et seq. are barred because none of Defendants' actions and/or statements were likely to mislead the reasonable consumer, and Plaintiff was not actually misled.

### (Failure to Plead Fraud with the Requisite Particularity)

76. Plaintiff failed to plead his fraud claim with the particularity required by the applicable rules.

### (Deficient Notice)

77. Plaintiff failed to provide adequate notice to Defendants prior to commencing this action in accordance with California Civil Code section 1782.

### (Business Judgment)

78. The Complaint and each and every purported cause of action alleged therein pled in reliance upon California Business and Professions Code section 17200 et seq. are barred because Defendants' actions were reasonable exercises of business judgment, not forbidden by law.

### (No False Advertising)

79. The Complaint and each and every purported cause of action alleged therein pled in reliance upon California Business and Professions Code section 17200 et seq. are barred because the materials at issue are not "advertising" within the meaning of Business and Professions Code section 17500 et seq., nor are the materials false or misleading.

### (Primary Jurisdiction / Abstention)

80. The Complaint and each and every purported cause of action alleged therein are barred because the proper forum for adjudicating such claims, if any, is a function of state administrative agencies.

### (No Equitable Basis for Relief)

81. The Complaint and each and every purported cause of action alleged therein are

barred because in balancing the equities, the damages sought by Plaintiff on behalf of himself and the putative class members are far outweighed by the administrative costs of identifying and/or notifying the class members. Plaintiff's claims are de minimis or trivial relative to the threatened costs of the litigation to all parties involved including, without limitation, the public and the purported class members.

**(Estoppel / Unjust Enrichment)**

82. The Complaint and each purported cause of action alleged therein are barred by the doctrines of unjust enrichment and estoppel.

**(Laches)**

83. The Complaint and each purported cause of action alleged therein are barred by the doctrine of laches.

**(Waiver)**

84. The Complaint and each purported cause of action alleged therein are barred by the doctrine of waiver.

**(Speculative Damages)**

85. The Complaint and each purported cause of action alleged therein are barred because the purported damages claimed by Plaintiff are speculative and unreasonable and are beyond the contemplation of the parties, and thus the alleged damages are uncertain.

**(Setoff and Recoupment)**

86. The Complaint and each purported cause of action alleged therein are barred or subject to the doctrine of setoff and recoupment.

**(Consent)**

87. The Complaint and each purported cause of action alleged therein are barred by the doctrine of consent.

**(Failure to Join Necessary / Indispensable Parties)**

88. The Complaint and each purported cause of action alleged therein are barred by Plaintiff's failure to name and/or join one or more necessary and/or indispensable parties.

### (Res Judicata / Collateral Estoppel)

89. Plaintiff's claims are barred by the doctrine of res judicata and/or the doctrine of collateral estoppel.

### (Unclean Hands)

90. The Complaint and each purported cause of action alleged therein are barred in that Plaintiff has failed to come to Court with clean hands and act in good faith with respect to Defendants.

### (Failure to Exhaust Administrative Remedies)

91. The Complaint and each purported cause of action alleged therein are barred by Plaintiff's failure to exhaust administrative remedies.

### (Requested Relief Not Available)

92. Plaintiff may not recover attorneys' fees on the ground that resolution of the matters set forth in the Complaint do not affect the public interest, and no significant benefit will be conferred on the general public or a large class of persons.

### (Vicarious Liability)

93. The Complaint and each purported cause of action alleged therein are barred because Defendants cannot be liable for the acts of others.

### (Failure to Mitigate)

94. The Complaint and each purported cause of action alleged therein are barred by Plaintiff's own failure to take reasonable steps to mitigate or prevent the damages Plaintiff alleges.

### (Privilege and/or Justification)

95. The Complaint and each purported cause of action alleged therein are barred in that all acts undertaken or performed by Defendants were privileged and/or justified.

### (Lack of Dealings between Plaintiff and Defendants)

96. The Complaint and each purported class-based cause of action alleged therein are barred to the extent that Defendants did not have personal dealings with the named Plaintiff and/or any member of the putative class.

**(Adequate Remedy at Law)**

97. The Complaint and each purported cause of action alleged therein and the injunctive and restitutionary remedies sought therein are barred because Plaintiff and/or the putative class have an adequate remedy at law.

**(Absolute Barrier to Relief Cannot be Overcome)**

98. Any claim based on section 17200 of the California Business and Professions Code is barred because section 17200 cannot be used to state a cause of action that is absolutely barred under some other principle of law.

**(Unintentional Conduct)**

99. Any wrongdoing by Defendants was unintentional error and, therefore, did not violate California Business and Professions Code section 17200 et seq.

**(No Scienter)**

100. Defendants did not know nor did Defendants have any reason to know that they engaged in any conduct that was misleading and, therefore, did not violate section 17500 of the California Business and Professions Code.

**(Action Barred by Equities)**

101. The Complaint and each purported cause of action alleged therein, and each remedy sought therein, are barred by the equities. The Court should exercise its equitable discretion to dismiss the Complaint in its entirety.

**(Defendants Not in Possession of Monies or Properties of Plaintiff)**

102. Plaintiff and/or any member of the putative class is not entitled to any restitutionary relief from Defendants to the extent that Defendants are not (and never were) in possession of any of Plaintiff's and/or any putative class member's money or property.

**(Improper Venue)**

103. Defendants allege that the venue chosen by Plaintiff is improper and/or inconvenient.

**(Apportionment)**

104. Defendants are entitled to indemnification by apportionment against all other

parties and persons whose negligence or other conduct proximately caused or contributed to Plaintiff's and/or any member of the putative class's injuries, if any.

### (Contribution)

105. Defendants are entitled to contribution from all other parties and persons whose negligence or other conduct proximately caused or contributed to Plaintiff's and/or any member of the putative class's injuries, if any.

### (Failure to Exercise Due Care)

106. The Complaint and each and every purported cause of action alleged therein are barred because Plaintiff and/or any member of the putative class did not exercise ordinary care, caution or prudence to avoid the damages alleged; and the resultant damages, if any, Plaintiff and/or any other member of the putative class sustained were proximately caused and contributed to by the negligence or intentional conduct of Plaintiff and/or any member of the putative class.

### (Plaintiff Not Damaged)

107. Plaintiff and/or any member of the putative class was not damaged by any act or omission by Defendants.

### (Intervening Acts of Third Parties)

108. Defendants are not liable to Plaintiff and/or any member of the putative class for the intervening and superseding acts and omissions of parties, persons or entities that proximately caused the alleged losses and damages referenced in the Complaint.

### (Wrongdoing of Others)

109. The damages and injuries alleged in the Complaint, if any, were proximately caused in whole or in part by the negligence, direction or other wrongdoing of individuals and entities other than Defendants and for which Defendants are not responsible. Any award in favor of Plaintiff and/or any member of the putative class must therefore be reduced to the extent such other entities and individuals contributed to the damages, if any, allegedly suffered by Plaintiff and/or any member of the putative class.

### (No Causation)

110. The Complaint and each and every purported cause of action alleged therein are barred to the extent Plaintiff and/or any member of the putative class cannot attribute any damages to any of Defendants' alleged conduct.

### (Reasonableness)

111. The Complaint and each and every purported cause of action alleged therein are barred because Defendants' actions and/or omissions were entirely reasonable.

### (Conduct in Good Faith)

112. The Complaint and each and every purported cause of action alleged therein are barred in that at all times mentioned Defendants' acts were undertaken in a permissible way and in a good faith belief that such actions and conduct were lawful and valid.

### (No Misleading or Deceptive Advertising)

113. Defendants did not engage in any conduct that could constitute misleading or deceptive advertising.

### (Truth)

114. The Complaint and each and every purported cause of action alleged therein are barred in that any statements, communications or advertising alleged to have been made by Defendants regarding the products and services at issue were truthful.

### ADDITIONAL SEPARATE DEFENSES

Defendants allege that there may be additional separate defenses to Plaintiff's alleged causes of action that are currently unknown to Defendants, and Defendants reserve the right to amend this Answer to allege additional separate defenses in the event discovery or other information indicates they are appropriate.

WHEREFORE, Defendants hereby pray for judgment against Plaintiff as follows:

(i). That this Court deny every item of relief requested in the Complaint;

(ii). That judgment on the Complaint be entered in favor of Defendants;

(iii). That Defendants be awarded their costs in this action and attorneys' fees as may be permitted by law; and

(iv). For such other and further relief as this Court may deem proper.

BLANCHARD, KRASNER & FRENCH

Dated: July 24, 2008        By: _____
A. Kipp Williams, Esq.
Attorneys for Defendants
ADVENT PRODUCT DEVELOPMENT, INC., DENICE THURLOW and ALPHONSO EILAND